**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

*IN RE:*

**05 CA 11881** 'BS

THE MATTER OF

PERRY LEE WHATLEY

§
§
§
§

REMOVED FROM THE
MASSACHUSETTS TRIAL ~~66~~
COURT DOCKET NO. 05-P-200

SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant PERRY LEE WHATLEY, joined by Defendant DAWN JOHNSON WHATL

hereby remove this Civil Action No. 05-P-2003 from the Massachusetts Trial Court Docket with

above styled and captioned cause to the United States District Court for the District of Massachus

pursuant to 28 U.S.C. §1446 (a), 28 U.S.C. §1443 (1) (2), 42 U.S.C. § 1983, and 28 U.S.C. § 13

Defendants concurrently files their answer and counterclaim and serve the same upon the Plain

I. <u>PARTIES</u>

**MAGISTRATE JUDGE**

The Parties to the proceeding are as follows:

Plaintiff, SOUTHWEST BOSTON SENIOR SERVICES, INC., "SWBSSI," is a contra

to the Commonwealth of Massachusetts acting under color of state law. "SWBSSI" is represer

by O'SULLIVAN & ASSOCIATES P.C., Mr. James M. O'Sullivan Esq., 17 Accord Park Drive, S

104, Norwell MA 02061; telephone: (781) 982-1700, telecopier: (781)871-4884.

Defendant/Counterclaimant PERRY LEE WHATLEY is a citizen of the State of Te

temporarily residing in Boston for medical treatment. He is represented by Mr. Ken Shulman, F

LAW OFFICE OF KEN SHULURT MAN, Ten Winthrop Square, Boston, MA 02110; telephone: ((

351-0100, telecopier: (617) 426-5251.

Defendant/Counterclaimant DAWN JOHNSON WHATLEY is the spouse of Defen    t

-1-

Perry Lee Whatley and joins in this removal. She is represented by Mr. Daniel J. Shea, Esq., DAN

J. SHEA, P.C., 1928 West Bell Street, Houston, TX 77019-4814; telephone: (713) 942-75

telecopier: (713) 942-7507.

## II. THE PLEADINGS

The *ex-parte* state court *Emergency Petition* that forms the basis for this removal is anne<u>x</u>

hereto as Exhibit "A," (7 pages) and duly incorporated herein by reference as if set forth verbat

The petition evinces removal jurisdiction on its face in that complete diversity exists between b

defendants who are both citizens of the State of Texas, and the Plaintiff, a Massachus

Corporation and quasi-governmental agency; further the amount in controversy is stated

"approximately $2.5 million."

The *Ex-Parte Motion to Impound Records and Affidavits* (3 pages) is annexed heret

Exhibit "B," and duly incorporated herein by reference as if set forth verbatim.

The *Ex-Parte Motion to Waive Notice Requirements* (1 page) is annexed hereto as Exh

"C," and duly incorporated herein by reference as if set forth verbatim.

The *Ex-Parte Motion to Appoint Guardian Ad Litem* (1 page) is annexed hereto as Exh

"D," and duly incorporated herein by reference as if set forth verbatim.

The proposed, unsigned *Emergency Protective Order* (3 pages) is annexed hereto as Exh

"E," and duly incorporated herein by reference as if set forth verbatim.

The *Temporary Order* (1 page) is annexed hereto as Exhibit "F," and duly incorpor

herein by reference as if set forth verbatim.

*(signature page follows)*

-2-

Respectfully submitted,

PERRY LEE WHATLEY,

By:_____
KEN SHULMAN
Mass. B.B.O. # 460420
LAW OFFICE OF KEN SHULMAN
Ten Winthrop Square
Boston, MA 02110-0000
(617) 351-0100
(617) 426-5251 Telecopier

Respectfully submitted,

DAWN JOHNSON WHATLEY,

By:_____
DANIEL J. SHEA
Mass. B.B.O. # 652896
DANIEL J. SHEA, P.C.
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Notice of Removal* was served pursuant to F
R. CIV. P. 5 on the 16th day of September 2005 to the individuals and in the manner indicated belo

Mr. James M. O'Sullivan
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061-0000
ATTORNEY FOR SOUTHWEST
BOSTON SENIOR SERVICES, INC.

