United States District Court
District of Massachusettes

FILED
In Open Court
USDC, Mass
Date 9-21-
By

```
                                    )
                                    )
                                    )    Civil Action No.
IN THE MATTER OF                    )    05-CA-11881-PBS
                                    )
PERRY LEE WHATLEY                   )    REMOVED FROM THE
                                    )    MASSACHUSETTS TRIAL
                                    )    COURT DOCKET NO. 05-P-    3
                                    )
                                    )
```

## AFFIDAVIT OF RAY J. BLACK, JR.

THE STATE OF TEXAS      §
                        §
COUNTY OF HARRIS        §

BEFORE ME, the undersigned authority on this day personally appeared Ray J.    ck, Jr.,

who being by me duly sworn on his oath deposed and said:

"That my name is Ray J. Black, Jr. I am over eighteen (18) years of age,    e
never been convicted of a crime, and am competent to make this affidavit.

"That I am an attorney in good standing and licensed to practice law    ne
State of Texas. I am the Court-appointed Attorney Ad Litem for Perry Lee Wh    ∍y,
a purportedly incapacitated person, under Cause No. 355,095, styled "    re:
*Guardianship of Perry Lee Whatley, An Incapacitated Person*", currently pen    ; in
Harris County Probate Court Number Two, the Honorable Mike Wood pre    .ng.
As such, the information provided herein is within my personal knowledg    The
information is also of public record.

"That on April 8, 2005, Yulan Y. Jankowski, M.D., opined in wri'    . that
Perry Lee Whatley was incapacitated. Dr. Jankowski's opinion was q    ified,
however, in as much as further evaluation was recommended. A true an    ∍rrect
copy of Dr. Jankowski's written opinion is attached hereto as Exhibit A.

"That on April 15, 2005, Robert Daniel Whatley and Jeanie Anders    (Perry
Lee Whatley's purported nephew and niece, respectively) filed an applic    n with
the probate court seeking the appointment of a permanent guardian of    ry Lee

Whatley's person and estate. That application utilized Dr. Jankowski's written opinion as justification for the need for a guardian. A true and correct copy of that application is attached hereto as Exhibit B. The application was randomly assigned to Harris County Probate Court Number Two. Perry Lee Whatley was served with citation regarding the guardianship application.

"That on April 26, 2005, the Hon. Mike Wood, presiding judge of Harris County Probate Court Number Two, signed an order appointing a court investigator to visit with Perry Lee Whatley and report back to the Court. A true and correct copy of that order is attached hereto as Exhibit C.

"That on April 28, 2005, Chris Forbes, the court investigator, submitted a report to Judge Wood where he opined that Perry Lee Whatley was incapacitated and in need of a guardian. A true and correct copy of that report is attached hereto as Exhibit D.

"That on April 29, 2005, Judge Wood signed an order appointing Affiant as Perry Lee Whatley's Attorney Ad Litem, as required by the Texas Probate Code. A true and correct copy of that order is attached hereto as Exhibit E.

"That on May 9, 2005, Robert Daniel Whatley and Jeanie Anderson filed a motion seeking an independent medical examination of Perry Lee Whatley. A true and correct copy of that motion is attached hereto as Exhibit F.

"That on May 10, 2005, Dawn Johnson Whatley (Perry Lee Whatley's purported spouse) filed an emergency motion to dissolve and dismiss the guardianship proceeding or, in the alternative, to appoint Dawn Johnson Whatley as guardian. A true and correct copy of that emergency motion is attached hereto as Exhibit G.

"That on May 10, 2005, Perry Lee Whatley, by and through his purported "private" attorney, filed a response to the application for guardianship also seeking dismissal or, in the alternative, the appointment of Dawn Johnson Whatley as guardian. A true and correct copy of that response is attached hereto as Exhibit H.

"That on May 25, 2005, Affiant filed an answer to the application for guardianship. A true and correct copy of the answer is attached hereto as Exhibit I.

"That on June 28, 2005, Judge Wood signed an agreed order appointing Mark Kunik, M.D., a geriatric psychiatrist, to perform an independent medical evaluation on Perry Lee Whatley. A true and correct copy of that order is attached hereto as Exhibit J.

"That on July 19, 2005, Dr. Kunik submitted to Judge Wood his report on the examination of Perry Lee Whatley, wherein his opined that Perry Lee Whatley was totally incapacitated. A true and correct copy of that report is attached hereto as Exhibit K.

"That on July 22, 2005, Dawn Johnson Whatley filed a document purportedly signed by Perry Lee Whatley that designates Dawn Johnson Whatley as guardian in the event of later need. A true and correct copy of that document is attached hereto as Exhibit L. The designation was purportedly signed by Perry Lee Whatley on March 22, 2005, two weeks prior to Dr. Jankowski's written opinion stating that Perry Lee Whatley was incapacitated.

"That in late July, 2005, Affiant learned that an attempt had been made to liquidate a large annuity contract owned and maintained by Perry Lee Whatley. That annuity contract (No. 0101061895) was held with National Western Life Insurance Company in the face value of $500,000.00. Affiant was later able to secure copies of two (2) surrender requests for that annuity. The first request, which was partial in nature, was purportedly signed by Perry Lee Whatley on March 7, 2005, a month prior to Dr. Jankowski's written opinion as to incapacity. It requested surrender of income/interest only, to be paid directly to Dawn Johnson Whatley. The second request was purportedly signed by Perry Lee Whatley on April 25, 2005, after Dr. Jankowski's written opinion as to incapacity and after the filing of the pending application for guardianship. The second request was for full surrender of the annuity contract, again to be paid directly to Dawn Johnson Whatley. National Western did, in fact, liquidate the annuity and distribute the proceeds. However, an early withdrawal penalty was assessed of approximately $130,000.00, resulting in a net payout of approximately $362,000.00 for a $500,000.00 annuity. True and correct copies of the annuity surrender documents are collectively attached hereto as Exhibit M.

"On July 28, 2005, Robert Daniel Whatley and Jeanie Anderson filed an application seeking the appointment of a temporary guardian of Perry Lee Whatley's person and estate based, in part, on concern that Perry Lee Whatley was being financially exploited. A true and correct copy of that application is attached hereto as Exhibit N.

"On August 2, 2005, Judge Wood circulated a notice to all counsel of record indicating that a hearing on the temporary guardianship application would take place on August 3, 2005 at 8:30 a.m. in Harris County Probate Court Number Two. When Affiant arrived at that time, I learned that Susan Norman (purportedly on behalf of Perry Lee Whatley, had filed a notice of removal to federal court. A true and correct copy of that notice is attached hereto as Exhibit O. Judge Wood did not proceed with the temporary guardianship proceeding pending a ruling from the federal district

court. However, Judge Wood did share his opinion with counsel that, in his experience, guardianship cases are routinely remanded back to state court within a relatively short period of time. Judge Wood also notified counsel that he had left word with the federal district court that the notice of removal was forthcoming.

"That around 10:30 a.m. on the morning of August 3, 2005, the Hon. Lyn Hughes (federal district judge for the Southern District of Texas) convened a conference call with all counsel of record and entertained argument concerning the removal. As part of his argument, Daniel P. Shea (counsel for Dawn Johnson Whatley) complained that Judge Wood had, *ex parte*, notified Judge Hughes' office of the pending removal. In response, Judge Hughes stated unequivocally that he and other judges invite such notification so they can quickly address and resolve the notice of removal. At the conclusion of that conference call, Judge Hughes reported to all counsel his intent to sign an order remanding the case back to Judge Wood. A true and correct copy of the order of remand is attached hereto as Exhibit P.

"That in his order, Judge Hughes directed that all counsel reconvene in Judge Wood's courtroom at 3:00 p.m. that same day. Upon arrival at the appointed time, Affiant was presented with Dawn Johnson Whatley's motion to recuse Judge Wood. A true and correct copy of the motion is attached hereto as Exhibit Q.

"That as mandated by state statute, Judge Wood referred the motion to recuse to the Hon. Steve King, presiding statutory probate judge for the State of Texas, and did not proceed with the temporary guardianship proceeding. Thereafter, on August 4, 2005, Judge King assigned the Hon. Russell Austin, presiding judge of Harris County Probate Court Number One, to hear the recusal motion.

"That on August 5, 2005, Dawn Johnson Whatley, individually and as the purported attorney-in-fact for Perry Lee Whatley, filed suit in state district court against Judge Wood, Affiant, Robert Daniel Whatley, Jeanie Anderson, and their counsel, Roy Fuller. That case remains pending under Cause No. 2005-50253 and 2005-50253-A, styled "*Dawn Johnson Whatley v. Hon. Mike Wood, et al.*", in the 333rd Judicial District Court of Harris County, Texas. A true and correct copy of the petition is attached hereto as Exhibit R.

"That on August 5, 2005, Dawn Johnson Whatley filed her first amended motion to recuse Judge Wood, adding the fact that Judge Wood had now been sued as an additional ground for recusal. A true and correct copy of that amended motion is attached hereto as Exhibit S.

"That on August 8, 2005, Dawn Johnson Whatley filed an objection to the assignment of Judge Austin to preside over the recusal hearing, a motion to recuse Judge Austin, and a motion to stay the recusal hearing pending an appeal to the 5th

Circuit Court of Appeals of Judge Hughes' remand order. A true and correct copy of that document is attached hereto as Exhibit T.

"That on August 9, 2005, Affiant filed a response to Dawn Johnson Whatley's objection. A true and correct copy of Affiant's response is attached hereto as Exhibit U.

"That on August 9, 2005, Judge Austin presided over the recusal hearing related to Judge Wood. At the hearing, Dawn Johnson Whatley withdrew her objection to Judge Austin but argued for his recusal. Judge Austin denied the recusal of himself and proceeded with the hearing. Affiant was called as a witness by Daniel J. Shea (counsel for Dawn Johnson Whatley) during which Mr. Shea accused Affiant of engaging in *ex parte* communication with Judge Wood. Those allegations were unsubstantiated and false.

"That on August 15, 2005, Dawn Johnson Whatley (by and through appellate counsel, Peter J. Riga) filed a petition for writ of mandamus with the Court of Appeals, 14th Judicial District, Texas, seeking to set aside Judge Austin's order denying his own recusal. On August 23, 2005, Affiant filed a response to that petition, along with a motion for sanctions. That matter remains pending as of the date of this affidavit.

"That on September 6, 2005, the Hon. Shearn Smith presided over a special exceptions hearing regarding the suit pending in state district court. During that hearing, counsel for Judge Wood argued successfully that Judge Wood was protected by judicial immunity and that all pleadings addressed at him should be stricken. At the conclusion of that hearing, Judge Smith granted the special exceptions and struck Dawn Johnson Whatley's pleadings as they pertain the Judge Wood.

"That on September 6, 2005, Judge Austin signed an order denying Dawn Johnson Whatley's motion to recuse Judge Wood. The order also granted Affiant's request for sanctions against Dawn Johnson Whatley and her counsel, Daniel J. Shea. A true and correct copy of that order is attached hereto as Exhibit V.

"That on September 7, 2005, Judge Wood sent notice to all counsel that a hearing on the temporary guardianship application would be conducted on September 9, 2005, at 11:00 a.m. in Harris County Probate Court Number Two. A true and correct copy of that notice is attached hereto as Exhibit W.

"That Affiant, as Court-appointed counsel for Perry Lee Whatley, made numerous attempts to communicate and/or meet with my client prior to the temporary guardianship hearing set for September 9, 2005. All my attempts failed, as I was consistently presented with excuses as to why I could not visit with my client.

"That on September 9, 2005, Peter J. Riga, appellate counsel for Dawn Johnson Whatley, filed an emergency motion with the 14th Court of Appeals, Houston, Texas, seeking an order staying the guardianship proceedings. That motion was denied.

"That on September 9, 2005, Dawn Johnson Whatley filed another motion to disqualify and/or recuse Judge Wood. A true and correct copy of that motion is attached hereto as Exhibit X. Affiant received a copy of the motion at the temporary guardianship hearing. Upon receiving his copy, Judge Wood left the bench and retired to chambers. He later returned and announced to all counsel that he had discussed the motion with Judge King (the presiding statutory probate judge) and that they considered the motion "tertiary" under Ruled 30.016 of the Texas Civil Practice and Remedies Code. A copy of that statutory provision is attached as Exhibit Y. In light of that classification, Judge Wood informed all counsel that Judge King would assign another judge to hear the motion but that Judge Wood could, by statute, go forward with the temporary guardianship hearing. Roy Fuller, counsel for Robert Daniel Whatley and Jeanie Anderson, then announced to the Court that service of citation had not been perfected on Perry Lee Whatley because he could not be located. I also reported to Judge Wood my failed attempts to communicate with my client.

"That Judge Wood announced on September 9, 2005, that he would not proceed on that day with the temporary guardianship hearing. Instead, he reset the hearing to Monday, September 12, 2005. Judge Wood asked Susan Norman if she still represented Perry Lee Whatley, to which she responded "yes." Judge Wood then ordered her to produce Perry Lee Whatley at the hearing on September 12, 2005. A true and correct copy of that order is attached hereto as Exhibit Z.

"That Perry Lee Whatley could not be located between September 9, 2005 and September 12, 2005. At the hearing on September 12, 2005, neither Susan Norman nor Perry Lee Whatley appeared. Instead, Dawn Johnson Whatley, by and through her counsel of record, Daniel J. Shea, filed another motion to recuse Judge Wood. A true and correct copy of that motion is attached hereto as Exhibit AA. Judge Wood again classified the latest motion to recuse as "tertiary" and referred it to Judge King. Judge Wood then announced to all counsel his intention to sign an order show cause causing Susan Norman to appear and explain why she should not be held in contempt. Daniel J. Shea had already prepared to argue against contempt as if he knew ahead of time that Susan Norman and Perry Lee Whatley would not be present. Judge Wood then placed Daniel J. Shea under oath and asked if he knew where Susan Norman and/or Perry Lee Whatley were located. Daniel J. Shea denied knowing the whereabouts of either one.

-6-

"That on September 12, 2005, Judge King assigned the Hon. Gladys Burwell, presiding judge of the Probate Court of Galveston County, Texas, to preside over the latest recusal attempts of Judge Wood. That hearing is scheduled for September 26, 2005.

"That on or about September 13, 2005, Judge Wood requested the Harris County Adult Protective Services ("APS") become involved in finding and securing Perry Lee Whatley. Agents from APS eventually learned that Perry Lee Whatley was an in-patient at Triumph Hospital in Houston, Texas. However, upon their arrival at Triumph, the agents learned that one hour earlier, at the direction and insistence of Dawn Johnson Whatley and/or Daniel J. Shea, Triumph Hospital had discharged Perry Lee Whatley "A.M.A." Thereafter, Perry Lee Whatley was flown directly to Boston, Massachusetts, and admitted to Beth Israel Deaconess Medical Center. At no time did Dawn Johnson Whatley, Daniel J. Shea, or Susan Norman notify the probate court or Affiant of Perry Lee Whatley's admission to Triumph, his subsequent discharge, the trip to Boston, and his admission to Beth Israel Deaconess Medical Center.

"That on September 19. 2005, Judge Burwell (who will preside over the latest recusal hearing) convened a conference call with all counsel of record (except Roy Fuller, who could not be located in time for the call). During that conference call, Daniel J. Shea represented to Judge Burwell that Perry Lee Whatley is now a "resident" of Boston, Massachusetts, when in fact his permanent place of residence is in Baytown, Harris County, Texas. In addition, Susan Norman suggested that she is the only attorney who speaks for Perry Lee Whatley, and that Affiant is only a lowly ad litem who has not done his job. In response, I reported to Judge Burwell that I had been precluded from visiting with Perry Lee Whatley for many weeks, to which Judge Burwell responded by ordering Daniel J. Shea to provide me with contact information so that I could communicate with my client. As of the making of this Affidavit, no such information has been forthcoming.

"Further Affiant sayeth not."

RAY J. BLACK, JR.

SWORN TO AND SUBSCRIBED BEFORE ME on this the 20th day of September, 2 , to certify which witness my hand and seal of office.

(SEAL)

Notary Public in and for
The State of North Carolina

RENA HUBBARD
Notary Public, State of Texas
My Commission Expires
August 17, 2009

-7-

DATE: 4/8/2005

Dr. Yulan Y. Jankowski
1001 W. Baker Road
Baytown, Texas 77521
Telephone Number: (281)428-8494

HONORABLE JUDGE OF THE COURT
PROBATE COURT NUMBER _____
1115 Congress
Harris County, Texas 77002

RE:   IN THE MATTER OF THE GUARDIANSHIP OF PERRY LEE WHATLEY, AN
      INCAPACITATED PERSON

Dear Judge:

        I am a physician currently licensed in the state of Texas. I have been the doctor for PERRY
LEE WHATLEY, ("Proposed Ward") since _9/2004_____, 20_04_. I examined the
Proposed Ward on __4 (April)_____, 20_05_. Based upon that examination and my
observations, it is my opinion that the Proposed Ward's incapacity is described in my answers to the
following questions:

    1.    What is the general nature and degree of the incapacity?
          (1) _mental left hip - gut deplication_ _Need 2ns_ _from A_
          (2) _osteoporosis_ (3) _200m - sore, arthrit_ (4) _g westerman_ (5) _Dementia - senility_
          (6) _myo stroke_ - (6) _general weakness_ (H 7N (7) _cardiomyopathy/CHF_

    2.    What is the Proposed Ward's medical history as it is related to the incapacity?

    3.    What is the prognosis, including the estimated severity, of the incapacity?
          _poor - all his problem are gloomy serving of incapacity_

    4.    How and in what manner does the Proposed Ward's physical and mental health affect
the Proposed Ward's ability to make or communicate responsible decisions concerning herself?
          _Need neurologist input ( out of my field_

    5.    Does any current medication affect the demeanor of the Proposed Ward?
____No_____ YES/NO? Would this medication affect the Proposed Ward's ability to participate
fully in court proceedings? __No_____ YES/NO? Please describe these medications.
                                                    _see attached list_



6. Is senility a diagnosis of the Proposed Ward's incapacity? _yes_ YES/NO?
If so, please describe the precise physical and mental conditions underlying and diagnosis.
_Need neurologist input._

7. Is mental retardation the basis of the Proposed Ward's incapacity?
_No_

8. Is the Proposed Ward capable of operating a motor vehicle?
_No_

9. Is the Proposed Ward capable of making an informed decision concerning matters decided by a public vote? _unable to determine._

10. It is my opinion that the Proposed Ward is _incapable_ of personally handling or making decisions concerning the following matters which are marked NO below, and that the Proposed Ward is _capable_ of personally handling and making decisions concerning the following matters which are marked YES below:

_No_ a. to handle a bank account; if YES, should the Court limit the amount in such account?
_No_ b. to contract and incur obligations.
_No_ c. to collect and file suit on debts, rentals, wages and other claims due Proposed Ward.
_No_ d. to pay, compromise, and defend claims against the Proposed Ward.
_No_ e. to apply for or consent to governmental services.
_No_ f. to apply for and receive funds from governmental sources.
_No_ g. to enroll in public or private residential care facilities.
_No_ h. to make employment decisions.
_what do I mean (?)_ _No_ i. to apply for psychological and psychiatric tests and evaluation. _please contact_
_No_ j. to consent to medical and dental treatment and testing.
_No_ k. to consent to disclosure of psychological and medical records. ✓
_No_ l. to make decisions related to military service.
_No_ m. to enter into insurance contracts of every nature. _2 pm 4 -3?_
_____ n. other
_____ o. other _an I would like to have a neurologist input_
+ _D. Ricardo Purde / Dr Prody / Dr Stephanie Schikuts_

THEREFORE, it is my opinion that the Proposed Ward is incapacitated as stated in this letter and that guardian should be appointed and granted the powers necessary to act on the Proposed Ward's behalf and to make decisions for the Proposed Ward concerning the matters which are marked NO above.

FURTHERMORE, (answer YES to one of the following):

_____ by responding to No to all of the matters listed above, it is my opinion that the Proposed Ward is totally without capacity.

_3/8/05_

_____ by responding to both YES and NO to the matters listed above, it is my opinion that the Proposed Ward is <u>partially incapacitated.</u>

11.    I believe that the Court should also be aware of the following additional information, if any, which concerns the Proposed Ward and which is not included above, but which may be of interest to the Court.

_Mr. perry probably should be fully evaluated by a Neurologist_

_____

_____

_____

Sincerely,

Yulan Y. Jankowski, M.D.

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

143904

No. **355095**

PROBATE COURT #2

IN RE: GUARDIANSHIP OF )(
THE PERSON AND ESTATE OF )(
)(
PERRY LEE WHATLEY, )(
)(
INCAPACITATED PERSON )(

IN THE PROBATE COURT

NUMBER ⟂ ( ) OF

HARRIS COUNTY, TEXAS

## APPLICATION FOR APPOINTMENT OF GUARDIAN OF PERSON AND ESTATE

ROBERT DANIEL WHATLEY and JEANIE ANDERSON file this Application for

Appointment of Guardian of Person and Estate pursuant to section 682 of the Texas Probate

Code on behalf of PERRY LEE WHATLEY and show the Court the following:

1.  Proposed Ward is an adult male whose birthday is August 15, 1922. Proposed Ward

resides at 3501 Tompkins, Baytown, Harris County, Texas 77521, and may be served with

citation at that address.

2.  Applicants are the nephew and niece respectively, of Proposed Ward and reside at

2711 Alderwood, Austin, Travis County, Texas 78745, and 2905 Parklane Drive, Baytown,

Texas 77521, respectively. Applicants desire JEANIE ANDERSON to be appointed guardian of

the person and estate of Proposed Ward. Applicant, JEANIE ANDERSON is eligible to receive

letters of guardianship and are entitled to be appointed.

3.  Guardianship of the person and estate of Proposed Ward is sought.

4.  This Court has jurisdiction and venue over these proceedings because Proposed Ward

resides in Harris County, Texas and Proposed Ward's principal assets are in Harris County,

Texas.

5.  Persons to be served by personal citation pursuant to section 633 of the Texas Probate

Code are:

C-PERSONAL  APR 1 ? 2005

Whatley\App. for Guardianship

-1-

C-POSTING  APR 1 8 2005

2005 APR 15  PM 3: 25

FILED



EXHIBIT
**B**

PERRY LEE WHATLEY
3501 Tompkins
Baytown, Texas 77521

DAWN JOHNSON WHATLEY
3501 Tompkins
Baytown, Texas 77521

6.     Persons to receive notice by certified mail, return receipt requested, pursuant to

section 633 of the Texas Probate Code are:

DANIEL WHATLEY
4516 Parkshadow Dr.
Baytown, Texas 77521

7.     Proposed Ward is currently incapacitated to care for himself, unable to manage his

property and financial affairs, and without a legal guardian of his person and estate. It is

necessary and will be advantageous for Proposed Ward to have a guardian of his person and

estate appointed to manage, control, protect, and prevent waste of the assets of his estate and to

provide for the care and attention of Proposed Ward.

8.     Approximate values and descriptions of Proposed Ward's property are listed as

follows:

| A. | Real property and improvements located at 3501 Tompkins, | |
|----|----------------------------------------------------------|-------------|
| | Baytown, Harris County, Texas | $133,500.00 |
| B. | Investor's Insurance Annuity | $ 75,000.00 |
| C. | Keyport Insurance Co. Annuity | $500,000.00 |
| D. | American Investors Annuity | $175,000.00 |
| E. | American Investors Annuity | $200,000.00 |
| F. | American Equity Annuity | $185,275.72 |
| G. | National Western Annuity | $500,000.00 |

9.     The requested term of this guardianship is for such time as Proposed Ward's medical

condition necessitates the guardianship.

10.   The specific facts that require a guardian to be appointed and Applicants' interest in

Whatley\App. for Guardianship                                    -2-

the appointment are:

The Proposed Ward is 82 years old. The Proposed Ward suffered a stroke during 2004 which impairs his ability to care for himself and make financial decisions. The Proposed Ward broke his hip in December, 2004, and has been bed-ridden since that time. He was married to Florence Mayfield Whatley, who died in 2003. Dawn Johnson was a caretaker for Florence Mayfield Whatley. After the death of Florence Mayfield Whatley, Dawn Johnson cleaned and cared for the Proposed Ward. Dawn Johnson is believed to be anywhere from 57 to 62 years of age. After making the statement that she intended to marry the Proposed Ward, she married the Proposed Ward on January 7, 2005. No one in the Proposed Ward's family was given any notice of the marriage and did not learn of the marriage until six weeks after the marriage. The Proposed Ward owns annuity contracts of the approximate value of $1,700,000.00. Jeannete Cruz is the financial and investment advisor for the Proposed Ward. Jeannete Cruz has been contacted by Dawn Johnson, now Dawn Johnson Whatley, about requirements to change the beneficiary and to cash them in. The Proposed Ward is not able to make decisions in regard to the investment of his funds or gifts of those funds.

11. Proposed Ward is totally incapacitated as set forth in the examination and report under section 687 of the Texas Probate Code from Proposed Ward's treating physician, Yulan Y. Jankowski, M.D., attached hereto and incorporated in this application as Exhibit "B".

12. The Court should find Proposed Ward totally incapacitated for all purposes.

13. No guardianship for Proposed Ward exists in this or any other state.

15. Applicants believe that DAWN JOHNSON WHATLEY may hold a general power of attorney signed by Proposed Ward.

16. The names and addresses, to the best of Applicants' knowledge, of Proposed Ward's spouse, siblings, and children or, if none living, of Proposed Ward's next of kin are:

DANIEL WHATLEY
4516 Parkshadow Dr.
Baytown, Texas 77521

Whatley\App. for Guardianship                    -3-

17. Applicants bring this application in good faith and for just cause and requests payment of attorney's fees and expenses from Proposed Ward's estate as allowed by section 665B(b) of the Texas Probate Code.

Applicants pray that notice of this application be given as required by law; that Proposed Ward be personally served with citation to appear and answer this application; that an attorney ad litem be appointed to represent Proposed Ward; that on hearing Applicant JEANIE ANDERSON be appointed guardian of the person and estate of Proposed Ward; that letters of guardianship be issued to JEANIE ANDERSON on her taking the oath and giving bond as required by law; and for all further relief to which Applicants may be entitled.

Respectfully submitted,

ROY L. FULLER
ATTORNEY FOR APPLICANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile
TBC #07524500

BEFORE ME, the undersigned authority, on this day personally appeared JEANNIE ANDERSON, who swore on oath that the following facts are true:

"I have reviewed the foregoing application, it contains a correct and complete statement of the facts and matters to which it relates, and all the contents are true, complete, and correct to the best of my knowledge."

JEANIE ANDERSON

SIGNED under oath before me on _____ 14 _____, 2005.

SHERRY DILL
NOTARY PUBLIC, STATE OF TEXAS
MY COMM. EXPIRES
JULY 23, 2006

Notary Public, State of Texas

Whalley\App. for Guardianship

-4-

DATE: 4/8/2005

Dr. Yulan Y. Jankowski
1001 W. Baker Road
Baytown, Texas 77521
Telephone Number: (281)428-8494

HONORABLE JUDGE OF THE COURT
PROBATE COURT NUMBER _____
1115 Congress
Harris County, Texas 77002

RE:  IN THE MATTER OF THE GUARDIANSHIP OF PERRY LEE WHATLEY, AN
     INCAPACITATED PERSON

Dear Judge:

     I am a physician currently licensed in the state of Texas. I have been the doctor for PERRY
LEE WHATLEY, ("Proposed Ward") since _7/2004_, 2004. I examined the
Proposed Ward on _4 (April)_, 2005. Based upon that examination and my
observations, it is my opinion that the Proposed Ward's incapacity is described in my answers to the
following questions:

1.   What is the general nature and degree of the incapacity?

2.   What is the Proposed Ward's medical history as it is related to the incapacity?

3.   What is the prognosis, including the estimated severity, of the incapacity?
     _poor — all his problems are gradually leading to incapacity_

4.   How and in what manner does the Proposed Ward's physical and mental health affect
the Proposed Ward's ability to make or communicate responsible decisions concerning herself?
     _Need neurologist's input ( out of my field)_

5.   Does any current medication affect the demeanor of the Proposed Ward?
_No_ YES/NO? Would this medication affect the Proposed Ward's ability to participate
fully in court proceedings? _No_ YES/NO? Please describe these medications.

     _see attached list_

6. Is senility a diagnosis of the Proposed Ward's incapacity? _____ YES/NO?
If so, please describe the precise physical and mental conditions underlying and diagnosis.
*Need neurologist input.*

7. Is mental retardation the basis of the Proposed Ward's incapacity?
*No*

8. Is the Proposed Ward capable of operating a motor vehicle?
*No*

9. Is the Proposed Ward capable of making an informed decision concerning matters decided by a public vote? *unable to determine.*

10. It is my opinion that the Proposed Ward is incapable of personally handling or making decisions concerning the following matters which are marked NO below, and that the Proposed Ward is capable of personally handling and making decisions concerning the following matters which are marked YES below:

No a. to handle a bank account; if YES, should the Court limit the amount in such account?
No b. to contract and incur obligations.
No c. to collect and file suit on debts, rentals, wages and other claims due Proposed Ward.
No d. to pay, compromise, and defend claims against the Proposed Ward.
No e. to apply for or consent to governmental services.
No f. to apply for and receive funds from governmental sources.
No g. to enroll in public or private residential care facilities.
No h. to make employment decisions.
*what do parents (?)* i. to apply for psychological and psychiatric tests and evaluation. *please contact*
No j. to consent to medical and dental treatment and testing.
No k. to consent to disclosure of psychological and medical records.
No l. to make decisions related to military service.
No m. to enter into insurance contracts of every nature. *2 pr 74*
n. other
o. other *at I would like to have a neurologist input*
*+ D. Ricardo Pardo / Dr Pardy / D. Stephanie Schubert*

THEREFORE, it is my opinion that the Proposed Ward is incapacitated as stated in this letter and that guardian should be appointed and granted the powers necessary to act on the Proposed Ward's behalf and to make decisions for the Proposed Ward concerning the matters which are marked NO above.

FURTHERMORE, (answer YES to one of the following):

_____ by responding to No to all of the matters listed above, it is my opinion that the Proposed Ward is totally without capacity,

_____ by responding to both YES and NO to the matters listed above, it is my opinion that the Proposed Ward is partially incapacitated.

    11.    I believe that the Court should also be aware of the following additional information, if any, which concerns the Proposed Ward and which is not included above, but which may be of interest to the Court.

_1. His perry Natably Should be fully evaluate by_
_a Neurologist_

_____

_____

                    Sincerely,

                    Yutan Y. Jankowski, M.D.

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

COPY

**CAUSE NO. 355,095**

| GUARDIANSHIP OF | § | **PROBATE COURT NO. 2** |
| | § | |
| PERRY LEE WHATLEY, | § | **OF** |
| | § | |
| AN INCAPACITATED PERSON | § | **HARRIS COUNTY, TEXAS** |

## ORDER APPOINTING COURT INVESTIGATOR

On this day, came on to be considered on the Court's own motion information that it appears that a necessity may exist for an appointment of a Guardian for the Person of **PERRY LEE WHATLEY**, incapacitated person (the Proposed Ward"). The Court finds that the Court Investigator should be directed pursuant to § 25.0025 of the Texas Government Code and § 683 of the Probate Code, to investigate the necessity of a guardianship being established for the Proposed Ward.

It is therefore ORDERED that CHRIS FORBES, 1115 Congress, 6th Floor, Houston, Texas, Court Investigator of Probate Court Number Two, shall investigate and report to the Court the circumstances of the matter, including information pertaining to the medical, personal, and financial well being of the Proposed Ward.

It is further ORDERED that all persons having custody of information concerning the financial, medical, psychiatric, or physical status of **PERRY LEE WHATLEY**, shall release it to the Court Investigator.

IT IS ORDERED that the Court Investigator is to be given access to all of the Proposed Ward's financial, medical, psychological and intellectual testing records. This Order is issued pursuant to 45 CFR 164.512(e)(1)(i) Health Insurance Portability and Accountability Act which authorizes covered entities to disclose protected health information in the course of any judicial or administrative proceeding when responding to an order of the Court.

It is further ORDERED that all costs incident to this order in this numbered cause are hereby waived.

SIGNED this ___26___ day of APRIL, 2005.

MIKE WOOD
Presiding Judge
Probate Court No. 2
Harris County, Texas

EXHIBIT
C

**CAUSE NO. 355,095**

| | | |
|---|---|---|
| **GUARDIANSHIP OF** | § | **PROBATE COURT NO. TWO** |
| | § | |
| **PERRYLEE WHATLEY,** | § | **OF** |
| | § | |
| **AN INCAPACITATED PERSON** | § | **HARRIS COUNTY, TEXAS** |

## COURT INVESTIGATOR REPORT
### PURSUANT TO §648A OF THE TEXAS PROBATE CODE

**CHRIS FORBES**, Court Investigator in the above cause makes the following report to the

Court:

### VISITATION/PERSONAL DATA

**Date Visited:** April 28, 2005.

**Location of Proposed Ward:** San Jacinto Methodist Hospital, 1700 James Bowie, Room 311,

Baytown, Texas 77520.

**DOB:** 08/15/1922.

**Applicant(s):** Robert Dan Whatley and Jeanie Anderson.

**Relationship to the Proposed Ward:** Nephew and niece respectively.

**Reasons given in the application for guardianship:** Mr. Whatley is incapacitated to make

decisions regarding his personal and estate affairs. It is necessary and advantageous for Mr.

