IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *IN RE:* | § | NO.05-CA-11881 (PBS) |
| | § | |
| THE MATTER OF | § | REMOVED FROM THE |
| | § | MASSACHUSETTS TRIAL |
| PERRY LEE WHATLEY | § | COURT DOCKET NO. 05-P-200: |

**RESPONSE TO MOTION TO REMAND
AND
MEMORANDUM OF LAW IN SUPPORT OF GRANTING INJUNCTIVE RELIEF PEN
ING A FULL HEARING ON A PRELIMINARY INJUNCTION, THE FILING OF A 12
(6) MOTION, A MOTION FOR SUMMARY JUDGMENT, OR A TRIAL ON THE MERI**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1.  Since the Whatleys filed their *Emergency Application for Temporary Restrain Order, Ex-Parte*, the legal landscape has shifted somewhat. Significantly, at the preliminary hear before Judge Gorton on September 19, 2005, the Plaintiff/Counter-Defendant SWBSSI file *Motion to Remand*. Summarily, based on what SWBSSI has attempted to accomplish by its s court self-styled probate action (correctly characterized by the Whatleys in their *Emerge Application* as a "ruse"), it is not what SWBSSI's *Motion to Remand* says that is of paramo importance. It's what it does *not* say that compels this Court's swift and immediate action. Whatleys thus are compelled to respond immediately to the *Motion to Remand* within the cont of their *Emergency Application*, continued by Judge Gorton to the instant date, September 21, 20

I. SUBJECT MATTER JURISDICTION (DIVERSITY)

2.  The initial inquiry in any suit filed in federal court must be whether the federal cc possesses subject matter jurisdiction. None of the responsive parties raised the jurisdictional is: and because subject matter jurisdiction determines whether a court has power to act in a given ca a federal court must raise the issue on its own motion where the parties fail to bring it to the cou

attention. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511-12, 93 S. Ct. 2222, 37 L. Ed. 2d 1 (1973); FED. R .CIV. P. 12(h)(3). In that regard, it is undisputed that the plaintiff SWBSSI i citizen of Massachusetts, that neither of the defendants are citizens of Massachusetts, and that amount in controversy exceeds $75,000.00. The removal complaint, therefore, alleges on its f the facts necessary to establish federal diversity jurisdiction.

    3.    There are, however, well-established exceptions to the diversity jurisdiction of federal courts which may require dismissal of a suit even where the requisite citizenship and amo in controversy have been established. *See Lamberg v. Callahan*, 455 F.2d 1213, 1216 (2d C 1972); *Buechold v. Ortiz*, 401 F.2d 371, 372-73 (9th Cir. 1968); C. Wright, HANDBOOK OF THE L OF FEDERAL COURTS § 25, at pp. 97-99 (3rd ed. 1976). Of particular importance in this case is judicially created exception which places matters of probate and estate administration outside power of the federal courts – even when diversity jurisdiction has otherwise been lawfu established. *See Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 90 L. Ed. 256 (1946); MOORE'S FEDERAL PRACTICE § 201, at p. 2023 (2nd ed. 1979); P. Bator, P. Mishkin, D. Shap H. Wechsler: THE FEDERAL COURTS AND THE FEDERAL SYSTEM 1186-88 (2nd ed. 1973).

    4.    The probate exception is historical in origin, having its roots in the fact that matt of probate and administration were, in 1789, within the exclusive jurisdiction of the Engl ecclesiastical courts and outside the reach of the High Court of Chancery and the common l courts. The Supreme Court has held that Congress, in drafting the jurisdictional section of Judiciary Act of 1789, intended that this limitation by way of exception be imposed upon the fede courts, and that probate matters be within the jurisdiction of the state courts. *See Markham v. All* 326 U.S. 490, 494, 66 S. Ct. 296, 90 L. Ed. 256 (1946); *Starr v. Rupp*, 421 F.2d 999, 1004 (6th C 1970). The exception has survived to the present and has been recognized in all the courts in wh

the issue was presented. *Republic of Iraq v. First National Bank of Chicago*, 350 F.2d 645, 648 ( Cir. 1965), *cert. denied*, 382 U.S. 982, 86 S. Ct. 556, 15 L. Ed. 2d 471 (1966).

