DANIEL J. SHEA, P.C.   FILED
1928 WEST BELL STREET, HOUSTON, TX 77019-4814  CLERKS OFFICE
(713) 942-7500   (713) 942-7507 FACSIMILE   DJS7500@AOL.COM

DANIEL JOSEPH SHEA

2005 SEP 29  A 11: 47

ALSO ADMITTED IN
MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

September 29, 2005

Honorable Patti B. Saris
United States District Judge
John J. Moakley Federal Courthouse          VIA HAND DELIVERY
1 Courthouse Way
Boston, MA 02210-3002

    RE;   *In Re: The Matter of Perry Lee Whatley*; No. 05-CA-11881-PBS; In the
           United States District Court for the District of Massachusetts

Dear Judge Saris:

    Knowing that [the] oral rendition controls over [a] written order in federal court, and out of an abundance of caution given the liberty interests involved here, the Whatleys ordered and paid for an expedited transcript of the hearing of September 27, 2005. Appellate counsel, Professor Peter J. Riga's office and I were in the process of reviewing that electronic transcript and crafting a proposed *Order* when a cellular blackout caused me to telephone my secretary. Fortuitously, I learned that Mr. Alba had kindly alerted her in Houston that Mr. Sullivan had tendered a proposed order for the September 27 hearing hours before he transmitted it to me.[1] Fortunately, and thanks to the internet, we had just completed our work and Mr. Easton of Professor Riga's office was able to send Mr. Alba our proposed Order by fax at Mr. Alba's direction. Approximately one hour later (3:56 p.m. EST) I received an e-mail transmission of Mr. Sullivan's proposed "protective order," the filing of which Mr. Alba had previously alerted us.

    First, please accept our sincere thanks for the Court's vigilance and integrity in this matter. In that same spirit, and trusting that the enclosed proposed "Order" is a faithful memorialization of the Court's oral rendition found in the transcript (pp. 19-21 where you instruct Mr. Alba to "write it down, A, B, C, etc."), we ask that Your Honor date and sign the enclosed.

---

[1] Mr. O' Sullivan could have transmitted the Order to me via email, which was the method he chose for transmitting it to the Court, by simply inserting my email address into the 2nd line of his browser.

Honorable Patti B. Saris
Septembe 29, 2005
Page Two

---

Normally, I would not quibble about minor, non-substantive variances. However, what has transpired here cannot pass without comment. Deprivation of personal freedom and property is what is at stake here. Thus, I find it unconscionable that a non-evidentiary hearing could have led anyone to tender to the Court an order that recites that the Court heard a "... preponderance of the evidence, [that led the Court to FIND and ORDER], pursuant to Massachusetts General Laws ch.19A, §14 *et seq*. ..." that a "Protective Order" should issue – legally implying that the Court had FOUND elder abuse, an emergent situation, and lack of capacity to consent to protective services, findings SWBSSI had pled for in its "Emergency Petition" under MASS. GEN. L. ch. 19A, § 20(b). *See* Tr. at 10, 5-19.

With respect to the aforestated statutory requirements, the Court's comment on the second prong, emergency, is especially trenchant and is reproduced below from the electronic transcript:

```
                                13

1       THE COURT: You have no concerns about elder abuse

2    going on this second, right?

3       MR. O'SULLIVAN: Well, no.
```

The Whatleys and I pledge full compliance with both the letter and spirit of the Court's concerns and sincerely appreciate Your Honor's careful efforts in this matter.

Very truly yours,

*[signature]*

Daniel J. Shea

cc:    Mr. James M. O'Sullivan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE MATTER OF | § | NO. 05-CA-11881 (PBS) |
| | § | |
| PERRY LEE WHATLEY | § | |

### ORDER

The Court makes the following Orders in this case after a hearing on September 27th 2005. The Court ORDERS that Perry Lee Whatley shall remain in Massachusetts and within the jurisdiction of this Court. The Court FURTHER ORDERS that no further annuities or CDs belonging to the Whatleys shall be redeemed or cashed-in without seeking leave of this Court. The Court FURTHER ORDERS that Mr. Whatley shall not be removed from Beth Israel Deaconess Hospital without giving this Court a twenty four hour advance notice, and, if the Whatleys take up residence in Massachusetts, they shall provide to Plaintiff, "Ethos," their address, and the medical care plan for Mr. Whatley. The hearing to determine elder abuse, emergency, and competence under MASS. GEN. L. ch. 19A, § 20B is CONTINUED until the status conference which is set for October 27th 2005 at 2 p.m.

Signed this _____ day of September 2005, at Boston, Massachusetts.

---

**PATTI B. SARIS**
**UNITED STATES DISTRICT JUDGE**