# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | § | NO. 05-CA-11881-PBS |
| | § | |
| | § | REMOVED FROM: |
| THE MATTER OF | § | MASSACHUSETTS TRIAL |
| | § | COURT DOCKET NO. 05-P-2003; |
| | § | HARRIS COUNTY, TEXAS |
| PERRY LEE WHATLEY | § | DOCKET NO. 355,095 |

## AMENDED NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant PERRY LEE WHATLEY, joined by Defendant DAWN JOHNSON WHATLEY, hereby removes this Civil Action No. 05-P-2003 from the Massachusetts Probate and Family Court Docket, which is an extension of Harris County, Texas Probate Court No. 2 Docket No. 355,095, into the above styled and captioned case in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1446 (a), 28 U.S.C. §1443 (1) (2), 42 U.S.C. § 1983, and 28 U.S.C. § 1332.

### I. PARTIES

The Parties to the proceeding are as follows:

Plaintiff, SOUTHWEST BOSTON SENIOR SERVICES, INC., "SWBSSI," is a contractor to the Commonwealth of Massachusetts acting under color of state law at the behest and in the stead of Jeanie Anderson, Robert Daniel Whatley, Ray J. Black Jr., Roy Fuller and Valerie Millholland. "SWBSSI" is represented by O'SULLIVAN & ASSOCIATES P.C., Mr. James M. O'Sullivan Esq., 17 Accord Park Drive, Suite 104, Norwell MA 02061; telephone: (781) 982-1700, telecopier: (781)871-4884. SWBSSI, a/k/a "Ethos," admits that it brought a petition in the Massachusetts Probate and Family Court at the behest of the Texas parties – mirroring the allegations in the Texas State Court.

-1-

Having judicially admitted that the present case is really the Texas case brought by the Texas parties by and through "Ethos" in Massachusetts, the Texas case also became removable when Counsel judicially admitted that complete diversity jurisdiction existed in this federal case. In addition, since this Court has entered Temporary Orders in this case, any orders that would conflict with this Court's Orders would leave the parties with multiple inconsistent rulings.[1] Thus, this amendment simply serves to put the Texas State Court on notice that when the Texas parties turned their case over to "Ethos" to file and prosecute in Massachusetts on their behalf, the Texas case became a nullity. The Texas matter, unless subsumed into to this case, would pose a substantial threat to this Court's jurisdiction.

Defendant/Counterclaimant PERRY LEE WHATLEY is a citizen of the State of Texas. He is represented by Ms. Susan B. Norman, Law Office of Susan B. Norman, 9135 Katy Fwy., Suite 100, Houston, TX 77024; telephone: (713) 465-3344; telecopier: (713) 468-6243, *Pro Hac Vice* (Pending).

Defendant/Counterclaimant DAWN JOHNSON WHATLEY is the Spouse, Attorney-in-Fact, and legally designated Guardian-Designee of Defendant Perry Lee Whatley and joins in this removal. She is represented by Mr. Daniel J. Shea, Esq., DANIEL J. SHEA, P.C., 1928 West Bell Street, Houston, TX 77019-4814; telephone: (713) 942-7500, telecopier: (713) 942-7507.

---

[1] The chosen path of the Texas parties was to bring suit in Boston alleging the same matters that were alleged in Texas. From the legal perspective, the Texas parties ignored the reality that once a Federal Court has subject matter and in *personam jurisdiction, that* Court will control the case until the entry of final judgment. To be clear, for the purposes of this amendment, the Boston case is actually the same identical case that was brought in Texas alleging elder abuse. Thus, by abandoning Texas in favor of Massachusetts, the Texas parties cannot be heard to complain that by their choice of forum through "Ethos," they must now litigate the entire case in this Court along with the counterclaim that rests on separate and independent grounds.

II. THE PLEADINGS

The state court petition that forms the basis for this removal was submitted with the Original Removal of September 16th 2005. The petition evinces removal jurisdiction on its face in that complete diversity exists between both defendants who are both citizens of the State of Texas, and the Plaintiff, a Massachusetts Corporation and quasi-governmental agency; further the amount in controversy is stated at "approximately $2.5 million." On September 21, 2005, "Ethos" submitted to this Court by and through its counsel, James O' Sullivan, all the Texas pleadings that normally the removing party would be required to submit as part of the removal process. See Docket # 9. Thus, now that the entire case has been placed before this Court, and the counterclaim is here as well, the Whatleys move the Court to enter the appropriate Temporary Orders, and final judgment.

Respectfully submitted,

PERRY LEE WHATLEY,

By: /s/ Susan B. Norman w/express permission
SUSAN B. NORMAN
Texas Bar No. 15083020
LAW OFFICE OF SUSAN B. NORMAN
9135 Katy Fwy., Suite 100
Houston, TX 77024
(713) 465-3344
(713) 468-6243 Telecopier
*PRO HAC VICE* (PENDING)

Respectfully submitted,

DAWN JOHNSON WHATLEY,

By: /s/ Daniel J. Shea
DANIEL J. SHEA
Mass. B.B.O. # 652896
DANIEL J. SHEA, P.C.
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Amended Notice of Removal* was served pursuant to FED. R. CIV. P. 5 on the 29th day of September 2005 to the individuals and in the manner indicated below:

| | |
|---|---|
| Mr. James M. O'Sullivan<br>O'SULLIVAN & ASSOCIATES, P.C.<br>17 Accord Park Drive, Suite 104<br>Norwell, MA 02061-0000<br>ATTORNEY FOR SOUTHWEST<br>BOSTON SENIOR SERVICES, INC. | U.S. Mail, First Class |

_____
DANIEL J. SHEA