FILED
IN CLERKS OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

2005 OCT -4  A 9: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN RE:                              §
                                    §
THE MATTER OF                       §        NO. 05-CA-11881 (PBS)
                                    §
PERRY LEE WHATLEY                   §

## EMERGENCY MOTION
## TO VACATE ALL INFERIOR ORDERS AFTER REMOVAL
## AND AFTER ANNOUNCEMENT OF INTENT TO REMAIN

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Dawn Johnson Whately and Perry Lee Whatley, who move this Court to vacate

all the Orders entered by inferior courts in this case made after a notice of removal was filed and

after they announced their intent to remain the Commonwealth; in support they would show as

follows:

## I. ORDERS ENTERED AFTER REMOVAL

1.      On October 3, 2005, Counsel was favored with a copy of a motion filed by Plaintiff

SWBSSI in which it appears to "proclaim" to this Court that a Texas Court *without* jurisdiction has

appointed a Temporary Guardian over the person and the estate of Perry Lee Whatley.

2.      Annexed hereto as Exhibit "A" and duly incorporated herein by reference is

SWBSSI's motion with the void Order attached. The behavior of SWBSSI and its counsel is

alarming and very disturbing in light of well settled law which SWBSSI appears to either ignore, or

simply disregard.[1]

3.      On September 29, 2005, the Texas case was removed to this Court at approximately

---

[1]  The submission to this Court of a proposed Order predicated on preponderant yet
ephemeral "findings" of "elder abuse" when the Court made no such findings and entered no such
ruling gave this Court a glimpse of what SWBSSI's counsel is now attempting here.

-1-

11:30 a.m. – at least four hours before the Texas Court was to convene without giving notice to the proposed ward as required by law.[2]   Indeed, the Texas court had set a hearing for 2 p.m. CDST. Instead, at 3: 58 p.m., some three hours after the notice of removal was served on the State Court, the state court nevertheless entered a void Order at a bogus temporary guardianship hearing as required by law.[3]   As this Court held once before, any order entered after removal was effected is wholly void. Thus, the Order entered by the Texas Court is void *ab initio* and of no effect. In addition, it is of no moment that SWBSSI may characterize the removal as defective or otherwise, since once the notice of removal is filed, the State Court lost all jurisdiction to proceed. *See Hyde Park Partners v. Connolly*, 839 F.2d 837 (1st Cir. 1994). In *Hyde Park*, the First Circuit held that under 28 U.S.C. § 1446(e), removal is "effect[ed]" as soon as the petition is filed and notice is given to all adverse parties, and a copy of the petition is filed with the clerk of the state court. At that point, *"the State court shall proceed no further unless and until the case is remanded."* *Id.* (emphasis added).

4.       Therefore, in this case, removal was effected at 11: 30 A.M. on September 29, 2005 when the last of the removal requirements was met. At that point, the jurisdiction of the state court "absolutely ceased, and that of the [federal court] immediately attached." *Steamship Co. v. Tugman,* 106 U.S. 118, 122, 27 L. Ed. 87, 1 S. Ct. 58 (1882). Consequently, the subsequent hearing and temporary guardianship order by the Probate Court were void *ab initio. Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 880 (1st Cir. 1983). In fact, the state court had ". . . a duty to proceed no further in the cause; and every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored." *Tugman,* 106 U.S. at 122. *"This is so even if it*

---

[2] *See* Exhibit "B" attached hereto and duly incorporated herein by reference.

[3] *See* Exhibit "C" attached hereto and duly incorporated herein by reference.

-2-

*eventually is determined that removal was improper."* *Id.* (emphasis added). Without a motion to remand, the Court could never reach the merits of the removal since Federal Courts are prohibited from remanding removed cases *sua sponte.* Thus, the Orders entered were void and must be vacated.

