IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF ) | |
| PERRY LEE WHATLEY ) | |
| ) | NO. 05 CA 11881 PBS |
| ) | |

## MOTION TO MODIFY PROTECTIVE ORDER

Southwest Boston Senior Services, Inc., asks this Honorable Court to modify the current protective order(s) issued in this case by allowing Perry Lee Whatley's temporary guardian to assume custody and control of Mr. Whatley, and then to dismiss all actions. In support of this motion it states that:

1. Texas has appointed a temporary guardian for Perry Lee Whatley, who now has the authority to make placement and treatment decisions;
2. this Court must give full faith and credit to the Texas order attached, Texas has jurisdiction; and
3. it is Mr. Whatley's best interest that all further legal proceedings take place in his home state.

Respectfully submitted,
SOUTHWEST BOSTON SENIOR
SERVICES, INC.
By its attorney,

/s/ James M. O'Sullivan
James M. O'Sullivan
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive
Norwell, MA  02061
78-982-1700
fax 781-871-4844
jim.osullivanandassociates@comcast.net

**275477**

NO. ~~341,532~~ 355,095

**PROBATE COURT #2**

IN RE: GUARDIANSHIP OF  THE PERSON AND ESTATE OF

PERRY LEE WHATLEY,

AN INCAPACITATED PERSON

IN PROBATE COURT NO. 2

OF

HARRIS COUNTY, TEXAS

### ORDER APPOINTING TEMPORARY GUARDIAN OF THE PERSON AND ESTATE PENDING CONTEST

Pending before this Court is an Application for the appointment of a guardian for Perry Lee Whatley ("Proposed Ward") filed by Robert Daniel Whatley and Jeanie Anderson ("Applicants"). After reviewing the pleadings, and upon considering the evidence and argument of counsel, the Court finds (i) that contest to the Application for the Appointment of a Guardian of the Person and Estate of Perry Lee Whatley has been filed, (ii) that the appointment of a temporary guardian is necessary to protect the Proposed Ward and his estate, (iii) that there is imminent danger that the physical health and safety of the Proposed Ward will be seriously impaired, and/or that the Proposed Ward's estate will be seriously damaged or dissipated unless a temporary guardian of the Proposed Ward's person and estate is appointed, (iv) that this Court has jurisdiction and venue over the parties, the Proposed Ward and his estate, and (v) that it would be in the Proposed Ward's best interest to appoint a temporary guardian of his person and estate pending contest, pursuant to Section 875(k) of the Texas Probate Code. It is, therefore,

ORDERED that __Jimmy Walker__, an attorney licensed to practice in the State of Texas, is hereby appointed as Temporary Guardian of the Person and Estate of Perry Lee Whatley, Pending Contest, pursuant to Section 875(k) of the Texas Probate Code ("Temporary Guardian") and that Certificates of Appointment of Temporary Guardian of the Person and Estate Pending Contest shall issue accordingly upon the Temporary Guardian posting a bond in

A CERTIFIED COPY

ATTEST:   SEP 29 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
JACQUELINE F. WASHINGTON

the sum of $ 2,500,000.00 and taking the Oath as required by law. It is further,

ORDERED that the Temporary Guardian shall have the following powers, subject to further orders of the Court if required by the Texas Probate Code:

1. To take physical possession, charge and custody of the Proposed Ward, and to establish his residence;

2. To relocate the Proposed Ward from his current location, regardless of where he may be found, to Harris County, Texas;

3. To make residential placement and care decisions for the Proposed Ward;

4. To obtain any and all necessary dental, mental, physical and/or medical care, and to consent to necessary medical procedures, including surgery on behalf of the Proposed Ward;

5. To obtain any and all medical records of the Proposed Ward, including any records of medical care or treatment protected under HIPAA Regulations, and any Health Care Organization or Physician presented with a copy of this Order shall provide the Temporary Guardian access to the Proposed Ward's Protected Health Information, including, but not limited to, medical records, psychological records and intellectual testing records that are dated within the last twelve (12) months from the date of this Order and up to and including Protected Health Information to the date this Order is presented;

