IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE MATTER OF | § | NO. 05-CA-11881 (PBS) |
| | § | |
| PERRY LEE WHATLEY | § | |

## WHATLEYS' RESPONSE TO SECOND MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1.  By way of introduction, on October 4, 2005, Plaintiff filed its second motion to remand which is a concession that on September 29, 2005 the Whatleys had indeed removed the Texas case to this Court in accordance with the removal statute. However, the second motion to remand, while replete with rhetoric and attacks on Mrs. Whatley and her counsel, states no ground for remand, and indeed could not, in that "Ethos" had previously conceded that complete diversity existed at the time of the removal. What "Ethos" appears to say is that under its interpretation of the removal statute, the case was removed to the wrong district. "Ethos" is in error, and this Court can rest assured that every filing done by the Whatleys is checked for factual accuracy, as well as legal soundness, before it is made pursuant to FED. R. CIV. P. 11.[1] Thus, the instant motion to remand must be denied.

### I. SUBJECT MATTER JURISDICTION

2.  The initial inquiry in any suit filed in federal court must be whether the federal court possesses subject matter jurisdiction. None of the parties raised the jurisdictional issue and because subject matter jurisdiction determines whether a court has power to act in a given case, a federal

---

[1] Mr. O'Sullivan has received two (2) twenty one (21) day safe harbor notices as required by FED. R. CIV. P. 11 that expire on October 25, 2005. They are based on Ethos' repeated attempts to have the judges of this Court ignore the First Circuit. *See* Exhibit "A" attached hereto and duly incorporated herein by reference.

court must raise the issue on its own motion where the parties fail to bring it to the court's attention. *See City of Kenosha v. Bruno,* 412 U.S. 507, 511-12, 93 S. Ct. 2222, 37 L. Ed. 2d 109 (1973); FED. R .CIV. P. 12(h)(3). In this case, the removal complaint alleges facts necessary to establish federal diversity jurisdiction and indeed, at the last hearing, Ethos conceded on the record that there was complete diversity at the time of the removal.[2]

3. In its second motion to remand, "Ethos" states that the case belongs in a Texas State Court. This position is frivolous. Any case may be removed to a United States District Court in the United States. However, once removed, if the Court already has subject matter jurisdiction, a motion to remand *is not* the vehicle to be used. If the district is an incorrect one, then a party must file a motion to transfer venue to the proper district. "Ethos" has not challenged venue and in fact cannot do so since this district is the district that possesses exclusive subject matter of the controversy in question. Addressing this matter previously, the Fifth Circuit has stated that if the district was incorrect, then a motion to transfer venue would be the remedy, not a motion to remand. *See S.W.S. Erectors Inc. v. Infax Inc.,* 72 F.3d 489 (5th Cir. 1996).

## II. VENUE

4. Now having advised "Ethos" of its remedy, and in the interest of judicial economy in the event that "Ethos" should now raise the venue issue, the Whatleys will answer that question in advance. In *S.W.S. Erectors*, the Fifth Circuit also teaches that multiple removals are permissive based on fact driven scenarios. In that regard, the Court held that ". . . error in the venue of a removed action does *not* deprive the district court of subject matter jurisdiction requiring remand of the case." *Id. citing RTC v. Sonny's Old Land Corp.*, 937 F.2d 128, 130 (5th Cir. 1991). When a

---

[2] The parties cannot, of course, stipulate to jurisdiction. However, they can stipulate to facts that allow the District Court to arrive at the legal conclusions that support it.

case is removed to the wrong district, ". . . the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue." *Id. citing Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644-45 (5th Cir.), *cert. denied*, 115 S. Ct. 577, 130 L. Ed. 2d 492 (1994). Thus, what is the Court of proper venue? As reaffirmed by the First Circuit in *Bank One v. Montle*, 964 F.2d 48 (1st Cir. 1992), a party can transform his citizenship and domicile in an instant without destroying diversity jurisdiction. The Whatleys have done so and venue is proper where the case now lies. "Ethos" motion to remand should thus be denied.

5. A legal inquiry into the venue issue resonates with the factual and equitable interests involved here. If "Ethos" does raise the venue issue, it does so in the face of the *fact* that it acted at the behest of the Texas parties that chose the path of bringing multiple suits in multiple forums to achieve service on Mr. Whately in Massachusetts instead of the path of a request for letters rogatory courts, a procedure that would have afforded the Texas parties the remedies of serving Mr. Whatley. Instead, these were the choices made by counsel in Massachusetts and in Texas. Accordingly, neither "Ethos" nor those in privity with them can be heard to complain.

