UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
IN RE PERRY LEE WHATLEY           )
                                  )
                                  )
SOUTHWEST BOSTON SENIOR           )
SERVICES, INC.,                   )
a/k/a ETHOS,                      )     CIVIL ACTION NO. 05-11881-PBS
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  )
PERRY LEE WHATLEY                 )
and DAWN JOHNSON WHATLEY,         )
                                  )
          Defendants.             )
                                  )
                                  )
```

**MEMORANDUM AND ORDER**

October 6, 2005

Saris, U.S.D.J.

　　Plaintiff ETHOS moves to strike the Amended Notice of Removal, regarding a guardianship proceeding pending in Texas Probate Court, filed by Defendants Perry Lee Whatley and Dawn Johnson Whatley, or in the alternative, to remand.

　　On April 15, 2005, Robert Daniel Whatley and Jeanie Anderson initiated a guardianship proceeding on behalf of their uncle Perry Lee Whatley in Texas Probate Court ("Texas Proceeding"). Perry Lee Whatley and his wife, Dawn Johnson Whatley, subsequently traveled to Massachusetts. On September 14, 2005, ETHOS filed a petition for an order authorizing protective services under Mass. Gen. Laws ch. 19A, §§ 19, 20 in

Massachusetts Probate & Family Court ("Massachusetts Proceeding"). On September 16, 2005, Defendants removed the Massachusetts Proceeding to this Court, stating that Defendants "have not and do not ask this court to assume general probate jurisdiction or assert control of their property." (Def.'s Resp. to Mot. to Remand ¶ 8.) On September 29, 2005, however, Defendants filed an Amended Notice of Removal with respect to the Texas Proceeding.

A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. See, e.g., BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997). Furthermore, the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. See, e.g., Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Federal removal jurisdiction is normally ascertained by examining the face of the state court complaint that triggered the removal. Id. Here, the Application for Appointment of Guardian of Person and Estate filed in the Texas Probate Court presents no federal question. In addition, there is no diversity of jurisdiction because all parties to the Texas Proceeding -- Robert Daniel Whatley, Jeanie Anderson, and Perry Lee Whatley – were domiciled in Texas at the time the Texas Proceeding began. Defendants may claim that they are now residents of Massachusetts, but where a party changes domicile, domicile at the time suit is filed is the

test.  See Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991).

Therefore, this Court has no original subject matter jurisdiction of the Texas Proceeding and remands the Texas Proceeding back to the Texas Probate Court.  28 U.S.C. §§ 1441(a), 1447(c).

In the alternative, even if this Court did have subject matter jurisdiction, Defendants did not remove to "the district and division embracing the place where such action is pending" under § 1441(a).  In such circumstances, this Court would dismiss the Texas Proceeding under § 1406(a).

## ORDER

The motion of Plaintiff ETHOS to remand is **ALLOWED**.

                                       **S/PATTI B. SARIS**
                                       United States District Judge