### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *IN RE:* | § | NO. 05-CA-11881-PBS |
| | § | |
| THE MATTER OF | § | |
| | § | |
| PERRY LEE WHATLEY | § | |

### NOTICE OF ELECTION OF REMEDIES

### AND MOTION FOR VACATUR OF VOID ORDERS

TO THE HONORABLE JUDGE OF SAID COURT:

Dawn Johnson Whately and Perry Lee Whatley, in compliance with this Court's Orders of October 5th 2005, would move the Court to vacate all state Court Orders entered by the State Court while the case was in this Court, and elect to proceed to exercise their remedies after compliance with the statute is met. In support they would show as follows:

### I. UNDISPUTED FACTS

1.    On September 29th 2005, Movants removed Texas state court probate action 355,095 from the Harris County Probate Court No.2 of Harris County, Texas to this Court.

2.    On even date, they served notice of the removal on all parties and on the state court. The State Court nevertheless convened that same day and, similar to Judge Chouteau-Merrill, announced that it was overruling Title 28 U.S.C. § 1446 (d) and proceeded forward after announcing that it was served with the removal.

3.    At this hearing, the state court, without giving notice to the Proposed Ward, "appointed" a temporary guardian and entered Orders that allowed the forced extradition of Mr. Whatley.

4.    At this hearing of September 29, 2005, Judge Mike Wood of Texas announced that

he had spoken to Judge Chouteau-Merrill and that Judge Merrill of Boston had indicated that ". . although she recognized that she (Judge Merrill) had no jurisdiction, she was going to order the Sheriff to take Mr. Whatley to the airport."  This arrangement between Mike Wood and Judge Merrill is exactly why the Whatleys have a § 1983 case before this Court.  This "arrangement" also smacks this Court in the face in that this Court has ordered that Mr. Whately is to remain in the Commonwealth pending further order of this Court.

5.       On October 6, 2005, this Court severed the Texas Probate case and remanded same based on [the] lack of subject matter jurisdiction back to the Texas Probate Court.  *See* Docket # 30. This Order is not reviewable on appeal or otherwise as congress has forbidden an appellate Court to review an order made on those grounds.  Thus, the sole issue remaining and in answer to this Court's question is a simple one.  Where the Orders entered after removal valid, and what election of remedies will the Whatleys take.

## II.  THE ISSUE OF THE STATE COURT ORDERS

6.       It is well settled law in this Circuit, and in every other circuit, that once a case is removed to federal court – right or wrong,  all orders entered by the State Court are void.  This is so even if the removal was clearly defective, the federal court lacked jurisdiction, or any other improper defect or impropriety of the removal is raised.  *See Hyde Park Partners v. Connolly,* 839 F.2d. 837 (1st Cir. 1988), *citing Steamship Company v. Tugman,* 106 U.S. 118 (1822); *see also Polyplastics Inc. v. Transconex*, 713 F.2d. 875 (1st Cir. 1983), holding that "[a]t that point, [the point of removal described in *Hyde Park*] the jurisdiction of the state court "absolutely ceased, and that of the [federal] court immediately attached." *Id. also citing Steamship Co. v. Tugman*, 106 U.S. 118, 122, 27 L. Ed. 87, 1 S. Ct. 58 (1882).  "The subsequent hearing and temporary restraining order by the Superior Court were void ab initio." *Polyplastics*,  713 F.2d at 880.  In addition, a state court has

a "duty . . . to proceed no further in the cause. Every order thereafter made in that court was coram

non judice, unless its jurisdiction was actually restored." *Tugman*, 106 U.S. at 122. "This is so even

if it eventually is determined that removal was improper." *Id*. Thus, even if the district court later

were to decide to remand because of the addition of a non-diverse state plaintiff, the temporary

restraining order previously issued is of no legal effect cause the latter ". . . was a nullity anyway,

with or without the order against further [state] proceedings." *Polyplastics*, 713 F.2d at 880.

7.      Thus, having established as a matter of law that a removal was effected on September

29th 2005 as established by this Court's decision to remand on October 5th 2005, there remains only

the non-discretionary ministerial duty of this Court to vacate those Orders so that the Whatleys can

exercise their remedies once the Texas Statutes are complied with.[1]

## III.  ELECTION OF REMEDIES

8.      To the Court's second question of whether the Whatleys would appeal the Texas

Orders entered during removal, the Whatleys must answer that question in the negative. Texas Law

does not allow an appeal to lie from an Order that is void on its face and entered in violation of a

Federal statute. Indeed, the Texas Supreme Court has held that "*An order which proclaims its*

*voidness upon its face needs no appellate action to proclaim its invalidity. It is one thing to say that*

*a void order may be appealed from, but it is another thing to say that it must be appealed from, for*

*it would be anomalous to say that an order void upon its face must be appealed from before it can*

*be treated as a nullity and disregarded.*"    *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 825,

829-30 (1961)(emphasis original). Thus, the Whatleys have no remedy except the Court vacating

the Orders as it did previously in this case under *Sweeny v. RTC*. *See* Court's Orders of September

---

[1]The Kidnapping order and the arrangement between Judges Merrill and Wood to "whisk" Mr. Whatley away from this Court is patently unconstitutional and offensive to Art VI Sec.2.

21st 2005 vacating Orders entered after removal.

9.      Any suggestion that the Whatleys must exhaust other remedies to protect themselves

from being kidnapped, extradited, the marital relationship being severed, or their assets being stolen

is foreclosed by the Supreme Court's previous decisions in *McNeese v. Board of Education*, 373 U.S.

668, 671-672 (1963), *Houghton v. Shafer*, 392 U.S. 639 (1968); *King v. Smith*, 392 U.S. 309, 312

n. 4 (1968) and *Damico v. California*, 389 U.S. 416 (1967).  All these cases hold uniformly that

bringing a section 1983 claim in this Court is sufficient to protect their due process rights to be free

from forced extradition without a Governor's warrant (*Puerto Rico v. Branstad*), the right to travel

and remain (*Roe v. Saenz*), and the right to be heard with proper notice (*Armstrong v. Manzano*).

10.      Accordingly, the Whatley's would request that the Court vacate the void Orders, on

which basis, the Whatleys contingently announce their intentions to exercise the remedies in accord

with the statutes, once Texas complies with the statute, gives notice, and holds a hearing from which

an appeal can be taken.

Respectfully submitted,                    Respectfully submitted,

PERRY LEE WHATLEY,                    DAWN JOHNSON WHATLEY,


By: /s/ **Susan B. Norman**  ECF          By: /s/ **Daniel J. Shea** ECF
     SUSAN B. NORMAN                        DANIEL J. SHEA
     Texas Bar No. 15083020                 Mass. B.B.O. # 652896
     LAW OFFICE OF SUSAN B. NORMAN          DANIEL J. SHEA, P.C.
     9135 Katy Fwy., Suite 100              1928 West Bell Street
     Houston, TX 77024                      Houston, TX 77019-4814
     (713) 465-3344                         (713) 942-7500
     (713) 468-6243 Telecopier              (713) 942-7507 Telecopier
     *PRO HAC VICE* (PENDING)

-5-

CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *election of remedies* was served pursuant to FED. R. CIV. P. 5 on the 7th  day of October 2005 to the individuals and in the manner indicated below:

Mr. James M. O'Sullivan                                                 U.S. Mail, First Class
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061-0000
ATTORNEY FOR SOUTHWEST
BOSTON SENIOR SERVICES, INC.


                                              /s/ **Daniel J. Shea**, ECF
                                                  DANIEL J. SHEA