IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | § § | |
| THE MATTER OF | § § | NO. 05-CA-11881-PBS |
| PERRY LEE WHATLEY | § § | |

**REQUEST FOR EXPEDITED CONSIDERATION OF WHATLEYS'**

**MOTION FOR VACATUR OF VOID ORDERS**

TO THE HONORABLE JUDGE OF SAID COURT:

Pending before the Court is Dawn Johnson Whately and Perry Lee Whatley's Motion to Vacate State Orders entered before this Court issued its order of remand of the Texas matters. The parties agree that the Texas Orders of September 29, 2005 are void but disagree as to the Court's power to vacate them. The parties conference is contained in email correspondence attached hereto as Exhibit "A" and incorporated herein by reference as if set forth verbatim.

I. EXPEDITED CONSIDERATION REQUIRED

Notwithstanding the parties agreement on the voidness of the September 29 Orders, the Temporary Guardian named therein, Mr. Jimmy Walker, was improperly recognized as such in the Beth Israel Deaconess Discharge Notice which has given those void orders unwarranted effect. Undersigned counsel is now informed by the Nursing/Rehabilitation facility in Chestnut Hill, MA that Mr. Walker has informed the facility that Mr. Whatley's hip is inoperable – directly contradicting the medical position given to Beth Israel by Dr. Agris via telephonic conference to which the undersigned counsel was privy. This misinformation now prevents the Whatleys from proceeding with the next step in Mr. Whatley's care: orthopedic evaluation at New England Baptist Hospital. Immediate consideration of this matter by the Court will preclude the need for the

protracted attention of this Court.

## II. ADDITIONAL SUPPORT

The Whatleys have briefed the matter of vacatur in their prior motion. In that motion, the Whatleys state that "At th[e] hearing of September 29, 2005, Judge Mike Wood of Texas announced that he had spoken to Judge Chouteau-Merrill and that Judge Merrill of Boston had indicated that '. . . although she recognized that she (Judge Merrill) had no jurisdiction, she was going to order the Sheriff to take Mr. Whatley to the airport.'" The relevant portion of the September 29, 2005 Texas transcript is part of Exhibit "A."

Notwithstanding the agreement as to voidness evidenced in Exhibit "A," the Whatleys take the position contrary to "Ethos" this Court has authority to act under FED. R. CIV. P. 60(a).

Signed by Daniel J. Shea under pains and penalties of perjury this 11th day of Oct., 2005.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| PERRY LEE WHATLEY, | DAWN JOHNSON WHATLEY, |
| By: /s/ Susan B. Norman, ECF | By: /s/ Daniel J. Shea, ECF |
| SUSAN B. NORMAN | DANIEL J. SHEA |
| Texas Bar No. 15083020 | Mass. B.B.O. # 652896 |
| LAW OFFICE OF SUSAN B. NORMAN | DANIEL J. SHEA, P.C. |
| 9135 Katy Fwy., Suite 100 | 1928 West Bell Street |
| Houston, TX 77024 | Houston, TX 77019-4814 |
| (713) 465-3344 | (713) 942-7500 |
| (713) 468-6243 Telecopier | (713) 942-7507 Telecopier |
| *PRO HAC VICE* (PENDING) | |

### CERTIFICATE OF CONFERENCE

*See* Exhibit "A."

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Request for Expedited Consideration of Whatleys' Motion to Vacate Void Orders* was served pursuant to FED. R. CIV. P. 5 on the 11th day of October 2005 to the individuals and in the manner indicated below:

Mr. James M. O'Sullivan                                                E.C.F. Notice
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061-0000
ATTORNEY FOR SOUTHWEST
BOSTON SENIOR SERVICES, INC.

/s/ Daniel J. Shea, ECF
DANIEL J. SHEA

Subj: **Fw: Judge Saris' Transcript**
Date: 10/11/2005 1:38:53 P.M. Central Daylight Time
From: EastProLaw@msn.com
To: djs7500@aol.com

----- Original Message -----
**From:** Jim O'Sullivan
**To:** 'Michael Easton'
**Sent:** Friday, October 07, 2005 10:51 AM
**Subject:** RE: Judge Saris' Transcript

No, it is my wife's birthday. I am going to help my daughters make her a cake. I will watch the game from home. Wakefield has been steady in the postseason, perhaps he can keep them alive.

I was rooting for Roger last night, but the Astros are in good shape.

