# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF )<br>PERRY LEE WHATLEY )<br>) **NO. 05 CA 11881 PBS**<br>) | |

## MOTION TO DISMISS COUNTERCLAIM
## FOR FAILURE TO STATE A CLAIM UPON WHICH
## RELIEF CAN BE GRANTED

    Southwest Boston Senior Services, Inc., also known as ETHOS, asks this Honorable Court to dismiss the counterclaim filed in this matter. In support of this motion it submits its memorandum herewith.

    Respectfully submitted,

October 14, 2005       /s/ James M. O'Sullivan  
   DATE       James M. O'Sullivan  
     BBO #380807  
     O'Sullivan & Associates, P.C.  
     17 Accord Park Drive, Suite 104  
     Norwell, MA 02061-1629  
     781-982-1700

LOAEFIRM 286787
P1,2,5

NO. 355,095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN PROBATE COURT NO. 2 |
| THE PERSON AND ESTATE OF | § § § | OF |
| PERRY LEE WHATLEY, | § § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

## ORDER AFFIRMING APPOINTMENT OF TEMPORARY GUARDIAN OF THE PERSON AND ESTATE PENDING CONTEST PURSUANT TO SECTION 875K OF THE TEXAS PROBATE CODE

Pending before this Court is Robert Daniel Whatley's and Jeanie Anderson's ("Applicants") Motion to Affirm Order Appointing Temporary Guardian of the Person and Estate Pending Contest, and the Court finding that an Application for the appointment of guardian for Perry Lee Whatley ("Proposed Ward") is pending in this matter and a contest to this Application has been filed and is also pending, and after reviewing the pleadings, the evidence and arguments presented at the various hearings to date, the Court hereby affirms its Order Appointing Temporary Guardian of the Person and Estate Pending Contest dated September 29, 2005, and hereby ratifies and affirms all actions taken by the Temporary Guardian pursuant to his Order of appointment; and makes the following findings: (i) a contest to the Application for the Appointment of a Guardian of the Person and Estate of Perry Lee Whatley has been filed, (ii) the appointment of a temporary guardian is necessary to protect the Proposed Ward and his estate, (iii) there is imminent danger that the physical health and safety of the Proposed Ward will be seriously impaired, and/or that the Proposed Ward's estate will be seriously damaged or dissipated unless a temporary guardian of the Proposed Ward's person and estate is appointed, (iv) this Court has jurisdiction and venue over the parties, the

5. To obtain any and all medical records of the Proposed Ward, including any records of medical care or treatment protected under HIPAA Regulations, and any Health Care Organization or Physician presented with a copy of this Order shall provide the Temporary Guardian access to the Proposed Ward's Protected Health Information, including, but not limited to, medical records, psychological records and intellectual testing records that are dated within the last twelve (12) months from the date of this Order and up to and including Protected Health Information to the date this Order is presented;

6. To intervene and substitute in as a party to in any lawsuit concerning the Proposed Ward and/or the assets of his Estate, and to take such action as the facts of the case warrant;

7. To collect and protect all real and personal property of the Proposed Ward's Estate;

8. To contract and incur obligations on behalf of the Proposed Ward;

9. To employ accountants, appraisers, attorneys and other persons necessary in the administration of the Estate and in the preparation and filing of any tax returns required to be filed by the Estate and to file and sign such tax returns and, if necessary, apply for an extension of time to file same;

10. To make investigations reasonably necessary to determine the nature and extent of the Proposed Ward's property and claims;

11. To pursue and collect claims on behalf of the Proposed Ward, including initiating legal actions or suits in order to collect any such claims;

12. To receive any monies, payments, rents, dividends, interest, trust proceeds, and any and all other types of income payable to or receivable by the Proposed Ward;

13. To pay all bills, including insurance premiums, and make any and all reasonable and necessary expenditures from the guardianship Estate, for the benefit of the Proposed Ward;

14. To take possession and control of Proposed Ward's assets, both real and personal, including any and all books, records, personal identification instruments, account statements, documents, and instruments necessary for preparation and filing of income tax returns for the Proposed Ward;

5. To obtain any and all medical records of the Proposed Ward, including any records of medical care or treatment protected under HIPAA Regulations, and any Health Care Organization or Physician presented with a copy of this Order shall provide the Temporary Guardian access to the Proposed Ward's Protected Health Information, including, but not limited to, medical records, psychological records and intellectual testing records that are dated within the last twelve (12) months from the date of this Order and up to and including Protected Health Information to the date this Order is presented;

6. To intervene and substitute in as a party to in any lawsuit concerning the Proposed Ward and/or the assets of his Estate, and to take such action as the facts of the case warrant;

7. To collect and protect all real and personal property of the Proposed Ward's Estate;

8. To contract and incur obligations on behalf of the Proposed Ward;

9. To employ accountants, appraisers, attorneys and other persons necessary in the administration of the Estate and in the preparation and filing of any tax returns required to be filed by the Estate and to file and sign such tax returns and, if necessary, apply for an extension of time to file same;

10. To make investigations reasonably necessary to determine the nature and extent of the Proposed Ward's property and claims;

11. To pursue and collect claims on behalf of the Proposed Ward, including initiating legal actions or suits in order to collect any such claims;

12. To receive any monies, payments, rents, dividends, interest, trust proceeds, and any and all other types of income payable to or receivable by the Proposed Ward;

13. To pay all bills, including insurance premiums, and make any and all reasonable and necessary expenditures from the guardianship Estate, for the benefit of the Proposed Ward;

14. To take possession and control of Proposed Ward's assets, both real and personal, including any and all books, records, personal identification instruments, account statements, documents, and instruments necessary for preparation and filing of income tax returns for the Proposed Ward;

15. To take possession of all cash on hand or on deposit belonging to the Proposed Ward or any business of the Proposed Ward, and to open new accounts and to be the authorized signatory on such accounts;

16. To take possession, charge and control of any and all financial resources of the Proposed Ward, including, but not limited to any bank accounts, brokerage accounts and annuities;

17. To have access to any safe deposit box maintained by the Proposed Ward and to take possession of the contents of any safe deposit box;

18. To revoke any Durable Power of Attorney or Power of Attorney executed by the Proposed Ward, or any act taken by the holder of any Power of Attorney executed by the Proposed Ward;

19. To investigate the validity of any action allegedly taken by the Proposed Ward and take such action as is necessary to set aside the acts of the Proposed Ward at any time he may have lacked the legal capacity to do such acts; and

20. To do such other and further acts concerning the property and interest of the Proposed Ward and his Estate as the Court may from time to time direct; it is further

ORDERED that the Temporary Guardian and the Attorney Ad Litem, Ray Black, Jr. shall travel to the location of the Proposed Ward's current whereabouts, and shall take possession of the Proposed Ward and relocate him to Harris County, Texas; it is further,

ORDERED that the term of the Temporary Guardian of the Person and Estate Pending Contest shall expire at the conclusion of the hearing challenging or contesting the application or on the date the Court appoints a permanent guardian for Proposed Ward; it is further,

4

ORDERED that any person or entity interfering with the relocation of the Proposed Ward to Harris County, Texas, or any other action by the Temporary Guardian, shall be subject to contempt proceedings.

SIGNED this 13 day of OCTOBER, 2005.

_____
PRESIDING JUDGE

5