IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN THE MATTER OF           )
PERRY LEE WHATLEY          )
                           )   **NO. 05 CA 11881 PBS**
                           )

**MEMORANDUM OF LAW SUBMITTED BY ETHOS
IN SUPPORT OF RENEWED MOTION TO MODIFY PROTECTIVE ORDER
AND REGARDING TEXAS APPEAL RIGHTS AFTER
APPOINTMENT OF TEMPORARY GUARDIAN**

Southwest Boston Senior Services, Inc., also known as ETHOS, submits this memorandum of law in support of its motion to dismiss the Counterclaim, as amended, and also regarding the appeal rights under Texas law after the appointment of a temporary guardian by a Probate Court of the State of Texas.

## STATEMENT OF THE CASE

This case involves several court filings initiated in no less than seven different courts, handled by no less than thirteen different lawyers, and heard by no less than nine different judges. The subject of all these interests is one Perry Lee Whatley, an incapacitated Texas resident. Mr. Whatley's wife of many years died in 2003. He suffered a fall in December 2004, and then was married to his wife's personal caregiver, Dawn Johnson, in January 2005. Shortly after the marriage, his second wife had him surrender an annuity valued at $500,000, incurring a penalty of more than $130,000.[1] The net proceeds were placed in the hands of the attorneys hired by Dawn Johnson Whatley.[2]

---

[1] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 14.
[2] See Verified Statement of Kevin McCarthy, attached.

## TEXAS GUARDIANSHIP PROCEEDINGS

In April 2005, the purported niece and nephew of Mr. Whatley, Robert Daniel Whatley and Jeanie Anderson, initiated guardianship proceedings in the Probate Court of Harris County, Texas, and presented a certificate signed by Mr. Whatley's primary care physician, Dr. Yulan Y. Jankowski, who stated that Mr. Whatley was incompetent in all areas and needed a guardian.[3]

In accordance with Texas Probate procedure, the Texas Probate Court appointed a court investigator, who promptly interviewed Mr. Whatley.  Mr. Whatley agreed to the appointment of a guardian, and the Court Investigator so reported.[4] Upon the receipt of the Court Investigator's report, the Texas Probate Court appointed an attorney *ad litem* to represent Mr. Whatley in the Texas guardianship case.[5]  The petitioners then moved for an independent evaluation of Mr. Whatley.[6]

On May 10, 2005 Dawn Johnson Whatley filed an emergency motion to dissolve and dismiss the guardianship proceeding or, in the alternative, to appoint Dawn Johnson Whatley as guardian.[7]

On June 28, 2005, Judge Mike Wood of the Harris County Probate Court allowed the motion for an independent evaluation.[8] Mr. Whatley was so evaluated by Dr. Mark Kunik, and Dr. Kunik concluded that Mr. Whatley was incompetent in all

---

[3] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraphs 2 and 3.
[4] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraphs 4 and 5, and Exhibit D, thereto.
[5] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 6.
[6] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 7.
[7] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 8.
[8] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 11.

areas and required a guardian.[9]  Upon receipt of the evaluation of Dr. Kunik, Robert Daniel Whatley and Jeanie Anderson, through their attorney, applied for the appointment of a temporary guardian, based in part on concern that Perry Lee Whatley was being financially exploited.[10]  Upon the notice of the motion and hearing for the appointment of a temporary guardian, Dawn Johnson Whatley, though counsel, removed the Texas guardianship proceeding to the federal district court in Houston, Texas, under 28 USC §1441.[11]  The United States District Court of Houston, per Judge Lyn Hughes, promptly remanded the proceeding to the Harris County Probate Court.[12]

Dawn Johnson Whatley then immediately moved the Court to recuse the judge assigned to the case.[13]  Per Texas statute, a second Texas probate judge, Judge Steve King, assigned a third probate judge, Judge Russell Austin, to hear the recusal motion.[14]  Prior to the ruling on the recusal motion, Dawn Johnson Whatley sued in the District Court of the state of Texas the following defendants:  the Texas probate judge assigned to hear the guardianship case (Judge Wood); as well as the petitioners in the guardianship case, their attorney (Ray Fuller), and the attorney ad litem (Ray Black).[15]  Dawn Johnson Whatley then filed her amended motion to recuse adding the

