## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF          ) | |
| PERRY LEE WHATLEY      ) | |
|                                           ) | **NO. 05 CA 11881 PBS** |
|                                           ) | |

## MOTION FOR LEAVE
## TO AMEND PETITION AND TO FILE ITS
## FIRST AMENDED PETITION

Southwest Boston Senior Services, Inc., also known as ETHOS, asks this Honorable Court for leave to file an amended petition. In support of this motion it states that:

1. Texas has appointed a temporary guardian.
2. The temporary guardian has the authority to consent to protective services and has so consented.
3. As such, the appointment of someone with the authority to consent to protective services is no longer necessary.
4. Instead, there is interference with the provision of protective services.
5. Accordingly, Ethos seeks to amend its petition so that it prays for appropriate orders preventing interference with the provision of protective services and other relief.

                                                      Respectfully submitted,


October 20, 2005                          /s/ James M. O'Sullivan
     DATE                                       James M. O'Sullivan
                                                       BBO #380807
                                                       O'Sullivan & Associates, P.C.
                                                       17 Accord Park Drive, Suite 104
                                                       Norwell, MA 02061-1629
                                                       781-982-1700

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN THE MATTER OF           )
PERRY LEE WHATLEY          )
                           )    **NO. 05 CA 11881 PBS**
                           )

**FIRST AMENDED PETITION FOR AN ORDER AUTHORIZING
PROTECTIVE SERVICES UNDER G.L. CH. 19A, *§19 §20***

The Petitioner, Southwest Boston Senior Services, Inc., also known and doing business as Ethos, represents:

1. It is a designated protective services agency pursuant to G.L. ch. 19A, §14 et seq.

2. It is a duly organized Massachusetts corporation with a principal place of business at 555 Amory Street, Jamaica Plain, Suffolk County, Massachusetts.

3. It has reasonable cause to believe that:

    A.   Perry Lee Whatley is 83 years old and therefore an elderly person as defined in Mass. General Laws, Chapter 19A, §14;

    B.   Perry Lee Whatley resides at 3501 Tomkins, Baytown, TX 77521, but is currently a resident at Heathwood Nursing and Rehabilitation Center, 188 Florence Street, Chestnut Hill, Massachusetts.

    C.   Perry Lee Whatley is suffering from abuse, neglect, and financial exploitation in that:

    (i)    he has been appointed a temporary guardian in Harris County Probate Court in Texas;
    (ii)   his temporary guardian is ready, willing and able to return him to his home in Texas so that he can be given the medical treatment advised by his primary care physician in Texas;
    (iii)  his assets are being depleted by frivolous and wasteful legal proceedings here in Massachusetts;
    (iv)   he is being held in a nursing home in Massachusetts at private patient rates, when he may be able to live in his home at less cost;

    (v)    there is a trial scheduled in the Texas guardianship proceeding and his duly appointed attorney would like Perry Lee Whatley in Texas to help assist preparation for trial;

    (vi)    Perry Lee Whatley has repeatedly indicated to the nursing home staff his desire to return home to Texas;

    (vii)    Perry Lee Whatley has been determined to be unable to manage his affairs by two Texas physicians, two Massachusetts physicians, and a Texas Probate Court judge;

    (viii)    Needless and painful medical procedures are being recommended, all in the interest of delaying his return to Texas; and

    (ix)    Dawn Johnson Whatley surreptitiously whisked him off to Massachusetts to avoid the jurisdiction of the Texas courts and has since engaged in continuous and expensive legal proceedings, all in the interest of delaying his return to Texas.

4. Perry Lee Whatley is in need of the following protective services in order to alleviate the abuse, neglect, and financial exploitation and protect his health, safety and welfare:

    A.    an order, pursuant to G.L. ch. 19A, §19(b), enjoining Dawn Johnson Whatley from interfering with the provision of protective services and further enjoining her from removing Perry Lee Whatley from his nursing home placement and from preventing his return to Texas; and

    B.    A further protective order requiring Dawn Johnson Whatley to fully account for assets that now or once belonged to Perry Lee Whatley, including but not limited to all proceeds of any annuities she has surrendered; and

    C.    A further protective order requiring Dawn Johnson Whatley to itemize in full detail any and all attorneys fees, costs and expenses that have been paid from said assets and proceeds, including from funds held in escrow or trust.

5. No less intrusive manner is available to provide the services necessary to eliminate the source of abuse/neglect/financial exploitation.

WHEREFORE, the Petitioner prays as follows:

1. That this Court recognize and give full faith and credit to the appointment of Jimmy Walker as temporary guardian of Perry Lee Walker.

2. That the Newton Police Department, Massachusetts State Police, and the staff of Heathwood Nursing and Rehabilitation Center be ordered to assist

Ethos and the temporary guardian (Jimmy Walker) in first keeping Perry Lee Whatley at the nursing home until safe and secure transport is arranged to return him to Texas.

3. That the Newton Police Department, Massachusetts State Police, and the staff of Heathwood Nursing and Rehabilitation Center be ordered to assist Ethos and the temporary guardian (Jimmy Walker) in transferring Perry Lee Whatley from the nursing home to the airport for his transport back home.

4. That Dawn Whatley be enjoined from interfering with the provision of protective services and further enjoined from removing him from his nursing home placement and from interfering with his safe and secure return to Texas.

5. That the Newton Police Department, Massachusetts State Police, and the staff of Heathwood Nursing and Rehabilitation Center be ordered to assist Ethos and the temporary guardian (Jimmy Walker), if requested, to prevent any such interference or any violation of this order.

6. That Dawn Whatley be further ordered to account for and any all assets that now or once belonged to Perry Lee Whatley over which she exercised control, directly or indirectly, including but not limited to all proceeds of any annuities she has surrendered.

7. That Dawn Whatley be further ordered to include in her accounting a complete and full itemization of any and all attorneys fees, costs and expenses that have been paid from said assets and proceeds, including from funds held in escrow or trust.

SOUTHWEST BOSTON SENIOR
SERVICES, INC.
By its attorney,

/s/ James M. O'Sullivan
James M. O'Sullivan
BBO #380807
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061
781-982-1700