IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *IN RE:* | § | NO.05-CA-11881 (PBS) |
| | § | |
| THE MATTER OF | § | |
| | § | |
| PERRY LEE WHATLEY | § | |

**PERRY LEE WHATLEY'S OPPOSITION TO ETHOS
LEAVE TO AMEND COMPLAINT
&
NOTICE OF FRAUD UPON THIS COURT**

TO THE HONORABLE JUDGE OF SAID COURT:

On October 21st 2005, Ethos moved for leave to amend their complaint in this Court without filing a brief answering the Court's jurisdictional question as requested. Because this amendment would be a futile amendment, and would be nothing more than new allegations that do not relate back to the Original filing, the leave should be denied. In addition, since the defendants as a whole have evinced a clear lack of candor and respect for this process by submitting a congressional certificate laced with fraud, the Court should deny leave on those grounds, as well as issuing a show cause Order directed at Ethos and their counsel to show cause why sanctions under 28 U.S.C. 1927 should not be imposed.

I. THE MULLIGAN

1.  Ethos commenced this suit at the request of defendant Mike Wood and Valerie Milholland by using a closed 1970's Texas case file number to avoid detection. Ethos has known about this fraud from day one, turned a "blind eye" at it, never responded to this serious allegation, ( or any others) but instead continued to vilify Dawn Johnson Whatley, her counsel, and all who stood in the way of their plan to violate the civil rights of the Whatleys. Now at the 11th hour and after stating

to this Court that there was no elder abuse, Ethos seeks to amend to add "new and improved" elder abuse allegations to stave off the inevitable. This amendment is nothing more than a judicial "mulligan" ( a do-over-shot in golf ) to avoid Rule 11 sanctions, the wrath of this Court, and what should be a memorandum for the ages regarding the raw abuse of power by Ethos.

2.   Ethos now claims that while Mr. Whatley is incompetent, he is competent enough to state that he wants to go home to Texas. This, according to Ethos, makes Mr. Whatley incompetent if he picks Massachusetts, and competent if he picks Texas. Stated differently, if Ethos can get Mr. Whatley to "chirp" like a "trained seal" then he is competent. If on the other hand Mr. Whatley and his wife don't agree with Ethos, then he is incompetent and is being "abused".

3.   Ethos states in it's leave to amend that "Texas has appointed a Temporary Guardian" and as such, the appointment of someone with the authority to consent to protective services is no longer necessary.[1]

## II. JUDICIAL ESTOPPEL

4.   A party who voluntarily withdraws a motion prior to judicial consideration cannot later claim that the court's denial of the withdrawn motion constitutes reversible error. See *Baty v. United States,* 275 F.2d 310, 311 (9th Cir. 1960) (per curiam); cf. *United States v. Tierney, 760 F.2d 382*, 388 (1st Cir. 1985) *("Having one's cake, and eating it too, is not in fashion in this circuit.")*. Thus, when Ethos asserted to this Court on September 27th 2005, that there was no elder abuse, and when Ethos conceded that all the Orders entered in Texas on September 29th 2005 were void ab initio, Ethos is estopped from switching "dug outs" after their "at bat".[2] Now, Ethos in violation of the

---

[1] Ethos will get a chance to defend that statement on October 27th 2005 as the Court is sure to be outraged when it sees what Ethos has done.

[2] See: Docket 55, Exhibit .5, " Our position, (Ethos) is that the Orders of September 29th 2005 are void **and will be given no effect by me.** /s/ James O' Sullivan

-2-

doctrine, files for leave to amend to contradict what the Court has in evidence and is under advisement. Not only would estoppel forbid it, the rules of evidence absolutely would abhor such an outrageous lie with the resulting prejudice to the Whatleys. First, the Supreme Court has explained that "judicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (citation and internal quotation marks omitted). Judicial estoppel is not extrinsically a matter of fact or law; the issues that arise may turn out to be ones of raw fact, abstract law, or something in between. In the case at bar, it is as clear cut as it can get when there is evidence that has been authenticated and admitted, and the Court has the matter under advisement. Thus, to allow an amendment to defeat the Whatleys request for Preliminary relief would severely prejudice them, and reward Ethos for playing fast and loose not only with the rules of evidence and procedure, but with the truth.

