**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| *IN RE:* | § | NO.05-CA-11881-PBS |
| | § | |
| | § | REMOVED FROM: |
| THE MATTER OF | § | MASSACHUSETTS TRIAL |
| | § | COURT DOCKET NO. 05-P-2003; |
| | § | HARRIS COUNTY, TEXAS |
| PERRY LEE WHATLEY | § | DOCKET NO. 355,095 |

**EXPEDITED MOTION FOR CLARIFICATION**

TO THE HONORABLE JUDGE OF SAID COURT:

1.      On October 25th 2005, in cause No. 11881 this Court *sua sponte* after examining its own jurisdiction,  remanded to the State Probate Court of Massachusetts the removed case that was filed by ETHOS. The Court's memorandum was clear enough for the Whatleys to understand. However, the defendants do not understand or do not want to understand that the Court did not  remand the Title 42 U.S.C. 1983 claims that were brought as a counter-claim, which this Court stated that it lacked jurisdiction over as it was not originally brought in State Court.

2.      The remand makes clear that the only thing being remanded is the Original Probate Petition, since the Court never acquired jurisdiction over the counterclaim at any point in time. The Whatleys understand and know enough Federal Procedure and respect this Court's knowledge of the law to know that the Court knows that it did not remand something it never had, and that claims that sound in Federal Law cannot be remanded.

3.      The issue of whether a federal question is involved requires the court to determine whether the complaint purports to state a claim "arising under" federal law. *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 258-60, 36 S. Ct. 585, 586, 60 L. Ed. 987 (1916). Under the well-pleaded complaint rule, an action arises under federal law for purposes of Title 28  "if in order

for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." *P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, The Federal Courts and the Federal System* 889 (2d ed. 1973), quoted in *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983). In the newly filed case, that being, 05-12138, the face of plaintiff's complaint clearly states a federal question sufficient to confer subject matter jurisdiction on the district court. The complaint invokes section 1983 as well as the first, fourth, and fourteenth amendments to the Constitution; federal law thus provides both the substantive rights and the remedy for violation of those rights. In such cases jurisdiction is taken as a matter of course. *13 B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure* § 3562, at 40 (2d ed. 1984) (footnote omitted). Thus, the new complaint, confers original subject matter jurisdiction, while the removal in this case was remanded without disposing of the counterclaim which the court correctly pointed out, **never existed in this Court to begin with** . Any other interpretation of the Court's order would   result in the Court committing fundamental error by rejecting a case that sounds in Federal law, and allowing defendant, Chartou-Merrill, to be  a judge in her own case with a personal and financial stake in the outcome, as Chartou-Merrill was a party defendant in this Court via the counterclaim, that never existed, when the  State Probate case was remanded. See: *Tumey v. Ohio,* 47 S. Ct. 437, 273 U.S. 510 (1927).

4.     The Whatleys respectfully request that the Court clarify to the Defendants that this Court did not remand something that it says never existed, nor something the Court pointed out it never had to begin with. The new case filed on October 26th 2005 under case No.05-12138 styled *Whatley v. Southwest Boston Senior Services et al.,*  is what invoked this Court's original jurisdiction, and where the defendants should be directing their responsive motions.

-3-

Respectfully submitted,

PERRY LEE WHATLEY,
DAWN JOHNSON WHATLEY,

By: /s/ Susan C. Norman

SUSAN C. NORMAN
Texas Bar No. 15083020
LAW OFFICE OF SUSAN C. NORMAN
9135 Katy Fwy., Suite 100
Houston, TX 77024
(713) 465-3344
(713) 468-6243 Telecopier
*PRO HAC VICE PENDING*

DATED: November 3rd 2005