Hand Delivery

_____
DANIEL J. SHEA

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

**TRIAL COURT OF MASSACHUSETTS**
**PROBATE & FAMILY COURT**
**DOCKET NO. 05 P 2003 EA**

IN THE MATTER OF )

PERRY LEE WHATLEY )

**EMERGENCY PETITION**
**FOR AN ORDER AUTHORIZING**
**PROTECTIVE SERVICES**
**UNDER G.L. CH. 19A, §19 §20**

The Petitioner, Southwest Boston Senior Services, Inc., represents:

1.  It is a designated protective services agency pursuant to G.L. ch. 19A, §14 et seq.

2.  It is a duly organized Massachusetts corporation with a principal place of business at 555 Amory Street, Jamaica Plain, Suffolk County, Massachusetts.

3.  It has reasonable cause to believe that:

    A.  Perry Lee Whatley is 83 years old and therefore an elderly person as defined in Mass. General Laws, Chapter 19A, §14;

    B.  Perry Lee Whatley resides at 3501 Tomkins, Baytown, TX 77521, but is currently a patient at Beth Israel Hospital, Boston, Massachusetts.

    C.  Perry Lee Whatley is suffering from abuse, neglect, and financial exploitation in that:

      (i)  he is the subject of guardianship and protective proceedings in Texas;
      (ii)  nonetheless, his wife has surreptitiously whisked him off to Massachusetts to avoid the jurisdiction of the Texas courts;
      (iii)  the doctors at the Beth Israel Hospital report that he is unable to manage himself or his affairs; and
      (iv)  he has assets of approximately $2.5 million.

*Exh "A" to Notice of Removal*

4.    Dawn Whatley is the Elder's caretaker as that term is defined by G. L. ch
19A, §14.

5.    An emergency exists and an immediate and reasonably foreseeable risk of
physical harm will result if Dawn Whatley receives notice of this hearing as
she is likely to remove him from Massachusetts.

6.    The notice requirements of G.L. ch. 19A, §14 et seq are hereby excused.

7.    Perry Lee Whatley is in need of the following protective services in order
to alleviate the abuse, neglect, and financial exploitation and protect his
health, safety and welfare:

A.    the appointment of someone authorized to consent to protective
services.

B.    an order, pursuant to G.L. ch. 19A, §19(b), enjoining Dawn Whatley
from interfering with the provision of protective services and further
enjoining her from removing Perry Lee Whatley from his hspital placement
and from preventing his return to Texas.

8.    Perry Lee Whatley has not consented to these services because he lacks the
capacity to do so.

9.    No less intrusive manner is available to provide the services necessary to
eliminate the source of abuse/neglect/financial exploitation.

WHEREFORE, the Petitioner prays as follows:

1.    That Southwest Boston Senior Services, Inc., or some suitable person, be
authorized to consent to the provision of protective services in order to
alleviate the danger of abuse, neglect, and financial exploitation, and to
protect his health, safety and welfare.

2.    That the Protector be further authorized to:

A.    provide the elder with all necessary services for the protection of his
health and welfare, including, if necessary, placement in a nursing home;
and

B.    keep him in his placement at Beth Israel Hospital until his safe and
secure return to Texas can be arranged.



3.  That the Boston Police Department and the Beth Israel Security officers be ordered to assist the Ethos, Inc. in first keeping Perry Lee Whatley at the hospital and later taking him from his placement at the hospital to the airport once safe and secure transport is arranged.

4.  That Dawn Whatley be enjoined from interfering with the provision of protective services and further enjoined from removing him from his hospital placement and from interfering with his safe and secure return to Texas.

SOUTHWEST BOSTON SENIOR
SERVICES, INC.
By its attorney,

James M. O'Sullivan
BBO #380807
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061
781-982-1700

3

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## PROBATE AND FAMILY COURT DEPARTMENT

**Suffolk Division**                                    **Docket No. _____.**

In the matter of
Verified Statement of , Protective Service Worker

1.) Ethos, located at 555 Amory Street in Jamaica Plain, Massachusetts is an Elder Protective
Services Agency designated by the department of Elder Affairs and operates under the
criteria and procedures designated by relevant statutes and 651C.M.R. 5.00 *et seq.* Ethos is
legally responsible for, among other things, investigating and responding to reported cases of
elder abuse, neglect, and financial exploitation and for developing service plans for
preventing, eliminating, or remedying elder abuse.

2.) I am presently employed full-time by Ethos as an Elder Protective Service Worker (PSW).

3.) The Protective Services investigation into the allegations reported has been conducted and
allegations <u>confirmed</u>.