Whatley to have a guardian of his person & estate appointed to make decisions in regards to his

affairs.

**Type of guardianship requested:** Person & estate.

### MENTAL AND PHYSICAL CONDITION

**Medical Statement submitted by:** Yulan Y. Jankowski, M.D.

Page 1

Contest will
Be filed



**Attending Physician:** Yulan Y. Jankowski, M.D.

> **Phone:** (281) 428-8494.

**Attending Psychiatrist:** None.

**Diagnosis:**

**Mental:** Stroke history and dementia.

**Physical:** HTN, stroke history, fracture of left hip, osteoporosis and congestive heart failure.

**Is there a power of attorney:** Dawn Whatley may hold a power of attorney executed by the

proposed ward.

**Is the proposed ward indigent:** No.

**Proposed ward's income:** Social Security and investment income.

**Homestead/Property:** Homestead located at 3501 Tompkins with an appraised value of $133,500

and annuity investments in the combined approximate value of 2.5 million.

**Proposed Ward's understanding of the concept of guardianship:** Good.

**Proposed Ward's attitude toward guardianship:** Consenting.

### FAMILY DATA:

**Spouse:** Dawn Whatley, 3501 Tompkins, Baytown, Texas 77521.    (281) 422-5134

**Children:** None.

**Siblings:** Daniel Whatley, 4516 Parkshadow Dr., Baytown, Texas 77521.

**Other relatives:** Robert Daniel Whatley, nephew, 2711 Alderwood, Austin, Texas 78745, (512)

916-8029 (h) and (512) 633-4847 (cell).

Jeanie Anderson, niece, 2905 Parklane, Baytown, Texas 77521.    (281) 421-1632 (H)

Page 2

## RECOMMENDATION OF COURT INVESTIGATOR

**Is there a necessity for guardianship:** Yes.

**Is there a less restrictive alternative than guardianship appropriate:** No.

**Explain why guardianship is necessary:** Mr. Whatley is a Caucasian male who is incapacitated

due to his dementia. Guardianship is necessary to make decisions in regards to his health and

personal affairs.

**Should this case be referred to the Harris County Guardianship Program:** No.

**Applicant's attorney:** Roy L. Fuller, (281) 422-3555.

April 28, 2005
**Date**

**Chris Forbes**
Court Investigator

Page 3

**CAUSE NO. 355,095**

| | | |
|---|---|---|
| **GUARDIANSHIP OF** | § | **PROBATE COURT NO. 2** |
| | § | |
| **PERRY LEE WHATLEY,** | § | **OF** |
| | § | |
| **AN INCAPACITATED PERSON** | § | **HARRIS COUNTY, TEXAS** |

### ORDER APPOINTING ATTORNEY AD LITEM

On this day, came on to be considered on the Court's own motion information that it appears that a necessity may exist for appointment of an attorney ad litem for **PERRY LEE WHATLEY, an incapacitated person,** and the Court finds that an attorney ad litem should be appointed for the purpose of representing the interest of the ward, **PERRY LEE WHATLEY.**

It is THEREFORE ORDERED that ___J. Ray Black___, an attorney licensed to practice before this Court, is appointed attorney ad litem to investigate and represent the interest of the ward, **PERRY LEE WHATLEY,** pursuant to Sections 646 and 647 of the Texas Probate Code.

IT IS ORDERED that the Attorney Ad Litem is to be given access to all of the Proposed Ward's financial, medical, psychological and intellectual testing records. This Order is issued pursuant to 45 CFR 164.512(e)(1)(i) Health Insurance Portability and Accountability Act which authorizes covered entities to disclose protected health information in the course of any judicial or administrative proceeding when responding to an order of the Court.

It is FURTHER ORDERED that all costs incident to the filing of this order are hereby waived.

SIGNED this ___24___ day of **APRIL, 2005.**

**MIKE WOOD**
Presiding Judge,
Probate Court No. 2
Harris County, Texas



No. 355045

| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER $\overline{TWO}$ (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

## MOTION FOR INDEPENDENT MENTAL EXAMINATION

TO THE HONORABLE COURT:

Movants, ROBERT DANIEL WHATLEY and JEANIE ANDERSON, in the above enti    l

and numbered cause, makes this their Motion for Independent Mental Examination and in sup]

thereof would respectfully show the Court the following:

### I.

Movants believe it is in the best interest of PERRY LEE WHATLEY, ("Proposed War

to be evaluated by an independent psychiatrist in this proceeding.

### II.

Movants believe that it would be in Proposed Ward's best interest pursuant to Section 6

of the Texas Probate Code for the Court to order a complete independent mental examination

Proposed Ward, a party to this proceeding, to be conducted by a Court designated board certifi

geriatric psychiatrist, or neurologist for the purpose of determining Proposed Ward's present ment

state and for assessment of his care and rehabilitation needs.

### III.

Based on the facts, there is good cause shown for a compulsory independent ment:


EXHIBIT
F

examination of the Proposed Ward.

## IV.

Movants therefore request the Court to designate the time, place, manner, conditions    id

scope of the examination to be conducted by the psychiatrist or neurologist named by the Co:    to

make such examination of Proposed Ward. Movants also ask this Court to order all parties to st    ly

the psychiatrist or neurologist with all Proposed Ward's medical records from _____    ﹍

to the present in their possession or that of their attorney. _____ shoul    c

ordered to turn over all of the caretakers daily log of medications. It is further requested tha    e

report of the examining psychiatrist be provided to the Court and all counsel of record.

## V.

Movants request that the cost of such examination be paid by _____ as    ﹔

beneficial to Proposed Ward to have the facts of his mental status determined.

## VI.

Movants requests that the examination be conducted with no one present other than the c(

appointed psychiatrist and his or her staff and medical advisors, and that no one communicate w

the psychiatrist prior to the issuance of his or her report, other than to provide the mental records

letter with copy to all counsel of record.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court order Propos

Ward be examined by a board certified geriatric psychiatrist designated by this Court for the purpc

of undergoing an independent mental examination pursuant to Section 687 of the Texas Proba

Code to determine his mental status; that the Court order the medical to be turned over, that no oi

be present except the psychiatrist and his or her staff and medical advisors; that the Court order suc

examination be paid by _____, and for such other and further relief to \ :h

Movants may show themselves justly entitled.

Respectfully submitted,

ROY L. FULLER          TBC #07524500
ATTORNEY FOR MOVANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile


## CERTIFICATE OF SERVICE

I CERTIFY that in compliance with the provisions of the Texas Rules of C Procedure, on the ___ _____ day of _____, 2005, I served a true and correct copy of foregoing was forwarded to the following by certified mail, return receipt requested:

ROY L. FULLER

No. _____

| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
|---|---|---|
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER _____ ( ) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

## ORDER FOR INDEPENDENT MENTAL EXAMINATION

On this day came to be considered the Motion for Independent Mental Examination f

herein by ROBERT DANIEL WHATLEY and JEANIE ANDERSON, and the Court, after hear

the evidence and having considered such motion and the applicable law, finds that good cause l

been shown for the granting to such motion pursuant to Section 687 of the Texas Probate Code.

is therefore.

ORDERED, ADJUDGED, and DECREED that _____.

board certified geriatric psychiatrist status, is hereby appointed by the Court to make an examinatio

of PERRY LEE WHATLEY as to his mental status on or before _____, 2005, ar

that such psychiatrist should render his or her findings in a written report to this Court on or befoi

_____, 20___. It is further

ORDERED, that all parties and their counsel shall deliver all medical records, fror

_____ to the present, including caretaker's daily log of medication, to the psychiatris

within three (3) days of the date of this Order. It is further

ORDERED, that no one will be present other than Dr. _____ and his or

her medical staff and medical advisors during the examination, and that no one communicate with

Whatley\M-Mental Exam                    -4-

Dr. _____ other than by cover letter with the medical records, with a copy    all

counsel.

  ORDERED, that the cost of such examination and report be paid to said psychiatri    ɩy

_____.

  SIGNED this _____ day of _____, 2005.


            _____

            JUDGE PRESIDING


APPROVED AS TO FORM ONLY:


ROY L. FULLER   TBC #07524500
ATTORNEY FOR MOVANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile

PERRY L. WHATLEY
3201 Tompkins Dr.
Baytown, Texas 77521
281-422-5134

April 6, 2005

Ms. Jeanette Cruse
8020 Shoshone Dr.
Arlington, Texas 76002

Dear Ms. Cruse:

My wife called you at my request on March 16, 2005, and asked you for the information I need on my financial documents and my tax returns. She sent to you that day a copy of the Revocation of Power of Attorney removing my niece, Jeannie Anderson as holding my Power of Attorney. I also asked my wife to send you a letter at the same time telling you that you should not discuss any of my financial matters with anyone else. You took it upon yourself to call my niece, resulting in an angry visit from her to me the next day. I believe you should not have done this and that you violated my trust. You still have not sent me my information as of today.

I spoke to you today by telephone and asked you to give all the financial information to my attorney, Susan Norman. It sounds as if you have refused to honor my request. This letter is now my order to you to release all my records to my lawyer, Susan Norman. You are no longer to give any information on me to anyone other than my lawyer or my wife, Dawn Johnson Whatley.

Very truly yours,

*Perry L. Whatley*
PERRY LEE WHATLEY

PERRY L. WHATLEY
3501 Tompkins Dr.
Baytown, Texas 77521
281-422-5134

April 13, 2005

Mrs. Jeannie Anderson
2905 Park Lane Dr.
Baytown, Texas 77521

Dear Jeannie:

I have asked you repeatedly to deliver to me all of my financial document
as well as my Will. You have refused to do so. This is wrong of you. Your fath
told me again today that you do not have them. If you do not, who does? Why
would you give that information to someone other than me? Tell that person to
give them to me immediately.

You have disappointed me greatly by what you have done. You no longer
have my power of attorney, as I told you on March 17, 2005. I was very unhapp)
to find that you had taken my signature off of my own checking account.

I ask you again to deliver to me at my home all of my financial documents,
by 5:00 p.m. on April 17, 2005, or tell me who has them so I can send to that
person for them.

Very truly yours,

PERRY LEE WHATLEY
(Perry L. Whatley)

March 16,2005


Dear Jeantte,

Sorry that you have been so sick.  I really do hate to hear that. Bit and I both know
the feeling, as I was in the hospital three times last Year and he was in there 4
times.

Would love to see you.

Anyway down to business.  The attorney said you did not need a copied of the
new P.O.A.  as I'm sending the revocation. And she said this should end any
dealing with Jeannie on Bits business. He is keeping his business to himself.

But I need the names and address and phone numbers of all the companys that
he has annulties with.  And his policies numbers.

Bit said to tell you Hello and hope you are during fine.  Please keep in touch even
if it's over the internet.


Love You,

Dee Whatley

**REVOCATION OF POWERS OF ATTORNEY** 10/15/04 X924869    $16.00

THE STATE OF TEXAS §
§ KNOW ALL MEN BY THESE PRESENTS
COUNTY OF HARRIS §

I, Perry L. Whatley, hereby revoke all Powers of Attorney executed prior to October 11, 2004, made by me and appointing Jeannie Anderson as my Attorney-in-Fact, and any other person as my successor Attorney-in-Fact.

IN WITNESS WHEREOF, I have hereunto set my hand on this the ___ day of ___ October, 2004.

_Perry L. Whatley_
Perry L. Whatley

The foregoing Revocation was signed by Perry L. Whatley in our presence, and we, at his request and in his presence, and in the presence of each other, each of us being over the age of 18 years, have hereunto subscribed our names as witnesses on this the 11 day of October, 2004.

Witness Al Rathjen
2906 Rose
Street Address
Pasadena T 77503
City and State

Witness Thomas Goldsmith
3107 Green Leaf
Street Address
Laporte TX 77571
City and State

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Perry L. Whatley, who, having been duly sworn, states that he is executing this Revocation in the presence of the two Witnesses as shown above and for the purposes therein expressed.

SWORN TO, SUBSCRIBED AND ACKNOWLEDGED BEFORE ME by the said Perry L. Whatley and by the said Witnesses, Al Rathjen and Thomas Goldsmith on this 11 day of October, 2004.

Rhonda M Clark
Notary Public, State of Texas

[Seal: RHONDA M. CLARK, MY COMMISSION EXPIRES APR 3, 2005]

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: **JAN 1 2 2005**
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_Cuc T Lien_ Deputy
CUC T. LIEN

PREPARED IN THE OFFICE OF:

Law Offices of Susan C. Norman
9135 Katy Freeway, Suite 100
Houston, Texas 77024

AFTER RECORDING RETURN TO:

Law Offices of Susan C. Norman
9135 Katy Freeway, Suite 100
Houston, Texas 77024



OCT 15 2004



COUNTY CLERK
HARRIS COUNTY, TEXAS

FILED

04 OCT 15 PM 12: 42

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL,
OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF
COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER
THE FEDERAL LAW

A CERTIFIED COPY
JAN 1 2 2005
ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
DUC T. LIEN

**355095**

IN RE: GUARDIANSHIP OF       IN THE PROBATE COURT

THE PERSON AND ESTATE       NUMBER (2) Hon. M. Woo〈

PERRY LEE WHATLEY       HARRIS COUNTY, TEXAS

INCAPACITATED PERSON

## EMERGENCY MOTION TO DISSOLVE ALL ORDERS AND DISMISS THE GUARDIANSHIP PROCEEDINGS OR, IN THE ALTERNATIVE, TO APPOINT SPOUSE, DAWN JOHNSON WHATLEY, AS GUARDIAN AND MOTION FOR SANCTIONS PURSUANT TO CHAPTER 10 OF THE CIVIL PRACTICE AND REMEDIES CODE AND RULE 13, TEX. R. CIV. PROC.

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Dawn Johnson Whatley, a **QUALIFIED**, non-incapacitated person who moves

this Court to dismiss the application, or in the alternative to appoint her as Guardian over the

**person and** Estate of her husband, and in support she would show as follows:

### a. THE WARD IS NOT INCAPACITATED:

1. On April 15, 2005, Applicants, the nephew and niece of the proposed ward, "determined"

   **AND ONLY TO TAKE CONTROL OF THE ESTATE OF THEIR UNCLE,** and with

   the company **AND ASSISTANCE** of their counsel, **ROY FULLER,** filed with this Court

   a petition to have their uncle placed in Guardianship. Prior to this act of "concern", neither

   the niece or nephew paid much attention to the proposed ward, did not take care of him, and

   their attention was limited to a de minimus contact with the proposed ward.

2. On January 7, 2005, the proposed ward married Dawn Johnson in Harris County, Texas, in

   **a ceremonial marriage conducted by a minister.** Indeed, the brunt of the niece and

1



EXHIBIT
G

nephew's petition appears to be that they were not invited to the wedding. *See:* Orig

Petition page 3 @ 10. Nowhere do the niece or nephew even remotely assert or allege t

the marriage was a sham, or that the proposed ward was incapacitated at the time of

marriage. Thus, the Court must presume that the ward has his wife who is caring for hi

and whom he intentionally married, and that this petition is nothing more than the produ

of greed which the law does not and cannot allow:

## b. SPOUSE IS ADEQUATE GUARDIAN:

3.     The Texas Probate Code allows "any person" to contest an application. *Tex. Prob. Code Am*

*§ 642 (Vernon Supp. 1999).* Thus, Dawn as the spouse of the proposed ward has standing t

contest this application. The Probate Code also provides that when "two or more eligible

persons are equally entitled to be appointed guardian," the ward's spouse must be given

preference to the other person. *Id. § 677(a)(1).* **See:** *Torres v. Ramon 5 S.W.3d 780 (Tex.*

*App. San Antonio 1999, no pet.)* Implicitly, the code requires the court to first determine

whether a person is eligible to serve as a guardian before determining whether that person

is a spouse. Here, the spouse of the proposed ward has cared for him, loved him, nourished

him, and protected him. There has been **NO** allegation, much less any showing that any

fraud took place in the marriage, or that the proposed ward was incapacitated at anytime

during that period. Thus, the spouse being a qualified guardian and first in line to serve

should be appointed.

## c. GUARDIANSHIP WAS BROUGHT IN BAD FAITH:

4.     In *Meyer v. Nebraska, 262 U.S. 390, 399,* the United States Supreme Court, referring to the

Fourteenth Amendment, stated: "While this Court has not attempted to define with exactness

2

the liberty thus guaranteed, the term has received much consideration and some of included things have been definitely stated. Without doubt, it denotes not merely freed from bodily restraint but also [for example,] **the right to marry**, establish a home and br up children." Since 1967, the United States Supreme Court has held that the right to ma the person of one's choosing is a core fundamental right that the Courts ought clearly r interfere with. The Supreme Court in speaking again on the issue stated [that] "since our pa decisions make clear that the right to marry is of fundamental importance", *See: Loving Virginia, 388 U.S. 1 (1967),*the Court's language on the latter point bears repeating:*"Th freedom to marry has long been recognized as one of the vital personal rights essential t the orderly pursuit of happiness by free men. "* "Marriage is one of the 'basic civil rights o man,' fundamental to our very existence and survival." Id., at 12, quoting *Skinner v Oklahoma ex rel. Williamson, 316 U.S. 535, 541 (1942).I [ 434 U.S. Page 384]* Although Loving arose in the context of racial discrimination, prior and subsequent decisions of the Court confirm that the right to marry is of fundamental importance for all individuals. Long ago, in *Maynard v. Hill, 125 U.S. 190 (1888),* the Court characterized marriage as "the most important relation in life," id., at 205, and as "the foundation of the family and of society, without which there would be neither civilization nor progress," id., at 211. *In Meyer v. Nebraska, 262 U.S. 390 (1923),* the Court recognized that the right "to marry, establish a home and bring up children" is a central part of the liberty protected by the due process clause, id., at 399, and in *Skinner v. Oklahoma ex rel. Williamson, supra*, marriage was described as "fundamental to the very existence and survival of the race," *316 U.S.,at 541.*

3

## d. SANCTIONS:

5    Because this application was patently frivolous and sought nothing more than to extort quick settlement out of the proposed ward and his spouse, sanctions should be imposed. Th criteria is a clear one and is met here with full force. **This motion for sanctions is directe at Robert Daniel Whatley, Jeanie Anderson, and Roy L. Fuller** and in support th Applicant would show as follows:

a. That on or about April 15, 2005, and in contravention to well established law the defendants both individually and collectively filed this application to assert control over the estate of a husband and wife by submitting to the Court the foregoing frivolous petition for guardianship. In fact, nowhere in Plaintiff/Applicant's pleadings do they allege, much less establish, that anything but a legitimate marriage took place, and that the proposed ward is being cared for by his wife.

6.   *Section 10.001 of chapter 10 provides*: The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

> *(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;*
>
> *(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;*
>
> *(3) each allegation or other factual contention in the pleading or motion has*

· 4

> *evidentiary support or, for a specifically identified allegation or factual contentic*
> *is likely to have evidentiary support after a reasonable opportunity for furth*
> *investigation or discovery; and*
>
> *(4)each denial in the pleading or motion of a factual contention is warranted on th*
> *evidence or, for a specifically identified denial, is reasonably based on a lack c*
> *information or belief.* Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002)

A court may punish violations of chapter 10 by imposing sanctions on the "person, [the party represented by the person, or both "who" has signed [the] pleading or motion in violation of Section 10.001." *Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (Vernon 2002).* By failing to at least assert a fraudulent marriage, and by not properly verifying the application, the Court should be convinced that this application was contrived.

7.  Sanctions may be imposed for violations of Rule 13 in the manners provided in *Rule 215(2)(b) of the Texas Rules of Civil Procedure.* The latter rule provides that the court may require the party failing to obey an order or the attorney advising him, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure. The amount of fees to be awarded an attorney is solely within the discretion of the trial court and may not be set aside except upon a showing of abuse of discretion. *In Firestone Photographs, Inc. v. Lamaster, 567 S.W.2d 273, 277-78 (Tex. Civ. App.-Texarkana 1978, no writ),* the Court held that the choice of the appropriate sanctions is for the trial court to determine, and so long as the sanctions are within the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. Id. The Court also held that a judgment is not invalid because a party fails to prove his attorney's fees where the judgment is not one

5

for earned attorney's fees, but rather a judgment imposing attorney's fees as sanctions. Id. T amount of attorney's fees awarded as sanctions for discovery abuse is within the sou: discretion of the trial court and will only be set aside upon a showing of clear abuse of th discretion. *Brantley v. Etter, 677 S.W.2d at 504*. Proof of the necessity or reasonableness ( attorney's fees is not required when such fees are assessed as sanctions. Id.; *Allied Assoc. \ Inc. County Mut. Ins., 803 S.W.2d 799, 799 (Tex. App.-Houston [14th Dist.] 1991, no writ)*

8. The affidavit of Susan Norman attorney at law, attached hereto as exhibit "A"and duly incorporated herein by reference attests to the fitness of not only the proposed ward, but of the spouse as well.

**WHEREFORE, PREMISES CONSIDERED**, Applicant moves the Court that upon hearing the Court dissolve the temporary guardianship orders, or in the alternative pending a full hearing, that the Court appoint Dawn Johnson Whatley, spouse of the proposed ward as the guardian pending further orders of this Court; and that upon separate hearing the Court impose sanctions both jointly and severally on Jeanie Anderson, Robert Daniel Whatley, and Roy L. Fuller in an amount of not less than $ 50,000.00 for their pure and unabashed greed in bringing this petition to harass a husband and wife

Respectfully submitted
THE LAW OFFICES OF JOHN L. GREI
Attorney for Movant
4888 Loop Central Drive Suite 445
Houston, Texas 77081
(713) 660-7400
(713) 660-9921 (Fax)
SBOT 00784165

John L. Green

## CERTIFICATE OF SERVICE

On this the 10th day of May 2005, I certify that I delivered a true and correct copy of thi

application and motion for sanctions on Jeanie Anderson, Robert Daniel Whatley, and Roy

L. Fuller in accord with probate code 634.

John L. Green

## NOTICE OF SETTING

Please take note that on the 25th day of May 2005, at 3:10

O' Clock A.M, the Court will take up the emergency motion to dissolve or appoint,

but not the motion for sanctions in Probate Court No .2 , Harris County, Texas.

John L. Green

7

**355095**

| | |
|---|---|
| IN RE: GUARDIANSHIP OF | IN THE PROBATE COURT |
| THE PERSON AND ESTATE | NUMBER (2) Hon. M. Wood |
| PERRY LEE WHATLEY | HARRIS COUNTY, TEXAS |
| INCAPACITATED PERSON | |

STATE OF TEXAS
COUNTY OF HARRIS

Before me, the undersigned authority, personally appeared Susan Norman who upon her oath did depose and testified as follows:

"My Name is Susan Norman, I am over the age of 18 and in all ways I am fully competent to execute this affidavit. All the statements made herein are made from personal knowledge are true and correct. I have met with Perry L. Whatley many times beginning in early October, 2004, after he asked me to assist him with a problem with his niece, Jeannie Anderson. Mr. Whatley has always known the importance and intent of the legal work he has asked me to do, and who are the natural objects of his bounty. Mr. Whatley has always appeared to be in full control of his faculties; his body is weak, although his mind is strong. I have met with him for many hours over the last seven months and have come to know him as a quiet, strong man, whose mind is still functioning well and who would rather say nothing about a person than say something negative. Mr. Whatley's main feeling is one of betrayal by someone he used to trust; Jeanie Anderson. Over the last seven months, he has become more and more disappointed over his niece's attempts to control him. He has characterized her as "greedy," and been saddened at doing so. It is my firm belief, as an officer of this court, that Perry L .Whatley is cognizant of what he says, does, and asks to have done on his behalf. He knows what he is doing and what he has asked others to do for him. He needs no guardian of his person or of his estate. If there were a guardian to be appointed, it should not be a niece who tried to put him into a nursing home, and sell his residence, and take his monies. His wife is well qualified to serve and should be appointed, if a guardian is required at all."

_____
Susan Norman

SWORN AND SUBSCRIBED to me on this the 10th day of May, 2005.

_____
NOTARY PUBLIC

Lorena M. Velasquez
Notary Public
State of Texas
My Commission Expires
November 26, 2007

" $A$ "

**355095**

| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
|---|---|---|
| | § | |
| THE PERSON AND ESTATE | § | NUMBER (2) Hon. M. W   1 |
| | § | |
| PERRY LEE WHATLEY | § | |
| INCAPACITATED PERSON | § | HARRIS COUNTY, TE:   5 |

### RESPONSE TO APPLICATION FOR APPOINTMENT OF GUARDIAN; JOINDER OF EMERGENCY MOTION TO DISSOLVE ALL ORDERS AND DISMI THE GUARDIANSHIP PROCEEDINGS OR, IN THE ALTERNATIVE, TO APPOINT SPOUSE, DAWN JOHNSON WHATLEY, AS GUARDIAN

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Perry L. Whatley, a person who declares his competence, and files his Resp   e

to the Application to Appoint Guardian; Joinder of Emergency Motion to Dissolve All Orders   d

Dismiss the Guardianship, or In The Alternative, to Appoint Spouse, Dawn Johnson Whatl   is

Guardian in the proceedings filed by Jeanie Anderson and Robert Daniel Whatley by and thro   h

their attorney, Roy L. Fuller, and shows as follows:

### A. RESPONDENT, THE PROPOSED WARD, IS NOT INCAPACITATED:

1.   On April 15, 2005, Applicants, the nephew and niece of the proposed ward, "determi   ."

to take control of the estate of their uncle the Proposed Ward, and with the company and assist   c

of their counsel, Roy Fuller, filed with this Court a petition to have their uncle [the Proposed W   l]

placed in Guardianship. Prior to this act of "concern," neither the niece or nephew paid r   h

attention to the proposed ward, did not take care of him, and their attention was limited to   'e

RESPONSE TO APPLICATION FOR APPOINTMENT OF GUARDIAN;
JOINDER OF EMERGENCY MOTION TO DISSOLVE ALL ORDERS AND
DISMISS GUARDIANSHIP PROCEEDINGS OR, IN THE ALTERNATIVE TO
APPOINT SPOUSE, DAWN JOHNSON WHATLEY, AS GUARDIAN   P:   1

EXHIBIT
H

*minimus* contact with their uncle, the proposed ward.

2.      On January 7, 2005, the Respondent, Perry L. Whatley, married Dawn Johnson in ris County, Texas, in a ceremonial marriage conducted by a minister. The focus of the niec nd nephew's petition appears to be that they were not invited to the wedding. *See:* Original P on page2-3 @ 10. Nowhere do the niece or nephew even remotely assert or allege that the marriag as a sham, or that the proposed ward was incapacitated at the time of the marriage. Thus, the urt must presume that the ward has his wife whom he intentionally married and who is caring fo m, and that this petition is nothing more than the product of greed which the law does not and c lot allow.

## B. THE SPOUSE IS PRESUMED AN ADEQUATE GUARDIAN:

3.      The Texas Probate Code allows "any person" to contest an application. *Tex. Prob. Code* in. *§ 642 (Vernon Supp. 1999).* Thus, Dawn Whatley, as the spouse of the proposed ward has no ily the required minimal standing ["any person"] to contest this application, she is presumed, und he Probate Code to be the preferred person . *See*, Probate Code, § 677(a)(1), which provides that en "two or more eligible persons are equally entitled to be appointed guardian," the ward's spouse ist be given preference to the other person. Implicitly, the code requires the court to first dete ne whether a person is <u>eligible</u> to serve as a guardian before determining whether that perso a spouse. Here, the spouse of the proposed ward has cared for him, loved him, nourished him nd protected him. There has been no showing that any fraud took place in the marriage, or th he Respondent, the proposed ward, was incapacitated at any time during that period.

## C. GUARDIANSHIP WAS BROUGHT IN BAD FAITH:

4.   In *Meyer v. Nebraska, 262 U.S. 390, 399,* the Supreme Court, referring to the Four nth
Amendment, stated: "While this Court has not attempted to define with exactness the libert aus
guaranteed, the term has received much consideration and some of the included things hav een
definitely stated. Without doubt, it denotes not merely freedom from bodily restraint but al: for
example,] **the right to marry**, establish a home and bring up children." Since 1967, the I ted
States Supreme Court has held that the right to marry the person of one's choosing is . orc
fundamental right that the Courts ought clearly not interfere with. The Supreme Court in spe ing
again on the issue stated [that] since our past decisions make clear that the right to marr; of
fundamental importance, *See: Loving v. Virginia, 388 U.S. 1 (1967),*the Court's language the
latter point bears repeating:*"The freedom to marry has long been recognized as one of th* tal
*personal rights essential to the orderly pursuit of happiness by free men. "* "Marriage is one he
'basic civil rights of man,' fundamental to our very existence and survival." Id., at 12, quoting *S,* ter
*v. Oklahoma ex rel. Williamson, 316 U.S. 535, 541 (1942).I [434 U.S. Page 384]* Although L ng
arose in the context of racial discrimination, prior and subsequent decisions of the Court confin 1at
the right to marry is of fundamental importance for all individuals. Long ago, in *Maynard v.* 'll,
*125 U.S. 190 (1888),* the Court characterized marriage as "the most important relation in life d.,
at 205, and as "the foundation of the family and of society, without which there would be n er
civilization nor progress," id., at 211. *In Meyer v. Nebraska, 262 U.S. 390 (1923),* the ! irt
recognized that the right "to marry, establish a home and bring up children" is a central part ( ic
liberty protected by **the Due Process Clause, id.,** at 399, and in *Skinner v. Oklahoma e.* el.
*Williamson, supra,* marriage was described as "fundamental to the very existence and survival ( ic

race," *316 U.S., at 541.*

WHEREFORE, PREMISES CONSIDERED, Applicant moves the Court that upon he    1g

the Court dissolve the temporary guardianship orders, or in the alternative pending a full hea    g,

that the Court appoint Dawn Johnson Whatley, spouse of the proposed ward as the guardian per    1g

further orders of this Court; and that upon separate hearing the Court impose sanctions both jc    ly

and severally on Jeanie Anderson, Robert Daniel Whatley, and Roy L. Fuller in an amount c    ot

less than $ 50,000.00 for their pure and unabashed greed in bringing this petition to harass a hus    ul

and wife.

Respectfully submitted

LAW OFFICES OF SUSAN C. NORM.
Attorney for Respondent
9135 Katy Freeway, Suite 100
Houston, Texas 77024
713-465-3344
713-468-6243 facsimile

SUSAN C. NORMAN
Texas Bar No. 15083020

## CERTIFICATE OF SERVICE

On this the 10th day of May 2005, I certify that I delivered a true and correct co    of
Response to the Application to Appoint Guardian; Joinder of Emergency Motion to Dissolv    all
Orders and Dismiss the Guardianship, or In The Alternative, to Appoint Spouse, Dawn Joh    on
Whatley as Guardian proceedings filed by Jeanie Anderson, and Robert Daniel Whatley, or    he
alternative to appoint Dawn Johnson Whatley, as Guardian on Jeanie Anderson, Robert D    iel
Whatley, and Roy L. Fuller by telefax to 281-427-9564 and by Certified Mail, Return Re    pt
requested No. 7005-0390-0000-3670-8264 to 1300 Rollingbrook, Suite 608, Baytown, Texas 7    1;
and to Ray Black, Esq., Cenatiempo & Ditta; 1400 Post Oak Blvd., Suite 1150, Houston, 7    as
77056 by telefax to 713-655-9635, and by Certified Mail. Return Receipt requested No. 7005-0    0-
0000-3670-8271; and to John Green, Esq., by telefax to 713-660-9921 and by Certified Mail, R    rn
Receipt requested No. 7005-0390-0000-3670-8288, to The Law Offices of John L. Green, 4888    op
Central Drive, Suite 445; Houston, Texas 77081 in accord with probate code 634.

Susan Norman

## NOTICE OF SETTING

Please take note that on the 25thday of May, 2005, at 10:00 O' Clock AM, the Cour    ill

take up the emergency motion to dissolve or appoint, but not the motion for sanctio    in

Probate Court No .2 , Harris County, Texas.

Susan Norman

RESPONSE TO APPLICATION FOR APPOINTMENT OF GUARDIAN;
JOINDER OF EMERGENCY MOTION TO DISSOLVE ALL ORDERS AND
DISMISS GUARDIANSHIP PROCEEDINGS OR, IN THE ALTERNATIVE TO
APPOINT SPOUSE, DAWN JOHNSON WHATLEY, AS GUARDIAN                    Pa    5

OFFICE OF BEVERLY B. KAUFMAN, COUNTY CLERK, HARRIS COUNTY, TEXAS
P. O. BOX 1525 ● HOUSTON, TX. 77251-1525 ●(713) 755-6425
PROBATE COURTS DEPARTMENT

PROBATE COURT NO. 2

### PERSONAL CITATION

372

THE STATE OF TEXAS { **DOCKET NO. 355,095**    RECEIPT NO. 778878    4-15    $90.

COUNTY OF HARRIS { ESTATE OF: PERRY LEE WHATLEY, INCAP.