    5.    Despite its long history and undisputed viability, the probate exception is not ea: applied to particular cases. It is clear that "pure" probate matters are outside federal jurisdicti *Waterman v. The Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 44, 30 S. Ct. 10, 54 L. Ed. (1909); *Mitchell v. Nixon*, 200 F.2d 50, 51 (5th Cir. 1952). It is equally clear, however, that *"(t exception from the diversity jurisdiction as to probate matters is far from absolute."* C. Wrig *supra*, at 98 (citations omitted)(emphasis added). In fact, the federal courts construe the mean of "probate" quite narrowly to limit the scope of the exception. *See Phillips, Nizer, Benjamin, K & Ballon v. Rosenstiel*, 490 F.2d 509, 514 (2d Cir. 1973); *Akin v. Louisiana National Bank of Ba Rouge*, 322 F.2d 749, 751 (5th Cir. 1963). As formulated by the Supreme Court, the touchston applying the exception is the desire of the federal courts to avoid interference with state prob proceedings. For example, federal courts of equity have jurisdiction to entertain suits "in favor creditors, legatees and heirs" and other claimants against a decedent's estate "to establish th claims" so long as the federal court does not interfere with the probate proceedings or assu general jurisdiction of the probate or control of the property in the custody of the state co *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 298, 90 L. Ed. 256 (1946) (citations omitte

    6.    Therefore, the question posed in the *Emergency Application* before the Court is th

> WAS SWBSSI'S FILING IN STATE COURT REALLY A PRO-
> BATE CASE TO BEGIN WITH, OR WAS IT AN ELABORATE
> RUSE TO VIOLATE THE WHATLEYS' CONSTITUTIONALLY
> PROTECTED RIGHTS: TO TRAVEL, AND TO BE FREE FROM
> UNWARRANTED EXTRADITION AS MANDATED BY *PUERTO
> RICO V. BRANSTAD* AND *ROE V. SAENZ.*

    7.    Turning then to SWBSSI's state court filing, a two-part inquiry is used to determ

whether it was a "probate matter," so as to trigger the probate exception to the federal divers[ity] jurisdiction the Whatleys correctly invoked to bring SWBSSI before this court. (We deal with [the] independent federal question of the counterclaim below). An affirmative answer to either of [the] following questions requires that the case be dismissed from federal court as an exception [to] otherwise lawfully invoked diversity jurisdiction. First, is the federal district court, sitting [in] diversity, being asked to directly probate a will or administer an estate? Probate and administrat[ion] "purely probate" in character are considered to be categorically exempt from the divers[ity] jurisdiction of the federal courts. *See Markham*, 326 U.S. at 494; *Ashton*, 918 F.2d at 1071. [Of] course, since few practitioners would be so misdirected as to seek, for example, letters testament[ary] or letters of administration from a federal judge, the first prong of the probate exception is rare[ly], if ever, violated. On the other hand, it is not at all uncommon for a diversity action filed in fede[ral] district court to be indirectly related to the probate of a will or the administration of an estate. [The] instant case presents just such a factual circumstance. With respect to lawsuits like SWBSSI's t[hat] are "probate related" rather than purely probate in character, the Supreme Court has found that so[me] but not all of these suits fall categorically within the probate exception. *Markham*, 326 U.S. at 4[94]. Thus, the second prong of the probate exception asks whether entertaining the action would ca[use] the federal district court to "interfere with the probate proceedings or assume general jurisdictio[n of] the probate or control of property in the custody of the state court." *Id.* Only in the three follow[ing] enumerated situations must a probate-related case be dismissed from federal court for lack of sub[ject] matter jurisdiction. An impermissible interference for purposes of the probate exception might a[rise] in one of three ways if,

> by adjudicating the complaint, the federal district court,

(i) "interferes with the probate proceedings;"[1]

(ii) "assumes general jurisdiction of the probate;" or,

(iii) "asserts control of property in the custody of the state court."

*See Markham*, 326 U.S. at 494; *see also* Charles Alan Wright, Arthur R. Miller & Edward Cooper, FEDERAL PRACTICE & PROCEDURE 13B § 3610 (2nd ed. 1984).