5.      It is well settled law in this Circuit that a person may transform his domicile and citizenship in an instant. *Bank One v. Montle*, 964 F.2d 48 (1st Cir. 1992). In *Bank One*, the First Circuit held that ". . . for purposes of diversity, a person is a citizen of the state in which he is domiciled." *Id. Citing Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991); *Rodriguez-Diaz v. Sierra-Martinez,* 853 F.2d 1027, 1029 (1st Cir. 1988); *Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc.;* 806 F.2d 1128, 1132 (1st Cir. 1986). "A person's domicile is 'the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning.'" *Rodriguez-Diaz,* 853 F.2d at 1029 *(quoting* C. Wright, A. Miller & E. Cooper, 13B FEDERAL PRACTICE & PROCEDURE § 3612, at 526 (1984)). *"Domicile is determined as of the time the suit is filed, and once diversity jurisdiction is established, it is not lost by a later change in domicile." Lundquist,* 946 F.2d at 10; *citing Valedon Martinez,* 806 F.2d at 1132; *Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701* (1st Cir. 1979)(emphasis added). In addition, the First Circuit in *Bank One* held that all that is required to effect a change in domicile is actual presence in the new domicile and an intent to remain. *Id. citing Valedon,* 806 F.2d at 1132; *Hawes,* 598 F.2d at 701; *see also* 1 MOORE'S FEDERAL PRACTICE, P0.74[3.-1], at 780. The Court further went on to state that "[i]t has become axiomatic that a change of domicile will be recognized *even if* it was made for the purpose of creating diversity jurisdiction as there is no minimum period of residency required. A citizen of the United States can instantly transfer his citizenship from one state to another." Hawes, 598 F.2d at 701 (emphasis added). Thus, having said all of the above, the Whatleys on September 29, 2005 announced their intent to stay in the

-3-

Commonwealth, became citizens of Massachusetts, are entitled to its protections as well as those of this Court, and more importantly did so before any Texas Court's jurisdiction attached. Accordingly, as the Whatleys are now Massachusetts citizens and the State Court entered the Orders after removal, the Orders are void, and the case is non-remandable.

## II. THE FIX WAS IN

6.     As an aside, and to cement even further the 1983 action pending in this Court, the Whatleys would show that in Texas, the "fix was in" long before the purported hearing date that Judge Mike Wood set *sua sponte*, but *well after* removal. Annexed hereto as Exhibit "D" is the letter of "congratulations" to Mr. Walker notifying him that the Court staff of Probate Court No.2 'appointed' him as temporary guardian a full two days before the hearing was to be held -- and without serving the proposed ward. Obviously, and due process concerns aside for now, this should clearly indicate to this Court that a full two days before the alleged hearing was to take place, Judge Mike Wood had made up his mind without a hearing mandated by the Fourteenth Amendment, and appointed Walker without giving notice to the ward, or to the parties. Indeed, unless Professor Riga is clairvoyant, and Walker had not started the process two days earlier, the fix would have gone undetected. This is why Congress enacted Title 42 and gave this Court the powers to enforce it. Therefore, as the Orders are void, and no Texas Court had acquired jurisdiction over either of the Whatley after removal, the Orders must be vacated, and any further attempts to interfere with this Court's jurisdiction enjoined.

## III. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Whatleys request that this Court vacate all the Orders entered by the Texas Court after removal pending a challenge to the removal by motion to remand.

-4-

Respectfully submitted,

PERRY LEE WHATLEY,

By: _____
SUSAN B. NORMAN
Texas Bar No. 15083020
LAW OFFICE OF SUSAN B. NORMAN
9135 Katy Fwy., Suite 100
Houston, TX 77024
(713) 465-3344
(713) 468-6243 Telecopier
*PRO HAC VICE* (PENDING)

Respectfully submitted,

DAWN JOHNSON WHATLEY,

By: _____
DANIEL J. SHEA
Mass. B.B.O. # 652896
DANIEL J. SHEA, P.C.
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Emergency Motion to Vacate . . .* has been served pursuant to FED R. CIV. P. 5 on the 3rd day of October 2005 to the individuals and in the manner indicated below:

Mr. James M. O'Sullivan                                    VIA FAX
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061
ATTORNEY FOR SOUTHWEST
BOSTON SENIOR SERVICES, INC.