6. To intervene and substitute in as a party to in any lawsuit concerning the Proposed Ward and/or the assets of his estate, and to take such action as the facts of the case warrant;

7. To collect and protect all real and personal property of the Proposed Ward's estate;

8. To contract and incur obligations on behalf of the Proposed Ward;

9. To employ accountants, appraisers, attorneys and other persons necessary in the administration of the guardianship estate and in the preparation and filing of any tax returns required to be filed by the guardianship estate and to file and sign such tax returns and, if necessary, apply for an extension of time to file same;

10. To make investigations reasonably necessary to determine the nature and extent of the Proposed Ward's property and claims;

-2-

A CERTIFIED COPY
SEP 29 2005
ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
JACQUELINE F. WASHINGTON

11. To pursue and collect claims on behalf of the Proposed Ward, including initiating legal actions or suits in order to seek the collection of any such claims;

12. To receive any monies, payments, rents, dividends, interest, trust proceeds, and any and all other types of income payable to or receivable by the Proposed Ward;

13. To pay all bills, including insurance premiums, and make any and all reasonable and necessary expenditures from the guardianship estate, for the benefit of the Proposed Ward;

14. To take possession and control of Proposed Ward's assets, both real and personal, including any and all books, records, personal identification instruments, account statements, documents, and instruments necessary for preparation and filing of individual income tax returns for the Proposed Ward;

15. To take possession of all cash on hand or on deposit belonging to the Proposed Ward or any business of the Proposed Ward, and to open new accounts and to be the authorized signatory on such accounts,

16. To take possession, charge and control of any and all financial resources of the Proposed Ward, including, but not limited to any bank accounts, brokerage accounts and annuities;

17. To have access to any safe deposit box maintained by the Proposed Ward and to inventory and take possession of the contents of any such safe deposit box;

18. To revoke any Durable Power of Attorney or Power of Attorney executed by the Proposed Ward, or any act taken by the holder of any Power of Attorney executed by the Proposed Ward;

19. To investigate the validity of any action allegedly taken by the Proposed Ward and take such action as is necessary to set aside the acts of the Proposed Ward at any time he may have lacked the legal capacity to do such acts; and

20. To do such other and further acts concerning the property and interests of the Proposed Ward and his estate as the Court may from time to time direct.

It is further,

ORDERED that the Temporary Guardian and the Attorney Ad Litem, Ray Black, Jr., shall travel to the location of the Proposed Ward's current whereabouts, and the Temporary Guardian shall take possession of the Proposed Ward and relocate him to Harris County, Texas, with the assistance of the Attorney Ad-Litem. It is further,

A CERTIFIED COPY

ATTEST: SEP 28 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
JACQUELINE F. WASHINGTON

OFFICE OF BEVERLY B. KAUFMAN, COUNTY CLERK, HARRIS COUNTY, TEXAS
PROBATE COURTS DEPARTMENT

| | |
|---|---|
| IN MATTERS OF PROBATE | DOCKET NO. 355,098 |
| PROBATE COURT NO. 2 | STYLE OF |
| HARRIS COUNTY, TEXAS | ESTATE: PERRY LEE WHATLEY INCAPACITATED |

## CERTIFICATE OF APPOINTMENT

ON SEPTEMBER 29, 2005, JIMMY WALKER WAS APPOINTED TEMPORARY GUARDIAN OF THE PERSON AND ESTATE OF PERRY LEE WHATLEY, INCAPACITATED. THE GUARDIAN QUALIFIED ACCORDING TO LAW ON SEPTEMBER 29, 2005.

GIVEN UNDER MY HAND AND SEAL OF COURT, AT HOUSTON, TEXAS, ON SEPTEMBER 29, 2005.

BEVERLY B. KAUFMAN, CLERK
PROBATE COURT NO. 2
HARRIS COUNTY, TEXAS

(SEAL)

MARISOL IBANEZ
DEPUTY COUNTY CLERK

NO. 793595/M1

Form No. 140-78 (Rev. 05/1995)    P. O. BOX 1525 • HOUSTON, TEXAS 77251-1525 • (713) 755-6425

A CERTIFIED COPY
ATTEST:  SEP 29 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
JACQUELINE F. WASHINGTON