### III. FULL FAITH AND CREDIT

6. Again, judicially admitting that jurisdiction and venue are proper in this Court, "Ethos" then invoked this Court's power and illicitly requested this Court to act contrary to First Circuit jurisprudence and give full faith and credit to a void order. In that regard, the First Circuit has made it abundantly clear that to be entitled to full faith and credit, a state Court "Order" *must be a final judgment,* and the judgment must be made by a Court *with subject matter jurisdiction. See Thomas v. Contoocook Valley School District and School Administrative Unit No. 1,* 150 F.3d 31, (1st Cir.1998); *see also Hyde Park Partners v. Connolly*, 839 F.2d 837 (1st Cir. 1988).

7. With respect to the order of the state court sought to be enforced, it is clearly and

facially not a final judgment. With respect to the jurisdiction of the issuing court, again, once this case was removed to federal court, any order entered by the state court was wholly void and entitled to no recognition. *See again Sweeny v. RTC,* 16 F.3d 1 (1st Cir. 1994). Here there has been no final judgment entered in any removed case and any order entered after removal is void. Full faith and credit, therefore, is inapplicable.

8. From a procedural standpoint, "Ethos" has raised the full faith a credit clause to enforce a void order entered after removal. However, it would be difficult to posture that (a) removal was effected under title 28, and then (b) claim that the Order to be enforced is valid after filing a motion to remand. If the Order was valid then no motion to remand would have been required. By filing a second motion to remand, Ethos concedes that on its face, the State Court orders are void *ab initio*. Yet, this is precisely what Ethos is asking the Court to do on behalf of the Texas litigants.[3]

---

[3] Mr. O' Sullivan has repeatedly and on the record stated that his interests are the same as the Texas interests. Most recently, on October 4, 2005, he represented to the Court that he has been in contact with Texas counsel regarding the procedural posture in this case. That "representation" now matters here. Non parties may gain the benefit (or suffer the burden) of what transpires in a case. By First Circuit standards, "[i]f a nonparty either participated vicariously in the original litigation by exercising control over a named party or had the opportunity to exert such control, then the nonparty effectively enjoyed his day in court, and it is appropriate to impute to him the legal attributes of party status for purposes of claim preclusion." *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994). Thus, ". . . privity is applicable where the relationship between the nonparty and a party was such that the nonparty had the same practical opportunity to control the course of the proceedings that would be available to a party." *Id.* at 758. Factors which establish privity include the right and ability to control because of ownership rights. Many courts, including the First Circuit, have found that ". . . corporate affiliations such as parent and wholly-owned subsidiary are relevant in determining whether two parties are in privity." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 162 (1st Cir. 2000) (also finding that factor supporting determination of privity is whether companies are parent and wholly-owned subsidiary); *see also Rhode Island Hosp. Trust Nat'l Bank,* 11 F.3d at 1097 (finding that judgment of bankruptcy court in prior adversary proceeding precluded relitigation in subsequent action against controlling owner of corporate debtor on same obligation); *Capraro v. Tilcon Gammino, Inc.*, 751 F.2d 56, 57 (1st Cir. 1985). Here, the Texas parties have *had their day in Court* by directing Mr. O'Sullivan's actions as stipulated to by Mr. O'Sullivan, and by further directing him to file a second motion to remand.

9. In order to give full faith and credit, the Court must apply 28 U.S.C. § 1738 and, when doing so, the Court is respectfully directed under *Rooker-Feldman* to the Supreme Court of Texas which has held that any act taken by a State Court after removal is void and is a legal nullity. In *Meyerland v. FDIC,* 848 S.W.2d 82, 36 (Tex. 1993 ), the Texas Supreme Court used one paragraph to decide the same issue. The Court's opinion is reproduced verbatim as follows:

> *This cause was removed from a state court of appeals to federal district court on appeal by the Federal Deposit Insurance Corporation (FDIC). In re Meyerland, 960 F.2d 512 (5th Cir. 1992) (en banc, petition for cert. filed.). Subsequently, the state court of appeals granted the FDIC's motion to dismiss the appeal for want of jurisdiction. The court of appeals' order of dismissal was void because it occurred after the cause had been removed to federal court. Once removal is effected, 'the State court shall proceed no further unless and until the case is remanded.' 28 U.S.C. § 1446(d). It is therefore ordered that Petitioners' application for writ of error is granted, the judgment of the court of appeals is vacated, and the cause is remanded to that court to be abated in accordance with this opinion. Tex. R. App. P. 170.*

> Order DELIVERED: January 27, 1993.

*Id.* (emphasis added).

10. Thus, it is clear beyond cavil that under the full faith and credit clause, and *Rooker-Feldman,* the Orders entered in Texas on September 29th 2005 were wholly and absolutely void by both the federal and state standard, the state standard is one that is final inasmuch as it was rendered by the State's highest Court. Accordingly, and applying the full faith and credit clause correctly, the orders must be vacated.