> -----Original Message-----
> **From:** Michael Easton [mailto:EastProLaw@msn.com]
> **Sent:** Friday, October 07, 2005 11:39 AM
> **To:** Jim O'Sullivan
> **Subject:** Re: Judge Saris' Transcript
>
> Thank you Jimmy---now answer me : R U GOING AT 3 you lucky DOG; Sox tickets are like paper GOLD
>
>> ----- Original Message -----
>> **From:** Jim O'Sullivan
>> **To:** 'Michael Easton'
>> **Sent:** Friday, October 07, 2005 10:32 AM
>> **Subject:** RE: Judge Saris' Transcript
>>
>> Do not worry about Judge Merrill. This case will not be before her again, unless and until Judge Saris remands my elder abuse petition.
>>
>> Lest there be any doubt, we do consider judge Saris' TRO keeping Mr. Whatley in Massachusetts to be in force and we will honor it until she modifies it.
>>
>>> -----Original Message-----
>>> **From:** Michael Easton [mailto:EastProLaw@msn.com]
>>> **Sent:** Friday, October 07, 2005 11:20 AM
>>> **To:** Jim O'Sullivan
>>> **Subject:** Re: Judge Saris' Transcript
>>>
>>> Thank you Jim. Well written position and very professional.However, she still retains plenary jurisdiction to vacate the Orders as part and parcel of that remand for 30 days. Its in the statute. We agree on everything else. I know Judge Merrill has no jurisdiction, but will she do what would says she would do.
>>>
>>> Good luck in all your future endeavors
>>>
>>> Despite the bad mouthing I took at the hands of the Texas players ( I will deal with that shortly), I don't think you can say that I was anything but a professional to you as a I am to them. When the focus on mean my past as most litigants tend to do;

EXH. "A" 10 pages

then they lose their case because it's a million dollar baby distraction.

Texas is gonna do what Texas is gonna do. However, she retains plenary jurisdiction to vacate the Orders or enter a nunc pro-tunc remand. Let her enter the vacate and be done with it.

----- Original Message -----
**From:** Jim O'Sullivan
**To:** 'Michael Easton' ; James O'Sullivan (E-mail)
**Cc:** Daniel Shea (E-mail)
**Sent:** Friday, October 07, 2005 10:12 AM
**Subject:** RE: Judge Saris' Transcript

Our position (Ethos') is the following:

1. Your notice of removal, albeit defective, was filed prior to the appointment of the temporary guardian. Thus the orders of September 29, 2005 are void and will be given no effect by me, other than they are an indication of what the Texas judge is going to do. I am sure he will hold another hearing and issue a confirmatory appointment, but until that happens there is no temporary guardian.
2. Nonetheless, Judge Saris has remanded the matter, and thus she no longer has the jurisdiction to vacate these orders. She could have vacated them prior to the order, but I don't think she can any longer.
3. Dan's notice of intent to place appears effective. 24 hours notice was given, we indicated that we had no objection to his placement at LaSalle, and the judge was satisfied. She ordered all parties to cooperate to effectuate that. If there is anything else I need to do, please let me know. The only one with the current ability to make the financial commitment to LaSalle that the bill will be paid is Dawn Whatley. If there are any plans to place him elsewhere, Dan is required to notify me and the court 24 hours ahead of time. We will be reasonable, provided I have ample time to have my client check the suitability of any alternative placement.
4. Judge Merrill has no jurisdiction in this case because of the removal, and will have none unless Judge Saris removes that part of the case to her. She has given no indication that she will do that .
5. We have no intent to ask any court to take Mr. Whatley into custody for the purposes of returning him to Texas, nor have any of my pleadings requested it. If and when Texas appoints someone as Mr. Whatley's legal guardian (temporary and permanent) then he or she should have the ability to place Mr. Whatley without interference. If that guardian decides to return him to Texas, but those efforts are obstructed, then we want this Court to order the appropriate security department to render whatever assistance is necessary to assure there is no breach of the peace.

Jim

-----Original Message-----
**From:** Michael Easton [mailto:EastProLaw@msn.com]
**Sent:** Friday, October 07, 2005 6:12 AM
**To:** Jim O'Sullivan; Shea; susannormanassociates
**Subject:** Judge Saris' Transcript

Jimmy: Having now read Judge Saris' Transcript, we elect the remedy of

having the Texas Case Appealed in Texas once they conduct a hearing in accordance with the statute. In the interim, if you and Dan agree on the Order i shipped you yesterday, indicate so, and we can get whats left of the probate case out of the Commonwealth. Absent that, we will have to file and set for a hearing a formal motion to have the void orders vacated in Massachusetts under Sweeny, Hyde Park and Meyerland with an appeal to the Boston 1st Circuit.