---

[9] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 12.
[10] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 15.
[11] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 16.
[12] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 17.
[13] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 18.
[14] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 19.
[15] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 14

additional grounds that she was now suing the judge.[16] The Texas District Court dismissed the probate judge from the suit on grounds of judicial immunity.[17]

Dawn Johnson Whatley next (1) objected to the assignment of Judge Austin to hear the motion to recuse Judge Wood, (2) moved to recuse Judge Austin, and (3) moved for a stay of the recusal hearing pending an appeal of Judge Hughes' remand order from the United States District Court in Houston.[18] Judge Austin denied the recusal of himself and proceeded with the hearing.[19] He denied the motion to recuse Judge Wood on September 6, 2005.[20] Upon the denial of the motion to recuse Judge Wood, Judge Wood scheduled a hearing on the application for the appointment of a temporary guardian for September 9, 2005 and notified all counsel.[21]

Dawn Johnson Whatley then filed an emergency motion with the Texas Court of Appeals seeking an order staying the guardianship proceedings. That motion was denied.[22] Dawn Johnson Whatley moved for a second time to disqualify and/or recuse Judge Wood. The court considered this new motion tertiary and proceeded with a temporary guardianship and hearing.[23] At the hearing scheduled for September 9, 2005, Mr. Whatley's attorney ad litem, represented to the court that Dawn Johnson Whatley had prevented him from speaking with his client.[24] The Texas probate judge then ordered that the attorney hired by Dawn Johnson Whatley to represent Mr.

---

[16] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 21.
[17] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 26.
[18] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 22.
[19] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 24.
[20] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 27.
[21] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 28.
[22] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 30.
[23] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 31.
[24] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraphs 29 and 31.

Whatley in the guardianship proceedings appear before that court on Monday, September 12, 2005, and that she produce Perry Whatley to the court at that hearing.[25] Neither appeared before the court on September 12, 2005.[26] The probate judge then asked Texas adult protective services to find and secure Perry Lee Whatley. Texas adult protective services learned and reported that one hour prior to the arrival by Texas adult protective services at the home of Perry Lee Whatley, Mr. Whatley was placed on an airplane and brought to the Beth Israel Hospital in Boston.[27]

A hearing was ultimately held[28] on September 29, 2005 on the application for the appointment of a temporary guardian, and Judge Wood appointed one Jimmy Walker as temporary guardian of the person and estate of Perry Lee Walker, and issued an accompanying order.[29] Immediately prior to this hearing, Dawn Johnson Whatley attempted to remove the Texas guardianship proceeding to this Court, in spite of the requirements of 28, USC §1441.

## MASSACHUSETTS PROCEEDINGS

The Petitioner in this proceeding is Ethos, an elder services agency designated by the Massachusetts Executive Office of Elder Affairs to investigate reports of abuse, neglect and financial exploitation of people over the age of 59 in the Boston area. Ethos was notified by Texas adult protective services of the plight of Perry Lee Whatley, and the Texas proceedings filed to protect Mr. Whatley. Ethos filed a petition in the Suffolk County Probate & Family Court under the Massachusetts elder

---

[25] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 32.
[26] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 33.
[27] See affidavit of Ray Black, attorney ad litem in Texas probate proceeding, paragraph 35.
[28] Hurricane Rita closed the Texas Courts, when an earlier hearing was scheduled.
[29] Both the appointment and the order are filed with this Court.

abuse statute, G. L. ch. 19A, §14 *et seq*. Ethos alleges in its petition, that Mr. Whatley is over 59, that he lacks the capacity to consent to protective services, that he has been abused (as the elder abuse statute defines that term) and that there is no suitable person available to consent to protective services for him.