5.     The aim of judicial estoppel is to protect the integrity of the courts. *New Hampshire,* 532 U.S. at 750. Where, as here, both the putatively estopping conduct and the putatively estopped conduct occur in a federal case, a federal court has a powerful institutional interest in applying federally-developed principles to protect itself against cynical manipulations. See *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395-96 (5th Cir. 2003). "As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." *Intergen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003); accord *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). The doctrine's primary utility is to safeguard the integrity of the courts by preventing parties from improperly manipulating the machinery of the judicial system. *New Hampshire*, 532 U.S. at 750; *United States v. Levasseur*, 846 F.2d 786, 792 (1st Cir. 1988). In line with this prophylactic purpose, courts typically invoke judicial estoppel when a litigant is "playing fast and

loose with the courts." *Patriot Cinemas, Inc. v. Gen. Cinema Corp.*, 834 F.2d 208, 212 (1st Cir. 1987) (quoting Scarano v. Cent. R. Co., 203 F.2d 510, 513 (3d Cir. 1953). The contours of the doctrine are hazy, and there is no mechanical test for determining its applicability. See *New Hampshire,* 532 U.S. at 750-51; *Patriot Cinemas*, 834 F.2d at 212. Each case tends to turn on its own facts. It is, however, widely agreed that, at a minimum, two conditions must be satisfied before judicial estoppel can attach. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783-84 (9th Cir. 2001); *Levinson v. United States*, 969 F.2d 260, 264-65 (7th Cir. 1992); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982). First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive. See *Faigin v. Kelly*, 184 F.3d 67, 82 (1st Cir. 1999); *Levasseur*, 846 F.2d at 794. Second, the responsible party must have succeeded in persuading a court to accept its prior position. *Lydon v. Boston Sand & Gravel Co.*, 175 F.3d 6, 13 (1st Cir. 1999); Gens, 112 F.3d at 572-73. The presence of these elements creates the appearance that either the first court has been misled or the second court will be misled, thus raising the specter of inconsistent determinations and endangering the integrity of the judicial process.[3] *New Hampshire*, 532 U.S. at 750-51. Thus, when the Court asked Ethos were they claiming elder abuse and they said NO!, the Court relied on that representation. That Mr. O'Sullivan then would state that " if any future elder abuse" developed we would be back, is nothing short of filing suit and asking for an

---

[3] Here, the Court froze the assets of the Whatleys on the "word" of Ethos that there was elder abuse. It also mandated that the Whatleys "check in" with Ethos before taking any steps to settle in their adopted state, and it trusted Ethos' "word" that the Courts in Texas had appointed a "Jimmy Walker" an person licensed to practice law in Texas as a guardian, only to see Ethos stipulate that no such thing had legally occurred. It allowed Ethos to file a Congressional Certificate that turns out to be an act of fraud in that there is no "Jimmy Walker" licensed to practice law in Texas that was appointed in any matter in connection with the Whatleys. The proposed amendment now seeks to "wash" away everything this Court in good faith relied on and put the Whatleys back to an expensive square one, and multiply the litigation, without answering the jurisdictional question the Court asked Ethos to brief.

advisory opinion which Art. III courts do not give. Ethos should have investigated the facts before filing suit based on a preposterous cause of action called "jurisdictional avoidance" "legislated " and "signed" into law by defendant Wood and his telephone, but struck down in 1999 by the U.S. Supreme Court in *Roe v. Saenz*. Without a doubt, the Whatleys have been abused, enjoined, vilified, called names, and their counsel have been described as nothing more than money hungry shysters. Yet, who has caused this explosion of litigation, this "elder abuse", this drain on resources of the Court, and the tremendous waste of the Whatleys finances to fend off this attack? It was Ethos who lent themselves, and were so ready, willing and able to cripple this elderly couple both emotionally and financially. To this conduct, Ethos replied that it was great waste of financial resources to litigate that which the Supreme Court had decided issue by issue in favor of the Whatleys in previous case law decisions, case law the Whatleys point out that was available to Ethos, their counsel, and all the defendants alike.[4] To be sure, the Whatleys did not file a lawsuit in the Commonwealth, and did not spend a nickel in litigation that was not required to fend off Ethos and its minions. Ethos and the Wood co-conspirators hunted and tracked down the Whatleys and haled them into Court wherein a State Judge on the telephone with Wood "struck down" portions of Title 28, Title 42, and every Supreme Court case that spoke on every issue raised in this case. Thus, as to Ethos, this case is over!