4.) I have been in telephone contact with Ellee Ferguson and Carrie Hill, both Adult Protective
Services Workers in Houston TX. I have also had discussions with <u>Roy Fuller, GAL</u> and
<u>Marcia Moyer</u>, Social Worker at Beth Israel. The following information has been obtained:

5.) Mr. Perry Lee Whatley, resident of Baytown, TX, is currently under the purview of Adult
Protective Services in TX.

6.) Mr. Whatley had advanced dementia, <u>and was deemed incompetent in 4/05,</u> and guardianship
proceedings begun.

7.) A court order was obtained in TX assigning temporary guardianship of the Elder to Adult
Protective Services. Prior to this order being served, the elder's wife, Dawn Whatley,
removed the Elder AMA from Triumph Hospital in TX and had him transferred to Beth Israel
in Boston.

8.) Mr. Whatley married his wife in 1/05, and is believed to have cashed in a CD worth over
$500,000 since then with <u>no benefit to the elder.</u> She was his wife's caregi r
prior to the wife's death in 2004. kn

Based on the above information/facts, Ethos requests the following:

1. A protective order preventing the Elder from being removed from Beth Israel Hospital by
Dawn Whatley.
2. A hold on any transactions involving the Elder's finances.

Signed under the penalties of perjury on: ___9/14/05___ .

PSW Ethos

CAUSE NO. $95,096

COPY

| | | |
|---|---|---|
| GUARDIANSHIP OF | § | PROBATE COURT NO. 2 |
| | § | |
| PERRY LEE WHATLEY, | § | OF |
| | § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

### ORDER APPOINTING COURT INVESTIGATOR

On this day, came on to be considered on the Court's own motion information that it appears that a necessity may exist for an appointment of a Guardian for the Person of PERRY LEE WHATLEY, incapacitated person (the Proposed Ward). The Court finds that the Court Investigator should be directed pursuant to § 25.0025 of the Texas Government Code and § 683 of the Probate Code, to investigate the necessity of a guardianship being established for the Proposed Ward.

It is therefore ORDERED that CHRIS FORBES, 1115 Congress, 6th Floor, Houston, Texas, Court Investigator of Probate Court Number Two, shall investigate and report to the Court the circumstances of the matter, including information pertaining to the medical, personal, and financial well being of the Proposed Ward.

It is further ORDERED that all persons having custody of information concerning the financial, medical, psychiatric, or physical status of PERRY LEE WHATLEY, shall release it to the Court Investigator.

IT IS ORDERED that the Court Investigator is to be given access to all of the Proposed Ward's financial, medical, psychological and intellectual testing records. This Order is issued pursuant to 45 CFR 164.512(e)(1)(i) Health Insurance Portability and Accountability Act which authorizes covered entities to disclose protected health information in the course of any judicial or administrative proceeding when responding to an order of the Court.

It is further ORDERED that all costs incident to this order in this numbered cause are hereby waived.

SIGNED this ___26___ day of APRIL, 2005.

MIKE WOOD
Presiding Judge
Probate Court No. 2
Harris County, Texas

**Balance:**
Static - posture without motion
**GRADES:**

| | |
|---|---|
| O | needs maximal assistance to maintain |
| P | needs moderate assistance to maintain |
| F | static: able to maintain has easily thrown off balance |
| | dynamic: unable to move trunk without loss of balance |

Dynamic – posture during active motion

| | |
|---|---|
| P+ | static - withstands minimal challenge |
| | dynamic - maintains through minimal UE/trunk ROM |
| G | static - withstands moderate challenge |
| | dynamic = maintains through moderate UE/trunk ROM |
| N | withstands maximum challenge in all direction |

| Short Sitting | Initial | Comments: |
|---|---|---|
| Static with UE Support | O | |
| Static without UE Support | | |
| Dynamic | | |
| Standing | not able | |
| Static with UE Support | | |
| Static without UE Support | | |
| Dynamic | | |

## GOALS AND TREATMENT PLAN

Patient/Family Education Needs:

| LONG TERM GOALS: | SHORT TERM GOALS: |
|---|---|
| Patient does not have a prior level of function and does not require OT at this time. Patient also has 24 hour care-givers who assist him c all tasks | |

### TREATMENT PLAN

Frequency: _____ Duration: _____

☐ ADL Training    ☐ UE Strengthening    ☐ Cognitive/Perceptual Retraining    ☐ Balance Training

☐ Functional Mobility    ☐ Functional Activity Tolerance    ☐ Other:

Education and Orientation to Occupational Therapy Services: ☑ Yes  ☐ No

Rehab Potential: ☐ Excellent    ☐ Good    ☐ Fair    ☐ Poor    Comments:

Discharge Recommendations:

_Emily Wynhan_                                    9-12-05

Therapist's Signature/Title                        Date

**Triumph HealthCare- Occupational Therapy Evaluation**

PAGE 23                         ETHOS              6162629291      09:01   GOS   11  ᄃ

## RECOMMENDATION OF COURT INVESTIGATOR

Is there a necessity for guardianship: Yes.