TO: PERRY LEE WHATLEY, 3501 TOMPKINS, BAYTOWN, HARRIS COUNTY, TEXAS    21.
GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN CONTEST OR ANS'    ON
SAID **APPLICATION FOR APPOINTMENT OF GUARDIAN OF PERSON AND ESTATE**
HERETO ATTACHED BEFORE THE HONORABLE PROBATE COURT NO. 2, OF HARRIS C(    TY,
TEXAS, ON OR BEFORE 09:00 O'CLOCK A.M. OF THE MONDAY NEXT AFTER THE EXPIRAT.    OF
10 DAYS AFTER THE DATE OF SERVICE HEREOF.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, AT HOUSTON, '    AS,
THIS, 18TH DAY OF APRIL, 2005.

BEVERLY B. KAUFMAN COU!    CLERK
PROBATE COURT NO. 2
HARRIS COUNTY, TEXAS

CRAIG E. ADBRIZ
DEPUTY COUNTY CLERK

ATTORNEY: ROY L. FULLER
1300 ROLLINGBROOK, SUITE 608
BAYTOWN, TEXAS 77521
281-422-3555

$EXhiB TA$

1 OF 1

Form No I-02-79B (Rev 03/18/02)

FROM

COURT #2

No. 355095

| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER ____ ( ) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

00sT

**APPLICATION FOR APPOINTMENT OF GUARDIAN**
**OF PERSON AND ESTATE**

ROBERT DANIEL WHATLEY and JEANIE ANDERSON file this Application for

Appointment of Guardian of Person and Estate pursuant to section 682 of the Texas Proba

Code on behalf of PERRY LEE WHATLEY and show the Court the following:

1.    Proposed Ward is an adult male whose birthday is August 15, 1922. Proposed V    d

resides at 3501 Tompkins, Baytown, Harris County, Texas 77521, and may be served with

citation at that address.

2.    Applicants are the nephew and niece respectively, of Proposed Ward and reside

2711 Alderwood, Austin, Travis County, Texas 78745, and 2905 Parklane Drive, Baytown,

Texas 77521, respectively. Applicants desire JEANIE ANDERSON to be appointed guardi    of

the person and estate of Proposed Ward. Applicant, JEANIE ANDERSON is eligible to rec    e

letters of guardianship and are entitled to be appointed.

3.    Guardianship of the person and estate of Proposed Ward is sought.

4.    This Court has jurisdiction and venue over these proceedings because Proposed    d

resides in Harris County, Texas and Proposed Ward's principal assets are in Harris County,

Texas.

5.    Persons to be served by personal citation pursuant to section 633 of the Texas Pr    e

Code are:

PERRY LEE WHATLEY
3501 Tompkins
Baytown, Texas 77521

DAWN JOHNSON WHATLEY
3501 Tompkins
Baytown, Texas 77521

6. Persons to receive notice by certified mail, return receipt requested, pursuant to

section 633 of the Texas Probate Code are:

DANIEL WHATLEY
4516 Parkshadow Dr.
Baytown, Texas 77521

7. Proposed Ward is currently incapacitated to care for himself, unable to manage h

property and financial affairs, and without a legal guardian of his person and estate. It is

necessary and will be advantageous for Proposed Ward to have a guardian of his person and

estate appointed to manage, control, protect, and prevent waste of the assets of his estate and

provide for the care and attention of Proposed Ward.

8. Approximate values and descriptions of Proposed Ward's property are listed as

follows:

| A. | Real property and improvements located at 3501 Tompkins, | |
|---|---|---|
| | Baytown, Harris County, Texas | $133,500. |
| B. | Investor's Insurance Annuity | $ 75,000. |
| C. | Keyport Insurance Co. Annuity | $500,000. |
| D. | American Investors Annuity | $175,000. |
| E. | American Investors Annuity | $200,000. |
| F. | American Equity Annuity | $185,275. |
| G. | National Western Annuity | $500,000.( |

9. The requested term of this guardianship is for such time as Proposed Ward's medi

condition necessitates the guardianship.

10. The specific facts that require a guardian to be appointed and Applicants' interest i

the appointment are:

The Proposed Ward is 82 years old. The Proposed Ward suffered a stroke during 200 which impairs his ability to care for himself and make financial decisions. The Proposed V  1 broke his hip in December, 2004, and has been bed-ridden since that time. He was married Florence Mayfield Whatley, who died in 2003. Dawn Johnson was a caretaker for Florence Mayfield Whatley. After the death of Florence Mayfield Whatley, Dawn Johnson cleaned a cared for the Proposed Ward. Dawn Johnson is believed to be anywhere from 57 to 62 year  r age. After making the statement that she intended to marry the Proposed Ward, she married  э Proposed Ward on January 7, 2005. No one in the Proposed Ward's family was given any r  ce of the marriage and did not learn of the marriage until six weeks after the marriage. The Proposed Ward owns annuity contracts of the approximate value of $1,700,000.00. Jeannet Cruz is the financial and investment advisor for the Proposed Ward. Jeannete Cruz has beer contacted by Dawn Johnson, now Dawn Johnson Whatley, about requirements to change the beneficiary and to cash them in. The Proposed Ward is not able to make decisions in regard the investment of his funds or gifts of those funds.

11. Proposed Ward is totally incapacitated as set forth in the examination and report under section 687 of the Texas Probate Code from Proposed Ward's treating physician, Yula `. Jankowski, M.D., attached hereto and incorporated in this application as Exhibit "B".

12. The Court should find Proposed Ward totally incapacitated for all purposes.

13. No guardianship for Proposed Ward exists in this or any other state.

15. Applicants believe that DAWN JOHNSON WHATLEY may hold a general powe  : attorney signed by Proposed Ward.

16. The names and addresses, to the best of Applicants' knowledge, of Proposed Ward spouse, siblings, and children or, if none living, of Proposed Ward's next of kin are:

DANIEL WHATLEY
4516 Parkshadow Dr.
Baytown, Texas 77521

17.  Applicants bring this application in good faith and for just cause and requests payment of attorney's fees and expenses from Proposed Ward's estate as allowed by section 665B(b) of the Texas Probate Code.

Applicants pray that notice of this application be given as required by law; that Propos Ward be personally served with citation to appear and answer this application; that an attorn    ad litem be appointed to represent Proposed Ward; that on hearing Applicant JEANIE ANDER    N be appointed guardian of the person and estate of Proposed Ward; that letters of guardianship    : issued to JEANIE ANDERSON on her taking the oath and giving bond as required by law;    and for all further relief to which Applicants may be entitled.

Respectfully submitted,

_____

ROY L. FULLER
ATTORNEY FOR APPLICANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile
TBC #07524500

BEFORE ME, the undersigned authority, on this day personally appeared JEANNIE ANDERSON, who swore on oath that the following facts are true:

"I have reviewed the foregoing application, it contains a correct and complete statement the facts and matters to which it relates, and all the contents are true, complete, and correct to best of my knowledge."

JEANIE ANDERSON

SIGNED under oath before me on _____ 14 _____, 2005.

SHERRY DILL
NOTARY PUBLIC, STATE OF TEXAS
MY COMM. EXPIRES
JULY 23 2006

Notary Public, State of Texas

WhatleyApp for Guardianship

-4-

DATE: 4/8/2005

Dr. Yulan Y. Jankowski
1001 W. Baker Road
Baytown, Texas 77521
Telephone Number: (281)428-8494

HONORABLE JUDGE OF THE COURT
PROBATE COURT NUMBER _____
1115 Congress
Harris County, Texas 77002

RE:   IN THE MATTER OF THE GUARDIANSHIP OF PERRY LEE WHATLEY, A
      INCAPACITATED PERSON

Dear Judge:

      I am a physician currently licensed in the sate of Texas. I have been the doctor for PERR
LEE WHATLEY, ("Proposed Ward") since ___1/ 2**4_____, 20_0_4_. I examined t
Proposed Ward on __4 (March )_____, 20_0_5_. Based upon that examination and n
observations, it is my opinion that the Proposed Ward's incapacity is described in my answers to t
following questions:

1.    What is the general nature and degree of the incapacity?
      (1) Fracture left hip - not displaced (3) weakness (3) de
      (2) osteoporosis (4) pain - body comp
      (5) No stroke - (6) general weakness (7) HTN (8) cardiomyopa

2.    What is the Proposed Ward's medical history as it is related to the incapacity?

3.    What is the prognosis, including the estimated severity, of the incapacity?
      poor - all his problems are generally seen → ↑ incapacity

4.    How and in what manner does the Proposed Ward's physical and mental health affec
the Proposed Ward's ability to make or communicate responsible decisions concerning herself?
      Need neurological input ( out of my field.

5.    Does any current medication affect the demeanor of the Proposed Ward?
__No__ YES/NO? Would this medication affect the Proposed Ward's ability to participate
fully in court proceedings?  __No__ YES/NO? Please describe these medications.

                        see attached list

6. Is senility a diagnosis of the Proposed Ward's incapacity? _____ YES/? ·
If so, please describe the precise physical and mental conditions underlying and diagnosis.
Need neurologist input.

7. Is mental retardation the basis of the Proposed Ward's incapacity?
No

8. Is the Proposed Ward capable of operating a motor vehicle?
No

9. Is the Proposed Ward capable of making an informed decision concerning matter decided by a public vote? unable to determine.

10. It is my opinion that the Proposed Ward is incapable of personally handling or making decisions concerning the following matters which are marked NO below, and that the Proposed Ward is capable of personally handling and making decisions concerning the following matters which are marked YES below:

| | | |
|---|---|---|
| No | a. | to handle a bank account; if YES, should the Court limit the amount in such account? |
| No | b. | to contract and incur obligations. |
| No | c. | to collect and file suit on debts, rentals, wages and other claims due Proposed Ward. |
| No | d. | to pay, compromise, and defend claims against the Proposed Ward. |
| No | e. | to apply for or consent to governmental services. |
| No | f. | to apply for and receive funds from governmental sources. |
| No | g. | to enroll in public or private residential care facilities. |
| No | h. | to make employment decisions. |
| No | i. | to apply for psychological and psychiatric tests and evaluation. |
| No | j. | to consent to medical and dental treatment and testing. |
| No | k. | to consent to disclosure of psychological and medical records. |
| No | l. | to make decisions related to military service. |
| No | m. | to enter into insurance contracts of every nature. |
| | n. | other |
| | o. | other at I would like to have a neurologist input |

what do you mean (?

please to not
2,
42p
350p

+ D. Ricardo Purdo / D. Pondy / D. Stephanie Schikled

THEREFORE, it is my opinion that the Proposed Ward is incapacitated as stated in this letter and that guardian should be appointed and granted the powers necessary to act on the Proposed Ward's behalf and to make decisions for the Proposed Ward concerning the matters which are marked NO above.

FURTHERMORE, (answer YES to one of the following):

_____ by responding to No to all of the matters listed above, it is my opinion that the Proposed Ward is totally without capacity.

_____ by responding to both YES and NO to the matters listed above, it is my opinion that Proposed Ward is partially incapacitated.

11.    I believe that the Court should also be aware of the following additional informati‹ if any, which concerns the Proposed Ward and which is not included above, but which may be interest to the Court.

_The peny Wrably Should be fully evaluate by_
_a Neurologist -_

_____

_____

Sincerely,

Yulan Y. Jankowski, M.D.

**PROBATE COURT**

355095 -'/hʒ/

IN RE: GUARDIANSHIP OF

THE PERSON AND ESTATE

PERRY LEE WHATLEY

INCAPACITATED PERSON

IN THE PROBATE COURT

NUMBER (2) Hon. Mg Wood

HARRIS COUNTY, TEXAS

EMERGENCY MOTION TO DISSOLVE ALL ORDERS AND DISMISS THE
GUARDIANSHIP PROCEEDINGS OR IN THE ALTERNATIVE,
TO APPOINT SPOUSE, DAWN JOHNSON WHATLEY, AS GUARDIAN AND
MOTION FOR SANCTIONS PURSUANT TO CHAPTER 10 OF THE CIVIL PRACTICE
AND REMEDIES CODE AND RULE 13, TEX. R. CIV. PROC.

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Dawn Johnson Whatley, a **QUALIFIED**, non-incapacitated person who moves

this Court to dismiss the application, or in the alternative to appoint her as Guardian over the

person and Estate of her husband, and in support she would show as follows:

**a. THE WARD IS NOT INCAPACITATED:**

1.    On April 15, 2005, Applicants, the nephew and niece of the proposed ward, "determined"

**AND ONLY TO TAKE CONTROL OF THE ESTATE OF THEIR UNCLE,** and with

the company **AND ASSISTANCE** of their counsel, **ROY FULLER,** filed with this Court

a petition to have their uncle placed in Guardianship. Prior to this act of "concern", neither

the niece or nephew paid much attention to the proposed ward, did not take care of him, and

their attention was limited to a de minimus contact with the proposed ward.

2.    On January 7, 2005, the proposed ward married Dawn Johnson in Harris County, Texas, in

a ceremonial marriage conducted by a minister. Indeed, the brunt of the niece and

1

nephew's petition appears to be that they were not invited to the wedding. *See:* Original Petition page 4 (¶ 10). Nowhere do the niece or nephew even remotely assert or allege that the marriage was a sham, or that the proposed ward was incapacitated at the time of the marriage. Thus, the Court must presume that the ward has his wife who is caring for him, and whom he intentionally married, and that this petition is nothing more than the product of greed which the law does not and cannot allow:

**b. SPOUSE IS ADEQUATE GUARDIAN:**

3.    The Texas Probate Code allows "any person" to contest an application. *Tex. Prob. Code Ann. § 642 (Vernon Supp. 1999).* Thus, Dawn as the spouse of the proposed ward has standing to contest this application. The Probate Code also provides that when "two or more eligible persons are equally entitled to be appointed guardian," the ward's spouse must be given preference to the other person. *Id. § 677(a)(1).* See: *Torres v. Ramon 5 S.W.3d. 780 (Tex. App. San Antonio 1999, no pet.)* Implicitly, the code requires the court to first determine whether a person is eligible to serve as a guardian before determining whether that person is a spouse. Here, the spouse of the proposed ward has cared for him, loved him, nourished him, and protected him. There has been NO allegation, much less any showing that any fraud took place in the marriage, or that the proposed ward was incapacitated at anytime during that period. Thus, the spouse being a qualified guardian and first in line to serve should be appointed.

**c. GUARDIANSHIP WAS BROUGHT IN BAD FAITH:**

4.    In *Meyer v. Nebraska, 262 U.S. 390, 399,* the United States Supreme Court, referring to the Fourteenth Amendment, stated: "While this Court has not attempted to define with exactness

2

the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely freedom from bodily restraint but also [for example,] **the right to marry**, establish a home and bring up children." Since 1967, the United States Supreme Court has held that the right to marry the person of one's choosing is a core fundamental right that the Courts ought clearly not interfere with. The Supreme Court in speaking again on the issue stated [that] "since our past decisions make clear that the right to marry is of fundamental importance". *See: Loving v. Virginia, 388 U.S. 1 (1967),* the Court's language on the latter point bears repeating: *"The freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men."* "Marriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival." Id., at 12, quoting *Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 541 (1942) I [ 434 U.S. Page 384]* Although Loving arose in the context of racial discrimination, prior and subsequent decisions of the Court confirm that the right to marry is of fundamental importance *for* all individuals. Long ago, in *Maynard v. Hill, 125 U.S. 190 (1888),* the Court characterized marriage as "the most important relation in life," id., at 205, and as "the foundation of the family and of society, without which there would be neither civilization nor progress," id., at 211. *In Meyer v. Nebraska, 262 U.S. 390 (1933),* the Court recognized that the right "to marry, establish a home and bring up children" is a central part of the liberty protected by the due process clause, id., at 399, and in *Skinner v. Oklahoma ex rel. Williamson, supra,* marriage was described as "fundamental to the very existence and survival of the race," *316 U.S. at 541.*

3

### d. SANCTIONS:

5    Because this application was patently frivolous and sought nothing more than to extort a quick settlement out of the proposed ward and his spouse, sanctions should be imposed. The criteria is a clear one and is met here with full force. **This motion for sanctions is directed at Robert Daniel Whatley, Jeanie Anderson, and Roy L. Fuller** and in support the Applicant would show as follows:

a. That on or about April 15, 2005, and in contravention to well established law the defendants both individually and collectively filed this application to assert control over the estate of a husband and wife by submitting to the Court the foregoing frivolous petition for guardianship. In fact, nowhere in Plaintiff/Applicant's pleadings do they allege, much less establish, that anything but a legitimate marriage took place, and that the proposed ward is being cared for by his wife.

6.    *Section 10.001 of chapter 10 provides:* The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

> *(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;*
>
> *(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;*
>
> *(3) each allegation or other factual contention in the pleading or motion has*

- 4

*evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and*

*(4)each denial in the pleading or motion of a factual contention is warranted on the evidence or for a specifically identified denial, is reasonably based on a lack of information or belief.* Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002).

A court may punish violations of chapter 10 by imposing sanctions on the "person, [the] party represented by the person, or both "who" has signed [the] pleading or motion in violation of Section 10.001." *Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (Vernon 2002).* By failing to at least assert a fraudulent marriage, and by not properly verifying the application, the Court should be convinced that this application was contrived.

7.  Sanctions may be imposed for violations of Rule 13 in the manners provided in *Rule 215(2)(b) of the Texas Rules of Civil Procedure.* The latter rule provides that the court may require the party failing to obey an order or the attorney advising him, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure. The amount of fees to be awarded an attorney is solely within the discretion of the trial court and may not be set aside except upon a showing of abuse of discretion. *In Firestone Photographs, Inc. v. Lamaster, 567 S.W.2d 273, 277-78 (Tex. Civ. App -Texurkana 1978, no writ),* the Court held that the choice of the appropriate sanctions is for the trial court to determine, and so long as the sanctions are within the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. ld. The Court also held that a judgment is not invalid because a party fails to prove his attorney's fees where the judgment is not one

5

for earned attorney's fees, but rather a judgment imposing attorney's fees as sanctions. Id. In amount of attorney's fees awarded as sanctions for discovery abuse is within the court discretion of the trial court and will only be set aside upon a showing of clear abuse of tha discretion. *Brantley v. Etter, 677 S.W 2d at 504.* Proof of the necessity or reasonableness o attorney's fees is not required when such fees are assessed as sanctions. Id.; *Allied Assoc. v Inc. County Mut. Ins., 803 S.W.2d 799. 799 (Tex. App.-Houston [14th Dist.] 1991, no writ)*

8    The affidavit of Susan Norman attorney at law, attached hereto as exhibit "A"and duly incorporated herein by reference attests to the fitness of not only the proposed ward, but of the spouse as well.

**WHEREFORE, PREMISES CONSIDERED,** Applicant moves the Court that upon hearing the Court dissolve the temporary guardianship orders, or in the alternative pending a full hearing, that the Court appoint Dawn Johnson Whatley, spouse of the proposed ward as the guardian pending further orders of this Court; and that upon separate hearing the Court impose sanctions both jointly and severally on Jeanie Anderson, Robert Daniel Whatley, and Roy L. Fuller in an amount of not less than $ 50,000.00 for their pure and unabashed greed in bringing this petition to harass a husband and wife

6

Respectfully submitted
THE LAW OFFICES OF JOHN L. GREEN
Attorney for Movant
4888 Loop Central Drive Suite 445
Houston, Texas 77081
(713) 660-7400
(713) 660-9921 (Fax)
SBOT 00784165

John L. Green

## CERTIFICATE OF SERVICE

On this the 10th day of May 2005, I certify that I delivered a true and correct copy of this

application and motion for sanctions on Jeanie Anderson, Robert Daniel Whatley, and Roy

L. Fuller in accord with probate code 634.

John L. Green

## NOTICE OF SETTING

Please take note that on the ____ 7H ____ day of _May_ ____ 2005, at ____ 10

O' Clock __A.__ M, the Court will take up the emergency motion to dissolve or appoint,

but not the motion for sanctions in Probate Court No .2 , Harris County, Texas.

John L. Green

7

355095

IN RE: GUARDIANSHIP OF

THE PERSON AND ESTATE

PERRY LEE WHATLEY

INCAPACITATED PERSON

IN THE PROBATE COURT

NUMBER (2) Hon. M. Wood

HARRIS COUNTY, TEXAS

STATE OF TEXAS
COUNTY OF HARRIS

Before me, the undersigned authority, personally appeared Susan Norman who upon her oath did depose and testified as follows:

"My Name is Susan Norman, I am over the age of 18 and in all ways I am fully competent to execute this affidavit. All the statements made herein are made from personal knowledge are true and correct. I have met with Perry L. Whatley many times beginning in early October, 2004, after he asked me to assist him with a problem with his niece, Jeanie Anderson. Mr. Whatley has always known the importance and intent of the legal work he has asked me to do, and who are the natural objects of his bounty. Mr. Whatley has always appeared to be in full control of his faculties; his body is weak, although his mind is strong. I have met with him for many hours over the last seven months and have come to know him as a quiet, strong man, whose mind is still functioning well and who would rather say nothing about a person than say something negative. Mr. Whatley's main feeling is one of betrayal by someone he used to trust: Jeanie Anderson. Over the last seven months, he has become more and more disappointed over his niece's attempts to control him. He has characterized her as "greedy," and been saddened at doing so. It is my firm belief, as an officer of this court, that Perry L. Whatley is cognizant of what he says, does, and asks to have done on his behalf. He knows what he is doing and what he has asked others to do for him. He needs no guardian of his person or of his estate. If there were a guardian to be appointed, it should not be a niece who tried to put him into a nursing home, and sell his residence, and take his monies. His wife is well qualified to serve and should be appointed, if a guardian is required at all."

Susan Norman

SWORN AND SUBSCRIBED to me on this the 10th day of May 2005.

NOTARY PUBLIC

Lorena M. Velasquez
Notary Public
State of Texas
My Commission Expires
November 26, 2007

" A "

OFFICE C. BEVERLY B. KAUFMAN, COUNTY CLERK, HARRIS COUNTY, TEXAS
P. O. BOX 1525 ● HOUSTON, TX. 77251-1525 ●(713) 755-6425
PROBATE COURTS DEPARTMENT

**PROBATE COURT NO. 2**

### PERSONAL CITATION

72

THE STATE OF TEXAS { **DOCKET NO. 355,095**    RECEIPT NO. 778878    4 15    $90

COUNTY  OF  HARRIS { ESTATE OF: PERRY LEE WHATLEY, INCAP.

TO.  PERRY  LEE  WHATLEY,  3501  TOMPKINS.  BAYTOWN,  HARRIS COUNTY, TEXAS    21.
GREETING:

YOU  ARE  HEREBY  COMMANDED  TO  APPEAR  BY FILING A WRITTEN CONTEST OR ANS'    ON
SAID  APPLICATION  FOR  APPOINTMENT OF GUARDIAN OF PERSON AND ESTATE
HERETO  ATTACHED  BEFORE  THE  HONORABLE  PROBATE  COURT NO. 2, OF HARRIS C(    TY,
TEXAS. ON OR BEFORE 09:00 O'CLOCK A.M. OF THE MONDAY NEXT AFTER THE EXPIRAT    OF
10 DAYS AFTER THE DATE OF SERVICE HEREOF.

ISSUED  AND  GIVEN  UNDER MY HAND AND SEAL OF SAID COURT. AT HOUSTON, '    AS,
THIS, 18TH DAY OF APRIL, 2005.

BEVERLY B. KAUFMAN COU    CLERK
PROBATE COURT NO. 2
HARRIS COUNTY, TEXAS

CRAIG E. MBERIZ
DEPUTY COUNTY CLERK

ATTORNEY: ROY L. FULLER
1300 ROLLINGBROOK, SUITE 608
BAYTOWN, TEXAS 77521
281 422-3555

$EXHIBIT \ B$

1 OF 1

PROBAT

COURT #2

No. 355095

| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
|---|---|---|
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER _____ ( ) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

**APPLICATION FOR APPOINTMENT OF GUARDIAN**
**OF PERSON AND ESTATE**

ROBERT DANIEL WHATLEY and JEANIE ANDERSON file this Application for

Appointment of Guardian of Person and Estate pursuant to section 682 of the Texas Probate

Code on behalf of PERRY LEE WHATLEY and show the Court the following:

1.  Proposed Ward is an adult male whose birthday is August 15, 1922. Proposed W

resides at 3501 Tompkins, Baytown, Harris County, Texas 77521, and may be served with

citation at that address.

2.  Applicants are the nephew and niece respectively, of Proposed Ward and reside

2711 Alderwood, Austin, Travis County, Texas 78745, and 2905 Parklane Drive, Baytown,

Texas 77521, respectively. Applicants desire JEANIE ANDERSON to be appointed guardia     f

the person and estate of Proposed Ward. Applicant, JEANIE ANDERSON is eligible to rec

letters of guardianship and are entitled to be appointed.

3.  Guardianship of the person and estate of Proposed Ward is sought.

4.  This Court has jurisdiction and venue over these proceedings because Proposed        d

resides in Harris County, Texas and Proposed Ward's principal assets are in Harris County,

Texas.

5.  Persons to be served by personal citation pursuant to section 633 of the Texas Pr     te

Code are:

PERRY LEE WHATLEY
3501 Tompkins
Baytown, Texas 77521

DAWN JOHNSON WHATLEY
3501 Tompkins
Baytown, Texas 77521

6. Persons to receive notice by certified mail, return receipt requested, pursuant to

section 633 of the Texas Probate Code are:

DANIEL WHATLEY
4516 Parkshadow Dr.
Baytown, Texas 77521

7. Proposed Ward is currently incapacitated to care for himself, unable to manage h

property and financial affairs, and without a legal guardian of his person and estate. It is

necessary and will be advantageous for Proposed Ward to have a guardian of his person and

estate appointed to manage, control, protect, and prevent waste of the assets of his estate and

provide for the care and attention of Proposed Ward.

8. Approximate values and descriptions of Proposed Ward's property are listed as

follows:

| A. | Real property and improvements located at 3501 Tompkins, | |
|---|---|---|
| | Baytown, Harris County, Texas | $133,500. |
| B. | Investor's Insurance Annuity | $ 75,000. |
| C. | Keyport Insurance Co. Annuity | $500,000. |
| D. | American Investors Annuity | $175,000. |
| E. | American Investors Annuity | $200,000. |
| F. | American Equity Annuity | $185,275. |
| G. | National Western Annuity | $500,000. |

9. The requested term of this guardianship is for such time as Proposed Ward's medi

condition necessitates the guardianship.

10. The specific facts that require a guardian to be appointed and Applicants' interest i

Whatley\App for Guardianship                    -2-

the appointment are:

The Proposed Ward is 82 years old. The Proposed Ward suffered a stroke during 200< which impairs his ability to care for himself and make financial decisions. The Proposed W  l broke his hip in December, 2004, and has been bed-ridden since that time. He was married Florence Mayfield Whatley, who died in 2003. Dawn Johnson was a caretaker for Florence Mayfield Whatley. After the death of Florence Mayfield Whatley, Dawn Johnson cleaned a cared for the Proposed Ward. Dawn Johnson is believed to be anywhere from 57 to 62 year age. After making the statement that she intended to marry the Proposed Ward, she married Proposed Ward on January 7, 2005. No one in the Proposed Ward's family was given any n  :e of the marriage and did not learn of the marriage until six weeks after the marriage. The Proposed Ward owns annuity contracts of the approximate value of $1,700,000.00. Jeannett Cruz is the financial and investment advisor for the Proposed Ward. Jeannette Cruz has been contacted by Dawn Johnson, now Dawn Johnson Whatley, about requirements to change the beneficiary and to cash them in. The Proposed Ward is not able to make decisions in regard the investment of his funds or gifts of those funds.

11.  Proposed Ward is totally incapacitated as set forth in the examination and report under section 687 of the Texas Probate Code from Proposed Ward's treating physician, Yula Jankowski, M.D., attached hereto and incorporated in this application as Exhibit "B".

12.  The Court should find Proposed Ward totally incapacitated for all purposes.

13.  No guardianship for Proposed Ward exists in this or any other state.

15.  Applicants believe that DAWN JOHNSON WHATLEY may hold a general powe attorney signed by Proposed Ward.

16.  The names and addresses, to the best of Applicants' knowledge, of Proposed Ward spouse, siblings, and children or, if none living, of Proposed Ward's next of kin are:

DANIEL WHATLEY
4516 Parkshadow Dr.
Baytown, Texas 77521

17. Applicants bring this application in good faith and for just cause and requests payment of attorney's fees and expenses from Proposed Ward's estate as allowed by section 665B(b) of the Texas Probate Code.

Applicants pray that notice of this application be given as required by law; that Propos Ward be personally served with citation to appear and answer this application; that an attorn ad litem be appointed to represent Proposed Ward; that on hearing Applicant JEANIE ANDER N be appointed guardian of the person and estate of Proposed Ward; that letters of guardianshi e issued to JEANIE ANDERSON on her taking the oath and giving bond as required by law; : for all further relief to which Applicants may be entitled.

Respectfully submitted,

ROY L. FULLER
ATTORNEY FOR APPLICANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile
TBC #07524500

BEFORE ME, the undersigned authority, on this day personally appeared JEANNIE ANDERSON, who swore on oath that the following facts are true:

"I have reviewed the foregoing application, it contains a correct and complete statemen the facts and matters to which it relates, and all the contents are true, complete, and correct to : best of my knowledge."

JEANIE ANDERSON

SIGNED under oath before me on April 14, 2005.

SHERRY DILL
NOTARY PUBLIC, STATE OF TEXAS
MY COMM. SION EXPIRES
MAY 23, 2006

Notary Public, State of Texas

Whatley\App for Guardianship

-4-

DATE: 4/8/2005

Dr. Yulan Y. Jankowski
1001 W. Baker Road
Baytown, Texas 77521
Telephone Number: (281)428-8494

HONORABLE JUDGE OF THE COURT
PROBATE COURT NUMBER _____
1115 Congress
Harris County, Texas 77002

RE:   IN THE MATTER OF THE GUARDIANSHIP OF PERRY LEE WHATLEY, /
      INCAPACITATED PERSON

Dear Judge:

I am a physician currently licensed in the sate of Texas. I have been the doctor for PERF
LEE WHATLEY, ("Proposed Ward") since __1/ 2004_____, 2004. I examined t
Proposed Ward on ___4/ April )_____, 2005. Based upon that examination and n
observations, it is my opinion that the Proposed Ward's incapacity is described in my answers to t
following questions:

1.   What is the general nature and degree of the incapacity?

2.   What is the Proposed Ward's medical history as it is related to the incapacity?

3.   What is the prognosis, including the estimated severity, of the incapacity?

4.   How and in what manner does the Proposed Ward's physical and mental health affec
the Proposed Ward's ability to make or communicate responsible decisions concerning herself?

5.   Does any current medication affect the demeanor of the Proposed Ward?
_____N0_____ YES/NO? Would this medication affect the Proposed Ward's ability to participate
fully in court proceedings? ____N0_____ YES/NO? Please describe these medications.

see attached list

6. Is senility a diagnosis of the Proposed Ward's incapacity? _yes_ YES/ ?
If so, please describe the precise physical and mental conditions underlying and diagnosis
_need neurologist report_.

7. Is mental retardation the basis of the Proposed Ward's incapacity?
_No_

8. Is the Proposed Ward capable of operating a motor vehicle?
_No_

9. Is the Proposed Ward capable of making an informed decision concerning matte
decided by a public vote?   _unable to determine._

10. It is my opinion that the Proposed Ward is _incapable_ of personally handling or makin
decisions concerning the following matters which are marked NO below, and that the Propose
Ward is _capable_ of personally handling and making decisions concerning the following matter
which are marked YES below:

_No_ a. to handle a bank account; if YES, should the Court limit the amount in such account?
_No_ b. to contract and incur obligations.
_No_ c. to collect and file suit on debts, rentals, wages and other claims due Proposed Ward.
_No_ d. to pay, compromise, and defend claims against the Proposed Ward.
_No_ e. to apply for or consent to governmental services.
_No_ f. to apply for and receive funds from governmental sources.
_No_ g. to enroll in public or private residential care facilities.
_No_ h. to make employment decisions.
_what do yo mean (?_ i. to apply for psychological and psychiatric tests and evaluation. _please C_
_No_ j. to consent to medical and dental treatment and testing.
_No_ k. to consent to disclosure of psychological and medical records.
_No_ l. to make decisions related to military service.
_No_ m. to enter into insurance contracts of every nature.
_ n. other _____
_ o. other _a   if would like to have a neurologist report_

+ D. Ricardo Purdo / Dr. Andy / D. Stephani Schikow

THEREFORE, it is my opinion that the Proposed Ward is incapacitated as stated in this letter
and that guardian should be appointed and granted the powers necessary to act on the Proposed
Ward's behalf and to make decisions for the Proposed Ward concerning the matters which are
marked NO above.

FURTHERMORE, (answer YES to one of the following):

_____ by responding to No to all of the matters listed above, it is my opinion that the Proposed
Ward is totally without capacity.

_____ by responding to both YES and NO to the matters listed above, it is my opinion that Proposed Ward is <u>partially incapacitated.</u>

     11.    I believe that the Court should also be aware of the following additional informat if any, which concerns the Proposed Ward and which is not included above, but which may b interest to the Court.

_the perry Whobly Shrull Le zully evoluate by a Neurologist_

_____

_____

_____

Sincerely,

Yutan Y. Jankowski, M.D.