8. The Whatleys have not and do not ask this court to assume general prob[ate] jurisdiction or assert control of their property. Thus, all that remains for inquiry is whether Whatleys federal question (42 U.S.C. § 1983) counterclaim against SWBSSI would "interfere w[ith] the probate proceedings" concerning the Estate and Person of Perry Lee Whately pending in Tex[as]. The answer is emphatically **NO**! In fact, even SWBSSI admits that there is no estate i[n] Massachusetts State Court. Instead, what SWBSSI has brought in state court is a constitution[ally] impermissible attempt to secure a "lock down" on Mr. Whately, freezing his ability to move fre[ely] within the Commonwealth, and their ultimate plan -- to *judicially* extradite him by force on bel[half] of *private litigants* in Texas had Judge Gorton not put an end to such a devious and unconstitutio[nal] operation. The private litigants, niece and nephew, have no standing under the Massachus[etts] probate code. Thus enters SWBSSI as their Massachusetts stalking-horse.

9. Having thus established that the SWBSSI state court action, properly removed un[der] diversity jurisdiction, and not excepted from that diversity jurisdiction under *Markham*, the Whatl[eys] next turn to the gravamen of SWBSSI's state court complaint and how it should be treated by [the] Court. In their all-important request for relief in state court, SWBSSI asks, *inter alia*, that this C[ourt]

---

[1] *See Dulce v. Dulce*, 233 F.3d 143, 145 (2d Cir. 2000); *Ashton*, 918 F.2d at 1072. T[he] "interference prong" is, in practice, the workhorse of the probate exception. To begin with, [a] lawsuit could never accurately be categorized as "purely probate" in character were it not for cause-of-action labels used by SWBSSI's in their complaint. *Cf. Moore v. Graybeal*, 843 F.2d 7[0,] 710 (3d Cir. 1988).

(now properly in charge) "... keep [Perry Whatley] in his placement at Beth Israel Hospital [re Beth Israel Prison] until his safe and secure return to Texas [read: extradition] can be arrange This is simply impermissible. And SMBSSI knows this full well. In its *Motion to Rema* SWBSSI states and thus judicially admits that the case belongs in a Texas Probate Court. Howe instead of seeking a dismissal so that the case be heard in Texas where they assert it belongs, t seek a remand to a Commonwealth Court so that patently illegal act or series of acts can *conti* to take place in state court – the very reason the Whatleys have sought the emergency protectio this Court and properly invoked Title 42.[2] If there was a legitimate probate proceeding pendin a Massachusetts Court that would be one thing. However, even SWBSSI concedes that there i ongoing proceeding in a Texas Court. Stated differently, this Court is not being asked to admini that estate, or make any decisions regarding the *res* in question. Indeed, even Judge Go recognized that fact rather quickly on the 19th of September 2005 when he refused to enjoin couple's assets, or carry into effect the void orders of the State Court that enjoined Mrs. What Thus, SWBSSI's petition is ripe for a 12(b)(6) motion to dismiss, leaving only the § 1983 claim the Whatleys. Therefore, the Whatleys invoke the doctrine of judicial estoppel and move the C to take judicial notice of SWBSSI's admission of fact in paragraph 7 of its motion to remand. Tl having clearly stated that the probate matter is in a Texas Court, not a Massachusetts Court, they estopped, cannot succeed on a motion to remand, and the Court must dismiss SWBSSI's claims prejudice. Unless SWBSSI can otherwise show that the Massachusetts Court is administerir probate estate, the Whatleys' claims were properly removed under diversity jurisdiction, and a disposition by Rule 12(b)(6) dismissal, what remains is the Whatleys' independent federal ques

---

[2] It bears repeating that the illegality of the state court proceeding is underscored by Court's flagrant snub of the First Circuit in *Sweeney*.

-6-

claim on which this Court's jurisdiction now rests.