_____
DANIEL J. SHEA

-5-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN THE MATTER OF          )
PERRY LEE WHATLEY         )
                          )    **NO. 05 CA 11881 PBS**
                          )

### CERTIFICATE OF SERVICE

I, James M. O'Sullivan, do hereby certify under the pains and
penalties of perjury that I served Daniel Shea, Esquire, on September 30;
2005, via first class mail, postage prepaid, to Daniel Shea, 1928 West Bell
Street, Houston, TX 77019-4814, the following documents:

1. Motion to Modify of Protective Order
2. Order Appointing Temporary Guardianship, by Texas Probate Court
3. Certificate of Appointment of Temporary Guardian
4. Motion for Expedited Hearing

Respectfully submitted,

James M. O'Sullivan
BBO #380807
O'SULLIVAN & ASSOCIATES, PC
17 Accord Park Drive, Suite 104
Norwell, MA 02061
781-982-1700

September 30, 2005



**RESPONDENT'S EXHIBIT**

**A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN THE MATTER OF          )
PERRY LEE WHATLEY         )
                          )    **NO. 05 CA 11881 PBS**
                          )

## MOTION FOR EXPEDITED HEARING

Southwest Boston Senior Services, Inc., asks this Honorable Court to schedule an expedited hearing on its motion to modify protective order. In support of this motion it states that Texas has appointed a temporary guardian for Perry Lee Whatley, who now has the authority to make placement and treatment decisions.

Respectfully submitted,
SOUTHWEST BOSTON SENIOR SERVICES, INC.
By its attorney,

/s/ James M. O'Sullivan
James M. O'Sullivan
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive
Norwell, MA 02061
78-982-1700
fax 781-871-4844
jim.osullivanandassociates@comcast.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN THE MATTER OF  )
PERRY LEE WHATLEY  )
        )  **NO. 05 CA 11881 PBS**
        )

### MOTION TO MODIFY PROTECTIVE ORDER

Southwest Boston Senior Services, Inc., asks this Honorable Court to modify the current protective order(s) issued in this case by allowing Perry Lee Whatley's temporary guardian to assume custody and control of Mr. Whatley, and then to dismiss all actions. In support of this motion it states that:

1. Texas has appointed a temporary guardian for Perry Lee Whatley, who now has the authority to make placement and treatment decisions;
2. this Court must give full faith and credit to the Texas order attached, Texas has jurisdiction; and
3. it is Mr. Whatley's best interest that all further legal proceedings take place in his home state.

Respectfully submitted,
SOUTHWEST BOSTON SENIOR
SERVICES, INC.
By its attorney,

/s/ James M. O'Sullivan
James M. O'Sullivan
O'SULLIVAN & ASSOCIATES,
P.C.
17 Accord Park Drive
Norwell, MA 02061
78-982-1700
fax 781-871-4844
jim.osullivanandassociates@c
omcast.net

FROM : RIGALAWFAX001    FAX NO. : 7137718653    Oct. 03 2005 04:32PM P10
MAY-09-2004 20:59 From:SUSAN C NORMAN    713 468 6243    To:7137718653    P.1/1

## DINKINS KELLY LENOX LAMB & WALKER, L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ATTORNEYS AT LAW

BID WALKER

SUITE 840

HOUSTON. TEXAS 77002-3721

JIMMY WALKER
PARTNER

(713) 759-0900

FACSIMILE (713) 759-9549

WRITER'S DIRECT LINE: 713-259-7030
E-MAIL: jwalker@dinkinslaw.com

September 30, 2005

Ms. Susan C. Norman
9135 Katy Freeway, Suite 100
Houston, Texas 77024-1636

> Re:    Cause No. 355,095; Guardianship of Perry Lee Whatley, an
> Incapacitated Person; Probate Court No. 2 of Harris County, Texas

Dear Ms. Norman:

Attached is a certified copy of an Order appointing me Temporary
Guardian of the person and estate of Perry Lee Whatley and a Certificate of
Appointment. It is my understanding that you are serving as his counsel. I would
appreciate the opportunity to meet with you to discuss Mr. Whatley's affairs.