IV. CONCLUSION

11. In four filings to date, "Ethos" has yet to come forth with any statutory, First Circuit, Supreme Court, or sister circuit authority to guide the Court to the proper decisions. In contrast, the Whatleys' use of the statues, rules, cases, and treatises should indicate to this Court their resolve to litigate fairly and to use the resources and the rules as all litigants are required to do. "Ethos" and

Texas' complaint is that the Whatleys have been effective at using the tools at all parties disposal to avoid having their estate stolen by individuals and lawyers who never worked a day in their lives for what belongs to the Whatleys. However, Ethos ignores the fact that this litigation was brought by them, in effect, chasing the Whatleys into Massachusetts at the behest of the Texas parties. No one in Boston reported "elder abuse," it was the Texas players that thought it wise to hale the Whatleys into a Massachusetts state court using "Ethos." Mr. O' Sullivan had his duties, and the undersigned Counsel had his. In *Newby v. Enron Corp.*, 302 F.3d 295 (5th Cir. 2002), the Fifth Circuit bluntly defined that a lawyer's duty to his client included using all the tools at his disposal, but especially the choice of timing and venue. In *Newby*, the District Court below, using the All Writs Act hauled in multiple lawsuits by holding that all the removed cases belonged in Federal Court and enjoined Counsel from filing other cases in other forums similar to what the Texas parties and Ethos have done here. The Court in *Newby* stated that all federal courts have the power to stop multiple state Court litigations that deal with the subject matter in federal court and that "[t]he advocate is duty-bound to protect his client's interests, and choices of venue and timing belong to him." *Id.* However, the court has the power, and indeed the duty, to remind counsel that they are professionals and order their return to the playing field. This is no matter of rules of fine etiquette. Rather, it is the matter not of social workers, but of lawyers as officers of the court, conducting themselves in ways that do not impede the work of the courts through genuine service to their clients. Thus, there being no grounds to remand, none that would support a change of venue, and privity being clearly established based on judicial admissions, the Whatleys, now citizens of the Commonwealth, but diverse at the time this Court's jurisdiction was invoked, move the Court to deny the motion to remand and give full faith and credit to final judgment of the Texas Supreme Court, as well as holdings in *Bank One,* which establish clearly that the case is not remandable. As

the First Circuit once stated, "in the menagerie of the Civil Rules, the tiger patrolling the courthouse gates is rather tame, but not entirely . . . toothless." *In re Colonial Mortgage Bankers Corp.*, No. PR 01-073 (1st Cir.2002) (not designated for publication).[4]  The rules are clear that a motion to remand was not the vehicle to challenge the amended removal as the case law has demonstrated.  The choices made by counsel were strategic and are consistent with *Bank One, Hyde Park Partners, Puerto Rico v. Branstad, Roe v, Saenz* and the other solid authorities briefed by the Whatleys.  Thus, the Whatleys will be filing the appropriate motions for summary judgment based on the judicial admissions made in this case.

In the interim, SWBSSI's Second Motion to Remand should be denied and the orders complained of vacated.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| PERRY LEE WHATLEY, | DAWN JOHNSON WHATLEY, |
| By:/s/ ECF | /s/ ECF |
| SUSAN B. NORMAN | DANIEL J. SHEA |
| Texas Bar No. 15083020 | Mass. B.B.O. # 652896 |
| LAW OFFICE OF SUSAN B. NORMAN | DANIEL J. SHEA, P.C. |
| 9135 Katy Fwy., Suite 100 | 1928 West Bell Street |
| Houston, TX 77024 | Houston, TX 77019-4814 |
| (713) 465-3344 | (713) 942-7500 |
| (713) 468-6243 Telecopier | (713) 942-7507 Telecopier |
| *PRO HAC VICE* (PENDING) | |

---

[4] Rule 11 has not deterred Ethos in the slightest as they continue to file paper after paper and later advocate that this Court, and the other judges of this Court, should ignore the First Circuit and in some instances the United States Supreme Court and force the kind of repatriation not seen since the 1940's in Europe wherein individual citizens were forced to return to a certain taking of their property, and then, their certain death.

-8-

CERTIFICATE OF SERVICE

    This is to certify that the above and foregoing *Whatleys Response to Second Motion to Remand* has been served pursuant to FED R. CIV. P. 5 on October 5th 2005 the individuals and in the manner indicated below:

| | |
|---|---|
| Mr. James M. O'Sullivan<br>O'SULLIVAN & ASSOCIATES, P.C.<br>17 Accord Park Drive, Suite 104<br>Norwell, MA 02061<br>ATTORNEY FOR SOUTHWEST<br>BOSTON SENIOR SERVICES, INC. | BY FAX FROM HOUSTON |

                              /s/ DANIEL J. SHEA, ECF