Let me know as I am drafting the election of remedies as we speak. We do have another problem as well. You represented to the Honorable Douglas P. Woodlock that their would be no "whisking" of Mr. Whatley in violation of Judge Saris' Order. I am faxing you the pages wherein Mike Wood states that he talked to Chatou-Merrill, and that even though she concedes that she has no jurisdiction---she is going to Order the Sheriff/Constable to forcibly put him on a plane to Texas. Jimmy, that is kidnapping and it violates the right to travel and remain as spoken of in Roe v. Saenz and Puerto Rico v, Branstad. We know you were not aware of this, but now you do... What is your position on that plan--that is an emergency, and we do not want to disturb Judge Saris but that is a legitimate threat that Wood will carry out, unless Judge Saris under Art. VI Sec 2 stops it now.

*Jim O'Sullivan*

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUME

CAUSE NO. 355,095

| | | |
|---|---|---|
| IN RE: THE GUARDIANSHIP OF | * | IN THE PROBATE COURT |
| THE PERSON AND ESTATE OF | * | |
| | * | |
| PERRY LEE WHATLEY, | * | NUMBER TWO (2) OF |
| | * | |
| AN INCAPACITATED PERSON | * | HARRIS COUNTY, TEXAS |

TEMPORARY GUARDIANSHIP OF PERSON & ESTATE

PENDING CONTEST

BE IT REMEMBERED that on the 29th day of September, 2005, came on to be heard outside the presence of a jury, in the above-entitled and -numbered cause; and the following proceedings were had before the Honorable Mike Wood, Judge Presiding, held in Houston, Harris County, Texas;

Proceedings reported by Computerized Stenotype Machine, Reporter's Record produced by Computer-Assisted Transcription.

TINA K. WHITE, CSR-RPR 713-755-4343 OFFICIAL COURT REPORTER - PROBATE COURT NO. 2

26

Q. Do you think he's substantially able to provide or manage his own financial affairs?

A. No.

MR. BLACK: That's all I have.

MR. WRIGHT: No questions, Your Honor.

MR. FULLER: Nothing further, Your Honor.

THE COURT: You may step down. Please leave the microphone.

(Witness excused.)

THE COURT: Anything further?

MR. FULLER: I have no further witnesses.

THE COURT: Based on the testimony, I find the necessity exists for the appointment of a temporary guardian pending contest for the person and estate of Perry Lee Whatley. Because there's a contest, I don't believe it's appropriate to name either of the contested parties as guardians. I've asked Jimmie Kelley [sic], an attorney in Harris County to give me --

MR. FULLER: Jimmy Walker.

THE COURT: Jimmy Walker --

You don't want to do it?

-- I've asked Jimmy Walker, an attorney in Harris County, to be guardian of the person and estate. I've heard a number, and I'm not even sure whether I've seen it, two and a half million dollars as the total assets of the estate. There has been a half million dollar annuity that has disappeared, but he's going to take it back if he can and get possession of it. So, that seems like an appropriate amount to bond.

MR. BLACK: I'm quite uncomfortable, Your Honor, going below that for right now until we have a better understanding of where this stuff is.

→ THE COURT: Don't go below that.

I want to have -- I guess I should disclose ▬▬▬▬▬

TINA K. WHITE, CSR-RPR 713-755-4343 OFFICIAL COURT REPORTER -
PROBATE COURT NO. 2

I have had two telephone conferences with the Judge, whose name escapes me, in Boston, the probate Judge.

MR. R. Whatley: Merrill.

THE COURT: Sorry?

MR. R. WHATLEY: Merrill. Judge Merrill was the one who actually ruled.

THE COURT: Okay. I called her one time. She tried to reach me and couldn't before the hearing. I called her after the hearing. She told me what she had done, which was to grant the protective order saying he couldn't leave the hospital pending further order in my Court. And I told her we had a hearing set next Thursday. And on Thursday I called her and said: Well, God didn't want us to have a hearing. And then Marilyn called and said -- at 6:30 in the morning and said: Do you really want to make those people come downtown today?

I called her. She said my order didn't have a time limit. Now, she has now apparently been advised that she has no jurisdiction at all. It has nothing to do with this case at all. But she said that it would be appropriate, she thought, for me to order -- if I order a temporary guardian, that I order the temporary guardian to take possession and custody of Mr. Whatley and bring him back to Harris County. So I would like the order to be prepared to include specific language in that regard. And I think it might be appropriate for his attorney, Mr. Black, to go along on this road trip. I don't think it's appropriate for the guardian ad litem to go along. It's too expensive.