In essence, the allegations of abuse are as follows: Mr. Whatley's assets have been converted, at a substantial penalty, and placed in the hands of attorneys who are acting only to protect the interests of Dawn Johnson Whatley; that excessive and frivolous litigation is being pursued solely to protect the rights of Dawn Johnson Whatley; that Mr. Whatley was whisked away from the state of Texas to avoid the jurisdiction of the probate judge there, when all possible legal roadblocks utilized by Dawn Johnson Whatley's attorneys failed; and that by keeping Perry Lee Whatley out of Texas, his due process rights are being violated.[30]

On September 14, 2005, the Massachusetts Probate & Family Court issued an emergency protective order prohibiting Mr. Whatley from being removed from the Beth Israel Hospital, appointed a guardian ad litem, and scheduled a hearing two days later. Moments before the hearing scheduled on September 16, 2005, Dawn Johnson Whatley removed the Massachusetts elder abuse petition to this Court, and asserted a counterclaim against Ethos under 42 USC §1983, claiming Ethos was attempting to arrest Perry Lee Whatley without a warrant and was interfering with his right to marry.

---

[30] Guardianship proceedings have begun in Texas, and Mr. Whatley has appeared through counsel; proceedings are going forward without him; and his attorney is forced to proceed without the benefit of the assistance of his client.

This matter has been before this Court on five separate occasions and three separate judges: Judge Gortin (September 19), Judge Saris (September 21, September 27, and October 5), and Judge Woodlock (October 4). On October 10, without hearing, Judge Saris denied the motion of Dawn Johnson Whatley to vacate the appointment of the temporary guardian and ruled that the removal of the Texas probate proceeding was not made in good faith. Currently pending before this Court are two motions of Ethos (1) to strike the counterclaim under Rule 12 (b)(6), and (2) to modify this Court's order of October 3, 2005. The Court has not ruled on either motion.

## FURTHER TEXAS PROCEEDINGS

On October 13, 2005, Judge Wood affirmed the appointment of the temporary guardian, and scheduled a trial of the guardianship petition.[31]

## APPEAL OF A TEXAS ORDER
## APPOINTING A TEMPORARY GUARDIAN

The Texas Probate Court of Harris County appointed a temporary guardian for Perry Lee Whatley on September 29, 2005. That order was affirmed on October 13, 2005.[32] It is clear under Texas law that the appointment of a temporary guardian is interlocutory in nature, and thus no appeal lies. *In re Kuhler*, 60 S.W.3d 381 (Tex. App. Ct. 2001)[33] A temporary guardian is appointed pending a trial on the permanent guardianship when imminent danger of injury to one's health, safety or property exists and immediate action is needed to ameliorate the danger. The appointment can be made only after hearing.[34] The remedy for a party aggrieved by the appointment is to seek a writ of mandamus. Mandamus will issue only if 1) the trial court clearly

---

[31] See orders of Judge Wood of October 13, 2005, attached.
[32] See order of Judge Wood, attached.
[33] In *Kuhler*, the appealing party is challenging the denial of the right to a jury trial prior to the appointment of a temporary guardian, not the appointment itself.

abused its discretion or violated a duty imposed by law and 2) the complainant has no adequate legal remedy. *In re Daisy Mfg. Co.,* 17 S.W. 3rd 654, 658 (Tex.2000). There is apparently no limitations period within which one must seek mandamus, as parties who seek mandamus usually file immediately, before further perceived damage is done.

                                              Respectfully submitted,

October 14, 2005                    /s/ James M. O'Sullivan
    DATE                           James M. O'Sullivan
                                        BBO #380807
                                        O'Sullivan & Associates, P.C.
                                        17 Accord Park Drive, Suite 104
                                        Norwell, MA 02061-1629
                                        781-982-1700

---

[34] See also *Bauer v. The State of Texas*, No. 02-20412 (Fifth Circuit, 8/18/2003)