III. <u>WHO IS JIMMY WALKER- THE ALLEGED GUARDIAN SPONSORED BY ETHOS?</u>

6.     On October 5th 2005, Ethos filed with this Court a congressional certificate, signed by Defendant, Mike Wood attesting to the genuineness, soundness, and authenticity of what Ethos later by competent evidence in the record would stipulate was void. **See**: Docket 32. As if that were not bad enough, Professor Dr. Riga's office in Houston discovered something doubly egregious on

---

[4]On October 25th 2005, the Rule 11 window of opportunity to withdraw the offensive filings closes.

October 21st 2005, which would have escaped detection by this Court but for "Jimmy Walker" filing yet another suit in Perry Whatley's name in Houston, Texas, this time against Susan Norman.

7.      To keep it all in the "family" so to speak, instead of availing himself to a primary district Court, "Jimmy Walker" brought the suit in the Court of his co-defendant, Mike Wood, who promptly entered Orders "voiding" this Court's standing Orders–(what nerve), and calling into question the identity of the Ethos' appointee designee, which the Whatleys point out, is repeated in the proposed amendment.  As it turns out, there is no Jimmy Walker licensed to practice law in Texas that has been appointed guardian over anything. However, and unknown to the State Bar of Texas, the Texas Department of Public Safety (State Police), the local courts, and the Federal Courts of the Southern District, "Jimmy Walker" is actually Mylus J. Walker Jr., who is using the alias of "Jimmy Walker" to practice law, sign affidavits, execute bonds, and get appointed out of Mike Wood's court. However, as can be seen by exhibits "A" "B" "C" and D" there is no "Jimmy Walker" as indicated in the congressional certificate filed by Ethos that is licensed to practice law in Texas. However, there are over 1000 licensed Texas Drivers who are named "Jimmy Walker"who could show up in this Court at any moment,  and claim to be the Guardian.  Mylus J. Walker Jr., a/k/a/ "Jimmy Walker"' (one of thousands)  Texas Drivers license is not in the name of "Jimmy Walker" as the records of the State Police indicate, and a PACER search of the federal courts in the Southern District of Texas when matching "Jimmy Walker" to the state bar number given reveal no such person exists.[5] This is a flagrant and inexcusable act by all the defendants to perpetrate a fraud upon this Court. First, the 1970's closed case file number that Wood and Milholland used, and now, a

---

[5]Given the character of the defendants and their behavior in this case, this is par for the course. But the fact Mike Wood knew that no attorney named "Jimmy Walker" was licensed to practice law in Texas and that he hand filled in this name and then signed the congressional certificate is an outrage.

congressional certificate that contains false identification, false statements of law, and a false verification attested to by Wood himself that he appointed a "Jimmy Walker" an attorney licensed to practice law in Texas. Compounding this flagrant and unethical behavior is Ethos' counsel asking this Court to A) give "full faith and credit" to an instrument he admits is void, and B) an instrument that contains a false identity of an individual hand picked by Defendant Mike Wood to sever the Whatley's marriage, and then pillage the estate so that all the guardians, the "Jimmy Walkers" and campaign contributors can carve up the Whatley estate, an estate that none of them worked a day in their life for. And Mr & Mrs. Whatley, well according to Ethos' proposed amendment, and in violation of *Saenz*, they can not live in Massachusetts where they have chosen to live, they must be under the thumb of defendant Mike Wood, and his hand picked choice " Jimmy Walker".[6] Ethos has not only violated Rule 11 by perpetuating this suit, they have violated the rules of evidence, procedure, and now candor and decency by asking this Court for leave to amend to present a fraudulent document for domestication.

## IV. SUBJECT MATTER JURISDICTION

8.      There is a good reason why Ethos would like a "mulligan" in this Court rather than face the reality of what they have done. It is called subject matter jurisdiction. Ethos, of course, did not brief the jurisdictional issue as suggested by the Court; instead, they sought leave to manufacture jurisdiction. Thus, the proposed amendment is a futility. Perry Lee Whatley is a citizen of Massachusetts. To sue Dawn Johnson Whatley and Perry Lee Whatley again, Ethos will have to go into a Massachusetts state Court and bring a new petition replete with the false documents. This time

---

[6] All of us will, one day, grow old. And then being unable to take care of ourselves, will it be a "Mike Wood" and a "Jimmy Walker" who "takes care" of us?, or will it be a trusted and loving spouse of our own choosing? The issue here is **human dignity**, and when a fraudulent guardian takes away a wheelchair, and tells medical doctors not to treat the patient, this Court can not idly let such inhumane and greedy behavior go unchallenged.