Is there a less restrictive alternative than guardianship appropriate: No.

Explain why guardianship is necessary: Mr. Whatley is a Caucasian male who is incapacitated

due to his dementia. Guardianship is necessary to make decisions in regards to his health and

personal affairs.

Should this case be referred to the Harris County Guardianship Program: No.

Applicant's attorney: Roy L. Fuller, (281) 422-3555.

April 28, 2005
Date

Chris Forbes
Court Investigator

Page 3



Suffolk    Probate & Family (

Fi    *Entry*

COMMONWEALTH OF MASSACHUSETTS

² 1 4 2005

SUFFOLK, ss.

TRIAL COURT OF MASSACHUSETTS
PROBATE & FAMILY COURT DEPT.
DOCKET No. 05 P

*REGISTER*

IN THE MATTER OF    )

PERRY LEE WHATLEY    )

**EX PARTE MOTION TO IMPOUND**
**RECORDS AND AFFIDAVITS**

       The Petitioner asks this Honorable Court to permanently impound all records of Petitioner and any affidavits of employees of the Petitioner filed in this matter on the grounds that said records are records of a protective services agency under agreement with the Massachusetts Executive Office of Elder Affairs. As such, these records must be kept confidential pursuant to the provisions of G. L. ch. 66A, §1, 802 CMR §3.02(7), 651 CMR §5.00 *et seq.*, and the *Supplemental Privacy and Confidentiality Policies of the Executive Office of Elder Affairs (EOEA) for EOEA and Holders of Personal Data Under Agreement with EOEA.* Specifically it requests that access be denied to anyone other than counsel in this matter, a duly appointed guardian *ad litem,* parties of record or any of their respective counsel.

Suffolk ss    Probate and Family Court

       *9/14*    200*5*

The within motion is allowed / ~~denied~~

    *Christina Merrill*

    E. Chouteau Merrill

Judge of Probate and Family Court

Respectfully submitted,
SOUTHWEST BOSTON SENIOR
SERVICES, INC.
By its attorney,

*James M. O'Sullivan*

James M. O'Sullivan
BBO #380807
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061
781-982-1700

EXH "B" to
Notice of Removal

①

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

TRIAL COURT OF MASSACHUSETTS
PROBATE & FAMILY COURT
DOCKET NO. 05 P

Suffolk Probate    amily Court

Filed _____

IN THE MATTER OF          )
PERRY LEE WHATLEY        )

**MEMORANDUM OF LAW**

SEP 1 4   005

REGIST

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR IMPOUNDMENT OF RECORDS & AFFIDAVITS

In support of its motion for impoundment, Petitioner asserts the following:

All records and affidavits filed by it in this matter pertain to data the Petitioner gathered in its investigation of report(s) filed pursuant to the provisions of G.L. ch. 19A, §15 and is also personal data of the Elder as defined in G.L. ch. 4, §7(26)(c), of G. L. ch. 66A §1, 802 CMR §3.02(7), 651 CMR §5.00 *et seq*, and the *Supplemental Privacy and Confidentiality Policies of the Executive Office of Elder Affairs (EOEA) for EOEA and Holders of Personal Data Under Agreement with EOEA*. As such, these records are private and confidential, and protected from public disclosure.

G.L. ch. 66A, The Fair Information Practices Act, provides for the control of access to personal data, and protects individuals from invasions of privacy. This chapter requires notice to data subjects and opportunity to quash legal process prior to the disclosure of such personal data.

Moreover, the record of these proceedings contains personal data as defined in G.L. ch. 19A. G.L. ch. 19A, §23 specifically states that "(a) Except as otherwise provided in this section, all records containing personal data which are created, collected, used, maintained or disseminated pursuant to this chapter shall not be public records." Dissemination of such information may occur in conjunction with the investigation of abuse by authorized agencies or governmental bodies. Nevertheless, it is clear from §23(a) that the purpose of the provision is to protect the privacy of the Elder to as great an extent possible without compromising the safety of the Elder, by preventing disclosure of personal information.