NO. 355,095

| | |
|---|---|
| GUARDIANSHIP OF | IN PROBATE COURT N |
| PERRY LEE WHATLEY, | OF |
| AN INCAPACITATED PERSON | HARRIS COUNTY, TE> |

## ORIGINAL ANSWER OF ATTORNEY AD LITEM

TO PROBATE COURT NO. 2:

Ray J. Black, Jr., appointed Attorney Ad Litem to represent the interests of Perry Whatley, a purported Incapacitated Person, makes and files this his answer to (i) the *Application Appointment of Guardian of the Person and Estate* filed by Robert Daniel Whatley and Jea Anderson, and (ii) the *Emergency Motion to Dissolve All Orders and Dismiss the Guardians Proceedings or, in the Alternative, to Appoint Spouse, Dawn Johnson Whatley, as Guardian a Motion for Sanctions Pursuant to Chapter 10 of the Civil Practice and Remedies Code and Rule of the Tex. R. Civ. Proc.* filed by Dawn Johnson Whatley (collectively referred to as "Applicants respectfully showing the Court as follows:

1.

At this time your Attorney Ad Litem asserts a General Denial as authorized by Rule 92 the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require tl Applicants to prove their claims, charges and allegations by a preponderance of the evidence and/ clear and convincing evidence as may be required by the Constitution and Laws of the State of Texas.



2.

Your Attorney Ad Litem respectfully reserves the right to file an amended Answer in cause in the manner authorized by the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Ray J. Black, Jr., Attorney Ad Litem, appoin to represent the interests of Perry Lee Whatley, a purported Incapacitated Person, prays that Applicants take nothing, that costs be adjudged against the Applicants, and for such other and furt relief, both general and special, at law and in equity, to which he may show himself justly entitl

Respectfully submitted,

LAW OFFICES OF RAY J. BLACK, JR.

Ray J. Black, Jr.
State Bar No. 00790313
One Riverway, Suite 1700
Houston, Texas 77056-1997
(713) 840-1955
(713) 840-1820 Facsimile

Attorney Ad Litem

## CERTIFICATE OF SERVICE

I, Ray J. Black, Jr., do hereby certify that a true and correct copy of the foregoing instrui   it was forwarded to

Mr. Roy L. Fuller
Attorney at Law
1300 Rollingbrook, Suite 608
Baytown, Texas 77521

Ms. Susan C. Norman
Attorney at Law
9135 Katy Freeway, Suite 100
Houston, Texas 77024

Mr. John L. Green
Attorney at Law
4888 Loop Central Drive, Suite 445
Houston, Texas 77081

via hand delivery, facsimile, and/or certified mail, return receipt requested, on this the 25th day May, 2005.

Ray J. Black, Jr.

No. 355095

| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
|---|---|---|
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

### AGREED ORDER FOR INDEPENDENT MENTAL EXAMINATION

On this day came to be considered the Motion for Independent Mental Examination fil

herein by ROBERT DANIEL WHATLEY and JEANIE ANDERSON, and the Court, after

hearing the evidence and having considered such motion and the applicable law, finds that goo

cause has been shown for the granting to such motion pursuant to Section 687 of the Texas

Probate Code. It is therefore.

ORDERED, ADJUDGED, and DECREED that **Mark Kunik MD**

board certified geriatric psychiatrist, is hereby appointed by the Court to make an examinatior

PERRY LEE WHATLEY as to his mental status on or before **July 27, 2005**, 2005.

that such psychiatrist should render his or her findings in a written report to this Court on or

before **July 29, 2005**, 2005. It is further

ORDERED, that the attorney ad litem, RAY BLACK, be responsible for making all

arrangements necessary for the examination. It is further,

ORDERED, that no one will be present other than the Court appointed psychiatrist ar

his or her medical staff and medical advisors during the examination, and that no one

communicate with the Court appointed psychiatrist other than Ray Black for the purposes of



EXHIBIT
J

JUN-27-2005 12:35 From:SUSAN 1:05-cv-11881-PBS  Document 9-11  Filed 09/21/2005 Page 2 of 2
2005/JUN/22/WED 09:52 AM  JOHN L. GREEN          FAX No. 713 779 3047          P. 0    103

06/21/2005  13:51   7138481828                                              PAN    82
06/21/2005  12:06   2814279564            ROY L FULLER PC                   PAG    83

scheduling the appointment. It is further

ORDERED, that the cost of such examination and report be paid to the psychiatrist by

PERRY LEE WHATLEY or his estate.

SIGNED this ____26____ day of __June_____, 2005.

_____

JUDGE PRESIDING

APPROVED:

_____
ROY L. FULLER      TBC #07524500
ATTORNEY FOR MOVANTS
1300 Rollingbrook, Suite 60B
Baytown, Texas 77521
(281) 422-3555
(281)-427-9564 - Facsimile

_____
SUSAN C. NORMAN TBC #15033020
ATTORNEY FOR PERRY LEE WHATLEY*
9135 Katy Freeway, Suite 100
Houston, Texas 77024
(713)465-3344
(713)468-6243 - Facsimile

_____
RAY J. BLACK, JR.   TBC #00790313
ATTORNEY AD LITEM
One Riverway, Suite 1700
Houston, Texas 77056
(713)840-1955
(713)840-1820 - Facsimile

_____
JOHN L. GREEN    TBC #00784165
ATTORNEY FOR DAWN J. WHATLEY
4888 Loop Central Drive, Suite 445
Houston, Texas 77081
(713)660-7400
(713)660-5921 - Facsimile

*subject to Attorney Ad Litem's Motion to Show Authority

Whatley/Order-Mental Exam                    -2-

## DOCTOR'S MENTAL STATUS EXAMINATION

DATE:                7/19/05
PHYSICIAN'S NAME:    Mark E. Kunik, MD, MPH
PHYSICIAN'S ADDRESS: One Baylor Plaza
                     Dept of Psychiatry
                     Houston, TX  77030
TELEPHONE NUMBER:    713-791-1414, ext. 5995

HON. MIKE WOOD
JUDGE, HARRIS COUNTY PROBATE COURT NO. 2
1115 CONGRESS, 6th FLOOR
HOUSTON, TEXAS  77002-1989

> RE:   CAUSE NO. 355.095 IN THE GUARDIANSHIP OF PERRY LEE WHAT   Y,
>       AN INCAPACITATED PERSON IN PROBATE COURT NUMBER TWO        ;
>       HARRIS COUNTY, TEXAS

Dear Judge Wood:

I am a physician currently licensed in the State of Texas. I am Board Certified in Psyc       try
with added qualifications in geriatric psychiatry. I examined Perry Lee Whatley on July 18, 2      . 1
examined Mr. Whatley at The Methodist Hospital in Houston, Texas. I advised him that        ·as
examining him for the purpose of determining whether he needed a guardian. I further advise      im
that the information that he revealed would not be confidential and would be used i        he
guardianship hearings. Mr. Whatley was pleasant and cooperative throughout the examinatior       d I
believe that I was able to obtain an accurate assessment.

For the purpose of this examination, I am aware that the following definition applies      .n
**"Incapacitated Person" is "an adult individual who, because of a physical or mental cond       n,
is substantially unable to provide food, clothing or shelter for himself or herself, to care fc      1e
individual's own physical health, or to manage the individual's own financial affairs."**

For this assessment, in addition to examining Mr. Whatley, I considered the following:

Doctors Letter from Dr. Jankowski                                4/8/05
Court Investigator Report                                        4/28/05
Discussion with Dr. John Posey                                   7/19/05

Based upon my examination, my observations, and the above discussions, it is my opinion tha      c
Mr. Whatley's incapacity is described in my answers to the following questions:



1.    What is the general nature and degree of the incapacity?

**ANSWER:** Mr. Whatley is an 82-year-old gentleman with cerebral vascular disease, pe    neral
vascular disease, diabetes, and chronic hip fracture. Mr. Whatley has mild problems with lo    term
memory and moderate deficits in short term memory, attention, concentration, problem solv    . and
insight. His language function is relatively intact. His score on the Mini Mental State Exam    ition
was 18, which puts him in the moderate range of cognitive deficits. He also did poorly on th    lock
drawing task.

Mr. Whatley has little understanding of the nature, treatment or prognosis of his medical pre    ms.
He did know the name of his family physician. He did not know the amount of his monthly :    ome
or his savings/assets. He was not able to provide information on his expenses or budget. I    eve
that Mr. Whatley is totally incapacitated as a result of dementia, which is likely vascular in    ure.

2.    What is the patient's medical history as it is related to the incapacity?

**ANSWER:** I was not provided with medical records. However, according to a conversatic    /ith
Dr. Posey it is likely that Mr. Whatley vascular disease and diabetes are contributing to his co    ive
decline.

3.    What is the prognosis, including the estimated severity, of the incapacity?

        **ANSWER:** I believe that Mr. Whatley has total incapacity. Given his multiple m    cal
problems and that his incapacity is secondary to dementia, his prognosis is poor.

4.    How and in what manner does the patient's physical or mental health affect his abi    to
        make or communicate responsible decisions?

        **ANSWER:** Mr. Whatley has mild problems with long term memory and moderate defi    in
short term memory, attention, concentration, problem solving, and insight.

5.    Is the patient on any medications, which effect demeanor or ability to participate in    irt
proceeding? If so, what medications are patient on and how is his/her demeanor or abil    to
participate in court proceedings affected?

        **ANSWER:** I did not have access to his medical records.

6.    If the underlying diagnosis of the incapacity is that of "senility", please describe the pr    se
physical and mental condition underlying the diagnosis of senility.

        **ANSWER:** Mr. Whatley's dementia is likely vascular in etiology.

7.    Is mental retardation the basis of the Proposed Ward's incapacity?
        **ANSWER:** No

8.    It is my opinion that the Mr. Whatley is incapable of making a decision concern   ; the following as indicated by a mark before the appropriate letter:

| Capable | Incapable | | |
|---|---|---|---|
| _____ | __X__ | a. | to handle a bank account. |
| _____ | __X__ | b. | to contract and incur obligations. |
| _____ | __X__ | c. | to collect and file suit on debts, rentals, wages an   ther claims due Proposed Ward. |
| _____ | __X__ | d. | to pay, compromise and defend claims against him/h   lf. |
| _____ | __X__ | e. | to apply for or consent to governmental services. |
| _____ | __X__ | f. | to apply for and receive funds from governmental sou   s. |
| _____ | __X__ | g. | to enroll in public or private residential care facilities. |
| _____ | __X__ | h. | to make employment decisions |
| _____ | __X__ | i. | to make decisions related to military service. |
| _____ | __X__ | j. | to enter into insurance contracts of every nature. |
| _____ | __X__ | k. | to vote. |
| _____ | __X__ | l. | to operate a motor vehicle |
| _____ | __X__ | m. | to participate in the selection of residential placement. |
| _____ | __X__ | n. | to handle funds of $50.00 or less. |
| _____ | __X__ | o. | to hire an attorney. |

## MATTERS RELATED TO THE WARD'S PERSON

**Capable**      **Incapable**

_____      __X__      q.      to apply for psychological and psychiatric tes    and evaluation.

_____      __X__      r.      to consent to medical and dental treatment and testin

_____      __X__      s.      to consent to disclosure of psychological and medical r    rds.


THEREFORE, it is my opinion that Mr. Whatley is totally incapacitated as stated      this letter and that the Court should assign a guardian.

FURTHERMORE, (answer YES to one of the following):

_____      It is my opinion that the Proposed Ward is partially incapacitated.

__X__      It is my opinion that the Proposed Ward is totally without capacity.

9.      I believe that the Court should also be aware of the following additional inform    on, if any, which concerns the Ward and which is not included above, but which n      be of interest to the Court.

Given that Mr. Whatley was hospitalized for an acute medical problem and that he      l a medical test on the day of my examination, I suggest that he be re-examined whc      is medical status is stabilized.


Sincerely,

Mark E. Kunik, MD, MPH

## PHYSICIAN'S AFFIDAVIT
## SUPPORTING MENTAL STATUS EXAM

THE STATE OF TEXAS       §
                         §
COUNTY OF HARRIS         §

On this day, Mark Kunik, MD, personally appeared before me, the undersigned notar  lblic, and after I administered an oath to him, upon his oath, stated as follows:

"I have personally examined Perry Lee Whatley and completed the mental status examination form. The facts in it are within my personal knowledge and are true and correct."

Mark E. Kunik, MD, MPH

SWORN TO and SUBSCRIBED before me by Mark Kunik on the 19th day of July,    )5.

THERESA LYNN FOSS
Notary Public, State of Texas
My Commission Expires
January 11, 2009

Notary Public in and for the State of Texas

NO. 355095-401

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| THE PERSON AND ESTATE | § | HARRIS COUNTY, TEX A |
| | § | |
| OF PERRY LEE WHATLEY | § | COURT NUMBER (2) TWO |

## § 679(e) FILING OF DECLARATION OF GUARDIAN IN THE EVENT

## OF LATER INCAPACITY OR NEED OF GUARDIAN

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DAWN JOHNSON WHATLEY, wife of PERRY LEE WHATLEY w

pursuant to TEX. PROB. CODE § 679(e), files a *Declaration of Guardian in the Event of Lo*

*Incapacity or Need of Guardian*, executed in her favor by PERRY LEE WHATLEY on March

2005 in the correct statutory form, a date prior to the § 687 Mental Status Exam of April 8, 2005 (

forms the basis of the filing of this proceeding on April 14, 2005. DAWN JOHNSON WHATL

takes no position on the need for a guardian until such time as PERRY LEE WHATLEY comple

a period of medical treatment at The Methodist Hospital in Houston, Texas where he is an "

patient" as of the date of this filing.

Respectfully submitted,

DANIEL J. SHEA, P.C.

By: _____

DANIEL J. SHEA
State Bar No. 18163850
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

ATTORNEY FOR DAWN JOHNSON
WHATLEY, SPOUSE-DESIGNEE

-1-



## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *§ 679(e) Filing of Declaration of Guard. in the Event of Later Incapacity or Need of Guardian* has been filed with the Court and provided all parties-in-interest or their attorneys-of-record pursuant to TEX. PROB. CODE § 634 and TEX. CIV. P. 8 and 21 and further, that the afore stated has been served pursuant to TEX. R. CIV P. 21a the 22nd day of July 2005 to the individuals and in the manner indicated below:

Ms. Susan C. Norman
9135 Katy Fwy., Suite 100
Houston, TX 77024-1636
ATTORNEY FOR RESPONDENT,
PERRY LEE WHATLEY

C.M.R.R.R. 7001 1940 0001 0576
And Facsimile: (713) 468-6243

Mr. John L. Green
4888 Loop Central Dr., Suite 445
Houston, TX 77081-2226
ATTORNEY FOR DAWN JOHNSON
WHATLEY, SPOUSAL DESIGNEE

C.M.R.R.R. 7001 1940 0001 0583
And Facsimile: (713) 660-9921

Mr. Ray J. Black, Jr.
One Riverway, Suite 1700
Houston, TX 77056-1997
ATTORNEY *AD LITEM*

C.M.R.R.R. 7001 1940 0001 0590
And Facsimile: (713) 840-1820

Mr. Roy L. Fuller
1300 Rollingbrook, Suite 608
Baytown, TX 77521-3863
ATTORNEY FOR APPLICANTS
ROBERT DANIEL WHATLEY
AND JEANIE ANDERSON

C.M.R.R.R. 7001 1940 0001 0606
And Facsimile: (281) 427-9564

DANIEL J. SHEA

-2-

**NATIONAL WESTERN**
LIFE INSURANCE COMPANY

*ANNUITY PARTIAL SURRENDER REQUEST*

(Please complete all noted areas. See page 2 for further instructions and information)

| POLICY NUMBER | INSURED | OWNER (If other than insured) |
|---|---|---|
| 0101061895 | Perry L. Whatley | |

Amount Requested $ _INTEST Only_    ☐ Net Withdrawal    (Must check one only)
                                     ☑ Gross Withdrawal

**Net Withdrawal** is the amount you want to receive in your check. The amount deducted from your annuity will be the sum of the withdrawal and any applicable withdrawal charges and taxes.

**Gross Withdrawal** is the amount deducted from your annuity. The amount you receive will be the gross withdrawal reduced by applicable withdrawal charges and taxes.

NOTE: You may incur a charge as a result of this withdrawal. Please refer to your policy contract for partial withdrawal provision

---
**FEDERAL INCOME TAX WITHHOLDING ELECTION**
---

★ (Check one box)

☐ I elect not to have federal income tax withheld from the taxable portion of my distribution check. **

☑ I elect to have federal income tax withheld from the taxable portion of my distribution check. Insert rate if greater than 10%_____    **

**Please note that if your payments of estimated tax are inadequate and a sufficient amount of tax is not withheld from any distribution, penalties, may be imposed under the estimated tax payment rules. If you elect withholding of federal income tax and your state r withholding of state income tax, both taxes will be withheld. If you elect not to have federal income tax withheld, state income ta required, will not be withheld.

The Internal Revenue Service requires that distributions from 403b (TSA) contracts are subject to 20% mandatory Federal Incom withholding. State income tax may also be required.

**IRS Form W-9 must also be completed and returned with this form before the distribution will be processed.**

---

✓    3-7-2005
Date

**Mail the Check to:**

Perry L. Whatley
Name (If other than Owner)

3501 Tompkins Dr.
Street Address

Baytown, TX. 77521
City, State, & Zip

If check is to be made to someone other than the owner,
specify payee: Perry Whatley

✓ Aug. 15, 1922
Owner Date of Birth

✓ 281-422-5134
Owner's Daytime Phone Number

✓ Perry L. Whatley
Signature of Owner

After processing your Request is completed, a charge c    e
deducted from your check for priority mailing. If you req
this service, please check one of the following:

☑ Federal Express (no delivery made to PO Box numb
☐ U.S. Express Mail (next day delivery not guaranteed
☐ DHL

**EXHIBIT**
**M**

RECEIVED

MAR 15 2005

NATIONAL WESTERN LIFE INSURANCE COMPANY
850 EAST ANDERSON LANE • AUSTIN, TEXAS 78752-1602 ANNUITY C.S
www.nationalwesternlife.com

| Description | Policy or Loan Number | Agent or Empl y | Account | Debit | dit |
|---|---|---|---|---|---|
| PERRY L WHATLEY<br>PART SURR AS OF 04-06-05 | 0101061895 | | 20098 | 45081.31 | |
| DISTRIBUTION     45081.31<br>SURR. CHARGE        .00<br>MAIL   CHARGE      11.10<br>NET PROCEEDS   45070.21<br>MAIL CHARGE | 0101061895 | | 60220 | | 11.10 |
| 837460-324 | | | | | |

National Western Life Insurance Company, Austin, Texas          Detach Before Depositin



NATIONAL WESTERN
LIFE INSURANCE COMPANY

850 EAST ANDERSON LANE · AUSTIN, TEXAS 78752-1602

Policy Benefit   48-140
1:31

N⁰  83'   0

Date: 04-06-05   Amount: **45(    .21

VOID AFTER 180 DAYS FROM CHECK DATE

MMMMPAY ONLY 45070.21**

Pay
To The
Order Of

PERRY L WHATLEY
C/O DAWN WHATLEY
3501 TOMPKINS DRIVE
BAYTOWN, TX 77521

NON-NEGOTIABLE

TO: BANK ONE, NA, HOUSTON, TEXAS

VOID OVER $45070.21

NON-NEGOTIABLE

9/7/2005   3 4:   PM



**NATIONAL WESTERN** Policy Benefit    **88-340** **1111**    № **837460**
LIFE INSURANCE COMPANY

850 EAST ANDERSON LANE · AUSTIN, TEXAS 78752-1602

713· 724·1853    713·669·9313

36 906 Date 04-08-05   Amount: *$45070.21

**VOID AFTER 180 DAYS FROM CHECK DATE**

>>>> PAY ONLY 45070.21 **

Pay
To The
Order Of

PERRY L WHATLEY
C/O DAWN WHATLEY
3501 TOMPKINS DRIVE
BAYTOWN, TX 77521

VOID OVER $45070.21
TO: BANK ONE, NA, HOUSTON, TEXAS

⑈837460⑈ ⑈⑈1131011401⑈ 0580007573⑈          ⑈000045070⑈

112500049
04/15/05
EXT·2·217 TK·4216 PV·67
0130266047

04/15/05

04/15/2005

02·50·31·99·50   14/05   515454056

| Location | Acct # | Check # | Amount | Issue Date | Paid Date | Sequence |
|----------|--------|---------|--------|-----------|-----------|----------|
| CD | 580007573 | 837460 | $45,070.21 | 4/6/2005 | 4/15/2005 | 2130763898 |

| Customer Data | | Bank # | GL Category | CD VoID/CIMS Key | CD Label |
|---------------|---|--------|-------------|------------------|----------|
| PERRY L WHATLEY | SUR | 201 | 000000000000 | 20050415084601 | 20050415084601 |



**NATIONAL WESTERN LIFE INSURANCE COMPANY**

**ANNUITY SURRENDER REC**    **EST**
1Q

All noted areas, including witness information must be completed or processing may be delayed.
Please see Page 2 for further instructions and information.

| POLICY NUMBER | INSURED | OWNER (If other than insured) | |
|---|---|---|---|
| 0101061895 | Perry L Whatley | Same | |

REQUEST FOR FULL CASH SURRENDER (SIGNATURE OF WITNESS REQUIRED)

(If the policy specification page is not attached, I hereby certify that the policy has been lost or destroyed and that I have no know ge of its
whereabouts and said policy is not assigned, hypothecated, or pledged.)

If at any time the original policy is found, such certificate or duplicate policy will be null and void and immediately returned to the mpany.

In consideration of and in exchange for the cash value of the above policy, the undersigned hereby surrenders said policy for canction. In
accordance with the terms of the policy, it is hereby agreed that any indebtedness thereon to the Company will be deducted from he cash
value. It is understood and agreed that upon execution and mailing of this request to the Company, the entire liability of the Comp y under
this policy is hereby discharged and terminated, except for payment of the net cash surrender value. It is expressly represented an arranted
that no other person, firm, or corporation has any interest in said policy except the undersigned and that there are no tax liens or eedings
in insolvency or bankruptcy instituted or pending against the undersigned owner.

## FEDERAL INCOME TAX WITHHOLDING ELECTION

★ Please check only one box

☑ I elect not to have federal income tax withheld from the taxable portion of my distribution check. **

☐ I elect to have federal income tax withheld from the taxable portion of my distribution check. Insert rate if greater than 10% _____ **

**Please note that if your payments of estimated tax are inadequate and a sufficient amount of tax is not withheld from any distribution, penalties may be imposed r the
estimated tax payment rules. If you elect withholding of federal income tax and your state requires withholding of the state income tax, both taxes will be withheld you elect
not to have federal income tax withheld, state income tax, if required, will not be withheld.

The Internal Revenue Service requires that distributions from 403b (TSA) contracts are subject to 20% mandatory federal income tax withholding. State income t    ay also be
required.

**IRS Form W9 must also be completed and returned with this form before distribution can be processed**    W-9 on fil

✓ $55  4-25-05
_____
Date

Mail the check to:

✓
_____
Signature of Assignee (If applicable)    Name (If other than Owner)

✓ Tabatha Deardorff
_____
Witness Name (Printed)    Address

Lewll Spencer Hwy #291 Pasa, TX 77505
_____
Address    If check is to be made to someone other than the owner, spe

✓ [signature]
_____
Signature of Witness    payee: DAWN WHATLEY
✓ 8 15-1412 9

Owner Date of Birth

✓ Perry L Whatley
_____
Signature of Owner

After processing of your Request is completed, a charge can be deducted
from your check for priority mailing. If you request this service, please
check one of the following:

☑ Federal Express (no delivery made to PO Box numbers)
☐ U.S. Express Mail
☐ DHL

**ORIGINAL**

**RECEIVE**

APR 2 8 200

ANNUITY C

NATIONAL WESTERN LIFE INSURANCE COMPANY
850 EAST ANDERSON LANE • AUSTIN, TEXAS 78752-1602
www.nationalwesternlife.com

9/7/2005   3:46   PM

THIS MULTI-TONE AREA OF THE DOCUMENT CHANGES COLOR GRADUALLY AND EVENLY FROM DARK TO LIGHT WITH DARKER AREAS BOTH TOP AND BOTTOM

**NATIONAL WESTERN** Policy Benefit    No 847937
**LIFE INSURANCE COMPANY**    Date: 05-05-05   Amount: $362902.87
850 EAST ANDERSON LANE · AUSTIN, TEXAS 78752-1602

VOID AFTER 180 DAYS FROM CHECK DATE

>>>> PAY ONLY 362902.87*

Pay
To The
Order Of

PERRY L WHATLEY
3501 TOMPKINS DR.
BAYTOWN, TX 77521

VOID OVER $362902.87
TO: BANK ONE, NA, HOUSTON, TEXAS

⑈847937⑈ ⑆111310140⑆ 0580007573⑈    ⑈0036290 28

BANK ONE NA
1119000574
05/12/05
2130102076

90519204609T

BANK ONE, NA
> 1119000574 < MICRMATCH
05/11/2005  7238696947 5765
02      0000001834005611 590084

| Location | Acct # | Check # | Amount | Issue Date | Paid Date | Sequence |
|---|---|---|---|---|---|---|
| CD | 580007573 | 847937 | $362,902.87 | 5/5/2005 | 5/16/2005 | 2130365850 |

| Customer Data | | Bank # | GL Category | CD VoIID/CIMS Key | CD Label |
|---|---|---|---|---|---|
| PERRY L WHATLEY | SUR | 201 | 000000000000 | 20050520582701 | 20050520582701 |

| Description | Policy or Loan Number | Agent or Empl # | Account | Debit | dit |
|---|---|---|---|---|---|
| PERRY L WHATLEY SURRENDER AS OF 05-05-05 | 0101061895 | | 20081 | 362913.97 | |
| POLICY VALUE     501078.88 SURR. CHARGE    136540.05 MKT VAL ADJ       1624.86 MAIL   CHARGE        11.10 NET PROCEEDS    362902.87 MAIL CHARGE | 0101061895 | | 60220 | | 11.10 |
| 847937-324 | | | | | |

National Western Life Insurance Company, Austin, Texas          Detach Before Depositin


**NATIONAL WESTERN LIFE INSURANCE COMPANY**
850 EAST ANDERSON LANE · AUSTIN, TEXAS 78752-1602

Policy Bene'it  ᴵⁱ-¹⁴⁰/₁₁₁₁          N⁰  84'  57

Date: 05-05-05  Amount: *362  2.87

VOID AFTER 180 DAYS FROM CHECK DATE

XXXXXPAY ONLY 362902.87*

Pay
To The
Order Of

PERRY L WHATLEY
3501 TOMPKINS DR.
BAYTOWN, TX 77521

NON NEGOTIABL

TO: BANK ONE, NA, HOUSTON, TEXAS
VOID OVER $362902.87

NON-NEGOTIABLE

No. 355095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

## APPLICATION FOR APPOINTMENT OF TEMPORARY GUARDIANSHIP OF PERSON AND ESTATE

ROBERT DANIEL WHATLEY and JEANIE ANDERSON ("Applicants) make and fil this Application for Temporary Guardianship of Person and Estate of PERRY LEE WHATLE an Adult, ("Proposed Ward"), pursuant to section 875 of the Texas Probate Code, and respectfully shows the Court the following:

I.

That Proposed Ward is a male who is 82 years of age, having been born on August 15, 1922. Proposed Ward currently resides at 3501 Tompkins, Baytown, Texas 77521. Proposed Ward may be served with citation at above address.

II.

Applicants are the nephew and niece respectively, of Proposed Ward and reside at 2711 Alderwood, Austin, Travis County, Texas 78745, and 2905 Parkland Drive, Baytown, Harris County, Texas 77521, respectively. Applicants desire to be appointed Temporary Guardians ( the Person and Estate of Proposed Ward, which Estate is valued at 2,000,000.00, including any compensation, pension, insurance or allowance to which the Proposed Ward may be entitled. Applicants are eligible by law to act as Temporary Guardians.

III.

The Applicants filed an Application for Appointment of Guardian of the Person and Estat on April 15, 2005. The Proposed Ward's spouse, Dawn Johnson Whatley has filed a response

Whatley\App. for Temp. Guardianship                        - 1 -



EXHIBIT

N

the Application for Appointment of Guardian contesting the necessity of a guardianship and
qualifications of the Applicants. A temporary guardianship is necessary to protect the Propc
Ward and the estate of the Proposed Ward during the pendency of the Application for
Guardianship.

IV.

Applicants state to the Court that the dangers to the Person and Estate of the Proposed
Ward which require immediate action are:

Substantial evidence exists to demonstrate that the Proposed Ward is an incapacitated
person as defined by Section 3(p)(2) of the Texas Probate Code. The Proposed Ward, becau
of a physical or mental condition is substantially unable to provide food, clothing or shelter fo
himself, to care for his own physical health, or to manage his own financial affairs. A writter
capacity assessment performed by a licensed physician in the State of Texas has been filed wi
this Court as Exhibit "B" to the Original Application for Appointment of Guardian of the Per
and Estate. In addition, an Independent Mental Status Examination has been performed by Dr
Mark E. Kunik, which has been filed with the Court.

V.

There is imminent danger to the person and estate of the Proposed Ward because funds (
the Proposed Ward's estate are being wasted to modify and remodel the Proposed Ward's hou
with no benefit to the Proposed Ward. Further, the Proposed Ward owns annuity contracts as
separate property. Dawn Johnson is the spouse of the Proposed Ward, having married him in
January, 2005. Dawn Johnson is believed to have begun the process to liquidate one of the
annuity contracts belonging to the Proposed Ward, which premature liquidation will result in a
significant financial penalty.

VI.

Applicants bring this Application for the Appointment of Temporary Guardian in good
faith and for just cause. Applicants, therefore, respectfully request the Court find that their

Whatley\App. for Temp. Guardianship                    -2-

attorney has acted in good faith and for just cause in his representation of the Applicants, ar    1at
the attorney's fees related to this Application, the hearing thereon, and the establishment of
requested temporary guardianship be approved and paid out of the Proposed Ward's guardia    1ip
estate.

Applicants pray that notice of this Application be given as required by law; that a hear
on this Application be set; that Applicant, JEANIE ANDERSON, be appointed Temporary
Guardian of the Person and Estate of PERRY LEE WHATLEY, an Adult; or in the alternati    1
third party be appointed Temporary Guardian of the Person and Estate of PERRY LEE
WHATLEY; that the Court Order appointing ROBERT DANIEL WHATLEY and JEANIE
ANDERSON as Temporary Guardians be effective upon their taking the Oaths and giving a    1d
as required by law; that upon the Temporary Guardians' qualification, the Clerk of this Cour
shall so note such qualification on any certified copy of said Order; that the Court appoint an
attorney ad litem to represent the Ward's Person and Estate; and that the Court enter any Ord
it deems necessary.

Respectfully submitted,

ROY L. FULLER
ATTORNEY FOR APPLICANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile
TBC #07524500

STATE OF TEXAS          )(
                        )(
COUNTY OF HARRIS        )(

BEFORE ME, the undersigned authority, on this day personally appeared JEANIE ANDERSON, Applicant in the foregoing Application for Appointment of Temporary Guardi of the Person and Estate of Perry Lee Whatley, an Adult, known to me to be the person whos name is subscribed to the above and foregoing Application, and stated under oath that such Application contains a correct and complete statement of the facts and matters to which it rel: and all the contents thereof are true, complete and correct to the best of Applicant's knowledg

JEANIE ANDERSON

SWORN AND SUBSCRIBED TO BEFORE ME, on this the 20th day of _____, 2005.

NOTARY PUBLIC, STATE OF TEXAS

SHERRY DILL
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JULY 23, 2006

No. 355095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

## NOTICE OF HEARING ON APPLICATION FOR APPOINTMENT
## OF TEMPORARY GUARDIAN OF THE PERSON AND ESTATE

It is ORDERED that a hearing before this Court on the Application for

Appointment of Temporary Guardian of the Person and Estate is set for the 3rd day of August,

2005, at 8:30 o'clock a.m. in Probate Court No. 2, located in the Family Law Center, 1115

Congress, Houston, Texas.

SIGNED _____Aug. 2_____, 2005.

_____
JUDGE PRESIDING

Whatley\App. for Temp. Guardianship



UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

|   | § |   |
|---|---|---|
|   | § |   |
|   | § |   |
| IN RE: PERRY LEE WHATLEY, | § | Civil Action H-05-2663 |
|   | § |   |
| Guardianship Matter. | § |   |
|   | § |   |
|   | § |   |
|   | § |   |

## Order of Remand

1.  Because Perry Whatley filed a notice of removal and appeared for a conference, this court has jurisdiction over him.

2.  Because Whatley improperly removed this case – meretriciously claiming defensive civil-rights violations in an application for appointment of temporary guardianship – it is remanded to the Harris County, Texas, Probate Court Two.

3.  The parties must appear before Judge Mike Wood in Harris County, Texas, Probate Court Two, today at 3:00 p.m.

4.  By 5:00 p.m., Daniel Shea and Susan Norman must pay the filing fee for this removal.

Signed August ___3___, 2005, at Houston, Texas.