## II. FEDERAL QUESTION JURISDICTION

10.    The Whatleys' counter-claim stands separate and apart from the outrageousnes‹ SWBSSI. The law is well settled that the dismissal of a plaintiff's complaint for failure to sta claim requires dismissal of a defendant's counterclaim unless the counterclaim presents independ grounds of jurisdiction. *See Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d ( 1984); *Nilsen v. City of Moss Point*, 621 F.2d 117, 122 (5th Cir. 1980); *DHL Corp. v. Loo Courier Service, Inc.*, 522 F.2d 982, 985 (9th Cir. 1975); *City of Houston v. Standard-Triun Motor Co.*, 347 F.2d 194, 201 n. 19 (5th Cir. 1965); 6 C. Wright & A. Miller, FEDERAL PRACT & PROCEDURE § 1414 (1971). However, if a compulsory or permissive counterclaim rests or *independent* ground of federal jurisdiction, it may be adjudicated despite the dismissal of plaintiff's complaint. *See Haberman v. Equitable Life Assurance Society of United States*, 224 F 401, 409 (5th Cir. 1955); 6 Wright & Miller, *supra; see also Manufacturers Casualty Insurance v. Arapahoe Drilling Co.*, 267 F.2d 5, 7-8 (10th Cir. 1959). Accordingly, this Court has jurisdict over the counterclaim which is grounded on the Fifth and Fourteenth Amendments violations aris from the misuse of the State Court by SWBSSI alleging "elder abuse" to secure patently ille orders – even after removal in violation of *Sweeny v. RTC* which rendered every order entered by State Court void *ab-initio*.

## III. INJUNCTIVE RELIEF UNDER FULL FAITH AND CREDIT

11.    The relief the Whatleys now seek under the remaining 1983 action is straightforw and simple and requires no great expansion of this Court's jurisdiction. Since this Court has ability to dismiss SWBSSI's frivolous and malicious petition on 12 (b)(6) grounds, the What now ask this Court enjoin SWBSSI and all those acting in concert and scheme with them fro

repeat performance of their violation of the Whatleys' Fifth and Fourteenth Amendment rights, n cognizable in the remaining 1983 action, by disallowing SWBSSI's continued attempts to "l down" the Whatleys and to secure their extradition by force without a Governor's warrant. Thi a request based on well settled issues and have been visited by the United States Cou

12.   In this regard, the Whatleys adopt and incorporate by reference as if set forth verba their counterclaim, their application for a TRO, and this memorandum in support of injunctive rel But, to accomplish this Court's lawful goals, the Whatleys also invoke the Full Faith and Cr Clause of the United States Constitution, and the *Rooker-Feldman* doctrine that a federal Court disregard the decisions of a State's Highest Court, i.e., Texas. *See Rooker v. Fidelity Trust Co.*, U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) that regard, the Texas Supreme Court has decreed that any order signed by a Judge with a rec pending is absolutely void. *See Dunn v. Street*, 938 S.W.2d. 33,35, (Tex 1997). Indeed, as *D* holds, the signing a void order is an abuse of discretion. *Id.* If the challenged order is void, party aggrieved need not show that it lacks an adequate appellate remedy. *In re Southwestern Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re State ex rel. Robinson,* S.W.3d 115, 117 (Tex.App.--Houston [14th Dist.] 2002, orig. proceeding). Thus, the cl contrivances of SWBSSI cannot be the source by which the Whatleys' civil rights are violated the jurisdiction of this Court attached. This Court, in applying the civil rights statute, has a duty obligation to assure that the Whatley's are not further injured (not to mention its own on-g jurisdiction compromised) by further violation of the due process clause, which requires meanin notice and an opportunity to be heard before they are deprived of life, liberty, or property. In regard, annexed hereto as exhibit "A" and duly incorporated herein by reference is the "order" si on September 12th 2005, by the Texas Probate Court which SWBSSI, by "locking down"

Whatleys, had served on them. However, on September 9th 2005, Perry Lee Whatley had file motion to recuse the Texas Probate Judge thus making the signing and service of that Or contrived by SWBSSI, absolutely void. Thus, in order to deprive the Whatleys of due process thus steal their estate while Mr. Whatley is in the hospital, and his wife is at his side, the Te minions, operating through the ruse of SWBSSI, had a void Order served on them that would al the private parties to deprive the Whatleys of due process of law by forcing them into Texas, away from this Court's lawfully invoked Art. III jurisdiction. Therefore, applying *Rooker-Feldn* the Full Faith and Credit Clause, and the Texas Supreme Court's holding in *Dunn*, this Court has power to declare the acts of the Texas Probate Court void and the misuse of a void order by SWB a violation of the Fifth and Fourteenth Amendment rights of the only parties who are entitled t here, the Whatleys.