Sincerely,

Jimmy Walker

MJW:.ss
enclosure

W:\A30467\V000\157270_1

FROM : R1GALAWFAX001        FAX NO. : 7137718653

MAY-09-2004 20:58 From: SUSAN C NORMAN        713 468 6243        To: 7137718653        P.5/5
OFFICE OF BEVERLY B. KAUFMAN, COUNTY CLERK HARRIS COUNTY, TEXAS
PROBATE COURTS DEPARTMENT

IN MATTERS OF PROBATE          )
                                )   DOCKET NO. 355,095
PROBATE COURT NO. 2             )
                                )   STYLE OF
HARRIS COUNTY, TEXAS            )   ESTATE: PERRY LEE WHATLEY
                                        INCAPACITATED

## CERTIFICATE OF APPOINTMENT

ON SEPTEMBER 29, 2005, JIMMY WALKER WAS APPOINTED TEMPORARY

GUARDIAN OF THE PERSON AND ESTATE OF PERRY LEE WHATLEY , INCAPACITATED.

THE GUARDIAN QUALIFIED ACCORDING TO LAW ON SEPTEMBER 29, 2005 .

GIVEN UNDER MY HAND AND SEAL OF COURT, AT HOUSTON, TEXAS, ON

SEPTEMBER 29, 2005 .

                                    BEVERLY B. KAUFMAN, CLERK
                                    PROBATE COURT NO. 2
                                    HARRIS COUNTY, TEXAS

{SEAL}

                                    MARISOL IBANEZ
                                    DEPUTY COUNTY CLERK

NO. 793595/MI

Form No 102 (0.10+ 05-1999)        P. O. BOX 1525 ● HOUSTON, TEXAS 77251-1525 ● (713) 755-6411

A CERTIFIED COPY

ATTEST.        SEP 2 9 2005
BEVERLY H. KAUFMAN, County Clerk
Harris County, Texas

                        Deputy
JACYS JOURNE ● WASHINGTON



275477

355,05
NO. 341,532

**PROBATE COURT #2**

IN RE: GUARDIANSHIP OF                         IN PROBATE COURT NO. 2
THE PERSON AND ESTATE OF

PERRY LEE WHATLEY,                             OF

AN INCAPACITATED PERSON                        HARRIS COUNTY, TEXAS

### ORDER APPOINTING TEMPORARY GUARDIAN
### OF THE PERSON AND ESTATE PENDING CONTEST

Pending before this Court is an Application for the appointment of a guardian for Perry Lee Whatley ("Proposed Ward") filed by Robert Daniel Whatley and Jeanie Anderson ("Applicants"). After reviewing the pleadings, and upon considering the evidence and argument of counsel, the Court finds (i) that contest to the Application for the Appointment of a Guardian of the Person and Estate of Perry Lee Whatley has been filed, (ii) that the appointment of a temporary guardian is necessary to protect the Proposed Ward and his estate, (iii) that there is imminent danger that the physical health and safety of the Proposed Ward will be seriously impaired, and/or that the Proposed Ward's estate will be seriously damaged or dissipated unless a temporary guardian of the Proposed Ward's person and estate is appointed, (iv) that this Court has jurisdiction and venue over the parties, the Proposed Ward and his estate, and (v) that it would be in the Proposed Ward's best interest to appoint a temporary guardian of his person and estate pending contest, pursuant to Section 875(k) of the Texas Probate Code. It is, therefore,

ORDERED that **Jimmy Walker** , an attorney licensed to practice in the State of Texas, is hereby appointed as Temporary Guardian of the Person and Estate of Perry Lee Whatley, Pending Contest, pursuant to Section 875(k) of the Texas Probate Code ("Temporary Guardian") and that Certificates of Appointment of Temporary Guardian of the Person and Estate Pending Contest shall issue accordingly upon the Temporary Guardian posting a bond in

A CERTIFIED COPY

ATTEST    SEP 29 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas
                              Deputy
JACQUELINE F. WASHINGTON

the sum of $ 2,300,000.00 _____ and taking the Oath as required by law. It is further,

ORDERED that the Temporary Guardian shall have the following powers, subject to further

orders of the Court if required by the Texas Probate Code:

1.   To take physical possession, charge and custody of the Proposed Ward, and to establish his residence;

2.   To relocate the Proposed Ward from his current location, regardless of where he may be found, to Harris County, Texas;