Mr. Walker could possibly have someone else pointed out. We had a hearing on a guardianship in this court one morning, and the guy was not the ward.

The nursing home identified the wrong person. And he's sitting here, and he said: I don't know why I'm here. And two different ad litems, for some reason, had been appointed and said: Judge, that's not Mr. Smith. And so, you know, I think that poor man is going to go back and talk to his family about being taken by some people to the courthouse and being in the courtroom. Perhaps getting kind of confused. Anyway, so

28

let me -- do you have a form of order prepared?

MR. BLACK: Mr. Fuller did. I looked over it earlier with Mr. Wright. The first two powers do indicate the power to take physical possession, charge and custody of the proposed ward and to relocate him from his current location to Harris County, Texas. That's not an order, just a power. If the Court requires a specific order, we can add it at the end.

THE COURT: I would at least like an instruction that the temporary guardian -- add a sentence that the temporary guardian should post haste attempt to take physical possession of him and bring him to Harris County.

MR. BLACK: We can interlineate that, Your Honor.

THE COURT: I don't want to appoint an appraiser at this point.

MR. BLACK: Okay.

THE COURT: For the temporary.

MR. BLACK: Just scratch it out and leave the language on possession.

THE COURT: My writing is really crummy. So, I'll let you do that. I think the clearer we are to whoever the Judge is that's seeking control of this case, I don't frankly have any idea how a Federal Court can remove a protective order from the State Probate Court to Federal Court. Maybe the Supreme Court will decide that issue at some point in the future.

MR. BLACK: In talking to Mr. O'Sullivan up there, it's only -- he's of the same opinion, but he said the only thing perhaps that the Court was going on is because we had these competing jurisdictions; and that the adversity argument, weak as it may be, could be made.

THE COURT: What is the adversity on?

MR. BLACK: In now claiming to be a resident of Boston, and then --

THE COURT: His wife is still claiming to be a resident in Harris County?

MR. BLACK: I'm not exactly sure what was said, but that was his only

TINA K. WHITE, CSR-RPR 713-755-4343 OFFICIAL COURT REPORTER -
PROBATE COURT NO. 2

THE COURT: Mr. Walker, what is your full name?

MR. WALKER: You can just do it -- the bond is under Jimmy.

THE COURT: Okay. Then I'll do it Jimmy.

MR. BLACK: Mr. Walker, proposed that maybe we do a separate order to go get him; or do you want it in this order?

THE COURT: You're going to have to have exemplified copies.

MR. BLACK: Okay.

THE COURT: So, it seems like the fewer orders -- it might leave this poor man with some his money by the time we're through with all this if we hurry.

MR. BLACK: That would be nice.

MR. FULLER: We would like that to be the result.

THE COURT: I put in two and a half million dollars on the bond and put Jimmy Walker's name. Interlineate something that the temporary guardianship pending contest is directed to go to find the ward and bring him -- I think the Judge told me she was -- she doesn't have jurisdiction anymore but that she was going to order the sheriff to take him to the airport.

MR. BLACK: Mr. O'Sullivan -- his opinion, at least to me, was that -- from a sense he got from the Federal District Court Judge, that that's probably what they're waiting on, too.

THE COURT: Well, the Federal marshal might be useful to. But I think that -- I think the order ought to clearly say that Mr. Walker has the authority to go up there and take custody. And I think I need to order you to go along so that you have some kind of authority to go along.

So, I think you should both be ordered to



TINA K. WHITE, CSR-RPR713-755-4343 OFFICIAL COURT REPORTER -
PROBATE COURT NO. 2

volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties

I further certify that the total cost for the preparation of this Reporter's Record is $ __365.00__ and was paid by __Susan Norman, Attorney at Law__

WITNESS MY OFFICIAL HAND this the _6th_ day of _October_, 2005.

Tina K. White, CSR-RPR
Official Court Reporter
Probate Court No. 2
Certificate No. 5488
Expires: December 31, 2006
1115 Congress
Houston, TX 77002

713-755-4343

TINA K. WHITE, CSR-RPR 713-755-4343 OFFICIAL COURT REPORTER - PROBATE COURT NO. 2

29

ground that he could think would establish a reason to remove would be an adversity argument. The others didn't seem to apply.

33

THE STATE OF TEXAS       )

COUNTY OF HARRIS         )

   I, TINA K. WHITE, Official Court Reporter in and for Probate Court No. 2 of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this