around no Massachusetts state judge, (Mike Wood's telephone notwithstanding) is going to deport one of its citizens. If after stipulating in this Court to the fact that the Whatleys are citizens of Massachusetts O' Sullivan signs his name to a state Court petition with anything but the admissions he made here—the Massachusetts Bar, will in all probability, disbar him. If the Texas actors show up to seize him, they have this Court to contend with, and all of its resources such as the United States Marshals as well as the FBI for the fraud they have to swear to, and the congressional certificate submitted to this Court. See: U.S.C. 1621. Hence, this Court does not have subject matter jurisdiction over a new filing, but it does retain Sec. 1983 jurisdiction over all the defendants by which it can monitor their behavior, protect the Whatleys, and enter a permanent injunction against all the defendants at final judgment. Faced with "A" or "B" as their choices, they would rather avoid this and simply ask to amend. However, the allegations in the proposed amendment do even relate back to an Original, the Texas orders are void- a stipulated fact admitted into evidence as of this date, and there is no "Jimmy Walker" licensed to practice law that has been appointed by any Court, much less recognized to be the same person named in the void Texas Order. So then, if leave to amend is granted, Ethos figures to get off the hook, sidestep the jurisdictional question, bypass the fraudulent documents, and ask this Court to allow it to avoid its judicial admissions. Perhaps they thought her Honor might actually fall for all of this?

9.    In the proposed amendment Ethos' prayer asks this Court to:

   A: Give full faith and credit to a void and fraudulent order;

   B: Allow this "Jimmy Walker" to force the Whatleys out of their domicile state; (replete with State Troopers, and other police entities in tow);

   and

   C: Enjoin his wife, yes, his wife, from taking care of him.

According her Honor all the respect and sensibilities that she is due, how can any lawyer ask this judge to repeat 1940's Europe all over again?

## V. CONCLUSION

10.     The motion for leave will not survive the jurisdictional test; it asks the Court to bless fraud upon demand, it does not relate back to the Original, and it contains false statements. As a lawyer. Counsel would shudder at the possible consequences of signing and filing these pleadings. However, the Rule 11 window will shut on Tuesday October 25th 2005, at which time the Whatleys will ask this Court for justice in the form of the attorney's fees and expenses expended to fight off this frivolous suit. The motion for leave to amend should by its very terms and statements be denied.[7] Ethos' remedies if Perry Lee Whately, a Massachusetts citizen, is being abused by his wife, also a Massachusetts citizen is simple; file a state court action in state Court, and litigate the matter there. As the 1st Circuit stated previously, this is not the Circuit where you get to have your cake and eat it too. Accordingly having only 1983 jurisdiction left, and Ethos conceding that they filed first and hoped to prove the allegations later does not require remand. Diversity was properly invoked the first time, but cannot be invoked again. Thus, the Court should grant the Whatley's 12 (b) (6) motion to dismiss pending a trial on the 1983 claims against all the Defendants, and a Rule 11 sanctions hearing against Ethos.

---

[7] The proposed amendment states Perry Lee Whatley is a citizen of Texas, when in past hearings O' Sullivan has acknowledged that Massachusetts is the Whatleys domicile as reflected in this record. This statement, false as it might be, is required to attempt to manufacture diversity jurisdiction.

                                    Respectfully submitted,

                                    PERRY LEE WHATLEY,

                                    /s/ Susan C. Norman
                                    Texas Bar No. 15083020
                                    LAW OFFICE OF SUSAN B. NORMAN
                                    9135 Katy Fwy., Suite 100
                                    Houston, TX 77024
                                    (713) 465-3344
                                    (713) 468-6243 Telecopier
                                    *PRO HAC VICE* (PENDING)

## CERTIFICATE OF SERVICE

    This is to certify that the above and foregoing *opposition for leave to amend and notice of fraud upon the Court* was served pursuant to FED. R. CIV. P. 5 on the 5TH of October 2005 to the individuals and in the manner indicated below:

Mr. James M. O'Sullivan                                   ELECTRONIC DELIVERY
O'SULLIVAN & ASSOCIATES, P.C.
17 Accord Park Drive, Suite 104
Norwell, MA 02061-0000
ATTORNEY FOR SOUTHWEST
BOSTON SENIOR SERVICES, INC.