Thus, G.L. ch. 4, §7(26)(c); G.L. ch. 19A, §23; G.L. ch. 66A, 651 C.M.F §5.00 et seq., and the *Supplemental Privacy and Confidentiality Policies of th Executive Office of Elder Affairs (EOEA) for EOEA and Holders of Personal Da. Under Agreement with EOEA* have all been enacted to further the goal of th protection of personal information from public disclosure. The goal of th legislation is the protection of the privacy interest of the Elder to the exter feasible, while protecting the best interests of the Elder. At the same time, th privacy interest of any third party whose name appears in the records is also to b protected.

Thus, allowing the detailed information contained in the records of thes proceedings to become part of the public record would be contrary to the purpos of the legislation and regulations protecting the privacy of Elders. It is th position of the Petitioner that the records of these proceedings should be impounded in order to protect the Elder's privacy.

Finally, it is the Petitioner's position that impoundment of this record will in no way impede the ability of this court to assess the need of the Elder for services, but will afford protection of the Elder's privacy in compliance with statutory and regulatory authority.

Respectfully submitted,
SOUTHWEST BOSTON SENIOR
SERVICES, INC.
By its attorney,

James M. O'Sullivan
BBO #380807
O'Sullivan & Associates, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061
781-982-1700

3

Suffolk Probe & Family Cou

Filed

COMMONWEALTH OF MASSACHUSETTS          SEP   1 2005

SUFFOLK, ss.                         TRIAL COURT OF MASSACHUSETTS
                                     PROBATE & FAMILY COURT        F    TER
                                     DOCKET NO. 05 P

IN THE MATTER OF      )          **EX PARTE MOTION TO WAIVE**
PERRY LEE WHATLEY )              **NOTICE REQUIREMENTS OF**
                      )          **G.L. CH. 19A, §20(B)**

     Southwest Boston Senior Services, Inc., Petitioner, asks this Honorable
Court to waive the notice requirement of G.L. ch. 19A, §20(b). In support of this
motion it states:

1.    G.L. ch.19A, §20(b) requires that reasonable attempts be made to give
    notice of today's hearing to the elderly person.

2.    The elderly person has been secretly removed from Texas to avoid the
    jurisdiction of the Texas courts and there is real fear that if notice is given
    of today's hearing he will be removed secretly from Massachusetts.

3.    Petitioner is unaware of any other means to notify the elder of this petition
    while simultaneously insuring his safety.

                  Respectfully submitted,
                  SOUTHWEST BOSTON SENIOR
                  SERVICES, INC.
                  By its attorney,

Suffolk ss    Probate and Family Court
          9/14  2005
The within motion is allowed / denied
        E. Chouteau Merrill
Judge of Probate and Family Court

                  James M. O'Sullivan
                  BBO #380807
                  O'SULLIVAN & ASSOCIATES, P.C.
                  17 Accord Park Drive, Suite 104
                  Norwell, MA 02061
                  781-982-1700

                        *EXH. "C" to*
                        *Notice of Remo al*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

TRIAL COURT OF MASSACHUSETTS
PROBATE & FAMILY COURT
DOCKET NO. 05 P

Family Court .
Filed ___
SEP   · 2005

IN THE MATTER OF )
PERRY LEE WHATLEY )
)

**EX PARTE MOTION FOR
APPOINTMENT OF A GUARDIAN
*AD LITEM* FOR PERRY L WHATLEY**

Southwest Boston Senior Services, Inc., Petitioner, pursuant to G.L. ch. 19A, §20, asks this Honorable Court to appoint a guardian *ad litem* for Perry Lee Whatley.  In support of this motion it states that the Elder lacks the capacity to retain counsel or waive the right to counsel.

Respectfully submitted,
SOUTHWEST BOSTON SENIOR
SERVICES, INC.
By its attorney,

Suffolk ss        Probate and Family Court
                  9/14        200 5
The within motion is allowed / denied
        *signature*
        E. Chouteau Merrill
Judge of Probate and Family Court

James M. O'Sullivan
BBO #380807
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA  02061
781-982-1700

Exh "D" to Notice of Removal

①

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                           TRIAL COURT OF MASSACHUSETTS
                                       PROBATE & FAMILY COURT
                                       DOCKET NO. 05 P

IN THE MATTER OF      )    **EMERGENCY PROTECTIVE ORDER**
PERRY LEE WHATLEY )        **PURSUANT TO G.L. CH. 19A _§19 §20_**

After hearing and based upon the preponderance of the evidence, it is found
and ordered, pursuant to G.L. ch.19A, §14 et seq., that:

1.   Perry Lee Whatley is an elderly person as defined by G.L. ch. 19A, §14.

2.   Perry Lee Whatley lacks the capacity to consent to protective services.

3.   Perry Lee Whatley has been abused/neglected/financially exploited by
Dawn Whatley.

4.   Perry Lee Whatley has been neglected/abused which is manifested by his
removal from Texas to avoid the jurisdiction of the Texas courts and pending
protective services and guardianship proceedings:

   A. The actions of Dawn Whatley constitute abuse as that term is defined by
      G. L. ch. 19A, §14[1] and 651 CMR §5.02(4)[2].