Lynn N. Hughes
United States District Judge





**MIKE WOOD**

JUDGE

HARRIS COUNTY PROBATE COURT NO. 2
FAMILY LAW CENTER
1115 CONGRESS AVENUE, 6TH FLOOR
HOUSTON, TEXAS 77002-1989
TELEPHONE (713) 755-6090
TELECOPIER (713) 755-5306

August 3, 2005

Ms. Susan C. Norman
Attorney at Law
9135 Katy Freeway, Suite 100
Houston, TX 77024
Fax #: 713/468-6243

Mr. Roy Fuller
Attorney at Law
1300 Rollingbrook, Suite 608
Baytown, TX 77521
Fax #: 281/427-9564

Mr. Daniel Shea
Attorney at Law
1928 West Bell Street
Houston, TX 77019
Fax #: 713/942-7507

Mr. John L. Green
Attorney at Law
4888 Loop Central Drive, Suite 445
Houston, TX 77081
Fax #: 713/660-9921

Mr. Ray Black
Attorney at Law
One Riverway, Suite 1700
Houston, TX 77056
Fax #: 713/840-1820

Re:     Cause No. 355,095; In the Guardianship of Perry Lee Whatley; An Incapacitated Person      n
        Probate Court #2, Harris County, Texas

Dear Counsel:

        This letter is to inform you that this Court has scheduled the Temporary Guardianship Pen      3
Contest in the above styled and numbered cause for a hearing on Thursday, August 4, 2005 at 9:30      .
Judge Lynn Hughes advised the Court that he would be remanding this case back to State Court to       ,
please see the attached Order.

        Should you have any questions, please do not hesitate to contact the undersigned.

                                                Sincerely,

                                                Marilyn Lewis
                                                Guardianship Coordinator

cc:  Court File
J:ml\winword\ltrofnoticeofhearingtoattys.doc

No. 355095

IN RE: THE GUARDIANSHIP                          IN PROBATE COURT NO.2
AND ESTATE OF
PERRY LEE WHATLEY,
INCAPACITATED PERSON                             HARRIS COUNTY. TEXAS

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take note that on August 2, 2005, the foregoing action was removed to the                ited

States District Court for the Southern District of Texas. Houston Division pursuant to 28 U     C. §

1446 (a) and 28 U.S.C. 1443 § (1) (2). A true and correct copy of the removal is attached       eto.

Thus, the State Court shall proceed no further in the matter pending any further Orders of the  ited

States District Court.

> Respectfully submitted.
> Susan C. Norman
> 9135 Katy Freeway. Suite 100
> Houston, Texas 77024
> 713-465-3344
> 713-468-6243 (Fax)
> SBOT # 15083020

## CERTIFICATE OF SERVICE

On this the 3rd Day of August 2005, I certify that I served all the parties of interest at      he

Clerk of the Probate Court with a true and correct copy of this removal.

Susan C. Norman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**IN RE**: The Guardianship of                    CIVIL ACTION # _____

The Person and the Estate of

Perry Lee Whatley,

Incapacitated Person                               Removed from Probate Court No. 2 of

                                                   Harris County, Texas. No. 355095

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Perry Lee Whatley hereby removes this Civil Action No. 355095 from Pr     te

Court No.2 of Harris County, Texas, with the above styled and captioned cause, to the United S     es

District Court for the Southern District of Texas, Houston, Division pursuant to 28 U.S.C. §     46

(a), and 28 U.S.C. § 1443 (1) (2).

### THE PARTIES:

The Parties to the proceeding are Robert Daniel Whatley and Jeanie Anderson, Plair     s,

acting under color of state law, with additional State Actors, who are represented by Roy L. F     r,

1300 Rollingbrook, Suite 608, Baytown, Texas 77521; telephone: 281-422-3555; facsimile:     1-

427-9564.

The State Court petition that forms the basis for this removal is annexed hereto as ex     it

"A" and is duly incorporated herein by reference as if set forth verbatim. The remainder of the     e

Court pleadings are being copied, certified, and will be tendered in an amended notice of rem     l

as soon as the clerk tenders same.

-1-

Perry Lee Whatley, Defendant, is represented by Susan C. Norman. 9135 Katy Fre    ay,

Suite 100, Houston, Texas 77024; telephone: 713-465-3344; facsimile: 713-468-6243.

Dawn Johnson Whatley is the spouse of the Defendant and joins in this removal;    is

represented by Daniel J. Shea, 1928 West Bell Street, Houston, Texas,77019. Tel. No 713-942-    )0,

Fax 713-942-7507.

> Respectfully submitted,
> Susan C. Norman
> 9135 Katy Freeway, Suite 100
> Houston, Texas 77024
> 713-465-3344
> 713-468-6243 (Fax)
> SBOT # 15083020
>
> *Susan C. Norma /ds*
> *by permission*

## CERTIFICATE OF SERVICE

On this the 3rd Day of August 2005, I certify that I served all the parties of interest an    ie

Clerk of the Probate Court with a true and correct copy of this removal.

*Susan C. Norma /ds*

Susan C. Norman

*by permission*

-2-



No. 355095



| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

## APPLICATION FOR APPOINTMENT OF TEMPORARY GUARDIANSHIP
### OF PERSON AND ESTATE

ROBERT DANIEL WHATLEY and JEANIE ANDERSON ("Applicants) make and file this Application for Temporary Guardianship of Person and Estate of PERRY LEE WHATLE an Adult, ("Proposed Ward"), pursuant to section 875 of the Texas Probate Code, and respectfully shows the Court the following:

I.

That Proposed Ward is a male who is 82 years of age, having been born on August 15, 1922. Proposed Ward currently resides at 3501 Tompkins, Baytown, Texas 77521, Proposed Ward may be served with citation at above address.

II.

Applicants are the nephew and niece respectively, of Proposed Ward and reside at 2711 Alderwood, Austin, Travis County, Texas 78745, and 2905 Parkland Drive, Baytown, Harris County, Texas 77521, respectively. Applicants desire to be appointed Temporary Guardians of the Person and Estate of Proposed Ward, which Estate is valued at 2,000,000.00, including any compensation, pension, insurance or allowance to which the Proposed Ward may be entitled. Applicants are eligible by law to act as Temporary Guardians.

III.

The Applicants filed an Application for Appointment of Guardian of the Person and Estate on April 15, 2005. The Proposed Ward's spouse, Dawn Johnson Whatley has filed a response to

the Application for Appointment of Guardian contesting the necessity of a guardianship and   ن
qualifications of the Applicants. A temporary guardianship is necessary to protect the Prop(   ١
Ward and the estate of the Proposed Ward during the pendency of the Application for
Guardianship.

IV.

Applicants state to the Court that the dangers to the Person and Estate of the Proposed
Ward which require immediate action are:

Substantial evidence exists to demonstrate that the Proposed Ward is an incapacitated
person as defined by Section 3(p)(2) of the Texas Probate Code. The Proposed Ward, becat
of a physical or mental condition is substantially unable to provide food, clothing or shelter f
himself, to care for his own physical health, or to manage his own financial affairs. A writtei
capacity assessment performed by a licensed physician in the State of Texas has been filed w
this Court as Exhibit "B" to the Original Application for Appointment of Guardian of the Per
and Estate. In addition, an Independent Mental Status Examination has been performed by Di
Mark E. Kunik, which has been filed with the Court.

V

There is imminent danger to the person and estate of the Proposed Ward because funds (
the Proposed Ward's estate are being wasted to modify and remodel the Proposed Ward's hou
with no benefit to the Proposed Ward. Further, the Proposed Ward owns annuity contracts as
separate property. Dawn Johnson is the spouse of the Proposed Ward, having married him in
January, 2005. Dawn Johnson is believed to have begun the process to liquidate one of the
annuity contracts belonging to the Proposed Ward, which premature liquidation will result in a
significant financial penalty.

VI.

Applicants bring this Application for the Appointment of Temporary Guardian in good
faith and for just cause. Applicants, therefore, respectfully request the Court find that their

attorney has acted in good faith and for just cause in his representation of the Applicants, an    iat
the attorney's fees related to this Application, the hearing thereon, and the establishment of t
requested temporary guardianship be approved and paid out of the Proposed Ward's guardia    ip
estate.

Applicants pray that notice of this Application be given as required by law; that a heart
on this Application be set; that Applicant, JEANIE ANDERSON, be appointed Temporary
Guardian of the Person and Estate of PERRY LEE WHATLEY, an Adult; or in the alternativ
third party be appointed Temporary Guardian of the Person and Estate of PERRY LEE
WHATLEY, that the Court Order appointing ROBERT DANIEL WHATLEY and JEANIE
ANDERSON as Temporary Guardians be effective upon their taking the Oaths and giving a l    d
as required by law; that upon the Temporary Guardians' qualification, the Clerk of this Court
shall so note such qualification on any certified copy of said Order; that the Court appoint an
attorney ad litem to represent the Ward's Person and Estate; and that the Court enter any Orde
it deems necessary.

Respectfully submitted

ROY L. FULLER
ATTORNEY FOR APPLICANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile
TBC #07524500



F

STATE OF TEXAS     )(
                )(
COUNTY OF HARRIS   )(

BEFORE ME, the undersigned authority, on this day personally appeared JE   IE
ANDERSON, Applicant in the foregoing Application for Appointment of Temporar  uardi
of the Person and Estate of Perry Lee Whatley, an Adult, known to me to be the pers  whos
name is subscribed to the above and foregoing Application, and stated under oath th  uch
Application contains a correct and complete statement of the facts and matters to wh  i it rel
and all the contents thereof are true, complete and correct to the best of Applicant's  wled

JEANIE ANDERSON

SWORN AND SUBSCRIBED TO BEFORE ME, on this the ___ day c
____, 2005.

NOTARY PUBLIC, STATE OF TEXA

SHERRY DILL
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JULY 23, 2006

No. 355095

| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
|---|---|---|
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

### NOTICE OF HEARING ON APPLICATION FOR APPOINTMENT
### OF TEMPORARY GUARDIAN OF THE PERSON AND ESTATE

It is ORDERED that a hearing before this Court on the Application for

Appointment of Temporary Guardian of the Person and Estate is set for the 3rd day of Augus

2005, at 8:30 o'clock a.m. in Probate Court No. 2, located in the Family Law Center, 1115

Congress, Houston, Texas.

SIGNED ___Aug. 2___, 2005.

_____
JUDGE PRESIDING

Whatley\App. for Temp. Guardianship



NO. 335,095

IN RE: THE PERSON AND ESTATE          §          IN THE PROBATE COURT (
                                       §
OF PERRY LEE WHATLEY, A PRO-           §          HARRIS COUNTY, T E X A
                                       §
POSED WARD.                            §          COURT NUMBER (2) TWO

## DAWN JOHNSON WHATLEY'S VERIFIED MOTION TO RECUSE

## HON. MIKE WOOD, JUDGE, HARRIS COUNTY PROBATE COURT NO. 2

TO THE HONORABLE MIKE WOOD:

COMES DAWN JOHNSON WHATLEY. Spousal Guardian-Designee of the Propos

Ward. PERRY LEE WHATLEY, and hereby file this *Motion to Recuse Hon. Mike Wood. Jud*

*Harris County Probate Court No. 2* pursuant to TEX. R. CIV. P. 18a and 18b and for good cat

thereof would show as follows:

### I. RESERVATION OF RIGHTS

This motion is made under Movant's reservation of rights to complain that a hearing in th

matter has been convened before this Court has reacquired subject matter jurisdiction based

instructions from Judge Hughes at the 11:00 a.m. teleconference that the parties appear before Jud;

Wood at 3:00 p.m. that same day, August 3, 2005.

### II. GOOD CAUSE

The rule provides, in pertinent part, that "[a] judge shall disqualify himself in any proceedii

in which: (a) his impartiality might reasonably be questioned, (b) he has a personal bias or prejudi

concerning the subject matter or a party, or personal knowledge of disputed evidentiary fac

concerning the proceeding, . . . ." TEX. R. CIV. P. 18b. Plaintiff addresses (a) impartiality, and (l

party bias.

-1-

EXHIBIT

A.    Impartiality

This is a case that involves, *inter alia*, an Application for Temporary Guardianship of Proposed Ward, Perry Lee Whatley filed on August 2, 2005, and set for hearing on August 3, 20 by Judge Wood, attached as Exhibit "B" and incorporated herein for all purposes. That matter h been applied for by Robert Daniel Whatley and Jeanie Anderson pursuant to TEX. PROB. CODE § 8 as amended for cases filed after September 1, 2003. The 2003 amendments add procedu safeguards in §§ 875 (b) through (g). The Honorable Mike Wood interlineated the proposed Ord and set the hearing on the Application on less than 24 hours notice, thus implicating the due proce safeguards set forth in §§ 875 (b) through (g). Thus, a removal to federal court was initiated private counsel for Perry Lee Whatley and joined by Dawn Johnson Whatley, the movant here

The Notice of Removal was filed in federal court effective August 2, 2005 and then in th Court on the morning of August 3, 2005. Upon entering the courtroom, counsel overheard an *e parte*, sidebar conference between Judge Mike Wood and the attorney *ad litem*, Mr. Ray Black, the effect that he, Judge Wood, would call upon U.S. District Judge Lynn Hughes to intercept th removal and send it back to state court by 11 o'clock the same day lest Judge Hughes wanted become a probate judge. As prophesied by Judge Wood, Judge Hughes did intercept the case aft it had been randomly assigned to Hon. Lee Rosenthal. The interception also appears to hav circumvented the then sitting U. S. District Ancillary Judge, Hon. Keith Ellison.

In any event, notwithstanding the fact that a notice of removal had been filed divesting th court of subject matter jurisdiction, Hon. Mike Wood nevertheless made a record in which h demonstrated his intent to appoint a temporary guardian before hearing any evidence, contrary to th §§ 875 (b) through (g) safeguards, and further, on the record, demonstrated a personal bias agains Dawn Johnson Whatley before the taking of any evidence – again, on the record in a "hearing

-2-

Dawn Johnson Whatley before the taking of any evidence – again. on the record in a "hear.

conducted without subject matter jurisdiction. Judge Wood also revealed that he had also enga    1

in *ex-parte* communication with the attorney *ad litem* inasmuch as he demonstrated prior knowle    ;

of events at The Methodist Hospital the day before which had not been adduced on the record. Tl    .

the impermissible *ex-parte* communication between Judge Wood and Judge Hughes and the    *

*Litem*, clearly demonstrate that Judge Wood has prejudged this case and cannot present a fac(

impartiality in these proceedings.

B.    Party Bias

In addition to the party bias, set forth in "A" above. after the "proceedings" in Probate Cc

No. 2 conducted without subject matter jurisdiction. at the hearing held on the record with Ju(

Hughes. that Judge invited the movants to "sue somebody." fairly implying that Judge Wood wo

be such a defendant and this party reserves the right to follow that advice thus setting in motion

adversarial relationship between movant and Judge Wood under 42 U.S.C. §§ 1983 and 1988.

## III.  RELEVANT CASE LAW

Texas law is clear on the reaction of the legal system to allegations of bias. "Fairn(

requires absence of actual bias. and our legal system has always endeavored to prevent *even t*

*probability of unfairness."  Texaco, Inc. v. Pennzoil, Inc.,* 729 S.W.2d at 844; *citing In*

*Murchison*, 349 U.S. 133, 136 (1955)(emphasis added). The *Texaco* Court recognized t

imprecision inherent in cases where the probability of bias or unfairness is the subject of adjudicati(

and cited the underlying rationale of the U.S. Supreme Court in *Murchison* at length. It is high

persuasive authority as applied to the instant case.

> To this end no man can be a judge in his own case and no man is permitted to try
> cases where he has an interest in the outcome. That interest cannot be defined with
> precision. *Circumstances and relationships must be considered.* This Court has

-3-

said, however, that 'Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true . . . denies . . . due process of law.' *Tumey v. State of Ohio,* 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749. Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weight the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.' *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 13 [99 L.Ed. 11].

*Texaco* at 844 (emphasis added).

## IV. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Movant prays that, prior to any furt

proceedings in this case, HONORABLE MIKE WOOD either recuse himself and request that

Presiding Judge of this Administrative Judicial District assign another judge to sit in this case,

request that the aforesaid Presiding Judge of this Administrative Judicial District assign a Judge

hear this motion. Movant also prays for such other and further relief, whether at law or in equity

which he may show himself justly entitled.

MOVANT ALSO PRAYS that this Court take this motion under consideration within thi

days of its filing, or set it for an alternate date for hearing pursuant to TEX. R. CIV. P. 18a(b).

Respectfully submitted:

DANIEL J. SHEA, P.C.

By:_____

DANIEL J. SHEA
State Bar No. 18163850
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

ATTORNEY FOR SPOUSAL GUARDIA
DESIGNEE, DAWN JOHNSON WHATLE

-4-

## NOTICE OF EXPECTED PRESENTATION

ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD ARE HEREI
NOTIFIED THAT MOVANT EXPECTS THE MOTION TO BE PRESENTED TO THE JUDGE THR
DAYS AFTER THE FILING OF SUCH MOTION UNLESS OTHERWISE ORDERED BY THE JUDꞬ
PURSUANT TO TEX. R. CIV. P 18A(B). ANY OTHER PARTY MAY FILE WITH THE CLERK ⱥ
OPPOSING OR CONCURRING STATEMENT AT ANY TIME BEFORE THE MOTION IS HEARႠ

NO. 335.095

IN RE: THE PERSON AND ESTATE  §  IN THE PROBATE COURT (

            §

OF PERRY LEE WHATLEY, A PRO- §  HARRIS COUNTY, T E X A

            §

POSED WARD.       §  COURT NUMBER (2) TWO

## AFFIDAVIT OF SUSAN C. NORMAN

THE STATE OF TEXAS  §

         §

COUNTY OF HARRIS  §

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appear SUSAN C. NORMAN, known to me by presentation of her Texas Driver's License to be the pers whose signature appears below and who, being by me duly sworn, did depose as follows:

"I am the private counsel for PERRY LEE WHATLEY, Proposed Ward identified in t pleadings in this case. I am over the age of eighteen (18) years, mentally competent, and r otherwise disqualified by law from making an affidavit. I have read the above and foregoing *Moti to Recuse Honorable Mike Wood.* I have first hand knowledge of the facts set forth therein and th are true and correct."

SUSAN C. NORMAN

SUBSCRIBED AND SWORN TO BY Susan C. Norman this 3rd day of August, 2005 certify which, witness below my hand and seal of office.

KIMMIE LANE GILMORE
Notary Public, State of Texas
My Commission Expires
May 10, 2009

NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

NOTARIAL SEAL WITH
DATE OF EXPIRATION:

No. 355095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

### NOTICE OF HEARING ON APPLICATION FOR APPOINTMENT
### OF TEMPORARY GUARDIAN OF THE PERSON AND ESTATE

It is ORDERED that a hearing before this Court on the Application for

Appointment of Temporary Guardian of the Person and Estate is set for the 3rd day of August,

2005, at 9:30 o'clock a.m. in Probate Court No. 2, located in the Family Law Center, 1115

Congress, Houston, Texas.

SIGNED _____August  2_____, 2005.

_____
JUDGE PRESIDING

Whatley\App. for Temp. Guardianship

EXHIBIT
"A"

NO. 335,095

| | | |
|---|---|---|
| IN RE: THE PERSON AND ESTATE | § | IN THE PROBATE COURT C |
| | § | |
| OF PERRY LEE WHATLEY, A PRO- | § | HARRIS COUNTY, T E X A : |
| | § | |
| POSED WARD. | § | COURT NUMBER (2) TWO |

## ORDER OF RECUSAL

I HEREBY RECUSE MYSELF from this case and request that the Presiding Judge of tl

Administrative Judicial District assign another judge to sit in this case.

The Clerk of Court is ORDERED to transmit this Order to the Honorable Olen

Underwood, Presiding Judge, Second Administrative Judicial District.

DATE SIGNED: _____

_____
MIKE WOOD

NO. 335,095

IN RE: THE PERSON AND ESTATE    §     IN THE PROBATE COURT ¢
   §
OF PERRY LEE WHATLEY, A PRO-    §     HARRIS COUNTY, TE XA
   §
POSED WARD.    §     COURT NUMBER (2) TWO

## ORDER OF REFERRAL

I HEREBY DECLINE TO RECUSE MYSELF from this case and request that the Presidi

Judge of this Administrative Judicial District assign another judge to hear the matter of *Plaintiff Jo*

*Doe 1's Motion to Recuse.*

The Clerk of Court is ORDERED to transmit this Order to the Honorable Olen

Underwood. Presiding Judge, Second Administrative Judicial District.

DATE SIGNED:_____

_____
MIKE WOOD

**2005-50253**

NO. _____

| | | |
|---|---|---|
| DAWN JOHNSON WHATLEY, | § | IN THE DISTRICT COURT O |
| Individually and as Attorney-in-Fact | § | |
| for PERRY LEE WHATLEY, | § | |
| | § | |
| Plaintiff; | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, T E X A S |
| HON. MIKE WOOD, Individually, and | § | |
| in His Capacity as Judge, Harris County | § | |
| Probate Court No. 2; RAY J. BLACK, JR., | § | |
| ROY L. FULLER, ROBERT DANIEL | § | |
| WHATLEY, and JEANIE ANDERSON, | § | |
| | § | |
| Defendants. | § | 333 TH JUDICIAL DISTRIC |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY AND INJUNCTIVE

## RELIEF; APPLICATION FOR LEVEL III DISCOVERY CONTROL PLAN

## AND RULE 194 REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DAWN J. WHATLEY, Individually and as Attorney-in-Fact for her husban

PERRY LEE WHATLEY, Plaintiff; and complains of HON. MIKE WOOD, Individually, and

His Capacity As Judge, Harris County Probate Court No. 2; RAY J. BLACK, JR., ROY L. FULLEI

ROBERT DANIEL WHATLEY, and JEANIE ANDERSON, Defendants.

### I. APPLICATION FOR LEVEL III DISCOVERY CONTROL PLAN

Plaintiff designates a Level III Discovery Control Plan pursuant to TEX. R. CIV. P. 190.4.

### II. PARTIES, JURISDICTION, AND VENUE

Plaintiff DAWN J. WHATLEY is a natural person and resident of Harris County, Texas. Sh

is the wife of PERRY LEE WHATLEY and is his Attorney-in-Fact by virtue of a statutory Durabl

Power of Attorney attached hereto as Exhibit "A" and incorporated herein by reference.



-1-

Defendant HON. MIKE WOOD is a natural person and resident of Harris County, Tex He is sued in two capacities: as Judge, Harris County Probate Court No. 2, and, to the extent purported to act in that capacity without subject matter jurisdiction, he is sued in his Individ capacity. He may be served with process at his principal place of business at Harris County Prob Court No. 2, Family Law Center, 1115 Congress Ave., Houston, Harris County, Texas 77002-19 pursuant to TEX. R. CIV. P. 106(a)(1).

Defendant RAY J. BLACK is a natural person and resident of Harris County, Texas up whom process may be effected at One Riverway, Suite 1700, Houston, Harris County, TX 770! Service may be effected upon him pursuant to TEX. R. CIV. P. 106(a)(1).

Defendant ROY L. FULLER is a natural person and resident of Harris County, Texas up whom process may be effected at 1300 Rollingbrook, Suite 608, Baytown, Harris County, TX 7752 Service may be effected upon him pursuant to TEX. R. CIV. P. 106(a)(1).

Defendant ROBERT DANIEL WHATLEY is a natural person and resident of Travis Count Texas upon whom process may be effected at 2711 Alderwood, Austin, Travis County, TX 7874 Service may be effected upon him pursuant to TEX. R. CIV. P. 106(a)(2).

Defendant JEANIE ANDERSON is a natural person and resident of Harris County, Tex. upon whom process may be effected at 2905 Parkland Drive, Baytown, Harris County, TX 7752 Service may be effected upon her pursuant to TEX. R. CIV. P. 106(a)(1).

Jurisdiction is proper in the District Court pursuant to TEX. GOVT. CODE § 24.007.

Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE 15.002(a)(1), (2), and (3).

Plaintiff formally moves that each defendant provide his or her true name within the Origina Answer so that the same may be substituted herein pursuant to TEX. R. CIV. P. 28.

-2-

## III. FACTS

1.  On or about October 11, 2004, PERRY LEE WHATLEY revoked a Durable Po·
of Attorney he had previously executed in favor of Defendant JEANIE ANDERSON and any nan
successor. The revocation was filed as provided in TEX. PROB. CODE § 488. The revocation \
prompted by Perry Lee Whatley's dissatisfaction at Defendant ANDERSON'S continued ignor
of his wishes to return his personal documents to him which she retained in her possession agai
his express wishes, her refusal to communicate with him regarding his financial resources. and
high-handed attempt to prevent him from returning to his home after a hospital stay. These defi
actions of Defendant ANDERSON continue to this day.

2.  On January 7, 2005, contemporaneous with his application for a marriage licen
PERRY LEE WHATLEY executed a *Statutory Durable Power of Attorney* pursuant to TEX. PRC
CODE § 481 *et seq.* The Designated Attorney-in-Fact was DAWN JOHNSON. now DAW
JOHNSON WHATLEY, Plaintiff herein.

3.  On January 10, 2005, PERRY LEE WHATLEY married Plaintiff DAWN JOHNSC
WHATLEY in a duly authorized religious ceremony by a licensed minister.

4.  On March 22, 2005, PERRY LEE WHATLEY executed a *Declaration of Guardi*
*In The Event of Later Incapacity or Need of Guardian* pursuant to TEX. PROB. CODE § 679.
expressly disqualified Defendants JEANIE ANDERSON and ROBERT DANIEL WHATLE'
among others, from serving as Guardians of either the person or the estate of Perry Lee Whatley

5.  On April 14, 2005, Defendants ROY L. FULLER, JEANIE ANDERSON ar
ROBERT DANIEL WHATLEY filed an *Application for Appointment of Guardian of Person ar*
*Estate of Perry Lee Whatley.* The Application is supported by an "opinion" obtained by tl
FULLER, ANDERSON, and ROBERT DANIEL WHATLEY Defendants, surreptitiously, and i

-3-

egregious. direct violation of patients' HIPAA safeguards. Although this "opinion" was full

reservations by Dr. Yulan Y. Jankowski stating that she was unqualified to give the "opinion" :

signed. Defendants FULLER, ANDERSON and ROBERT DANIEL WHATLEY used

nevertheless. The *Application* contained no request for Appointment of a Temporary Guardian

6.    Plaintiff's review of the "opinion" used by the FULLER, ANDERSON and ROBEF

DANIEL WHATLEY Defendants in their *Application* flew in the face of information and medic

opinions previously given to Plaintiff by Dr. Jankowski to the effect that 'Mr. Whatley's mental sta

was *not* seriously affected by blockage in both carotid arteries. although it would eventually ε

worse without surgery which could not be done because the blockages were inoperable.' Faced wi

this conflict in opinions. Plaintiff subsequently arranged for Mr. Whatley to be taken to Tl

Methodist Hospital in Houston for evaluation by Dr. George P. Noon. a world-renowned cardi

vascular surgeon. Dr. Noon evaluated Mr. Whatley and determined the blockages to be severe. y

operable. Consequently, Mr. Whatley himself consented to two operations in which both carot

arteries were cleared and Mr. Whatley now enjoys 100% blood flow to his brain on both sides.[1]

7.    On July 18, 2005, prior to the planned carotid surgery, while Mr. Whatley was und

the influence of Vicodin, a strong narcotic pain killer containing codeine. to which he is allergic. M

Whatley was evaluated by the I.M.E. assigned by Judge Wood. i.e., Dr. Kunik. Dr. Kunik wa

informed prior to his evaluation of (a) the presence of Vicodin in Mr. Whatley's system at the tim

---

[1] Mr. Whatley's consent to the two successful surgeries is instructive. First, a review of th medical files by Mr. Black would have revealed that a statutory medical power of attorney was o file in the hospital and physician files. Yet, on the occasion of two major surgeries, neither th hospital, nor its nurses, nor the physicians and surgeons involved found it necessary to invoke th medical power of attorney using the statutory "letter in the medical file" procedure. This constitute in itself clear and convincing evidence that when put to the test, the *theory* that Mr. Whatley i personally incapable of making life saving medical decisions falls flat on its face. Yet, Mι Whatley's court appointed *ad litem* attorney, acted contrary to his client, Mr. Whatley's civil libert interests in the face of this compelling evidence.

Dr. Kunik proposed to conduct his examination and (b) that Mr. Whatley was scheduled for carot artery surgery on July 22, only four days later. Nevertheless, even over Plaintiff's request to wa until her husband was not under the influence of Vicodin, Dr. Kunik chose to go forward with mental status examination. As a result Dr. Kunik issued a flawed report that mentioned neither ( the presence of Vicodin in Mr. Whatley's system during the examination nor (b) the pending carot surgery. He did, however, mention that his observation of some senility had its etiology cardiovascular disease. On July 28, 2005, after Mr. Whatley's great success from the first carot artery surgery, Dr. Noon performed surgery on the left carotid artery, again with excellent result:

8.      On August 2, 2005, as Mr. Whatley's mental status continued to improve significant as a result of the two-sided carotid surgery. Defendants JEANIE ANDERSON and ROBER DANIEL WHATLEY supplemented their initial Application for appointment of a guardian of Peri Lee Whatley's person and estate with an Application for Temporary Guardianship based on hearsa allegations of the BLACK Defendant and the afore-stated hearsay report of Dr. Kunick.

9.      Significantly, the August 2 Application for Temporary Guardianship had a propose typewritten order that appears to propose a hearing date of August 10, 2005. Nevertheless, th WOOD Defendant interlineated the proposed *Order* and set the Temporary Guardianship hearin for August 3, 2005, the next day, with no notice to the parties of the pendency of the *Applicatior* Indeed, the *Application* contains no certificate of service and, as later developments would illustrate appears to be a prime example of conspiratorial *ex-parte* communication between the WOOL FULLER, and BLACK Defendants.[2]   Also, significantly, the order setting hearing served by th

---

[2] It is also probative that the interlineated Order signed by the WOOD Defendant, violate the 1993 safeguards the legislature inserted into temporary guardianship proceedings at TEX. PROE CODE § 875 (b) through (g),to prevent the very kind of judicial "railroading" evident here.

FULLER Defendant is not the interlineated order signed by the WOOD defendant. It is a comple
different, typed document which gives the correct hearing date as set by the WOOD Defendant,
which operates to conceal the fact that the WOOD Defendant set a hearing a week earlier than
had been asked to do by the FULLER Defendant on behalf of the ANDERSON and ROBE
DANIEL WHATLEY Defendants.[3]

10.    Thus, effective August 2, 2005, Mr. Whatley, represented by private counsel, joir
by the Plaintiff here, filed a notice of removal in federal court under 28 U.S.C. § 1443 which inve
federal courts with jurisdiction for civil rights violations arising in any actions in State court in wh
a litigant's civil rights are violated. The *Notice of Removal* was filed in Probate Court No. 2 at 8:
a.m. on August 3. At 8:15 a.m., counsel for Mr. Whatley and others were in the rear of 1
courtroom and overheard a clearly enunciated, *ex parte*, sidebar conference between the WOOD a
BLACK Defendants in which Judge Wood, with the Notice of Removal in hand (thus with actu
knowledge that he had been divested of subject matter jurisdiction), assured Mr. Black to the effe
"not to worry, I'll call Lynn Hughes in federal court and have him grab the removal and he'll ha
it back here by 11:00 unless he wants to start being a probate judge." Next, again with actu
knowledge of his lack of subject matter jurisdiction, Judge Wood nevertheless held a ben
conference on the record in which he (a) clearly demonstrates *ex-parte* knowledge of alleged fac
in the case derived principally from the BLACK Defendant, (b) demonstrably indicates an *anim*
against Plaintiff herein, Mrs. Whatley and (c) that he had pre-judged the issue notwithstanding tl
lack of any admissible evidence. With regard to the latter, Mrs. Whatley, Plaintiff here, ha
subpoenaed Dr. Kunick. Subsequently, the BLACK Defendant told private counsel for Mr. Whatle

---

[3]    Further, the evident *ex-parte* communication between the BLACK and FULLE
Defendants constitutes violation of the attorney-client privilege and thus, serves as a predicate a
for the breach of fiduciary claim, *infra.*

that Dr. Kunik had contacted the WOOD Defendant upon receipt of the subpoena, *ex parte*, and w instructed not to appear; indeed, Dr. Kunik did not appear at the August 3, 2005 hearing.[4]

11.    Meanwhile, alerted to the possibility of judicial misconduct, private counsel for N Whatley, Ms. Susan C. Norman, checked the PACER system and discovered that the federal co *Notice of Removal* had been randomly assigned to Hon. Lee Rosenthal and that the ancillary fede. judge that day was Hon. Keith Ellison. Nevertheless, lo and behold, within a half hour of leavi state court, counsel's phones began to ring with a notice that none other than Honorable Ly Hughes was demanding an immediate telephonic conference with all counsel involved in the Prob Court matter.