## IV. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Applicants, the Whatleys, pray that the Cc

A.      Enjoin SWBSSI and anyone acting in concert and scheme with them from for their extradition from the Commonwealth; *See Puerto Rico v. Branstad;*

B.      Enjoin SWBSSI and anyone acting in concert and scheme with them from restrai the Whatleys ability to travel and to receive medical treatment while in this Court's jurisdiction *Roe v. Saenz;.*

C.      Enjoin and declare void all the orders entered by the Massachusetts State Court removal and after this Court's jurisdiction had attached, including the service of void orders arra for by SWBSSI; *See Sweeny v. RTC, Dunn v. Street, and Rooker-Feldman*; and,

D.      Dismiss with prejudice by Rule 12(b)(6) for failure to state a claim the complaint in state court by SWBSSI based on its own judicial admissions that this was not a probate ca

in state court by SWBSSI based on its own judicial admissions that this was not a probate case the first instance, and that there is an ongoing Texas probate case which would forbid remand.

  E. Set for a hearing the Whatleys' request for a temporary injunction that, if gran would remain in place during the pendency of the remaining 1983 case which includes dismi pursuant to Rule 12(b)(6), summary judgment, or trial on the merits.[3]

The Whatleys also request such other and further relief, whether general or special, lega equitable, to which they may show themselves justly entitled.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| PERRY LEE WHATLEY, | DAWN JOHNSON WHATLEY, |
| By: *W. express permission* | By: _____ |
| SUSAN B. NORMAN | DANIEL J. SHEA |
| Texas Bar No. 15083020 | Mass. B.B.O. # 652896 |
| LAW OFFICE OF SUSAN B. NORMAN | DANIEL J. SHEA, P.C. |
| 9135 Katy Fwy., Suite 100 | 1928 West Bell Street |
| Houston, TX 77024 | Houston, TX 77019-4814 |
| (713) 465-3344 | (713) 942-7500 |
| (713) 468-6243 Telecopier | (713) 942-7507 Telecopi( |
| *PRO HAC VICE* (PENDING) | |

---

[3] The Whatleys will return to Texas as soon as Mr. Whatleys treating physician make  .at determination, not O' Sullivan or SWBSSI, and will return to Boston for a trial on the merits ( he 1983 claim based on the outrageous conduct of SWBSSI.

-10-

CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Response to Motion to Remand etc.* has be served pursuant to FED R. CIV. P. 5 on the 21st day of September 2005 to the individuals and in manner indicated below:

Mr. James M. O'Sullivan                                    Hand Delivery
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061
ATTORNEY FOR SOUTHWEST
BOSTON SENIOR SERVICES, INC.

_____
DANIEL J. SHEA



A TRUE COPY ATTEST
BY *David G. BeDugnis, Sr.*
Constable of Boston

OFFICE OF BEVERLY B. KAUFMAN, COUNTY CLERK, HARRIS COUNTY, TEXAS
P. O. BOX 1525 • HOUSTON, TX 77251-1525 • (713) 755-6429
PROBATE COURTS DEPARTMENT

PROBATE COURT NO. 2

### PERSONAL CITATION ON APPLICATION FOR TEMPORARY GUARDIAN OF THE PERSON AND ESTATE

THE STATE OF TEXAS ( DOCKET NO. 355,895 RECEIPT NO. PRIVATE SERVICE

COUNTY OF HARRIS ( ESTATE OF: PERRY LEE WHATLEY, INCAPACITATED

TO: PERRY LEE WHATLEY, 3301 TOMPKINS, BAYTOWN, TEXAS 77521.

GREETING:
YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN CONTEST OR ANSWER ON SAID APPLICATION FOR APPOINTMENT OF TEMPORARY GUARDIAN OF THE PERSON AND ESTATE AND AN ORDER SETTING HEARING HERETO ATTACHED BEFORE THE HONORABLE PROBATE COURT NO. 2, OF HARRIS COUNTY, TEXAS, AT 02:00 O'CLOCK P.M. THURSDAY, SEPTEMBER 22, 2005.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, AT HOUSTON, TEXAS, THIS, 15 DAY OF SEPTEMBER, 2005.