3.   To make residential placement and care decisions for the Proposed Ward;

4.   To obtain any and all necessary dental, mental, physical and/or medical care, and to consent to necessary medical procedures, including surgery on behalf of the Proposed Ward;

5.   To obtain any and all medical records of the Proposed Ward, including any records of medical care or treatment protected under HIPAA Regulations, and any Health Care Organization or Physician presented with a copy of this Order shall provide the Temporary Guardian access to the Proposed Ward's Protected Health Information, including, but not limited to, medical records, psychological records and intellectual testing records that are dated within the last twelve (12) months from the date of this Order and up to and including Protected Health Information to the date this Order is presented;

6.   To intervene and substitute in as a party to in any lawsuit concerning the Proposed Ward and/or the assets of his estate, and to take such action as the facts of the case warrant;

7.   To collect and protect all real and personal property of the Proposed Ward's estate;

8.   To contract and incur obligations on behalf of the Proposed Ward;

9.   To employ accountants, appraisers, attorneys and other persons necessary in the administration of the guardianship estate and in the preparation and filing of any tax returns required to be filed by the guardianship estate and to file and sign such tax returns and, if necessary, apply for an extension of time to file same;

10.  To make investigations reasonably necessary to determine the nature and extent of the Proposed Ward's property and claims;

-2-

A CERTIFIED COPY
       SEP 2 9 2005
ATTEST
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
JACQUELINE F. WASHINGTON

11.    To pursue and collect claims on behalf of the Proposed Ward, including initiating legal actions or suits in order to seek the collection of any such claims;

12.    To receive any monies, payments, rents, dividends, interest, trust proceeds, and any and all other types of income payable to or receivable by the Proposed Ward;

13.    To pay all bills, including insurance premiums, and make any and all reasonable and necessary expenditures from the guardianship estate, for the benefit of the Proposed Ward;

14.    To take possession and control of Proposed Ward's assets, both real and personal, including any and all books, records, personal identification instruments, account statements, documents, and instruments necessary for preparation and filing of individual income tax returns for the Proposed Ward;

15.    To take possession of all cash on hand or on deposit belonging to the Proposed Ward or any business of the Proposed Ward, and to open new accounts and to be the authorized signatory on such accounts;

16.    To take possession, charge and control of any and all financial resources of the Proposed Ward, including, but not limited to any bank accounts, brokerage accounts and annuities;

17.    To have access to any safe deposit box maintained by the Proposed Ward and to inventory and take possession of the contents of any such safe deposit box;

18.    To revoke any Durable Power of Attorney or Power of Attorney executed by the Proposed Ward, or any act taken by the holder of any Power of Attorney executed by the Proposed Ward;

19.    To investigate the validity of any action allegedly taken by the Proposed Ward and take such action as is necessary to set aside the acts of the Proposed Ward at any time he may have lacked the legal capacity to do such acts; and

20.    To do such other and further acts concerning the property and interests of the Proposed Ward and his estate as the Court may from time to time direct.

It is further,

ORDERED that the Temporary Guardian and the Attorney Ad Litem, ORDERED that ~~~~~~~~~~~~~~~~ is appointed to appraise the Ray Black, Jr., shall travel to the location of the Proposed Ward's current personal property assets of the guardianship estate. It is further, whereabouts, and the Temporary Guardian shall take possession of the Proposed Ward and relocate him to Harris County, Texas, with the assistance of the Attorney Ad Litem. It is further,

A CERTIFIED COPY

ATTEST:    SEP 29 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
JACQUELINE F. WASHINGTON

FROM : RIGALAWFAX001    Case 1:05-cv-11881-PBS    Document 21-2    FAX NO. : 7137718653    Filed 10/04/2005    Oct. 03 2005 04:55PM P15    Page 9 of 9

MAY-09-2004 20:57 From:SUSAN C NORMAN          713 468 6243         To:7137718653         P.4/5

ORDERED that the term of the Temporary Guardian of the Person and Estate Pending

Contest shall expire at the conclusion of the hearing challenging or contesting the application or on

the date the Court appoints a permanent guardian for Proposed Ward.   It is further,

SIGNED this **25** day of _____ **SEPTEMBER** _____, 2005.