                                                        /s/ Susan C. Norman

PublicData.Com [ Search Results ]  http://www3.publicdata.com/cgi-win/pd.exe/Searc

# PublicData.com

➡ Search Results

| Name | Birth Date | Source |
|---|---|---|
| WALKER,JIMMY | Sep 26 1943 | Texas Driver |
| WALKER,JIMMY | May 5 1943 | Texas Driver |
| WALKER,JIMMY | Nov 21 1952 | Texas Driver |
| WALKER,JIMMY | Oct 18 1972 | Texas Driver |
| WALKER,JIMMY | Mar 18 1963 | Texas Driver |
| WALKER,JIMMY | Nov 21 1952 | Texas Driver |
| WALKER,JIMMY | Jul 29 1968 | Texas Driver |
| WALKER,JIMMY ALLAN | Sep 10 1944 | Texas Driver |
| WALKER,JIMMY ALLEN | Jun 26 1933 | Texas Driver |
| WALKER,JIMMY ALLEN | Sep 23 1942 | Texas Driver |
| WALKER,JIMMY ARNOLD | Apr 12 1924 | Texas Driver |
| WALKER,JIMMY CHAD | Apr 3 1970 | Texas Driver |
| WALKER,JIMMY CHARLES | Feb 24 1952 | Texas Driver |
| WALKER,JIMMY CHARLES | Feb 24 1952 | Texas Driver |
| WALKER,JIMMY CHARLES | Sep 3 1962 | Texas Driver |
| WALKER,JIMMY CHARLES JR | Aug 29 1981 | Texas Driver |
| WALKER,JIMMY CORNELIUS | Dec 9 1980 | Texas Driver |
| WALKER,JIMMY D | Apr 1 1934 | Texas Driver |
| WALKER,JIMMY D | Aug 23 1953 | Texas Driver |
| WALKER,JIMMY D | Apr 29 1976 | Texas Driver |
| WALKER,JIMMY D | Aug 26 1954 | Texas Driver |
| WALKER,JIMMY DALE | Sep 7 1977 | Texas Driver |
| WALKER,JIMMY DALE | Aug 28 1955 | Texas Driver |
| WALKER,JIMMY DALE | Dec 29 1945 | Texas Driver |
| WALKER,JIMMY DALE | Jul 31 1955 | Texas Driver |
| WALKER,JIMMY DALE | Jul 4 1955 | Texas Driver |
| WALKER,JIMMY DALE | Sep 7 1977 | Texas Driver |
| WALKER,JIMMY DAN | Sep 3 1975 | Texas Driver |

PublicData.Com [ Search Results ]                                   http://www3.publicdata.com/cgi-win/pd.exc/Searcl

| Name | DOB | Type |
|---|---|---|
| WALKER, JIMMY DAVIS | Feb 11 1945 | Texas Driver |
| WALKER, JIMMY DEAN | Sep 22 1961 | Texas Driver |
| WALKER, JIMMY DEAN | Nov 29 1939 | Texas Driver |
| WALKER, JIMMY DEAN | Oct 11 1954 | Texas Driver |
| WALKER, JIMMY DEAN | Oct 29 1955 | Texas Driver |
| WALKER, JIMMY DEAN | May 7 1959 | Texas Driver |
| WALKER, JIMMY DEWAYNE | Oct 21 1969 | Texas Driver |
| WALKER, JIMMY DON | Aug 5 1965 | Texas Driver |
| WALKER, JIMMY DON | Jun 6 1934 | Texas Driver |
| WALKER, JIMMY DON | Aug 18 1937 | Texas Driver |
| WALKER, JIMMY DON | Apr 11 1943 | Texas Driver |
| WALKER, JIMMY DON | Aug 28 1953 | Texas Driver |
| WALKER, JIMMY DON | Apr 23 1959 | Texas Driver |
| WALKER, JIMMY DON | Jun 15 1963 | Texas Driver |
| WALKER, JIMMY DON | Nov 21 1955 | Texas Driver |
| WALKER, JIMMY DON JR | Nov 23 1967 | Texas Driver |
| WALKER, JIMMY DOWEL | Jan 6 1954 | Texas Driver |
| WALKER, JIMMY DWIGHT | Oct 2 1951 | Texas Driver |
| WALKER, JIMMY DWIGHT | May 17 1944 | Texas Driver |
| WALKER, JIMMY E | May 9 1958 | Texas Driver |
| WALKER, JIMMY EARL | May 24 1954 | Texas Driver |
| WALKER, JIMMY ELVIS | Jan 30 1955 | Texas Driver |
| WALKER, JIMMY EUGENE | Sep 14 1953 | Texas Driver |
| WALKER, JIMMY EUGENE JR | Jan 3 1977 | Texas Driver |
| WALKER, JIMMY FLOYD | Sep 26 1927 | Texas Driver |
| WALKER, JIMMY FLOYD | Dec 19 1943 | Texas Driver |
| WALKER, JIMMY GLEN | Apr 25 1987 | Texas Driver |
| WALKER, JIMMY GLEN | Apr 25 1987 | Texas Driver |
| WALKER, JIMMY GLENN | Mar 1 1949 | Texas Driver |
| WALKER, JIMMY GLENN | Jan 29 1944 | Texas Driver |
| WALKER, JIMMY JOE | Dec 23 1936 | Texas Driver |
| WALKER, JIMMY JOE | Mar 14 1978 | Texas Driver |
| WALKER, JIMMY JOE | Oct 1 1951 | Texas Driver |
| WALKER, JIMMY JOE | Dec 15 1933 | Texas Driver |
| WALKER, JIMMY JOE | Oct 23 1962 | Texas Driver |
| WALKER, JIMMY JR | Oct 19 1946 | Texas Driver |