---

[1] "Abuse": An act or omission which results in serious physical or emotional injury to ar
elderly person or financial exploitation of an elderly person; provided, however, that no persor
shall be considered to be abused or neglected for the sole reason that such person is being
furnished or relies upon treatment in accordance with the tenets and teachings of a church o
religious denomination by a duly accredited practitioner thereof.

[2] "Neglect": The failure or refusal by a Caretaker to provide one or more of the necessitie
essential for physical well-being, such as food, clothing, shelter, personal care, and medical care
which has resulted in or where there is substantial reason to believe that such failure or refusa
will immediately result in serious physical harm to an Elder.

Neglect shall be determined by consideration of each of the following factors:

(a) the Elder's ability to meet her/his own needs.

(b) a history of dependence on a Caretaker as defined in 651 CMR 5.02.

(c) the Elder's Capacity to Consent.

(d) the expectation or desire of the Elder of continuing to receive care provided by the Caretaker.

(e) the seriousness of physical harm resulting from Neglect shall be determined by consideratior
   of 650 CMR 5.02(4)(a) through (e) under the definition of Physical Abuse.

*ELH "E" to*
*Notice of Remc* 2(

(1)

5.    Dawn Whatley is the Elder's caretaker as that term is defined by G. L. ch. 19A, §14.

6.    An emergency exists and an immediate and reasonably foreseeable risk of physical harm will result if Dawn Whatley receives notice of this hearing.

7.    The notice requirements of G.L. ch. 19A, §14 et seq. are hereby excused.

8.    Perry Lee Whatley is in need of protective services.

9.    No other person who is authorized to consent is available or willing to consent.

10.    The following protective services shall be provided:

    A. Southwest Boston Senior Services, Inc. is hereby granted the authority to:

    i.   consent to protective services for Perry Lee Whatley;

    ii.  provide him with all necessary services for the protection of him health and welfare, including, if necessary, assuring his continued placement in the hospital until a duly appointed guardian can arrange his safe and secure return to Texas; and

    iii. freeze the assets of Perry Lee Whatley until the appointment of a temporary guardian or conservator or until further order of the Court; and

    iv.  revoke any power of attorney executed by Perry Lee Whatley.

11.    No less intrusive manner is available to provide the services necessary to eliminate the source of abuse/neglect/financial exploitation.

12.    The Boston Police Department and the Beth Israel Hospital security staff is ordered to assist Ethos, Inc. in first keeping Perry Lee Whatley at the hospital and later taking him from his placement at the hospital to the airport once safe and secure transport is arranged.



13.    Dawn Whatley is hereby from interfering with the provision of protective services and further enjoined from removing him from his hospital placement and from interfering with his safe and secure return to Texas.

The parties are ordered to appear for further hearing on September    , 2005, at a/p.m. in    .


SEPTEMBER 14, 2005                      _____
DATE                                    Justice

(3)

**Commonwealth of Massachusetts**
**The Trial Court**

Suffolk **Division**    **Probate and Family Court Department**    **Docket No.** P2003

In the Matter of

Perry Lee Whatley

**Temporary Order**

Pending a hearing on the merits or until further order of the court, it is ordered that:

☐ The parties shall comply with a stipulation or agreement of the parties dated _____
which is filed with the Court and expressly made a part of this order.

☐

The assets belonging to Mr. Whatley are here y
restrained except as to his necessary
care and maintenance.

Mr. Whatley shall not be removed from
Beth Israel Hospital pending hearing on
the merits.

Hearing with notice to all parties on
Friday, Sept 16, 2005 at 2 pm

A GAL shall be appointed for Mr. Whatley

**Date** 9/14/05

[SPC 1/99]

ELM "P" to
Notice of Removal ①

E. CHOUTEAU MERRILL
JUSTICE OF THE PROBATE AND FAMILY CO