12.    At the telephonic conference, Judge Hughes confirmed that the WOOD Defenda had contacted him. The BLACK Defendant was less than candid, if not deliberately misleading his statement of the content of the WOOD Defendant's communication to him. Judge Hughes th *sua sponte* initiated remand via instructions to the BLACK and FULLER Defendants to make or objections which he, Judge Hughes, then re-characterized as appropriate oral motions to reman Mr. Whatley's private counsel and Mrs. Whatley's private counsel strenuously objecte Nevertheless, Judge Hughes issued an Order in which he said he remanded the case and ordered tl parties to re-appear in Probate Court No. 2 at 3:00 p.m. that day. The parties did re-appear an

---

[4] The alleged facts of which the WOOD Defendant demonstrated *ex-parte* knowledge h; to do with attempted service of process on Mr. Whatley at Methodist Hospital whose security, actir on the hospital's policy, blocked the service of Mr. Whatley in his hospital room. Yet, incredibl the BLACK Defendant admitted that, "I suggested that he [the process server] be allowed to serv Mr. Whatley so Mr. Whatley would have notice other then me telling him about this proceeding; ar that was denied." This clearly not only joins the BLACK Defendant in the civil rights conspirac but also constitutes an independent act of breach of fiduciary duty to his client, especially in the les than-24 hour-notice fiasco being perpetrated on Mr. Whatley by the Court. The breach of fiducia duty is also seen in Mr. Black's inconsistent position, i.e., *I think my client is incompetent and th needs a guardian, yet I want him served so he can independently assess the significance of a pendir temporary guardianship.*

among other things, were told by the WOOD Defendant, "I saw the Order of remand somewh

where Judge Hughes told y'all to be here. I didn't tell you to be here."[5] Thus arises a novel quest

as to whether, under generally recognized principles of federal-state comedy, a United States Disti

Judge can set a state court hearing docket.

13.    In the telephonic conference, it is also significant that Judge Hughes admit

receiving a telephone call from Judge Wood on the excuse that ". . . we ask the state judges to

[this] when they get what looks like a disruptive removal, to call us . . . ." This appears to be a r

engrafted by Judge Hughes upon Congress's removal statute, 28 U.S.C. § 1446, of which t

Plaintiff has heretofore been unaware. Judge Hughes also remarked that Mr. and Mrs. Whatle

remedies were, ". . . Mr. Shea, you need to sue somebody, not remove."

14.    The instant action thus ensues.

## IV. REQUEST FOR DECLARATORY RELIEF

The WOOD, BLACK, and FULLER Defendants and their successors in Probate Court N

2 of Harris County, Texas are parties defendant to this cause of action.

Plaintiff re-alleges par. 13, part III, *supra*, for purposes of this cause of action.

Pursuant to the Texas Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CO:

§ 37.001 *et seq.*, Plaintiff requests that the Court review and, in the interest of justice and equi

void, vacate, reform or otherwise interpret the alleged theory of "disruptive removal" made part

the basis of this lawsuit as it may apply to the actions of a state court (only).

Plaintiff also asks for costs and reasonable and necessary attorney's fees as are equitable a

just pursuant to § 37.009 of the Act.

---

[5] Somewhat reminiscent of the famous remark of Justice Hiller Zobel to Barry Scheck
*Commonwealth of Massachusetts v. Louise Woodward*, "don't come here and tell me 'the devil ma
me do it.'"

The cause(s) of action hereinafter pled are in the alternative to or in support of the declarator relief sought.

## V. CAUSE OF ACTION: DEPRIVATION OF CIVIL RIGHTS

### AND CONSPIRACY TO DEPRIVE CIVIL RIGHTS[6]

All Defendants are parties to this cause of action.[7]

Plaintiff re-alleges factual recitations 6-13 at Par. III. *supra.*

At time of trial, Plaintiff will prove that each of the defendants, acting individually o severally, committed tortious or "wrongful acts" which constitute an intentional deprivation of thei civil liberties. among which are the freedom of their person, freedom to marry, freedom to ow property, and enjoyment of due process of law. These wrongful acts are the proximate cause o Plaintiffs' damages in terms of emotional trauma, pain and worry, unnecessary medical expenses and substantial attorney's fees which they seek from all these Defendants, jointly and severally.

With respect to the conspiracy to commit this tort or wrongful acts, at time of trial. Plaintif will prove (a) that the WOOD, BLACK AND FULLER defendants conspired among themselves to commit wrongful acts, (b) which nevertheless arguably had a lawful purpose in terms of th Defendants' mutual financial aggrandizement, (c) that there was a meeting of the minds among th conspirators about the object of their conspiracy, i.e., that there was an agreement or consent among them and a specific intent to achieve their lawful purpose using unlawful means. Next, the co

---

[6] The civil rights deprivation constitute the underlying tort committed singly or severally b; the actors. It forms the predicate tort for the derivative conspiracy and thus, the two are pleaded a a single cause of action in two parts.

[7] The ROBERT WHATLEY and JEANIE ANDERSON Defendants are liable for individua and several acts of deprivation of civil rights. With respect to the conspiracy, Plaintiff presumes the; were not direct actors for purposes of the "meeting of the minds" prong. Nevertheless they are liabl for the conspiratorial acts of their attorney committed on their behalf.

conspirators were aware of the unlawful conduct at the beginning of their conspiracy yet neverthele:
did it. Finally, the conspiracy was the proximate cause of each of Plaintiffs' injuries for which the
seek both ordinary and exemplary damages and attorneys' fees without regard to statutory caps.

## VI. CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

### AND CONSPIRACY TO BREACH FIDUCIARY DUTY

The BLACK Defendant is respondent to the underlying tort or wrongful act of intention;
breach of fiduciary duty and both the WOOD and BLACK Defendants are respondents to th
derivative conspiracy.

Plaintiff Attorney-in-Fact re-alleges facts set forth in pars. 6 and 11. part III. *supra*.

At time of trial. Plaintiff will prove that the BLACK Defendant. acting individually and o
behalf of the WOOD Defendant. committed tortious or "wrongful acts" which constitute a
intentional breach of fiduciary duty by the BLACK Defendant. owed to Mr. Whatley. Thes
wrongful acts are the proximate cause of Plaintiff's damages in terms of emotional trauma. pain an
worry, unnecessary medical expenses. and substantial attorney's fees which she seeks on his beha
from all these Defendants. jointly and severally. She also seeks exemplary damages on his behal
*See Burrows v. Arce*.

With respect to the conspiracy to commit this tort or these wrongful acts. at time of tria
Plaintiff will prove (a) that the WOOD and BLACK Defendants conspired between themselves t
commit wrongful acts. (b) which nevertheless arguably had a lawful purpose in terms of th
Defendants' mutual financial aggrandizement, (c) that there was a meeting of the minds among th
conspirators about the object of their conspiracy, i.e., that there was an agreement or consent amon
them and a specific intent to achieve their lawful purpose using unlawful means. Next, the co
conspirators were aware of the unlawful conduct at the beginning of their conspiracy yet nevertheles

-10-

did it. Finally, the conspiracy was the proximate cause of Mr. Whatley's injuries for which Plaint

seeks both ordinary and exemplary damages and attorneys' fees without regard to statutory caps

## VII. REQUEST FOR TEMPORARY INJUNCTION

Plaintiff pleads that at time of trial she, both individually and as Attorney-in-Fact, will

able to recover on the merits. Nevertheless, in the interim, unless the WOOD, BLACK ai

FULLER Defendants or their successors, and all those acting in concert and scheme with the

including but not limited to physicians, spouses, lawyers, para-legals, and secretaries, a

immediately TEMPORARILY ENJOINED from the following acts, they will be further ar

irreparably harmed in their civil rights for which they will have no other adequate remedy at law

(a)     engaging in any type of *ex-parte* communication by or with the probate court on ar

        matters relating to this case;

(b)     the probate court engaging in any type of *ex-parte* communication with another cour

        federal or state, on any matters pertaining to this case:

(c)     appearing in any other Court of the United States of America in an attempt t

        dissolve this *Order*, save and except removal in which case the federal court receive

        the case with this *Order* intact.

## VIII. REQUEST FOR PERMANENT INJUNCTION

Plaintiff further asks that at time of trial, this temporary relief be made permanent in the forr

of a permanent injunction to bar these and other similarly situated Defendants in Probate Court No

2 from similar acts.

## IX: REQUEST FOR DISCLOSURE

Plaintiff hereby requests pursuant to TEX. R. CIV. P. 194 that each Defendant disclose, withii

thirty days of service of this request, the information and material described in Rule 194.2 (a

through (1), inclusive.

## X.  REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff DAWN JOHNSON WHATLEY,

Individually and as Attorney-in-Fact for her husband PERRY LEE WHATLEY requests that upon

trial of the case, she recover those damages, attorneys' fees, and have other affirmative relief related

to the causes of action plead or which, by way of trial amendment, may be asserted.  She asks for

any further injunctive relief to which she may show herself entitled upon proper amendment, notice,

and hearing. She also asks for such declaratory relief and costs and fees as the court may determine

to be necessary in the interests of justice and equity. She also asks for pre-judgment and post-

judgment interest as provided by law.

Plaintiff also asks for such other and further relief, general or special, whether at law or in

equity, to which she may show herself or Mr. Whatley justly entitled.

Respectfully submitted.

DANIEL J. SHEA, P.C.

By: _____

DANIEL J. SHEA
Texas Bar No. 18163850
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Facsimile

ATTORNEY FOR PLAINTIFF
DAWN JOHNSON WHATLEY

IF NO POWER LISTED ABOVE IS CROSSED OUT. THIS DOCUMENT SHALL
CONSTRUED AND INTERPRETED AS A GENERAL POWER OF ATTORNEY AND N
AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY
PERFORM OR UNDERTAKE ANY ACTION I COULD PERFORM OR UNDERTAKE I
WERE PERSONALLY PRESENT.

## SPECIAL INSTRUCTIONS:

Special instructions are applicable to gifts (initial in front of the following sentence to ha
it apply):

I grant my agent (attorney in fact) the power to apply my property to make gifts. except tl
the amount of a gift to an individual may not exceed the amount of annual exclusions allowed fro
the federal gift tax for the calendar year of the gift.

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITIN
OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

None.

This power of attorney becomes effective immediately.

If a definition of my disability or incapacity is not contained in this power of attorney. I sha
be considered disabled or incapacitated for purposes of this power of attorney if a physician certifie
in writing at a date later than the date this power of attorney is executed that. based on the physician
medical examination of me, I am mentally incapable of managing my financial affairs. I authoriz
the physician who examines me for this purpose to disclose my physical or mental condition t
another person for purposes of this power of attorney. A third party who accepts this power of
attorney is fully protected from any action taken under this power of attorney that is based on th
determination made by a physician of my disability or incapacity.

I agree that any third party who receives a copy of this document may act under it.
Revocation of the durable power of attorney is not effective as to a third party until the third part
receives actual notice of the revocation. I agree to indemnify and hold harmless the third party fo
any claims that arise against the third party because of reliance on this power of attorney.

If any agent named by me dies, becomes legally disabled. resigns, or refuses to act. I name
the following as successor to that agent: none.

Signed on __J a n, 7__, 2005.

Perry L. Whatley
Perry L. Whatley

**THE STATE OF TEXAS**     §
                          §
**COUNTY OF HARRIS**       §

This document was acknowledged before me by Perry L. Whatley on Jan. 7
2005.



_Rhonda M Clark_
Notary Public, State of Texas

**THE ATTORNEY IN FACT OR AGENT, BY ACCEPTING OR ACTING UNDER TH APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGA RESPONSIBILITIES OF AN AGENT.**

PREPARED IN THE OFFICE OF:

Law Offices of Susan C. Norman
9135 Katy Freeway, Suite 100
Houston, TX 77024
713-465-3344 phone
713-468-6243 facsimile

Cause No. _____

_DAWN J. WHATLEY ET AL_
        Plaintiff

_HON MIKE WOOD ET AL_
        Defendant

§
§
§
§
§

IN THE DISTRICT COURT OF

**HARRIS** COUNTY, TEXAS

**333** JUDICIAL DISTRICT

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

| Type of action: | ☐ Commercial | ☒ Personal Injury | ☐ Death | ☐ Other |
|---|---|---|---|---|

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☐ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☒ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☐ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☒ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability | ☐ Workers compensation |
| | ☒ Other _B. FIDUCIARY DUTY_ | | |

| Has this dispute previously been in the Harris County courts? | ☒ No | ☐ Yes, in the following court: ___ |
|---|---|---|

| Monetary damages sought | ☐ less than $50,000 | ☐ 50,001 - $100,000 | ☒ greater than $100,000 |
|---|---|---|---|

| Estimated time needed for discovery | ☐ 0-3 months | ☒ 4-6 months | ☐ 7-12 months | ☐ >1 year |
|---|---|---|---|---|

| Estimated time needed for trial: | ☐ 1-2days | ☐ 3-5 days | ☐ 6-10 days | ☐ > 10 days |
|---|---|---|---|---|

Are you going to request Level 3 status?   ☒ Yes   ☐ No
If yes, please state your estimate for total hours of deposition per side: _3_ and the number of interrogatories needed for each party to serve on any other party: _40_.

Name of party filing this cover sheet: _Dawn J. Whatley, Abby Lee, Danill Whatley_

```
                              RECEIPT  NO. 126382          0.00        ATY
                                         08-05-2005              TR # 71948357
PLAINTIFF: WHATLEY, DAWN J (INDIVIDUALLY AND AS ATTORNEY IN F    In The  333rd
    VS.                                                    Judicial District Court
DEFENDANT: WOOD, MIKE (HON)(INDIVIDUALLY AND IN HIS CAPACITY   of Harris County, Texas
                                                           333RD DISTRICT COURT
                                                           Houston, TX
```

CITATION

THE STATE OF TEXAS
County of Harris

CAME TO HAND 8:50C 5

DELIVERED 8:805

TO: BLACK, RAY J JR
    ONE RIVERWAY SUITE 1700   HOUSTON TX 77056

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF
AND RULE 194 REQUEST FOR DISCLOSURE

This instrument was filed on the 5th day of August, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 5th day of August, 2005, under my hand and
seal of said Court.

Issued at request of:          CHARLES BACARISSE, District Clerk
SHEA, DANIEL J.                Harris County, Texas
1928 WEST BELL ST             301 Fannin       Houston, Texas 77002
HOUSTON, TX 77019             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 942-7500
Bar No.: 18163850             BY
                               Deputy NICHOLAS, MARY L      8F6/RSI/7293682

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____      copy(ies) of the
                                                                         Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $

CAUSE NO. 200550253

|  |  | RECEIPT | NO. 126382 | 0.00 | AT |  |
|---|---|---|---|---|---|---|
|  |  |  | 08-05-2005 |  | TR # 7194 | 57 |

PLAINTIFF: WHATLEY, DAWN J (INDIVIDUALLY AND AS ATTORNEY IN F    In The 333rd
vs.                                                            Judicial District    irt
DEFENDANT: WOOD, MIKE (HON) (INDIVIDUALLY AND IN HIS CAPACITY   of Harris County,    :as
                                                               333RD DISTRICT COU
                                                               Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

CAME TO HAND ℰ  )( )

DELIVERED 8.8℃

TO: BLACK, RAY J JR
    ONE RIVERWAY SUITE 1700   HOUSTON TX 77056


Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY AND INJUNCTIV</u>    <u>ELIEF</u>
AND RULE 194 REQUEST FOR DISCLOSURE

This instrument was filed on the <u>5th day of August, 2005</u>, in the above cited cause nu    r
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not    e a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the l    day
next following the expiration of 20 days after you were served this citation and peti·    n,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 5th day of August, 2005, under my hand and
seal of said Court.

Issued at request of:            CHARLES BACARISSE, District Clerk
SHEA, DANIEL J.                  Harris County, Texas
1928 WEST BELL ST                301 Fannin       Houston, Texas 77002
HOUSTON, TX 77019                (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 942-7500
Bar No.: 18163850                BY _____
                                    Deputy NICHOLAS, MARY L        8F6/R5I/72⁹   82

AUG - 8 2005

NO. 355,095

| IN RE: THE PERSON AND ESTATE | § | IN THE PROBATE COURT OF |
|---|---|---|
| | § | |
| OF PERRY LEE WHATLEY, A PRO- | § | HARRIS COUNTY, T E X A S |
| | § | |
| POSED WARD. | § | COURT NUMBER (2) TWO |

## DAWN JOHNSON WHATLEY'S AMENDED VERIFIED MOTION TO RECUSE

## HON. MIKE WOOD, JUDGE, HARRIS COUNTY PROBATE COURT NO. 2

TO THE HONORABLE MIKE WOOD:

COMES DAWN JOHNSON WHATLEY, Spousal Guardian-Designee of the Proposed Ward, PERRY LEE WHATLEY, and hereby file this *Amended Motion to Recuse Hon. Mike Wood, Judge, Harris County Probate Court No. 2* pursuant to TEX. R. CIV. P. 18a and 18b and for good cause thereof would show as follows:

### I. RESERVATION OF RIGHTS

This motion is made under Movant's reservation of rights to complain that a hearing in this matter has been convened before this Court has reacquired subject matter jurisdiction based on an Order of a United States District Judge impermissibly acting to set this Court's docket.

### II. GOOD CAUSE

The rule provides, in pertinent part, that "[a] judge shall disqualify himself in any proceeding in which: (a) his impartiality might reasonably be questioned, (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding, . . . ." TEX. R. CIV. P. 18b. The law also provides for constitutional disqualification when he has a pecuniary interest in the outcome of a case. Plaintiff addresses (a) impartiality, (b) party bias, and (c) constitutional disqualification. Plaintiff addresses each, *seriatim*.

A.    Impartiality

-1-



This is a case that involves, *inter alia*, an Application for Temporary Guardianship of the Proposed Ward, Perry Lee Whatley. That matter had been applied for by Robert Daniel Whatley and Jeanie Anderson pursuant to TEX. PROB. CODE § 875 as amended for cases filed after September 1, 2003. The 2003 amendments add procedural safeguards in §§ 875 (b) through (g). Apparently, those safeguards were envisioned by the Applicants when they filed a proposed Order, attached hereto as Exhibit "A" and incorporated herein by reference. Notwithstanding §§ 875 (b) through (g), the Honorable Mike Wood interlineated the proposed Order and set the Application on less than 24 hours notice, thus implicating the due process safeguards set forth in §§ 875 (b) through (g). Thus, a removal to federal court was initiated under by private counsel for Perry Lee Whatley and joined by Dawn Johnson Whatley, the movant here.

The Notice of Removal was filed in federal court on August 2, 2005 and then in this Court on the morning of August 3, 2005. Upon entering the courtroom, counsel overheard an *ex parte*, sidebar conference between Judge Mike Wood and the attorney *ad litem*, Mr. Black, to the effect that he, Judge Wood, would call upon U.S. District Judge Lynn Hughes to intercept the removal and send it back to state court by 11 o'clock lest Judge Hughes wanted to become a probate judge. As prophesied by Judge Wood, Judge Hughes did intercept the case after it had been randomly assigned to Hon. Lee Rosenthal. The interception also appears to have circumvented the then sitting Ancillary Judge, Hon. Keith Ellison.

In any event, notwithstanding the fact that a notice of removal had been filed divesting this court of subject matter jurisdiction, Hon. Mike Wood nevertheless made a record in which he demonstrated his intent to appoint a temporary guardian before hearing any evidence, contrary to the §§ 875 (b) through (g) safeguards, and further, on the record, demonstrated a personal bias against Dawn Johnson Whatley before the taking of any evidence – again, on the record in a "hearing"

-2-

conducted without subject matter jurisdiction. Judge Wood also revealed that he had also engaged in *ex-parte* communication with the attorney *ad litem* inasmuch as he had prior knowledge of matters at The Methodist Hospital the day before which had not been adduced on the record. Thus, the impermissible ex-parte communication between Judge Wood and Judge Hughes and the Ad Litem, clearly demonstrate that Judge Wood has prejudged this case and cannot present a face of impartiality in these proceedings.

B.    Party Bias

After the "proceedings" in Probate Court No. 2, conducted by Judge Wood with actual knowledge that he was without subject matter jurisdiction, and at the hearing held on the record with Judge Hughes, that Judge invited the movants to "sue somebody," fairly implying that Judge Wood would be such a defendant and this party reserves the right to follow that advice thus setting in motion an adversarial relationship between movant and Judge Wood. The impermissible *ex parte* communication involved in this case, as alleged to Judge Hughes, prompted him to remark in reply,

Mr. Shea, you need to sue somebody, not remove." That suggestion did not go unheeded; the lawsuit arising from the violations complained of is attached hereto as Exhibit "B" and incorporated herein by reference as if set forth at length. The pendency of this lawsuit renders Judge Wood unable to serve as a matter of law on grounds of party bias, and included therein, impartiality as well.

C.    Constitutional Disqualification

Because Judge Wood now has an adversarial pecuniary interest in the Estate of Perry Lee Whatley, i.e., that Estate seeks an award of monetary damages from him, he is constitutionally disqualified to serve.

## III. RELEVANT LAW

Texas law is clear on the reaction of the legal system to allegations of bias. "Fairness

-3-

requires absence of actual bias, and our legal system has always endeavored to prevent *even the probability of unfairness.*" *Texaco, Inc. v. Pennzoil, Inc.*, 729 S.W.2d at 844; *citing In Re Murchison*, 349 U.S. 133, 136 (1955)(emphasis added). The *Texaco* Court recognized the imprecision inherent in cases where the probability of bias or unfairness is the subject of adjudication and cited the underlying rationale of the U.S. Supreme Court in *Murchison* at length. It is highly persuasive authority as applied to the instant case.

> To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. *Circumstances and relationships must be considered.* This Court has said, however, that 'Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true . . . denies . . . due process of law.' *Tumey v. State of Ohio*, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749. Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weight the scales of justice equally between contending parties. But to perform its high function in the best way 'justice must satisfy the appearance of justice.' *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 [99 L.Ed. 11]

*Texaco* at 844 (emphasis added)

With respect to constitutional disqualification arising out of Exhibit "B," *See Glaser v. Bucknoff (S.D.) 632 S.W.2d 146 (Tex. 1982). See also Tex. R. Civ. P. 18b(1).*

## IV. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Movant prays that, prior to any further proceedings in this case, HONORABLE MIKE WOOD either recuse himself and request that the Presiding Judge of this Administrative Judicial District assign another judge to sit in this case, or request that the aforesaid Presiding Judge of this Administrative Judicial District assign a Judge to hear this motion. Movant also prays for such other and further relief, whether at law or in equity to which he may show himself justly entitled.

MOVANT ALSO PRAYS that this Court take this motion under consideration within three

days of its filing, or set it for an alternate date for hearing pursuant to TEX. R. CIV. P. 18a(b).

Respectfully submitted:

DANIEL J. SHEA, P.C.

By: _____

DANIEL J. SHEA
State Bar No. 18163850
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

ATTORNEY FOR SPOUSAL GUARDIAN
DESIGNEE, DAWN JOHNSON WHATLEY

## NOTICE OF EXPECTED PRESENTATION

ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD ARE HEREBY NOTIFIED THAT MOVANT EXPECTS THE MOTION TO BE PRESENTED TO THE JUDGE THREE DAYS AFTER THE FILING OF SUCH MOTION UNLESS OTHERWISE ORDERED BY THE JUDGE PURSUANT TO TEX. R. CIV. P. 18a(B). ANY OTHER PARTY MAY FILE WITH THE CLERK AN OPPOSING OR CONCURRING STATEMENT AT ANY TIME BEFORE THE MOTION IS HEARD.

NO. 335,095

| | | |
|---|---|---|
| IN RE: THE PERSON AND ESTATE | § | IN THE PROBATE COURT OF |
| | § | |
| OF PERRY LEE WHATLEY, A PRO- | § | HARRIS COUNTY, T E X A S |
| | § | |
| POSED WARD. | § | COURT NUMBER (2) TWO |

## AFFIDAVIT OF SUSAN C. NORMAN

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared SUSAN C. NORMAN, known to me by presentation of her Texas Driver's License to be the person whose signature appears below and who, being by me duly sworn, did depose as follows:

"I am the counsel for PERRY LEE WHATLEY, Proposed Ward identified in the pleadings in this case. I am over the age of eighteen (18) years, mentally competent, and not otherwise disqualified by law from making an affidavit. I have read the above and foregoing *Amended Motion to Recuse Honorable Mike Wood.* I have first hand knowledge of the facts set forth therein and they are true and correct."



SUSAN C. NORMAN

SUBSCRIBED AND SWORN TO BY SUSAN C. NORMAN this 5th day of August, 2005 to certify which, witness below my hand and seal of office.

KIMMIE LANE GILMORE
Notary Public, State of Texas
My Commission Expires
May 10, 2009

NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

NOTARIAL SEAL WITH
DATE OF EXPIRATION:

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Dawn Johnson Whatley's Amended Verified Motion to Recuse Honorable Mike Wood* has been filed with the Court and provided to all parties-in-interest or their attorney(s) of record pursuant to TEX. R. CIV. P. 21 and further, that the same has been served pursuant to TEX. R. CIV. P. 21a on the 5th day of August, 2005 to the individuals and in the manner indicated below:

Ms. Susan C. Norman                                 Facsimile: (713) 468-6243
9135 Katy Fwy., Suite 100
Houston, TX 77024-1636
ATTORNEY FOR RESPONDENT,
PERRY LEE WHATLEY

Mr. John L. Green                                   Facsimile: (713) 960-9921
4888 Loop Central Dr., Suite 445
Houston, TX 77081-2226
ATTORNEY FOR DAWN JOHNSON
WHATLEY, SPOUSAL APPLICANT

Mr. Ray J. Black, Jr.                               Facsimile: (713) 840-7820
One Riverway, Suite 1700
Houston, TX 77056-1997
ATTORNEY AD LITEM

Mr. Roy L. Fuller                                   Facsimile: (281) 427-9564
1300 Rollingbrook, Suite 608
Baytown, TX 77521-3863
ATTORNEY FOR APPLICANTS
ROBERT DANIEL WHATLEY
AND JEANIE ANDERSON

*[signature]*

DANIEL J. SHEA

-7-

No. 355095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

### NOTICE OF HEARING ON APPLICATION FOR APPOINTMENT
### OF TEMPORARY GUARDIAN OF THE PERSON AND ESTATE

It is ORDERED that a hearing before this Court on the Application for

Appointment of Temporary Guardian of the Person and Estate is set for the 2nd day of August,

2005, at 8:30 o'clock a.m. in Probate Court No. 2, located in the Family Law Center, 1115

Congress, Houston, Texas

SIGNED  August 2  2005



JUDGE PRESIDING

Whatley\App. for Temp. Guardianship

**EXHIBIT**
A

2005-50253

NO. _____

| | | |
|---|---|---|
| DAWN JOHNSON WHEATLEY, | § | IN THE DISTRICT COURT OF |
| Individually and as Attorney-in-Fact | § | |
| for PERRY LEE WHATLEY, | § | |
| | § | |
| Plaintiff; | § | |
| | § | |
| vs | § | |
| | § | HARRIS COUNTY, T E X A S |
| HON. MIKE WOOD, Individually and | § | |
| in His Capacity as Judge, Harris County | § | |
| Probate Court No. 2, RAY J. BLACK, JR., | § | |
| ROY L. FULLER, ROBERT DANIEL | § | |
| WHATLEY, and JEANIE ANDERSON, | § | |
| | § | |
| Defendants | § | 333 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY AND INJUNCTIVE

## RELIEF; APPLICATION FOR LEVEL III DISCOVERY CONTROL PLAN

## AND RULE 194 REQUEST FOR DISCLOSURE

**EXHIBIT**
"B"

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW DAWN J. WHEATLEY, Individually and as Attorney-in-Fact for her husband,

PERRY LEE WHATLEY, Plaintiff, and complains of HON. MIKE WOOD, Individually and in

His Capacity As Judge, Harris County Probate Court No. 2, RAY J. BLACK, JR., ROY L. FULLER,

ROBERT DANIEL WHATLEY, and JEANIE ANDERSON, Defendants.

### I. APPLICATION FOR LEVEL III DISCOVERY CONTROL PLAN

Plaintiff designates a Level III Discovery Control Plan pursuant to TEX. R. CIV. P. 190.4.

### II. PARTIES, JURISDICTION, AND VENUE

Plaintiff DAWN J. WHATLEY is a natural person and resident of Harris County, Texas. She

is the wife of PERRY LEE WHATLEY and is his Attorney-in-Fact by virtue of a statutory Durable

Power of Attorney attached hereto as Exhibit "A" and incorporated herein by reference.

-1-

Defendant HON. MIKE WOOD is a natural person and resident of Harris County, Texas. He is sued in two capacities: as Judge, Harris County Probate Court No. 2, and, to the extent he purported to act in that capacity without subject matter jurisdiction, he is sued in his Individual capacity. He may be served with process at his principal place of business at Harris County Probate Court No. 2, Family Law Center, 1115 Congress Ave., Houston, Harris County, Texas 77002-1989 pursuant to TEX. R. CIV. P. 106(a)(1).

Defendant RAY J. BLACK is a natural person and resident of Harris County, Texas upon whom process may be effected at One Riverway, Suite 1700, Houston, Harris County, TX 77056. Service may be effected upon him pursuant to TEX. R. CIV. P. 106(a)(1).

Defendant SCOTT FULLER is a natural person and resident of Harris County, Texas upon whom process may be effected at 300 Rollingbrook, Suite 608, Baytown, Harris County, TX 77521. Service may be effected upon him pursuant to TEX. R. CIV. P. 106(a)(1).

Defendant ROBERT DANIEL WHATLEY is a natural person and resident of Harris County, Texas upon whom process may be effected at 2711 Alderwood, Austin, Travis County, TX 78745. Service may be effected upon him pursuant to TEX. R. CIV. P. 106(a)(1).

Defendant JEANIE ANDERSON is a natural person and resident of Harris County, Texas upon whom process may be effected at 2905 Parkland Drive, Baytown, Harris County, TX 77521. Service may be effected upon her pursuant to TEX. R. CIV. P. 106(a)(1).

Jurisdiction is proper in the District Court pursuant to TEX. GOVT. CODE § 24.007.

Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), (2), and (3).

Plaintiff formally moves that each defendant provide his or her true name within the Original Answer so that the same may be substituted herein pursuant to TEX. R. CIV. P. 28.

-2-

## III. FACTS

On or about October 11, 2004, PERRY LEE WHATLEY revoked a Durable Power of Attorney he had previously executed in favor of Defendant JEANIE ANDERSON and any named successor. The revocation was filed as provided in TEX. PROB. CODE § 488. The revocation was prompted by Perry Lee Whatley's dissatisfaction at Defendant ANDERSON'S continued ignoring of his wishes to return his personal documents to him which she retained in her possession against his express wishes, her refusal to communicate with him regarding his financial resources, and her underhanded attempt to prevent him from returning to his home after a hospital stay. These defiant actions of Defendant ANDERSON continue to this day.

On January 7, 2005, contemporaneous with his application for a marriage license, PERRY LEE WHATLEY executed a *Statutory Durable Power of Attorney* pursuant to TEX. PROB. CODE § 490 et seq. The Designated Attorney-in-Fact was DAWN JOHNSON, now DAWN JOHNSON WHATLEY, Plaintiff herein.

On January 10, 2005, PERRY LEE WHATLEY married Plaintiff DAWN JOHNSON WHATLEY in a duly authorized religious ceremony by a licensed minister.

4.   On March 22, 2005, PERRY LEE WHATLEY executed a *Declaration of Guardian in The Event of Later Incapacity or Need of Guardian* pursuant to TEX. PROB. CODE § 679. It expressly disqualified Defendants JEANIE ANDERSON and ROBERT DANIEL WHATLEY, among others, from serving as Guardians of either the person or the estate of Perry Lee Whatley.

5.   On April 14, 2005, Defendants ROY L. FULLER, JEANIE ANDERSON and ROBERT DANIEL WHATLEY filed an *Application for Appointment of Guardian of Person and Estate of Perry Lee Whatley.* The Application is supported by an "opinion" obtained by the FULLER, ANDERSON, and ROBERT DANIEL WHATLEY Defendants, surreptitiously, and in

-3-

egregious, direct violation of patients' HIPAA safeguards. Although this "opinion" was full of reservations by Dr. Yulan Y. Jankowski stating that she was unqualified to give the "opinion" she signed, Defendants FULLER, ANDERSON and ROBERT DANIEL WHATLEY used it nevertheless. The *Application* contained no request for Appointment of a Temporary Guardian.

     n.     Plaintiff's review of the "opinion" used by the FULLER, ANDERSON and ROBERT DANIEL WHATLEY Defendants in their *Application* flew in the face of information and medical opinions previously given to Plaintiff by Dr. Jankowski to the effect that "Mr. Whatley's mental state was *not* seriously affected by blockage in both carotid arteries, although it would eventually get worse without surgery which could not be done because the blockages were inoperable." Faced with this conflict of opinions, Plaintiff subsequently arranged for Mr. Whatley to be taken to The Methodist Hospital in Houston for evaluation by Dr. George P. Noon, a world-renowned cardiovascular surgeon. Dr. Noon evaluated Mr. Whatley and determined the blockages to be severe, yet operable. In consequence, Mr. Whatley himself consented to two operations in which both carotid arteries were cleared and Mr. Whatley now enjoys 100% blood flow to his brain on both sides.

          On July 18, 2005, prior to the planned carotid surgery, while Mr. Whatley was under the influence of Vicodin, a strong narcotic pain killer containing codeine, to which he is allergic, Mr. Whatley was evaluated by the I.M.E. assigned by Judge Wood, i.e., Dr. Kunik. Dr. Kunik was informed prior to his evaluation of (a) the presence of Vicodin in Mr. Whatley's system at the time

---

[1] Mr. Whatley's consent to the two successful surgeries is instructive. First, a review of the medical files by Mr. Black would have revealed that a statutory medical power of attorney was on file in the hospital and physician files. Yet, on the occasion of two major surgeries, neither the hospital, nor its nurses, nor the physicians and surgeons involved found it necessary to invoke the medical power of attorney using the statutory "letter in the medical file" procedure. This constitutes in itself clear and convincing evidence that when put to the test, the *theory* that Mr. Whatley is personally incapable of making life saving medical decisions falls flat on its face. Yet, Mr. Whatley's court appointed *ad litem* attorney, acted contrary to his client, Mr. Whatley's civil liberty interests in the face of this compelling evidence.