BEVERLY B. KAUFMAN COUNTY CLERK
PROBATE COURT NO. 2
HARRIS COUNTY, TEXAS

JOSE L. MARTINEZ, JR.    DEPUTY CLERK

ATTORNEY: ROY L. FULLER
1300 ROLLINGBROOK, SUITE 608
BAYTOWN, TEXAS 77521
281-422-3555

Form No. 1-02-79A (Rev. 05/17/05)

EXHIBIT "A"
REMAND RESPON=

**ROY L. FULLER, P.C.**
ATTORNEY AT LAW
1300 ROLLINGBROOK, SUITE 400
BAYTOWN, TEXAS 77521
(281) 421-3560
rlfuller@houston.rr.com

BOARD CERTIFIED
ESTATE PLANNING & PROBATE
TEXAS BOARD OF LEGAL SPECIALIZATION

September 15, 2005

A TRUE COPY ATTE
BY _David G. BoDug    Sr._
Constable of Bos

Mr. Jim O'Sullivan
Attorney at Law

Via Facsimile: (781)871-4844

RE:   Cause No. 355,095; In Re: Guardianship of the Person and Estate of Perry Lee
      Whatley, Incapacitated; In the Probate Court No. 2, Harris County, Texas

Dear Mr. O'Sullivan:

It is my understanding that you have agreed to serve Perry Whatley the attached Application for Temporary Guardian of the Person and Estate and Order Setting Hearing. Please complete the Officer's Return and fax it to me at (281)427-9564 and mail the original back to my office for filing with the Court.

I appreciate your assistance in this matter. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Roy L. Fuller

RLF:sld
Enclosure

No. 355095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF THE PERSON AND ESTATE OF | )( )( )( | IN THE PROBATE COURT |
| PERRY LEE WHATLEY, | )( | NUMBER TWO (2) OF |
| INCAPACITATED PERSON | )( )( | HARRIS COUNTY, TEXAS |

### APPLICATION FOR APPOINTMENT OF TEMPORARY GUARDIANSHIP OF PERSON AND ESTATE

ROBERT DANIEL WHATLEY and JEANIE ANDERSON ("Applicants") make and file in this Application for Temporary Guardianship of Person and Estate of PERRY LEE WHATLEY, an Adult, ("Proposed Ward"), pursuant to section 875 of the Texas Probate Code, and respectfully shows the Court the following:

I.

That Proposed Ward is a male who is 82 years of age, having been born on August 15, 1922. Proposed Ward currently resides at 3501 Tompkins, Baytown, Texas 77521. Proposed Ward may be served with citation at above address.

II.

Applicants are the nephew and niece respectively, of Proposed Ward and reside at 2711 Alderwood, Austin, Travis County, Texas 78745, and 2905 Parkland Drive, Baytown, Harris County, Texas 77521, respectively. Applicants desire to be appointed Temporary Guardians of the Person and Estate of Proposed Ward, which Estate is valued at 2,000,000.00, including any compensation, pension, insurance or allowance to which the Proposed Ward may be entitled. Applicants are eligible by law to act as Temporary Guardians.

III.

The Applicants filed an Application for Appointment of Guardian of the Person and Estate on April 15, 2005. The Proposed Ward's spouse, Dawn Johnson Whatley has filed a response to

-1-

the Application for Appointment of Guardian contesting the necessity of a guardianship and the qualifications of the Applicants. A temporary guardianship is necessary to protect the Proposed Ward and the estate of the Proposed Ward during the pendency of the Application for Guardianship.

IV.

Applicants state to the Court that the dangers to the Person and Estate of the Proposed Ward which require immediate action are:

Substantial evidence exists to demonstrate that the Proposed Ward is an incapacitated person as defined by Section 3(p)(2) of the Texas Probate Code. The Proposed Ward, because of a physical or mental condition is substantially unable to provide food, clothing or shelter for himself, to care for his own physical health, or to manage his own financial affairs. A written capacity assessment performed by a licensed physician in the State of Texas has been filed with this Court as Exhibit "B" to the Original Application for Appointment of Guardian of the Person and Estate. In addition, an Independent Mental Status Examination has been performed by Dr. Mark E. Kunik, which has been filed with the Court.