_____
PRESIDING JUDGE

ORDERED that any person or entity interfering with the relocation of the Proposed Ward to Harris County, Texas, or any other action by the Temporary Guardian, shall be subject to contempt proceedings.

-4-

A CERTIFIED COPY

ATTEST:    SEP 29 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
JACQUELINE F. WASHINGTON

NO. 358095

| | | |
|---|---|---|
| IN RE: THE PERSON AND ESTATE | § | IN THE PROBATE COURT OF |
| | § | |
| OF PERRY LEE WHATLEY, | § | HARRIS COUNTY, TEXAS |
| | § | |
| A PROPOSED WARD. | § | COURT NUMBER (2) TWO |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

DAWN JOHNSON WHATLEY, Spousal Guardian-Designee of the Proposed Ward, PERRY

LEE WHATLEY, hereby gives notice of removal of this action to the United States District Court

for the District of Massachusetts.[1] See Exhibit "A," attached hereto and duly incorporated herein by

reference as if set forth verbatim. The State Court shall proceed no further unless and until the case

is remanded. See 28 U.S.C. § 1446 (d).

Dated and filed with the state court on September 29th 2005.

Respectfully submitted:

DANIEL J. SHEA, P.C.

By: _____

DANIEL J. SHEA
State Bar No. 18163850
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

ATTORNEY FOR SPOUSAL GUARDIAN
DESIGNEE, DAWN JOHNSON WHATLEY

RESPONDENT'S EXHIBIT B

2005 SEP 29 PM 12: 36
RECEIVED
COUNTY CLERK
HARRIS COUNTY, TEXAS

_____

[1] The pleadings in this case have now been placed by the *Ad Litem* into the record in the Massachusetts federal case by the *Affidavit of Ray J. Black, Jr.* (Fed. Doc. #5) which conclusively demonstrates that the Boston state probate case was brought by SWBSSI a/k/a "Ethos" at the request of Judge Mike Wood acting through his own counsel, Valerie Millholland.

-1-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

*IN RE:*                                   §          NO.05-CA-11881-PBS

                                           §
                                           §          REMOVED FROM:
THE MATTER OF                              §          MASSACHUSETTS TRIAL
                                           §          COURT DOCKET NO. 05-P-2003;
                                           §          HARRIS COUNTY, TEXAS
PERRY LEE WHATLEY                          §          DOCKET NO. 355,095

### AMENDED NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant PERRY LEE WHATLEY, joined by Defendant DAWN JOHNSON WHATLEY,

hereby removes this Civil Action No. 05-P-2003 from the Massachusetts Probate and Family Court

Docket, which is an extension of Harris County, Texas Probate Court No. 2 Docket No. 355,095,

into the above styled and captioned case in the United States District Court for the District of

Massachusetts pursuant to 28 U.S.C. §1446 (a), 28 U.S.C. §1443 (1) (2), 42 U.S.C. § 1983, and 28

U.S.C. § 1332.

### I. PARTIES

The Parties to the proceeding are as follows:

Plaintiff, SOUTHWEST BOSTON SENIOR SERVICES, INC., "SWBSSI," is a contractor

to the Commonwealth of Massachusetts acting under color of state law at the behest and in the stead

of Jeanie Anderson, Robert Daniel Whatley, Ray J. Black Jr., Roy Fuller and Valerie Millholland.

"SWBSSI" is represented by O'SULLIVAN & ASSOCIATES P.C., Mr. James M. O'Sullivan Esq., 17

Accord Park Drive, Suite 104, Norwell MA 02061; telephone: (781) 982-1700, telecopier: (781) 871-

4884. SWBSSI, a/k/a "Ethos," admits that it brought a petition in the Massachusetts Probate and

Family Court at the behest of the Texas parties – mirroring the allegations in the Texas State Court,



RESPONDENT'S EXHIBIT

Having judicially admitted that the present case is really the Texas case brought by the Texas parties

by and through "Ethos" in Massachusetts, the Texas case also became removable when Counsel

judicially admitted that complete diversity jurisdiction existed in this federal case. In addition, since

this Court has entered Temporary Orders in this case, any orders that would conflict with this Court's

Orders would leave the parties with multiple inconsistent rulings.[1]  Thus, this amendment simply

serves to put the Texas State Court on notice that when the Texas parties turned their case over to

"Ethos" to file and prosecute in Massachusetts on their behalf, the Texas case became a nullity. The

Texas matter, unless subsumed into to this case, would pose a substantial threat to this Court's

jurisdiction.