PublicData.Com [ Search Results ]                                    http://www3.publicdata.com/cgi-win/pd.exe/Searc

| Name | DOB | Type |
|---|---|---|
| WALKER,JIMMY JR | Jan 17 1938 | Texas Driver |
| WALKER,JIMMY KENNE | Jun 18 1971 | Texas Driver |
| WALKER,JIMMY KNOX | Nov 20 1936 | Texas Driver |
| WALKER,JIMMY KNOX II | Mar 26 1957 | Texas Driver |
| WALKER,JIMMY L | Dec 17 1920 | Texas Driver |
| WALKER,JIMMY LAMAR | Feb 15 1940 | Texas Driver |
| WALKER,JIMMY LARAY | Aug 11 1970 | Texas Driver |
| WALKER,JIMMY LAVON | Jun 2 1941 | Texas Driver |
| WALKER,JIMMY LEE | Mar 16 1958 | Texas Driver |
| WALKER,JIMMY LEE | May 1 1947 | Texas Driver |
| WALKER,JIMMY LEE | Apr 12 1948 | Texas Driver |
| WALKER,JIMMY LEE | Mar 15 1953 | Texas Driver |
| WALKER,JIMMY LEE | Jul 12 1966 | Texas Driver |
| WALKER,JIMMY LEE | Aug 20 1957 | Texas Driver |
| WALKER,JIMMY LEE | Apr 9 1953 | Texas Driver |
| WALKER,JIMMY LEE | Jul 12 1966 | Texas Driver |
| WALKER,JIMMY LEE | Jun 2 1952 | Texas Driver |
| WALKER,JIMMY LEE | May 27 1983 | Texas Driver |
| WALKER,JIMMY LEON | Oct 1 1948 | Texas Driver |
| WALKER,JIMMY LEON | Jul 22 1947 | Texas Driver |
| WALKER,JIMMY LEON | Jul 22 1947 | Texas Driver |
| WALKER,JIMMY LEON JR | Oct 28 1976 | Texas Driver |
| WALKER,JIMMY LEWIS JR | Apr 12 1977 | Texas Driver |
| WALKER,JIMMY LINGAN | Sep 16 1940 | Texas Driver |
| WALKER,JIMMY LLOYD | May 18 1957 | Texas Driver |
| WALKER,JIMMY LLOYD | Sep 4 1949 | Texas Driver |
| WALKER,JIMMY LLOYD JR | Nov 5 1977 | Texas Driver |
| WALKER,JIMMY LOYD | Jan 8 1938 | Texas Driver |
| WALKER,JIMMY LYNN | May 24 1946 | Texas Driver |
| WALKER,JIMMY LYNN | Dec 11 1953 | Texas Driver |
| WALKER,JIMMY MACK | Feb 27 1938 | Texas Driver |
| WALKER,JIMMY MICHIEL | Apr 30 1947 | Texas Driver |
| WALKER,JIMMY NEIL | Dec 27 1959 | Texas Driver |
| WALKER,JIMMY NICK | Apr 6 1946 | Texas Driver |
| WALKER,JIMMY PATRICK | May 15 1974 | Texas Driver |
| WALKER,JIMMY PAUL | Jan 23 1951 | Texas Driver |

PublicData.Com [ Search Results ]  http://www3.publicdata.com/cgi-win/pd.exe/Search

*Name search for 'WALKER JIMMY' on 1 database(s). This will count as one 'Search look-up' against your usage total.*

State Bar of Texas | Member Directory

http://www.texasbar.com/Template.cfm?Section=Member_Directory..