-4-

Dr. Kunik proposed to conduct his examination and (b) that Mr. Whatley was scheduled for carotid artery surgery on July 22, only four days later. Nevertheless, even over Plaintiff's request to wait until her husband was not under the influence of Vicodin, Dr. Kunik chose to go forward with a mental status examination. As a result Dr. Kunik issued a flawed report that mentioned neither (a) the presence of Vicodin in Mr. Whatley's system during the examination nor (b) the pending carotid surgery. He did, however, mention that his observation of some senility had its etiology in cardiovascular disease. On July 18, 2005, after Mr. Whatley's great success from the first carotid artery surgery, Dr. ____ in performed surgery on the left carotid artery, again with excellent results.

In August 2, 2005, as Mr. Whatley's mental status continued to improve significantly as a result of the successful carotid surgery, Defendants JEANIE ANDERSON and ROBERT DANIEL FULLER, supplemented their initial Application for appointment of a Guardian of Perry Lee Whatley's person and estate with an Application for Temporary Guardianship based on hearsay allegations of the BLACK Defendant and the afore-stated hearsay report of Dr. Kunik.

Significantly, the August 2 Application for Temporary Guardianship had a proposed hand-written order that appears to propose a hearing date of August 10, 2005. Nevertheless, the WOOD Defendant interlineated the proposed *Order* and set the Temporary Guardianship hearing for August 3, 2005, the next day, with no notice to the parties of the pendency of the *Application*. Indeed, the *Application* contains no certificate of service and, as later developments would illustrate, appears to be a prime example of conspiratorial *ex-parte* communication between the WOOD, FULLER, and BLACK Defendants.[2] Also, significantly, the order setting hearing served by the

---

[2] It is also probative that the interlineated Order signed by the WOOD Defendant, violates the 1993 safeguards the legislature inserted into temporary guardianship proceedings at TEX. PROB. CODE § 875 (b) through (g), to prevent the very kind of judicial "railroading" evident here.

-5-

FULLER Defendant is not the interlineated order signed by the WOOD defendant. It is a completely different, typed document which gives the correct hearing date as set by the WOOD Defendant, but which operates to conceal the fact that the WOOD Defendant set a hearing a week earlier than he had been asked to do by the FULLER Defendant on behalf of the ANDERSON and ROBERT DANIEL WHATLEY Defendants.'

    10.    Thus, effective August 2, 2005, Mr. Whatley, represented by private counsel, joined by the Plaintiff here, filed a notice of removal in federal court under 28 U S C . 1443 which invests federal courts with jurisdiction for civil rights violations arising in any actions in State court in which such civil rights are violated. The *Notice of Removal* was filed in Probate Court No. 2 at 8:00 a.m. on August 3 . of 8:15 a.m. counsel for Mr. Whatley and others were in the rear of the courtroom and overheard a clearly enunciated, *ex parte*, sidebar conference between the WOOD and BLACK Defendants in which Judge Wood, with the Notice of Removal in hand thus with actual knowledge that he had been divested of subject matter jurisdiction, assured Mr. Black to the effect, that [...] . Black is in Hughes in federal court and have him urge the removal, and he'll have made more by [...] unless he wants to start being a probate judge . . Next, again, with actual knowledge of his lack of subject matter jurisdiction, Judge Wood nevertheless held a bench conference on the record in which he (a) clearly demonstrates *ex-parte* knowledge of alleged facts in the case derived principally from the BLACK Defendant, (b) demonstrably indicates an *animus* against Plaintiff herein, Mrs. Whatley and (c) that he had pre-judged the issue notwithstanding the lack of any admissible evidence. With regard to the latter, Mrs. Whatley, Plaintiff here, had subpoenaed Dr. Kunick. Subsequently, the BLACK Defendant told private counsel for Mr. Whatley

---

        ³ Further, the evident *ex-parte* communication between the BLACK and FULLER Defendants constitutes violation of the attorney-client privilege and thus, serves as a predicate act for the breach of fiduciary claim, *infra.*

-6-

that Dr. Kunik had contacted the WOOD Defendant upon receipt of the subpoena, *ex parte*, and was instructed not to appear; indeed, Dr. Kunik did not appear at the August 3, 2005 hearing.[*]

11.     Meanwhile, alerted to the possibility of judicial misconduct, private counsel for Mr. Whatley, Ms. Susan C. Norman, checked the PACER system and discovered that the federal court *Notice of Removal* had been randomly assigned to Hon. Lee Rosenthal and that the ancillary federal judge that day was Hon. Keith Ellison. Nevertheless, lo and behold, within a half hour of leaving state court, counsel's phones began to ring with a notice that none other than Honorable Lynn Hughes was demanding an immediate telephonic conference with all counsel involved in the Probate Court matter.

12.     At the telephonic conference, Judge Hughes confirmed that the WOOD Defendant had contacted him. The BLACK Defendant was less than candid, if not deliberately misleading in his statement of the content of the WOOD Defendant's communication to him. Judge Hughes then *sua sponte* initiated remand via instructions to the BLACK and FULLER Defendants to make oral motions which he, Judge Hughes, then re-characterized as appropriate oral motions to remand. Mr. Whatley's private counsel and Mrs. Whatley's private counsel strenuously objected. Nevertheless, Judge Hughes issued an Order in which he said he remanded the case and ordered the parties to re-appear in Probate Court No. 2 at 3:00 p.m. that day. The parties did re-appear and,

---

[*] The alleged facts of which the WOOD Defendant demonstrated *ex-parte* knowledge had to do with attempted service of process on Mr. Whatley at Methodist Hospital whose security, acting on the hospital's policy, blocked the service of Mr. Whatley in his hospital room. Yet, incredibly, the BLACK Defendant admitted that, "I suggested that he [the process server] be allowed to serve Mr. Whatley so Mr. Whatley would have notice other then me telling him about this proceeding; and that was denied." This clearly not only joins the BLACK Defendant in the civil rights conspiracy, but also constitutes an independent act of breach of fiduciary duty to his client, especially in the less-than-24 hour-notice fiasco being perpetrated on Mr. Whatley by the Court. The breach of fiduciary duty is also seen in Mr. Black's inconsistent position, i.e., *I think my client is incompetent and thus needs a guardian, yet I want him served so he can independently assess the significance of a pending temporary guardianship.*

-7-

among other things, were told by the WOOD Defendant, "I saw the Order of remand somewhere where Judge Hughes told y'all to be here. I didn't tell you to be here."[5] Thus arises a novel question as to whether, under generally recognized principles of federal-state comedy, a United States District Judge can set a state court hearing docket.

13.   In the telephonic conference, it is also significant that Judge Hughes admitted receiving a telephone call from Judge Wood on the excuse that " . . we ask the state judges to do [this] when they get what looks like a disruptive removal, to call us . . ." This appears to be a rule ingrafted by Judge Hughes upon Congress's removal statute, 28 U.S.C. . . . 1446, of which this Plaintiff has heretofore been unaware. Judge Hughes also remarked that Mr. and Mrs. Whatley's remedies were, " . . . Mr. Shea, you need to sue somebody, not remove."

14.   The instant action thus ensues.

## IV.   REQUEST FOR DECLARATORY RELIEF

The WOOD, BLACK, and FULLER Defendants and their successors in Probate Court No. 2 of Harris County, Texas are parties defendant to this cause of action.

Plaintiff re-alleges par. 13, part III, *supra*, for purposes of this cause of action.

Pursuant to the Texas Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq.*, Plaintiff requests that the Court review and, in the interest of justice and equity, void, vacate, reform or otherwise interpret the alleged theory of "disruptive removal" made part of the basis of this lawsuit as it may apply to the actions of a state court (only).

Plaintiff also asks for costs and reasonable and necessary attorney's fees as are equitable and just pursuant to § 37.009 of the Act.

---

[5] Somewhat reminiscent of the famous remark of Justice Hiller Zobel to Barry Scheck in *Commonwealth of Massachusetts v. Louise Woodward*, "don't come here and tell me 'the devil made me do it.'"

-8-

The cause(s) of action hereinafter pled are in the alternative to or in support of the declaratory relief sought.

## V   CAUSE OF ACTION: DEPRIVATION OF CIVIL RIGHTS

### AND CONSPIRACY TO DEPRIVE CIVIL RIGHTS[*]

All Defendants are parties to this cause of action.[7]

Plaintiff re alleges factual recitations 6-13 at Par. III, *supra*

At time of trial  Plaintiff will prove that each of the defendants, acting individually or severally committed tortious or "wrongful acts" which constitute an intentional deprivation of their [...] freedoms, among which are the freedom of their person, freedom to marry  freedom to own property  and enjoyment of due process of law   These wrongful acts are the proximate cause of Plaintiffs  damages in terms of emotional trauma, pain and worry  unnecessary medical expenses, and substantial attorney's fees which they seek from all these Defendants, jointly and severally

With respect to the conspiracy to commit this tort or wrongful acts, at time of trial, Plaintiff will prove that the WOOD  BLACK AND FULLER defendants conspired among themselves to commit wrongful acts  (b) which nevertheless arguably had a lawful purpose in terms of the Defendants  mutual financial aggrandizement, (c) that there was a meeting of the minds among the conspirators about the object of their conspiracy, i.e., that there was an agreement or consent among them and a specific intent to achieve their lawful purpose using unlawful means.  Next, the co-

---

[*] The civil rights deprivation constitute the underlying tort committed singly or severally by the actors.  It forms the predicate tort for the derivative conspiracy and thus, the two are pleaded as a single cause of action in two parts.

[7] The ROBERT WHATLEY and JEANIE ANDERSON Defendants are liable for individual and several acts of deprivation of civil rights.  With respect to the conspiracy, Plaintiff presumes they were not direct actors for purposes of the "meeting of the minds" prong.  Nevertheless they are liable for the conspiratorial acts of their attorney committed on their behalf.

conspirators were aware of the unlawful conduct at the beginning of their conspiracy yet nevertheless

did it. Finally, the conspiracy was the proximate cause of each of Plaintiffs' injuries for which they

seek both ordinary and exemplary damages and attorneys' fees without regard to statutory caps.

## VI. CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

## AND CONSPIRACY TO BREACH FIDUCIARY DUTY

The BLACK Defendant is respondent to the underlying tort or wrongful act of intentional

breach of fiduciary duty and both the WOOD and BLACK Defendants are respondents to the

derivative conspiracy.

Plaintiff Attorney-in-Fact re-alleges facts set forth in pars. 6 and 11 *part* of *supra*.

At time of trial, Plaintiff will prove that the BLACK Defendant, acting individually and on

behalf of the WOOD Defendant, committed tortious or wrongful acts — which constitute an

intentional breach of fiduciary duty by the BLACK Defendant owed to Mr. Whalen. These

wrongful acts are the proximate cause of Plaintiff's damages in terms of emotional trauma, pain and

some unnecessary medical expenses, and substantial attorney's fees which she seeks on his behalf

from all these Defendants, jointly and severally. She also seeks exemplary damages on his behalf.

See *Burrows v. Gree.*

With respect to the conspiracy to commit this tort or these wrongful acts, at time of trial,

Plaintiff will prove (a) that the WOOD and BLACK Defendants conspired between themselves to

commit wrongful acts, (b) which nevertheless arguably had a lawful purpose in terms of the

Defendants' mutual financial aggrandizement, (c) that there was a meeting of the minds among the

conspirators about the object of their conspiracy, i.e., that there was an agreement or consent among

them and a specific intent to achieve their lawful purpose using unlawful means. Next, the co-

conspirators were aware of the unlawful conduct at the beginning of their conspiracy yet nevertheless

-10-

did it. Finally, the conspiracy was the proximate cause of Mr. Whatley's injuries for which Plaintiff seeks both ordinary and exemplary damages and attorneys' fees without regard to statutory caps.

## VII. REQUEST FOR TEMPORARY INJUNCTION

Plaintiff pleads that at time of trial she, both individually and as Attorney-in-Fact, will be able to recover on the merits. Nevertheless, in the interim, unless the WOOD, BLACK and FULLER Defendants or their successors, and all those acting in concert and scheme with them including but not limited to physicians, spouses, lawyers, para-legals, and secretaries, are immediately TEMPORARILY ENJOINED from the following acts, they will be further and irreparably harmed in their civil rights for which they will have no other adequate remedy at law:

a.  engaging in any type of ex-parte communication by or with the printate court on any matters relating to this case.

b.  the probate court engaging in any type of ex-parte communication with another court, federal or state, in any matters pertaining to this case

c.  appearing in any other court of the United States of America in an attempt to dissolve this Order, save and except removal, in which case the federal court receives the case with this Order intact.

## VIII. REQUEST FOR PERMANENT INJUNCTION

Plaintiff further asks that at time of trial, this temporary relief be made permanent in the form of a permanent injunction to bar these and other similarly situated Defendants in Probate Court No. 2 from similar acts.

## IX: REQUEST FOR DISCLOSURE

Plaintiff hereby requests pursuant to TEX. R. CIV. P. 194 that each Defendant disclose, within thirty days of service of this request, the information and material described in Rule 194.2 (a)

-11-

through (I). inclusive.

## X. REQUEST FOR RELIEF

WHEREFORE. PREMISES CONSIDERED. Plaintiff DAWN JOHNSON WHATLEY. Individually and as Attorney-in-Fact for her husband PERRY LEE WHATLEY requests that upon trial of the case, she recover those damages, attorneys' fees, and have other affirmative relief related to the causes of action plead or which, by way of trial amendment, may be asserted. She asks for any further injunctive relief to which she may show herself entitled upon proper amendment, notice, and hearing. She also asks for such declaratory relief and costs and fees as the court may determine to be necessary in the interests of justice and equity. She also asks for pre-judgment and post-judgment interest as provided by law.

Plaintiff also asks for such other and further relief, general or special, whether at law or in equity, to which she may show herself or Mr. Whatley justly entitled.

Respectfully submitted.

DANIEL J. SHEA, P.C.

By _____

DANIEL J. SHEA
Texas Bar No. 18163850
1928 West Bell Street
Houston. TX 77019-4814
(713) 942-7500
(713) 942-7507 Facsimile

ATTORNEY FOR PLAINTIFF
DAWN JOHNSON WHATLEY

-12-

IF NO POWER LISTED ABOVE IS CROSSED OUT, THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A GENERAL POWER OF ATTORNEY AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT

## SPECIAL INSTRUCTIONS:

Special instructions are applicable to gifts (initial in front of the following sentence to have it apply)

I grant my agent (attorney in fact) the power to apply my property to make gifts, except that the amount of a gift to an individual may not exceed the amount of annual exclusions allowed from the federal gift tax for the calendar year of the gift.

IN THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT

This power of attorney becomes effective immediately

If a definition of my disability or incapacity is not contained in this power of attorney, I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize a physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify and hold harmless the third party for any claims that arise against the third party because of reliance on this power of attorney.

If any agent named by me dies, becomes legally disabled, resigns, or refuses to act, I name the following as successor to that agent: none.

Signed on __Jan. 7__, 2005.

_Perry P. Whatley_
Perry L. Whatley

STATUTORY DURABLE POWER OF ATTORNEY                                    Page 2

THE STATE OF TEXAS              §
                               §
COUNTY OF HARRIS               §

This document was acknowledged before me by Perry L. Whatley on Jan 7,
2005


RHONDA M. CLARK
MY COMMISSION EXPIRES
April 3, 2006

Rhonda M Clark
Notary Public, State of Texas


THE ATTORNEY IN FACT OR AGENT, BY ACCEPTING OR ACTING UNDER THE
APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL
RESPONSIBILITIES OF AN AGENT.

PREPARED IN THE OFFICE OF

Law Offices of Susan C. Norman
4615 Suan Freeway, Suite 100
Houston, TX 77024
713-... ...-4 phone
713-...-6043 facsimile

STATUTORY DURABLE POWER OF ATTORNEY                    Page 3

NO. 355,095

| | | |
|---|---|---|
| *IN RE* THE PERSON AND ESTATE | § | IN THE PROBATE COURT |
| | § | |
| OF PERRY LEE WHATLEY, A PRO- | § | HARRIS COUNTY, TEX |
| | § | |
| POSED WARD. | § | COURT NUMBER (2) TW |

## OBJECTION TO ASSIGNMENT PURSUANT TO THE TEXAS GOV'T CODE

## OR, IN THE ALTERNATIVE,

## VERIFIED MOTION TO RECUSE THE HONORABLE RUSSELL AUSTIN, AND MOTION TO STAY THESE PROCEEDINGS PENDING ACTION BY THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT

TO THE HONORABLE RUSSELL AUSTIN, SITTING BY ASSIGNMENT:

I.

DAWN JOHNSON WHATLEY, Spouse-Designee and Movant herein, hereby perempt    y strikes this Judge, Honorable Russell Austin, assigned pursuant to the TEX. GOV. CODE § 25.0    2. However, because § 22.0022 is identical in scope to the Code at § 74 in every respect, exce    § 74.053, then the statute is not in harmony with Rule 18 or the other rules that cover assignmen    f visiting judges and the recusal rules and or statutes. Thus, for the purposes of hearing the mo    a to recuse Honorable Mike Wood, this Judge is a "Visiting Judge" for all intents and purposes ur    r the Government Code, *See OCS v. PI Energy*, 48 S.W.3d. 548 (Tex.App.–Houston [1st Dist.] 20 no writ). Thus, when challenged, the duty not to hear the case is a mandatory one.

II.

Should the Court overrule the motion to strike the assignment, then Movant moves to rec this Judge, the Honorable Russell Austin, for the stated grounds as follows:

The motion to recuse Judge Mike Wood is predicated on his demonstrated ability to use

-1-


EXHIBIT
T

telephone with other Judges as an instrument of oppression. Indeed, on August 2, 2005, (wi   ut

informing anyone but the *Ad-Litem, ex-parte*) Judge Wood placed a "secret" telephone call to   S.

District Judge, Lynn N. Hughes.[1]   As a result of that call, Judge Hughes intercepted Movant's   ig

and removed it from the docket of another Judge, thereby bypassing the random assign   at

mandated by the Federal Courts. Thereafter, he remanded the case on a ground not authorize   ry

Congress. Thus, based on what Judge Wood was able to accomplish by way of improper influ   c

with a United States District Judge, Movant cannot but presume that he is capable of exerc   g

similar influence with all the Probate Judges of Harris County, Texas.

### III.

Movant is in the process of preparing a petition for mandamus relief to the United S   s

Court of Appeals for the Fifth Circuit to address the aforementioned telephone call, and J(   e

Hughes' *Order* that was the result of the telephone call. According to Judge Hughes, the fec   l

judges encourage the State Judges to "call them" outside the presence of the parties if a cas   s

removed.[2] The 5th Circuit recognizes no such encouragement and in fact reviews by mandamus th   e

actions that violate the rules of judicial conduct as well as the statutory grant given by Congres   l

removal matters.[3]

Judge Mike Wood's boldness does not stop there. In the case of *United States v. B*

---

[1] Judge Hughes confirmed that Mike Wood did call him as he stated to the ad litem tha
would do on the morning of August 2, 2005. However, the ad litem had a duty to disclose
misconduct and did not.

[2] If this were true, then Congress should simply repeal Title 28 U.S.C. §§ 1446 and 1447, a
thus allow a State Judge who did not want a case removed to simply pick up the telephone, beco
a Movant himself, and instruct a Federal Judge to remand the case.

[3] The cause will be returned and all actions taken in the interim will be void resulting
more delays and expense to all the parties. Thus, in an abundance of caution, the case should
stayed until the 5th Circuit rules, which they do promptly on mandamus petitions.

*Jordan*, 49 F.3d 152 (5ᵗʰ Cir. 1995), the Fifth Circuit struck Judge Mike Wood's "amicus" bri    hat
Judge Wood had filed to support the conviction of Mrs. Jordan. In Federal criminal cases, the    are
only two parties to the litigation: the Government, and the Defendant. In the Jordan case,    ge
Mike Wood attempted to become a "quasi" Asst. U.S. Attorney -- arguing for his own "inte    y"
and for upholding the conviction of a woman who years earlier he had assaulted. The Fifth C    it,
after examining the relationship of the Woods and the federal District Judge, vacated the    sh
sentence imposed, removed the federal judge from the case, and transferred the case to New Or    ns
for a new sentencing hearing to keep the case as far away from Mike and Sharolyn Wood as pos    e.

Given what Judge Hughes has already confirmed, and what the Fifth Circuit has four    by
published opinion, there is no doubt, or at least a remote one, that Mike Wood has used the telep    ae
again to influence the outcome of this case. That is a chance that Movants will not take. Thus, J    te
King, like the Fifth Circuit, needs to assign a judge from outside this district who arguably is    a
better position to rebuff the telephone calls of Judge Mike Wood.[4]

As stated previously, mandamus relief is in the process of being sought at the Fifth Ci    it
based on published opinions that state that a Federal Court cannot remand a case on a ground    ot
authorized by statute. If this Court grants a stay, the Fifth Circuit will be so informed and that    e
is of the essence. Thus, for the foregoing reasons, and in the interest of judicial economy, con    ',
and to prevent the further appearance of impropriety, Movant requests that the Court sustain    e
objection and remove itself from hearing the case; or in the alternative, that Judge Russell Au    1
recuse himself and send the case back to Judge King, and to stay all proceedings until the F    :
Circuit hands down its opinion

_____

[4] When Judge Mike Wood called the case on August 2, 2005, and announced the outco
of the matter before any evidence was taken, he did so with a copy of the removal in his hand. Th
as a matter of law, he had no subject matter jurisdiction.

-3-

Respectfully submitted:

DANIEL J. SHEA, P.C.

By: _____

DANIEL J. SHEA
State Bar No. 18163850
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

ATTORNEY FOR SPOUSAL GUARD   N
DESIGNEE, DAWN JOHNSON WHAT   Y

## AFFIDAVIT OF DANIEL J. SHEA

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appe:  1
DANIEL J. SHEA, known to me by presentation of his Texas Driver's License to be the per  2
whose signature appears below and who, being by me duly sworn, did depose as follows:

"I am the counsel for DAWN JOHNSON WHATLEY, Spousal Grardian-Desig:  :
identified in the pleadings in this case. I am over the age of eighteen (18) years, mentally compet  .
and not otherwise disqualified by law from making an affidavit.  I have read the above  !
foregoing Motion. I have first hand knowledge of the facts set forth therein and they are true
correct."

_____
DANIEL J. SHEA

SUBSCRIBED AND SWORN TO BY DANIEL J. SHEA this 8th day of August, 2005
certify which, witness below my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

NOTARIAL SEAL WITH
DATE OF EXPIRATION:

-4-

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Objection to Assignment Pursuant to the* ʿas *Gov't Code or in the Alternative, Verified Motion to Recuse the Honorable Russell Austi* nd *Motion to Stay These Proceedings Pending Action by the United States Court of Appeals f* he *Fifth Circuit* has been filed with the Court and provided to all parties-in-interest or their attorn ʿs t of record pursuant to TEX. R. CIV. P. 21 and further, that the same has been served pursuant to X. R. CIV. P. 21a on the 8th day of August, 2005 to the individuals and in the manner indicated b w:

Ms. Susan C. Norman
9135 Katy Fwy., Suite 100
Houston, TX 77024-1636
ATTORNEY FOR RESPONDENT,
PERRY LEE WHATLEY

Facsimile: (713) 468-624

Mr. John L. Green
4888 Loop Central Dr., Suite 445
Houston, TX 77081-2226
ATTORNEY FOR DAWN JOHNSON
WHATLEY, SPOUSAL APPLICANT

Facsimile: (713) 660-992

Mr. Ray J. Black, Jr.
One Riverway, Suite 1700
Houston, TX 77056-1997
ATTORNEY *AD LITEM*

Facsimile: (713) 840-182(

Mr. Roy L. Fuller
1300 Rollingbrook, Suite 608
Baytown, TX 77521-3863
ATTORNEY FOR APPLICANTS
ROBERT DANIEL WHATLEY
AND JEANIE ANDERSON

Facsimile: (281) 427-9564

DANIEL J. SHEA

NO. 355,095

GUARDIANSHIP OF

PERRY LEE WHATLEY,

AN INCAPACITATED PERSON

IN PROBATE COURT N(

OF

HARRIS COUNTY, TEX

## RESPONSE TO DAWN JOHNSON WHATLEY'S FRIVOLOUS OBJECTION, MOTION TO RECUSE, AND MOTION TO STAY

TO PROBATE COURT NO. 2:

Ray J. Black, Jr., Court-appointed Attorney Ad Litem for Perry Lee Whatley, a purporte

incapacitated person, files this his response to the frivolous *Objection to Assignment Pursuant to*

*Texas Gov't Code or, in the Altnerative, Verified Motion to Recuse the Honorable Russell Aus.*

*and Motion to Stay These Proceedings Pending Action by the United States Circuit Court of Appe*

*for the Fifth Circuit* filed by Dawn Johnson Whatley, and in support thereof would respectfully sh

the Court the following:

1.

First, credit must be given to Dawn Johnson Whatley and her counsel, Daniel J. Shea, w

in a single, four-page objection/motion, managed to (i) impugn the integrity of a sitting fede

district judge and two sitting statutory probate judges, (ii) question the authority of the presid

statutory probate judge for the State of Texas, (iii) accuse the Court-appointed Attorney Ad Lit

and a statutory probate judge of unethical behavior, (iv) mis-cite the purported authority for objecti

to Judge Austin's assignment, (v) completely mis-state Texas law, (vi) threaten a mandan

proceeding in order to influence a judicial decision, and (vii) reveal an overwhelming a

inexplicable ignorance of guardianship law and procedure. Surprisingly, they do so with a strai



**EXHIBIT**

**u**

face.[1]

2.

Second, had Ms. Whatley and/or her counsel bothered to read the applicable statutory

case law authority that actually governs recusals and the assignment of statutory probate judge

Texas, they would know just how groundless their objection/motion truly is. Citing Section 74.

of the Texas Government Code, Ms. Whatley first objects to the appointment of Judge Austi

preside over the hearing on Ms. Whatley's motion to recuse Judge Wood.[2]  As shown below,

argument has been tried and failed.

Specifically, the Fourteenth Court of Appeals was recently presented with the ident

argument in *In re: Living Centers of America, Inc.*, 10 S.W.3d 1 (Tex. App.–Houston [14th Di

2000, orig. proceeding). In that case, the relators complained (like Ms. Whatley in this case) that

visiting judge assigned to hear a probate case should have removed himself pursuant to Sect

74.053 of the Texas Government Code. The facts reveal that on March 12, 1999, Judge Rory Ols

presiding judge of Harris County Probate Court Number Three, voluntarily recused himself. ⸿

case was subsequently referred to Judge Guy Herman, then sitting as the presiding judge for

---

[1] Actually, their facial expression at this point more likely resembles a smirk, for in the past week alone, Whatley and her counsel have attempted, unsuccessfully thus far, the undermine the judicial process of an otherv standard guardianship proceeding. For in less than seven days, Ms. Whatley and her counsel have filed (i) two motions to recuse, (ii) one (1) notice of removal of a guardianship proceeding to federal court, (iii) an objection to assignment of a statutory probate judge to preside over a recusal hearing, (iv) a motion to stay a recusal hearing, and a wholly independent lawsuit against Judge Wood (individually and as a sitting judge), the Court-appointed Attor Ad Litem, Roy Fuller, and Mr. Fuller's clients. And, with recent history as our guide, more pleadings should forthcoming, including a writ of mandamus to the 5th Circuit Court of Appeals. One word that comes to mind w describing such conduct is, at the very least, "vexatious."

[2] Ms. Whatley also cites (or more appropriately, mis-cites) the case of *O.C.S., Inc. v. PI Energy Corp.*, S.W.3d 548 (Tex. App.–Houston [1st Dist.] 2000, no writ) as further support for her argument. However, the fact *O.C.S.* are wholly distinguishable from this case because *O.C.S.* dealt with the assignment of a district court judge, a statutory probate court judge. Therefore, the statutory safeguards present in this case were not applicable.

-2-

statutory probate courts in Texas, for assignment of a visiting judge. On March 31, 1999, Ju

Herman assigned Judge Jerome Jones the hear the underlying case pursuant to Section 25.002

the Texas Government Code. Thereafter, the relators filed an objection Judge Jones' assignn

pursuant to Section 74.053 of the Texas Government Code. In response, the real parties in inte

argued that Section 74.053 did not apply to Judge Jones' assignment under Section 25.0(

Relators replied by asserting that Section 25.00261 of the Texas Government Code requ

application of the district court laws and rules to probate courts exercising concurrent jurisdic

with district courts.[3] Judge Jones eventually signed an order denying relators' objection. *See Li*

*Centers*, 10 S.W.3d at 3.

Relators then filed a petition for writ of mandamus in which they argued (i) that Judge Jo

should have automatically removed himself when they filed their objections under Section 74.

of the Texas Government Code, and (ii) that only the presiding judge of the second administrat

judicial region, not Judge Herman, had authority to assign a judge by way of Section 74.052 of

Texas Government Code. Both arguments failed.

Citing the case of *Rabson v. Rabson*, 906 S.W.2d 561 (Tex. App.–Houston [14th Dist.] 19

writ denied), the Fourteenth Court of Appeals agreed with the real parties in interest that Sect

25.00261 of the Texas Government Code applies *only* to trial practice and procedure and *not* to

---

[3] Section 25.00261 of the Texas Government Code provides as follows:

> The drawing of jury panels, selection of jurors, and practice in the statutory probate courts must conform to that prescribed by law for county courts, except that practice, procedure, rules of evidence, issuance of process and writs, juries, including the number of jurors, and all other matters pertaining to the conduct of trials and hearings in the statutory probate courts involving those matters of concurrent jurisdiction with district courts are governed by the law and rules pertaining to district courts.

Tex. Gov't Code Ann. § 26.00261 (Vernon Supp. 2004).

-3-

pre-trial assignment of judges. *See Living Centers*, 10 S.W.3d at 4. *See also*, *Erbs v. Bebard*, S.W.2d 750 (Tex. App.–Dallas 1988, no writ) (holding that presiding judge of statutory pro courts, who assigned himself to a case under Section 25.0022(i), did not abuse his discretion by removing himself pursuant to an objection under Section 74.053(b)).

The Fourteenth Court of Appeals then pointed out an even more compelling, if not deci rationale for not applying Section 74.053 of the Texas Government Code to the assignmen probate judges under 25.0022. The court of appeals recognized that Section 25.0022(w) of the Te Government Code provided that Chapter 74 and Subchapter I, Chapter 75, did not even apply to assignment of statutory probate judges.[4] Therefore, by virtue of unambiguous statutory langu; and borrowing from the sound rationale of the *Living Centers* opinion, Ms. Whatley's objectio the assignment of Judge Austin is groundless and should be **denied**.

3.

Next, Ms. Whatley argues that, if he is inclined to deny her motion to strike the assignm. Judge Austin should recuse himself (from this recusal hearing no less) because Judge Austir presumably weak and incapable of succumbing to Judge Wood's alleged exercise of "influence" o all Harris County probate judges. Although Ms. Whatley does not cite this Court to any autho; to support that rather novel argument, if given a second chance she would presumably refer interested parties to Rules 18a and 18b of the Texas Rules of Civil Procedure. Specifically, Rule 1 addresses the procedure for recusal, and Rule 18b sets forth the grounds for recusal.

---

[4] Presently, that language is codified in Section 25.0022(r), which reads as follows:

> (r) Chapter 74 and Subchapter I, Chapter 75 [of the Texas Government Code], do not apply to the assignment under this section of statutory probate court judges.

TEX. GOV'T CODE ANN. § 25.0022(r) (Vernon Supp. 2004).

A review of those rules reveals, rather convincingly, that Ms. Whatley's motion to rec   e

fails on both procedural and substantive grounds. In fact, the first sentence of Rule 18a(a) of   e

Texas Rules of Civil Procedure provides, in pertinent part, as follows:

> **(a) *At least ten days before the date set for trial or other hearing*** in any
> court other than the Supreme Court, the Court of Criminal Appeals or other court of
> appeals, any party may file with the clerk of the court a motion stating the grounds
> why the judge before whom the case is pending should not sit in the case.

TEX. R. CIV. P. 18a(a) (emphasis added). Ms. Whatley filed her motion to recuse Judge Austin fi

presiding over Judge Wood's recusal hearing less than two (2) days prior to the date and time set

that hearing. In other words, Ms. Whatley failed to give proper notice of her second motior

recuse. Therefore, the motion is procedurally defective and must be **denied**.

Additionally, Rule 18a requires that a motion to recuse must "state with particularity

grounds why the judge before whom the case is pending should not sit." TEX. R. CIV. P. 18a(a).

no time does Ms. Whatley's motion mention any of the possible grounds for recusal as set out

Rule 18b of the Texas Rules of Civil Procedure. Therefore, in the absence of any semblance

specificity, Ms. Whatley's motion to recuse is both procedurally *and* substantively defective a

must be **denied**.