V.

There is imminent danger to the person and estate of the Proposed Ward because funds of the Proposed Ward's estate are being wasted to modify and remodel the Proposed Ward's house with no benefit to the Proposed Ward. Further, the Proposed Ward owns annuity contracts as separate property. Dawn Johnson is the spouse of the Proposed Ward, having married him in January, 2005. Dawn Johnson is believed to have begun the process to liquidate one of the annuity contracts belonging to the Proposed Ward, which premature liquidation will result in a significant financial penalty.

VI.

Applicants bring this Application for the Appointment of Temporary Guardian in good faith and for just cause. Applicants, therefore, respectfully request the Court find that their

Whitley\App. for Temp. Guardianship                -2-

attorney has acted in good faith and for just cause in his representation of the Applicants, and th the attorney's fees related to this Application, the hearing thereon, and the establishment of the requested temporary guardianship be approved and paid out of the Proposed Ward's guardiansh estate.

Applicants pray that notice of this Application be given as required by law; that a hearing on this Application be set; that Applicant, JEANIE ANDERSON, be appointed Temporary Guardian of the Person and Estate of PERRY LEE WHATLEY, an Adult; or in the alternative a third party be appointed Temporary Guardian of the Person and Estate of PERRY LEE WHATLEY; that the Court Order appointing ROBERT DANIEL WHATLEY and JEANIE ANDERSON as Temporary Guardians be effective upon their taking the Oaths and giving a bond as required by law; that upon the Temporary Guardians' qualification, the Clerk of this Court shall so note such qualification on any certified copy of said Order; that the Court appoint an attorney ad litem to represent the Ward's Person and Estate; and that the Court enter any Orders it deems necessary.

Respectfully submitted,

ROY L. FULLER
ATTORNEY FOR APPLICANTS
1300 Rollingbrook, Suite 608
Baytown, Texas 77521
(281) 422-3555
(281) 427-9564 - Facsimile
TBC #07524500

Whatley\App. for Temp. Guardianship        -3-

STATE OF TEXAS      X
                                        X
COUNTY OF HARRIS     X

    BEFORE ME, the undersigned authority, on this day personally appeared JEANIE ANDERSON, Applicant in the foregoing Application for Appointment of Temporary Guardian of the Person and Estate of Perry Lee Whatley, an Adult, known to me to be the person whose name is subscribed to the above and foregoing Application, and stated under oath that such Application contains a correct and complete statement of the facts and matters to which it relates and all the contents thereof are true, complete and correct to the best of Applicant's knowledge.

                                                   JEANIE ANDERSON

SWORN AND SUBSCRIBED TO BEFORE ME, on this the 28th day of July, 2005.

                                         NOTARY PUBLIC, STATE OF TEXAS

SHERRY DILL
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JULY 23, 2006

Whatley/App. for Temp. Guardianship         -4-

SEP 12 2005 1:43PM   HP LASERJET 3900

NO. 355,895

| | | |
|---|---|---|
| In The Matter Of the Temporary | § | In the PROBATE COURT |
| Guardianship of PERRY LEE WHATLEY, | § | NO. TWO (2) |
| An Incapacitated Person | § | HARRIS COUNTY, TEXAS |

### ORDER SCHEDULING HEARING FOR THE APPOINTMENT OF TEMPORARY GUARDIANSHIP

On this day came to be considered the Application of Robert Daniel Whatley and Jamie Anderson as Temporary Guardians, hereinafter called "Applicants" for the Temporary Guardianship of the Person and Estate of PERRY LEE WHATLEY, hereinafter called "Proposed Ward."

IT IS THEREFORE ORDERED that a hearing be held on the Application for Temporary Guardianship on Thursday, September 22, 2005, at 2:00 p.m., in the Courtroom of Probate Court #2, Harris County, Texas.

SIGNED this 12 day of SEPTEMBER, 2005.

MIKE WOOD
Presiding Judge,
Probate Court No. 2
Harris County, Texas