Defendant/Counterclaimant PERRY LEE WHATLEY is a citizen of the State of Texas. He

is represented by Ms. Susan B. Norman, Law Office of Susan B. Norman, 9135 Katy Fwy., Suite

100, Houston, TX 77024; telephone: (713) 465-3344; telecopier: (713) 468-6243, *Pro Hac Vice*

(Pending).

Defendant/Counterclaimant DAWN JOHNSON WHATLEY is the Spouse, Attorney-in-Fact,

and legally designated Guardian-Designee of Defendant Perry Lee Whatley and joins in this removal.

She is represented by Mr. Daniel J. Shea, Esq., DANIEL J. SHEA, P.C., 1928 West Bell Street,

Houston, TX 77019-4814; telephone: (713) 942-7500, telecopier: (713) 942-7507.

---

[1] The chosen path of the Texas parties was to bring suit in Boston alleging the same matters that were alleged in Texas. From the legal perspective, the Texas parties ignored the reality that once a Federal Court has subject matter and *in personam jurisdiction, that* Court will control the case until the entry of final judgment. To be clear, for the purposes of this amendment, the Boston case is actually the same identical case that was brought in Texas alleging elder abuse. Thus, by abandoning Texas in favor of Massachusetts, the Texas parties cannot be heard to complain that by their choice of forum through "Ethos," they must now litigate the entire case in this Court along with the counterclaim that rests on separate and independent grounds.

## II. THE PLEADINGS

The state court petition that forms the basis for this removal was submitted with the Original Removal of September 16th 2005. The petition evinces removal jurisdiction on its face in that complete diversity exists between both defendants who are both citizens of the State of Texas, and the Plaintiff, a Massachusetts Corporation and quasi-governmental agency; further the amount in controversy is stated at "approximately $2.5 million." On September 21, 2005, "Ethos" submitted to this Court by and through its counsel, James O' Sullivan, all the Texas pleadings that normally the removing party would be required to submit as part of the removal process. See Docket # 9. Thus, now that the entire case has been placed before this Court, and the counterclaim is here as well, the Whatleys move the Court to enter the appropriate Temporary Orders, and final judgment.

Respectfully submitted,

PERRY LEE WHATLEY

By:

SUSAN B. NORMAN
Texas Bar No. 15083020
LAW OFFICE OF SUSAN B. NORMAN
9135 Katy Fwy., Suite 100
Houston, TX 77024
(713) 465-3344
(713) 468-6243 Telecopier
PRO HAC VICE (PENDING)

Respectfully submitted,

DAWN JOHNSON WHATLEY,

By:

DANIEL J. SHEA
Mass. B.B.O. #652896
DANIEL J. SHEA, P.C.
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500
(713) 942-7507 Telecopier

-3-

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing Dawn Johnson Whatley's *Notice of Removal* was served pursuant to TEX. R. CIV. P. 21 and further, that the same has been served pursuant to TEX. R. CIV. P. 21a on the 29th day of September 2005 to the individuals and in the manner indicated below:

Ms. Susan C. Norman                              Hand Delivery in Open Court
9135 Katy Fwy., Suite 100
Houston, TX 77024-1636
ATTORNEY FOR RESPONDENT,
PERRY LEE WHATLEY

Mr. John L. Green                                Facsimile: (713) 660-9921
4888 Loop Central Dr., Suite 445
Houston, TX 77081-2226
ATTORNEY FOR DAWN JOHNSON
WHATLEY, SPOUSAL APPLICANT

Mr. Ray J. Black, Jr.                            Hand Delivery in Open Court
One Riverway, Suite 1700
Houston, TX 77056-1997
ATTORNEY *AD LITEM*

Mr. Roy L. Fuller                                Hand Delivery in Open Court
1300 Rollingbrook, Suite 608
Baytown, TX 77521-3863
ATTORNEY FOR APPLICANTS
ROBERT DANIEL WHATLEY
AND JEANIE ANDERSON


_____

DANIEL J. SHEA

-2-

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Amended Notice of Removal* was served pursuant to FED. R. CIV. P. 5 on the 29th day of September 2005 to the individuals and in the manner indicated below:

Mr. James M. O'Sullivan                                    U.S. Mail, First Class
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061-0000
ATTORNEY FOR SOUTHWEST
BOSTON SENIOR SERVICES, INC.