# State Bar of Texas

## ABOUT THE STATE BAR

Home → About the State Bar → Member Directory

### Detailed Result

**MYLUS J. WALKER JR.**

Bar Card Number*: 00786323



| | |
|---|---|
| Work Address | 815 WALKER STE 240<br>HOUSTON, TX, 77002-5721 |
| Work Phone Number | (713) 759-0900 |
| Primary Practice Location | HOUSTON, Texas |

**Current Member Status**

Eligible To Practice In Texas

### License Information

| | |
|---|---|
| State Bar Card Number*: | 00786323 |
| Texas Licensed*: | 05/07/1993 |

### Practice Information

| | |
|---|---|
| Firm: | DINKINS KELLY LENOX LAMB & WALKER LLP |
| Firm Size: | 2 to 5 |
| Occupation: | Private Law Practice |
| Primary Practice Areas: | Wills-Trusts-Probate |
| Services Provided: | |
| Are language translation services available? | Not Specified |
| Are hearing impaired translation services available? | Not Specified |
| Are ADA accessible client services available? | Yes |

Assistance available in languages:
No information reported by attorney

Courts of Admittance:
**Federal Courts of Admittance:**
Texas Eastern District Court
Texas Southern District/Bankruptcy Court
**Other Courts of Admittance:**
No information reported by attorney
**Other States Where authorized to practice:**
No Other States reported by attorney

### Education and Certification History





Oct. 21 2005 02:45PM P1    FAX NO. : 7137718653    FROM : RIGALAWFAX001

State Bar of Texas | Member Directory

http://www.texasbar.com/Template.cfm?Section=Member_Directory

Print this page
Bookmark
Tell a friend








**Law Schools:**

| Law School | Graduation Date | Degree Earned |
|---|---|---|
| South Texas College Of Law | 12/1992 | Doctor of Jurisprudence/Juris Doctor (J.D.) |

**Texas Board of Legal Specialization Certifications:**
No profile data on file for Texas Board of Legal Specialization Certification

**Public Disciplinary History**

**Public Disciplinary History - Texas*:**
No profile data on file for Disciplinary History - State Bar of Texas

**Public Disciplinary History - Other:**
No information reported by attorney

**Statutory Profile Last Certified On:** 06/04/2003

For information about a specific disciplinary sanction listed above, please call (877)953-5535.

The Texas Attorney Profile provides basic information about Attorneys licensed to practice in Texas. Attorney profile information is provided as a public service by the State Bar of Texas as outlined in Section 81.115 of the Texas Government Code. The information contained herein is provided "as is" with no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk (*) is provided by the State Bar of Texas. Texas grievance/disciplinary information will not appear on the profile until a final determination is reached. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.

Back to search results

Home   Calendar   Shopping Cart   Contact Us   Site Map

© 2005 State Bar of Texas. All rights reserved. privacy policy   disclaimer
Site design and developed by Active Matter

# PublicData.com

➡ Texas Driver Detail

| Name | License number | Address | DOB |
|---|---|---|---|
| WALKER, MYLUS JAMES JR | 008193854 | 1061 RICHELIEU LN | Sep 12 1958 |
| Class | City/Zip | Gender | Race |
|  | HOUSTON 77018 | Male | White |
| Height | Weight | Eye color | Hair |
| 600 | 190 | Blue | Blonde |
| Last transaction date | Last transaction | | |
| Nov 17 2000 | Renewal | | |

Above information as provided by state - Our annotations are below

Address (click to find others)
1061 Richelieu Ln

City/State/Zip (click to find others)
Houston , TX 77018-2032

The detail view of this record will be recorded as one 'Detail look-up'.

# Sorry, no person found

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/21/2005 14:40:38 | | | |
| PACER Login: | pr0713 | Client Code: | TEACO |
| Description: | Search | Search Criteria: | Last Name: Walker First Name: Jimmy Type: aty |
| Billable Pages: | 1 | Cost: | 0.08 |