Finally, Rule 18a requires that a motion to recuse be verified and made "on persor

knowledge and shall set forth such facts as would be admissible in evidence. . .." *See id.* As :

forth above, the basis for the recusal motion, according to Ms. Whatley, is Judge Austin's inabil:

to avert the *future* "influence" of Judge Wood over the outcome of this case. That argument cann

reflect Ms. Whatley's personal knowledge (or that of her counsel) because it presupposes ti

-5-

occurrence of an event that, as yet, has not happened. In other words, it reflects pure speculation  ·t

to mention a poor choice of accusations). As such, the "evidence", if one could loosely characte  ɔ

it as such, would be inadmissible in a trial on the merits. Therefore, Ms. Whatley's motion is ﹤  ɔ

again procedurally *and* substantively defective and must be **denied**.

4.

Not deterred by the vagaries of her first two arguments, Ms. Whatley interjects a th  ,

namely that this Court should stay this recusal hearing pending the outcome of an as yet unfiled·  t

of mandamus to the 5th Circuit Court of Appeals. As her argument goes, Ms. Whatley believes  ﹞

be in everyone's "best interest" to stay this proceeding while she seeks a better outcome on  ·

removal action at the 5th Circuit level than she received from the Hon. Lynn Hughes at the fed·

district court level. A quick glance at Ms. Whatley's motion reveals a total void of case lav

statutory authority for imposing a stay. What *is* apparent, however, is that Ms. Whatley and

counsel will not accept *any* ruling from *any* court of *any* jurisdiction that is contrary to their v:

of the world. Thus, they will stop at nothing (cost apparently being no object) to thwart, ust

undermine, delay, and otherwise thumb their nose at our judicial system. What is most disturb

about such conduct is that the best interests of my client, Perry Lee Whatley, fit nowhere in

equation. For these reasons, Ms. Whatley's motion to stay should be **denied**.

5.

## Motion for Sanctions

As set forth above, Ms. Whatley's motion to recuse is groundless and without sufficio

cause. That fact, coupled with the request for a stay of the very hearing that Ms. Whatley put in pl

by the filing of her first motion to recuse signals a clear and unambiguous attempt to delay t

-6-

pending guardianship proceeding. Therefore, as permitted under Rule 18a(h) of the Texas Rule

Civil Procedure, this Court should impose any sanction authorized by Rule 215.2(b) that the C

deems appropriate, including but not limited to striking all or a portion of Ms. Whatley's pleadi

and/or assessing against Ms. Whatley and her counsel reasonable expenses of this procee

(inclusive of attorneys fees).

WHEREFORE, PREMISES CONSIDERED, Ray J. Black, Jr., Court-appointed Attor

Ad Litem for Perry Lee Whatley, a purportedly incapacitated person, prays that this Court (i) d

Dawn Johnson Whatley's frivolous objection to assignment, motion to recuse, and motion to s

(ii) impose sanctions against Ms. Whatley and/or her counsel as allowed under Rule 215.2(b) of

Texas Rules of Civil Procedure, and (iii) award such other and further relief to which respond

may show himself justly entitled.

Respectfully submitted,

LAW OFFICES OF RAY J. BLACK, JR.

Ray J. Black, Jr.
State Bar No. 00790313
One Riverway, Suite 1700
Houston, Texas 77056-1997
(713) 840-1955
(713) 840-1820 Facsimile

Attorney Ad Litem

-7-

## CERTIFICATE OF SERVICE

I, Ray J. Black, Jr., do hereby certify that a true and correct copy of the foregoing instrur    t was forwarded to:

Mr. Daniel J. Shea
Attorney at Law
1928 West Bell Street
Houston, Texas 77019-4814

Mr. Roy Fuller
Attorney at Law
1300 Rollingbrook, Suite 608
Baytown, Texas 77521-3863

Ms. Susan C. Norman
Attorney at Law
9135 Katy Frwy., Suite 100
Houston, Texas 77024-1636

Mr. John L. Green
Attorney at Law
4888 Loop Central Drive, Suite 445
Houston, Texas 77081-2226

Hon. Mike Wood
Harris County Probate Court No. 2
1115 Congress, 6th Floor
Houston, Texas 77002

via facsimile, hand delivery, and/or certified mail, return receipt requested, on this the 9th da    f August, 2005.

Ray J. Black, Jr.

-8-

NO. 355,095

| GUARDIANSHIP OF | IN PROBATE COURT NO. 2 |
| PERRY LEE WHATLEY, | OF |
| AN INCAPACITATED PERSON | HARRIS COUNTY, TEXAS |

## ORDER DENYING MOTION TO RECUSE

On the 9th day of August, 2005, came on to be considered *Dawn Johnson Whatley's Amended Verified Motion to Recuse Hon. Mike Wood, Judge, Harris County Probate Court No. 2* (th "Recusal Motion"), and the *Motion for Sanctions* (the "Sanctions Motion") filed by Ray J. Blac Jr., Attorney Ad Litem for Perry Lee Whatley, a purportedly incapacitated person. After considerin the motions, the relevant case law, and the argument of counsel, the Court finds that, in the absenc of any grounds for recusal, the Recusal Motion should be denied. The Court further finds that tl recusal was urged solely for delay. It is, therefore,

ORDERED that *Dawn Johnson Whatley's Amended Verified Motion to Recuse Hon. Mi Wood, Judge, Harris County Probate Court No. 2* is hereby DENIED. It is further,

ORDERED that Dawn Johnson Whatley and Daniel J. Shea, jointly and severally, pay t sum of $ ~~2,000.00~~ 2,000.00 to Ray J. Black, Jr., Attorney Ad Litem for Perry Lee Whatl a purportedly incapacitated person, as monetary sanctions.

SIGNED this the 6th day of September, 2005.

JUDGE PRESIDING



EXHIBIT
V

SEP-07-2005  09:01   RRIS COUNTY PROBATE CT.   713 755 5306

No. 355095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | )( | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | )( | |
| | )( | NUMBER TWO (2) OF |
| PERRY LEE WHATLEY, | )( | |
| | )( | |
| INCAPACITATED PERSON | )( | HARRIS COUNTY, TEXAS |

## NOTICE OF HEARING ON APPLICATION FOR APPOINTMENT
## OF TEMPORARY GUARDIAN OF THE PERSON AND ESTATE

It is ORDERED that a hearing before this Court on the Application for

Appointment of Temporary Guardian of the Person and Estate is set for the ___9th___ day of

~~August~~ September, 2005, at ___11:00___ o'clock a.m. in Probate Court No. 2, located in the Famil

Law Center, 1115 Congress, Houston, Texas.

SIGNED __September 7__, 2005.

_____
JUDGE PRESIDING

Whatley\App. for Temp. Guardianship



# NO. 14-05-00826-CV

## IN THE COURT OF APPEALS

## 14th JUDICIAL DISTRICT

### at Houston, Texas

*In re: Dawn Johnson Whatley*
*Relator*

## From the PROBATE COURT NO.2
of Harris County, Texas
TRIAL COURT CASE NO. 355,095

## RELATOR'S EMERGENCY MOTION TO STAY PROCEEDINGS IN THE TRIAL COURT

PETER J. RIGA
State Bar # 16915900
8700 Commerce Park Drive Suite 116
Houston, Texas 77036-7423
713-771-8494
713-771-8653 (Telecopier)
Attorney For Relator



**ORAL ARGUMENT WAIVED**

---

## TEMPORARY RELIEF

---

## TO THE HONORABLE JUSTICES OF THE COURT:

Relator, consistent with Texas Rule of Appellate Procedure 52.10, moves the Co

to stay the underlying proceedings and would show as follows:

### Introduction

1.     On August 16, 2005, this Court ordered the True Parties-in-Interest to fil

reply to the *Petition for Writ of Mandamus* brought by Relator.

2.     The Court has tentatively set this matter on its docket for September 13th 200

It is expected that the Court will hand down an opinion on that date.

3.     In the interim, on September 6th 2005, Respondent Austin handed down h

Order denying the motion to recuse the Honorable Mike Wood, and in addition, impose

sanctions in the amount of $ 2,000.00 against Relator's trial Counsel. These sanctions ar

interesting in that no one asked for sanctions relating to the motion to recuse Judge Woo

and no one even suggested that the filing of the motion to recuse Judge Wood was brough

for delay.[1]  *See* Exhibit "A" attached hereto and duly incorporated herein by reference.

---

[1]

The *Ad-Litem* requested sanctions based on the motion to recuse Judge Austin, whereir
Judge Austin determined his own motion to recuse in violation of the Rule and the Statute
which is the gravamen of the instant petition.

## Temporary Relief is Necessary

4.   Relator contends that the Order entered by Judge Austin is wholly void a

unless this Court grants a stay, additional void Orders will be entered by Judge Wood w

has set a series of hearings scheduled to take place today, September 9th 2005, at 11 A.

**Time is of the essence!**

5.   Relator expected that out of respect to a superior Court the true-parties

interest would have waited until this Court decided this matter before proceeding to indu

the entry of further Orders that will result in subsequent mandamus petitions. Indeed, as O(

*vs PI Energy*, 48 S.W.3d. 548, (Tex. App.--Houston [1[st] Dist.] 2000, no writ) teaches, a

Orders entered by Judge Austin are void, and all subsequent Orders entered by Judge Woc

will be void as well, since the motion to recuse Judge Wood was heard by a Judge who wa

laboring under recusal himself. Thus, as a practical matter, it will be a tremendous waste o

this Court's judicial resources to start all over again when the matter at hand is a clear on

Respondent, Judge Austin, could not hear and determine his own motion to recuse; that a

clear as a matter of law. Thus, the instant Order is void and can be addressed in the instar

petition. However, any subsequent Orders entered by Judge Wood will result in additiona

petitions based on the undisputed fact that he is still laboring under recusal and that no recor

can or has been made for this Court to review under the abuse of discretion standard as lon

as Judge Austin's Order of August 9th 2005, denying his own motion to recuse, remains

unaddressed. *Winfield v. Daggett* 846 S.W.2d. 920 (Tex.App.--Houston [1[st] Dist.] 1993.

(Original Proceeding). Therefore, Relator Respectfully moves the Court to enter an Ord

of stay to the trial Court proceedings, and upon consideration, grant conditional mandan

relief compelling Judge Austin to vacate his Order of August 9th 2005 and any subseque

Orders entered while the motion to recuse Respondent, Judge Austin, is still pending a

under consideration by this Court.

Respectfully submitted,
PETER J. RIGA,
SBOT #: 16915900
8700 Commerce Park Drive Suite 116
Houston, Texas 77036-7423
(713) 771-8494 Telephone
(713) 771-8653 Facsimile

ATTORNEY FOR RELATOR

## VERIFICATION

STATE OF TEXAS
COUNTY OF HARRIS

I Peter J. Riga do swear and affirm that all the matters stated herein are true and
correct and that all the exhibits submitted herein are true and correct copies of the matters on
file with the Probate Clerk of Harris County, Texas.

Peter J. Riga

Sworn and Subscribed before me on the 9th Day of September 2005.



MARIA L. LECUNA
MY COMMISSION EXPIRES
MAY 14, 2008

NOTARY PUBLIC

## CERTIFICATE OF NOTICE

On this the 9th day of September 2005, I Peter J. Riga do affirm that I contacted I

Black, Roy Fuller, Susan Norman and Daniel Shea and advised them that this emergei

motion would be filed today September 9th 2005, at 9 A.M., in anticipation of the Cc

considering same. This contact was made by fax wherein a true and correct copy of t

motion for stay was transmitted concurrently in accord with Texas Rule of Appell

Procedure 52.10, and by direct telephone contact to each respective counsel's office.

Peter J. Riga

# CERTIFICATE OF SERVICE

I certify that I delivered a true and correct copy of the foregoing motion to all part.
through their attorney of record, in accordance with Rule 9.5 of the Texas Rules of Appell:
Procedure on the 9th Day of September, 2005 as follows:

Mr. Daniel J. Shea *(Hand Delivery)*
DANIEL J. SHEA, P.C.
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Facsimile
ATTORNEY FOR RELATOR
DAWN JOHNSON WHATLEY

Mr. Roy L. Fuller *(Facsimile)*
1300 Rollingbrook, Suite 608
Baytown, TX 77521-3863
(281) 422-3555
(281) 427-9564 Facsimile
ATTORNEY FOR REAL PARTIES-
IN-INTEREST ROBERT DANIEL
WHATLEY AND JEANIE ANDERSON

Mr. John L. Green *(Facsimile)*
4888 Loop Central Dr., Suite 445
Houston, TX 77081-2226
(713) 660-9921
(713) 660-9921 Facsimile

*FAX PR*
Hon. Mike Wood ~~(Hand Delivery)~~
Harris County Probate Court No. 2
1115 Congress 6th Floor
Houston, Texas 77002
RESPONDENT JUDGE

Ms. Susan C. Norman *(Hand Delivery)*
LAW OFFICES OF SUSAN C. NORMAN
9135 Katy Freeway, Suite 100
Houston, TX 77024-1636
(713) 465-4344
(713) 468-6243 Facsimile
ATTORNEY FOR REAL PARTY-IN-
INTEREST, PERRY LEE WHATLEY

Mr. Ray Black, Jr. *(Facsimile)*
LAW OFFICES OF RAY J. BLACK, JR.
One Riverway, Suite 1700
Houston, TX 77056-1997
(713) 840-1955
(713) (713) 840-1820 Facsimile
ATTORNEY *AD LITEM* FOR PARTY-IN-
INTEREST, PERRY LEE WHATLEY

*FAX PR*
Hon. Russell Austin, Judge ~~(Hand Delivery)~~
Harris County Probate Court No. 1
1115 Congress St., 6th Floor
Houston, TX 77002
RESPONDENT

PETER J. RIGA

FROM : RIGALAWFAX001                    FAX NO. : 7137718653                Sep. 09 2005 05:09A    P8

SEP. 06 2005 2:58PM    HP LASERJET 3200                                                    p.1

NO. 355,095

GUARDIANSHIP OF                                    IN PROBATE COURT NO. 2

PERRY LEE WHATLEY,                                          OF

AN INCAPACITATED PERSON                          HARRIS COUNTY, TEXAS

## ORDER DENYING MOTION TO RECUSE

On the 9th day of August, 2005, came on to be considered *Dawn Johnson Whatley's Amended*

*Verified Motion to Recuse Hon. Mike Wood, Judge, Harris County Probate Court No. 2* (the

"Recusal Motion"), and the *Motion for Sanctions* (the "Sanctions Motion") filed by Ray J. Black,

Jr., Attorney Ad Litem for Perry Lee Whatley, a purportedly incapacitated person. After considering

the motions, the relevant case law, and the argument of counsel, the Court finds that, in the absence

of any grounds for recusal, the Recusal Motion should be denied. The Court further finds that the

recusal was urged solely for delay. It is, therefore,

ORDERED that *Dawn Johnson Whatley's Amended Verified Motion to Recuse Hon. Mike*

*Wood, Judge, Harris County Probate Court No. 2* is hereby DENIED. It is further,

ORDERED that Dawn Johnson Whatley and Daniel J. Shea, jointly and severally, pay the

sum of $ ~~2,500.00~~ 2,000.00 to Ray J. Black, Jr., Attorney Ad Litem for Perry Lee Whatley,

a purportedly incapacitated person, as monetary sanctions.

SIGNED this the 6th day of September 2005.

_____
JUDGE PRESIDING



PETITIONER'S
EXHIBIT

NO. 355,095

| | | | |
|---|---|---|---|
| *IN RE*: THE PERSON AND ESTATE | § | IN THE PROBATE COU | OF |
| | § | | |
| OF PERRY LEE WHATLEY, | § | HARRIS COUNTY, TE | S |
| | § | | |
| A PROPOSED WARD. | § | COURT NUMBER (2) T\ | |

## MOTION TO DISQUALIFY/RECUSE THE HONORABLE MIKE WOOD

TO THE HONORABLE MIKE WOOD:

Movant, the Proposed Ward, Perry Lee Whatley, joined by Dawn Johnson W   ley, respectfully file this their motion to recuse/disqualify Judge Mike Wood and in support they   uld show as follows:

### I. IRREFUTABLE FACTS

1.    On or about August 3, 2005, Judge Wood hired the County Attorney of   rris County, Texas, to file a motion to quash his subpoena.

2.    Judge Wood filed a motion which states in part:

"Comes now Judge Mike Wood, Judge, Probate Court Two of Harris County   . ."

3.    At the conclusion of the motion, Judge Wood, the named "movant," requeste   hat sanctions be imposed. Thus, Judge Wood, by praying for affirmative relief in the form of san   ns, did more than request that his subpoena be quashed. He acquired a pecuniary interest in the ca   ınd cast himself as an adversary to the Whatleys.[1]

### II. THE LAW ON POINT

4.    Judge Wood's disqualification was mandatory when he took the extraordinar   ep of filing a motion to quash in which he requested sanctions. Thus, he became a party    he

_____

[1] The motion to quash is annexed hereto as exhibit "A" and duly incorporated here   by reference.

-1-

underlying suit. The Texas Constitution prohibits Judge Wood from continuing as a judge   this
case. *"No judge shall sit in any case wherein he may be interested . . . ."* TEX. CONST. art. 5,   11-
ff. (emphasis added).

5.     The interest that disqualifies a judge is an interest, however small, which res   n a
direct pecuniary or personal interest in the result of the case. *Cameron v. Greenhill*, 582 S   .2d
775, 776 (Tex.1979). In *Cameron*, the Supreme Court held a party may not cause the recus   of a
judge by naming the judge as a party to the suit. However, that is not what happened here.   dge
Wood, by requesting sanctions, cast himself in an adversarial role. Thus, as a direct result   his
actions, "[c]onstitutional disqualification [will render] any order involving judicial disc   ion
absolutely void." *Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982).

6.     Among other examples of constitutional disqualification is a case in which a   dge
voluntarily participates in a mandamus action that challenges the judge's refusal to recuse hi   elf.
*Rapp v. Van Dusen*, 350 F.2d 806, 810 (3d Cir.1965); *U.S. v. Craig*, 875 F. Supp. 816, 818   D.
Fla.1994). *In Rapp*, the court of appeals said, "A judge who is challenged by a motion to i   ise
*should not hire his own lawyer* or designate the lawyers for the real party in interest as his lav   r."
*Id.* at 810 (emphasis added). In *Craig*, the district court held that the challenged judge was red   ed
to be recused because the judge filed a brief in response to a mandamus action following the ju   e's
refusal to recuse himself. "By filing a response, the judge made an appearance in the cas   nd
became aligned with the party opposing recusal." *Id.* at 818. *See also Alexander v. Prin*   ca
*Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993)(judge should not have written letter to pli   iff
objecting to statements in the plaintiff's petition for mandamus that was filed to challenge the   ial
of a motion to recuse).

7.     Here, the rule applies with equal if not greater force for a request for sanc   ns

-2-

suggests either misconduct on the part of the movants or the filing of a frivolous motion w     ι, in

the instant case, was not even remotely true. Accordingly, having cast himself voluntarily in     role

of an adversary, Judge Wood stands disqualified as a matter of law.

### III. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Movants request that prior to any     ther

proceedings in this case, HONORABLE MIKE WOOD either recuse himself and request t     the

Presiding Judge of the Statutory Probate Courts assign another judge to sit in this case, or     uest

that the aforesaid Presiding Judge assign another Judge to hear this motion. Movants also     uest

that this Court take this motion under consideration within three days of its filing, or set it     r an

alternate date for hearing pursuant to TEX. R. CIV. P. 18a(b). Movants also request such oth     and

further relief, whether at law or in equity, to which they may show themselves justly entitle

Respectfully submitted:

LAW OFFICE OF SUSAN C. NORMAN          DANIEL J. SHEA, P.C.

By: _____          By: _____
SUSAN C. NORMAN                           DANIEL J. SHEA
State Bar No.15083020                      State Bar No. 18163850
9135 Katy Freeway, Suite 100              1928 West Bell Street
Houston, Texas 77024                      Houston, TX 77019-4814
713-465-3344                              (713) 942-7500
713-468-6243 Facsimile                    (713) 942-7507 Facsimile

ATTORNEY FOR PERRY LEE               ATTORNEY FOR SPOUSAL GUAR      ιN
WHATLEY, PROPOSED WARD               DESIGNEE, DAWN JOHNSON WHί     .EY

### NOTICE OF EXPECTED PRESENTATION

ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD ARE HE     BY
NOTIFIED THAT MOVANT EXPECTS THE MOTION TO BE PRESENTED TO THE JUDGE T     EE
DAYS AFTER THE FILING OF SUCH MOTION UNLESS OTHERWISE ORDERED BY THE J     GE
PURSUANT TO TEX. R. CIV. P 18A(B). ANY OTHER PARTY MAY FILE WITH THE CLEF     ιN
OPPOSING OR CONCURRING STATEMENT AT ANY TIME BEFORE THE MOTION IS HEί     ).

NO. 335,095

| | | | |
|---|---|---|---|
| *IN RE*: THE PERSON AND ESTATE | § | IN THE PROBATE COUI | OF |
| | § | | |
| OF PERRY LEE WHATLEY, | § | HARRIS COUNTY, T E $\times$ | S |
| | § | | |
| A PROPOSED WARD. | § | COURT NUMBER (2) TV | |

## AFFIDAVIT OF DANIEL J. SHEA

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally ap   ired
DANIEL J. SHEA, known to me by presentation of his Texas Driver's License to be the   son
whose signature appears below and who, being by me duly sworn, did depose as follows:

"I am the counsel for DAWN JOHNSON WHATLEY, Spousal Designee identifiec   the
pleadings in this case. I am over the age of eighteen (18) years, mentally competent, a   not
otherwise disqualified by law from making an affidavit. I have read the above and foregoing .   *ion*
*to Disqualify/Recuse Honorable Mike Wood*. I have first hand knowledge of the facts se   orth
therein and they are true and correct. I also certify that Exhibit "A" is a true and correct copy   the
Motion to Quash Subpoena by Honorable Mike Wood."

AFFIANT SAYS NOTHING FURTHER.

_____
DANIEL J. SHEA

SUBSCRIBED AND SWORN TO BY DANIEL J. SHEA this 8th day of September   )05
to certify which, witness below my hand and seal of office.

KIMMIE LANE GILMORE
Notary Public, State of Texas
My Commission Expires
May 10, 2009

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

NOTARIAL SEAL WITH
DATE OF EXPIRATION:

-4-

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Motion to Disqualify/Recuse Honorabl*  *like Wood* has been filed with the Court and provided to all parties-in-interest or their attorne  ) of record pursuant to TEX. R. CIV. P. 21 and further, that the same has been served pursuant to  ..R. CIV. P. 21a on the 9th day of September, 2005 to the individuals and in the manner indicated  ow:

Mr. John L. Green                                         Facsimile: (713) 660-9'
4888 Loop Central Dr., Suite 445
Houston, TX 77081-2226
ATTORNEY FOR DAWN JOHNSON
WHATLEY, SPOUSAL APPLICANT

Mr. Ray J. Black, Jr.                                      Hand Delivery in Open    urt
One Riverway, Suite 1700
Houston, TX 77056-1997
ATTORNEY *AD LITEM*

Mr. Roy L. Fuller                                          Hand Delivery in Open    urt
1300 Rollingbrook, Suite 608
Baytown, TX 77521-3863
ATTORNEY FOR APPLICANTS
ROBERT DANIEL WHATLEY
AND JEANIE ANDERSON

_____
DANIEL J. SHEA

-5-

PROBATE COU  2

236998                    No. 355,095

IN RE: GUARDIANSHIP OF THE  §    IN PROBATE COURT
PERSON AND ESTATE OF PERRY  §
LEE WHATLEY                  §
                            §    NUMBER TWO OF
                            §
                            §    HARRIS COUNTY, TEXAS

## MOTION TO QUASH SUBPOENA

To the Honorable Judge of Said Court:

COMES NOW Judge Mike Wood, Judge of Probate Court Two of Harris County, Texas, and presents this motion to quash a subpoena directed to him in the above captioned cause. In support of this motion, movant would show the following:

I.

A subpoena was served on Movant for a hearing at 1:30 p.m. on August 9, 2005. A true and correct copy of the subpoena is attached hereto as Exhibit A. Movant has no knowledge of this case other than the information that transpired in his presence while he was carrying out his official duties as Judge of his probate court. In the absence of a threshold showing of any extraordinary circumstances or improper conduct by the trial judge, any inquiry into his mental processes would be improper and would threaten the foundations of an independent and honorable judiciary. See *U.S. v. Morgan*, 313 U.S. 409, 422 (1941); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *Beverly v. U.S.*, 468 F.2d 743 (5th Cir. 1972). The party that served the subpoena on Movant has neither alleged nor proven any extraordinary circumstances that would justify compelling movant to testify.

IV.

Case law clearly holds that a judge's testimony should never be compelled when any other means exist to resolve a dispute. See *Joachim v. Chambers*, 815 S.W.2d 234, 237- 240 (Tex. 1991); *Tate v. State*, 834 S.W.2d 566, 570 (Tex. App. – Houston [1st Dist.] 1992, pet. ref'd).

Page 1 of 2

A CERTIFIED COPY

ATTEST: ___AUG 0 9 2005___
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
NADIA D. CAMPBELL

EXHI
"A"

WHEREFORE PREMISES CONSIDERED, movant prays that the subpoena directed to him in the above cause be quashed and an appropriate sanction entered pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code.

Respectfully submitted,

MIKE STAFFORD
Harris County Attorney

By _____
Frank Sanders  SBN 17588500
Assistant County Attorney
1019 Congress Ave., 15th Floor
Houston, Texas  77002
(713) 755-7961
(713) 755-8924 fax

Page 2 of 2

2

A CERTIFIED COPY

ATTEST: _____ AUG 0 9 2005
BEVERLY B. KAUFMAN. County Clerk
Harris County, Texas

_____ Deputy
NADIA D. CAMPBELL

Del. 8/5/

## THE STATE OF TEXAS

TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON
AUTHORIZED TO SERVE SUBPOENAS AS PROVIDED IN RULE 176.5 T.R.C.P.

**WITNESS SUBPOENA**
CAUSE NO. 355,095

In Re: Guardianship of the Person
and Estate of Perry Lee Whatley

IN THE COUNTY PROBATE COURT
AT LAW NO. 2
HARRIS COUNTY, TEXAS

### YOU ARE HEREBY COMMANDED TO SUMMON:

**Hon. Mike Wood, Judge, Probate Court No. 2, and Individually**
Harris County Family Law Center, 1115 Congress Ave., 6th Floor, Houston, TX 77002-1989
In Harris County, Texas, and who is represented to reside within one hundred-fifty miles of the
Courthouse of Harris County, Texas, in which the above suit is pending or who may be found
within such distance at the time of the hearing, to appear before Hon. Russell Austin sitting by
assignment in the County Probate Court at Law No. 2, 1115 Congress, Houston, TX 77002 in and
for Harris County, on the 9th day of August 2005 at 1:30 pm, to testify as a witness on behalf of
the Party in the above styled Probate Action concerning a Motion to Recuse, attached hereto as
Exhibit "1," The law also provides for constitutional disqualification when he has a
pecuniary interest in the outcome of a case." to attend from day to day until lawfully
discharged.

DO NOT FAIL to return this writ to said Court, with return thereon, showing the manner of
execution.

Witness my official signature this the 5th day of _August_ 2005

Requested by: Daniel J. Shea
Attorney at Law
1928 West Bell Street
Houston, TX 77002

By: _Paul Shea_

Daniel J. Shea  TBN#18163850

(Issued in accordance to T.R.C.P. 176.4)

A CERTIFIED COPY

ATTEST:  **AUG 0 9 2005**
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
NADIA D. CAMPBELL

provide the clerk of the court with written notice of the party's nam   nd
current residence or business address.

(b) The notice required by Subsection (a) may not be required from any   rty
or party's attorney if such party has not appeared or answered in th     vil
action.

(c) The notice required by Subsection (a) must be provided at the tir    :he
party files its initial pleading with the court or not later than the seven   lay
after the date the clerk of the court requests the information.

(d) If the party's address changes during the course of a civil actic   :he
party or the party's attorney must provide the clerk of the court with (   ten
notice of the party's new address.

(e) If the party or the party's attorney fails to provide the notice requ    by
Subsection (a), the trial court may assess a fine of not more thai   50.

(f) It is a defense to a fine assessed under this section that the party   the
party's attorney could not reasonably obtain and provide the infor   ion
required by Subsection (a).

(g) Repealed by Acts 1999, 76th Leg., ch. 251, § 2, eff. Sept. 1, 1999.

Added by Acts 1997, 75th Leg., ch. 887, § 1, eff. Sept. 1, 1997. Amended by Ac   999,
76th Leg., ch. 251, §§ 1, 2, eff. Sept. 1, 1999.

Section 2 of Acts 1997, 75th Leg., ch. 887          "This Act takes effect September 1, 1    and
provides:                                           applies only to suits filed on or after   :ffec-
"This Act takes effect September 1, 1997, and       tive date of this Act. A suit filed b     : the
applies only to suits filed on or after the effec-  effective date of this Act is governed b   : law
tive date of this Act."                             in effect when the suit was filed, and t   aw is
Section 3 of Acts 1999, 76th Leg., ch. 251          continued in effect for that purpose."
provides:

## § 30.016. Recusal or Disqualification of Certain Judges

(a) In this section, "tertiary recusal motion" means a third or sub   uent
motion for recusal or disqualification filed against a district court, s   .tory
probate court, or statutory county court judge by the same party in   :ase.

(b) A judge who declines recusal after a tertiary recusal motion is fil   shall
comply with applicable rules of procedure for recusal and disqual   ation
except that the judge shall continue to:

(1) preside over the case;

(2) sign orders in the case; and

(3) move the case to final disposition as though a tertiary recusal   otion
had not been filed.

(c) A judge hearing a tertiary recusal motion against another jud   who
denies the motion shall award reasonable and necessary attorney's   and
costs to the party opposing the motion. The party making the motion   d the
attorney for the party are jointly and severally liable for the award of   ; and
costs. The fees and costs must be paid before the 31st day after the   c the
order denying the tertiary recusal motion is rendered, unless the   er is
properly superseded.

106

EXHIBIT
Y

(d) The denial of a tertiary recusal motion is only reviewable on appeal from final judgment.

(e) If a tertiary recusal motion is finally sustained, the new judge for the case shall vacate all orders signed by the sitting judge during the pendency of the tertiary recusal motion.

Added by Acts 1999, 76th Leg., ch. 608, § 1, eff. Sept. 1, 1999.

Section 2 of Acts 1999, 76th Leg., ch. 608 provides:

"(a) This Act takes effect September 1, 1999, and applies to all cases:

"(1) filed on or after the effective date of this Act; or

"(2) pending on the effective date of this Act and in which the trial, or any new trial or retrial following motion, appeal, or otherwise, begins on or after that date.

"(b) In a case filed before the effective date of this Act, a trial, new trial, or retrial that is in progress on the effective date of this Act is governed by the applicable law in effect immediately before that date, and that law is continued in effect for that purpose."

## § 30.017. Claims Against Certain Judges

(a) A claim against a district court, statutory probate court, or statutory county court judge that is added to a case pending in the court to which the judge was elected or appointed:

(1) must be made under oath;

(2) may not be based solely on the rulings in the pending case but must plead specific facts supporting each element of the claim in addition to the rulings in the pending case; and

(3) is automatically severed from the case.

(b) The clerk of the court shall assign the claim a new cause number, and the party making the claim shall pay the filing fees.

(c) The presiding judge of the administrative region or the presiding judge of the statutory probate courts shall assign the severed claim to a different judge. The judge shall dismiss the claim if the claim does not satisfy the requirements of Subsection (a)(1) or (2).

Added by Acts 1999, 76th Leg., ch. 608, § 1, eff. Sept. 1, 1999.

Section 2 of Acts 1999, 76th Leg., ch. 608 provides:

"(a) This Act takes effect September 1, 1999, and applies to all cases:

"(1) filed on or after the effective date of this Act; or

"(2) pending on the effective date of this Act and in which the trial, or any new trial or retrial following motion, appeal, or otherwise, begins on or after that date.

"(b) In a case filed before the effective date of this Act, a trial, new trial, or retrial that is in progress on the effective date of this Act is governed by the applicable law in effect immediately before that date, and that law is continued in effect for that purpose."

NO. 355,095

| | | |
|---|---|---|
| **GUARDIANSHIP OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **PERRY LEE WHATLEY,** | § | **NO. TWO (2) OF** |
| | § | |
| **INCAPACITATED** | § | **HARRIS COUNTY, TEXAS** |

**ORDER**

ON THIS DAY came on to be heard the Application for Appointment of a Temporary Guardian Pending Contest in the above styled and numbered cause. The Attorney Ad Litem for the proposed Ward advised the Court that he had been unable to contact the proposed Ward to advise him of the hearing. The attorney for the applicant advised the Court that after numerous efforts, they had been unable to serve the proposed Ward with notice of the hearing. The Court therefore

ORDERS that Susan Norman, attorney of record for the proposed Ward, produce the proposed Ward in Probate Court No. 2 on Monday, September 12, 2005, at 9:00 a.m for a hearing on the pending application.

SIGNED on this the ___9___ day of September, 2005.

_____
JUDGE PRESIDING