DANIEL J. SHEA

-4-

Peter J. Riga, Ph.D. LL.M. J.S.D. J.D. ST. D TH.D. PH. L. Attorney At Law/ Author and Novelist
8700 Commerce Park Drive, Suite 116
Houston, Texas 77036-7423

(713) 771-8494 (Main)                    Notary -Public                    (713) 771-8653 (Telecopier)

www.RigaLaw.com                                                          EastProLaw@msn.com

Michael Easton Sr.

# FAX TRANSMISSION

TO: **James "Jimmy" Walker**

FROM: **Peter J. Riga**

FAX: **713-759-9549**

DATE: **September 27th 2005**

RE: In Re Perry Lee Whatley No. 05-CA-11881 In the United States District Court
for the District of Massachusetts

Dear Mr. Walker:

"Congratulations" on being "appointed" Perry Lee Whatley's Temporary Guardian today,
a full two days before the defective "hearing" is even held. When it comes to this case and
Probate Court No.2, not even John Calvin could have written about predestination as well
as this case has turned, and about the conduct of Judge Wood, and his inner circle of
friends.

However, **there is a slight catch to ya'll's fix.** Today, a United States District Judge entered
Temporary Orders in the guardianship matter in Boston, Massachusetts, which the Boston
proceedings by judicial admission of the party who brought the suit on behalf on Roy
Fuller's clients, Ray Black, and Judge Wood, stipulated to was part of the ongoing
proceedings in Texas. As that lawyer is about to find out, **that admission will be fatal to
the Texas case since it was removed to Federal Court,** and the Federal Court today stated
that Mr. Whatley will remain in its jurisdiction, and this removal put the Texas case in U.S.
District Court when Judge Wood ordered Valerie Millholland to go chasing Mr. Whatley to
Boston. Please note the new case number and style of the case and where it is pending. Now
that the "cat" is out of the "bag" let me be the first to state that if you take possession of
anything based on this obvious fix and flagrant violation of Mr. Whatley's civil rights, you
would do well to have frequent flyer miles to come go to Boston on a weekly basis, as Mr.



**RESPONDENT'S EXHIBIT**

And Mrs Whatley will join you and your law firm to that 42 U.S.C. 1983 suit pending in Boston over all this "cloak & dagger" plan put together by the inner circle of Court 2.

You should have at least waited until the bogus hearing took place so as to make what you and Judge Wood just did, look legitimate. It will be Mr. Shea's pleasure to inform the Federal Court of what you are doing in the company of a state officer-- that so offends the notion that Perry Lee Whatley is being abused. He being abused allright---by a judicial system that does the things you are attempting here, but that you will not get away with. Rest assured of that!

**SENDING REPORT**

Sep. 27 2005 03:22PM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|---|---|---|---|---|---|---|
| 01 | 713 759 9549 | Sep. 27 03:20PM | 01'23 | SND | 02 | OK |

TO TURN OFF REPORT, PRESS MENU #04 SET.
THEN SELECT OFF BY USING JOG-DIAL.

IF YOU HAVE A PROBLEM WITH YOUR FAX MACHINE, CALL 1-800-HELP-FAX (435-7329).

Walker Confirmation

SENDING REPORT

Oct. 03 2005 04:21PM

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|-----|-----------------|------------|-----------|------|-------|--------|
| 01 | 1818714844 | Oct. 03 04:04PM | 16'16 | SND | 23 | OK |

TO TURN OFF REPORT, PRESS MENU #04 SET.
THEN SELECT OFF BY USING JOG-DIAL.

IF YOU HAVE A PROBLEM WITH YOUR FAX MACHINE, CALL 1-800-HELP-FAX (435-7329).

$O'$ SULLIVAN

PROOF OF SERVICE